UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC. )<br>)<br>                            Plaintiff, )<br>    v.                        )<br>                              )<br>INTERNATIONAL NUTRITION     )<br>COMPANY, INTEGRATED         )<br>BIOCEUTICALS, LLC, PRIMARY  )<br>SERVICES, INC., PRIMARY SOURCE, )<br>LLC, EGBERT SCHWITTERS, NORMAN )<br>H. ZIVIN, and JACK MASQUELIER, )<br>                              )<br>                 Defendants  ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC)<br><br><br><br><br><br><br><br><br><br>January 6, 2004 |

## PLAINTIFF'S SURREPLY MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE

Pursuant to Connecticut Local Rule 7(d), Plaintiff Jarrow Formulas, Inc. ("Plaintiff" or "JFI") submits this Surreply Memorandum in further opposition to Defendants' Motion in Limine to Exclude Evidence, filed October 23, 2003 [Dkt. # 176] and Reply Brief in Further Support of Their Motion in Limine to Exclude Evidence, filed December 23, 2003 [Dkt. # 184] ("Reply Memo"). This surreply is submitted in response to the Defendants' claims that JFI did not disclose an expert to define the market and that market definition requires only expert testimony.[1]

On pages 1 and 2 of their Reply Memo, the Defendants contend that JFI did not disclose that Mr. Ris would offer expert testimony to define the market. This is not true. In no uncertain terms, Mr. Ris stated that "In my opinion <u>the grape seed extract market</u> was severely

---
[1] The Defendants' Reply Memo is the first instance they mention that Mr. Ris' testimony should be excluded pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, contrary to Local Rule 7(d).

impacted by the action brought by International Nutrition Company." (2/28/02 Expert Report of Mr. Greg Ris, at 4, attached as Exhibit A to Defendants' Memorandum in Support of Defendants' Motion in Limine to Exclude Evidence) (emphasis added).  Thus, JFI has not violated Rule 26 of the Federal Rules of Civil Procedure and Rule 37(c) is not even implicated.

The basis for his market definition is also in his expert report.  Mr. Ris can make his market conclusion because during the relevant time-period the unique properties and claims associated with OPCs made the product without a substitute in the marketplace.  Those unique properties are stated in his report.

> OPC's are natural anti oxidants which possess a large range of biological and pharmacological properties.  Their therapeutic actions include:  free radical scavengers, protection of Vitamin E in the body, prevents oxidative injuries to blood vessel walls and capillaries, stabilizes collagen which holds tissues together by inhibiting the activity of certain enzymes and inhibits platelet aggregation.

Id. at 2.[2]

The Defendants' main complaint is that JFI has not offered an economist that will define the market with charts, numbers and statistics.  The issues in this case, however, are far too narrow to require such extensive analysis.  Furthermore, the Defendants' argument overlooks the fact that markets for pharmacological products that offer the public unique claims as to health and wellbeing are inherently different from markets for non-pharmacological products.  Thus, market analysis is not the same.  This distinction has been recognized by courts.  See Geneva

---

[2] The Defendants claim on Page 8 of their Reply Memo that Mr. Ris' product market definition does not comport with JFI's product market definition centered on '360 patent product.  That the Defendants make this argument belies their entire motion because it concedes that Mr. Ris defined the market.  Furthermore, contrary to that contention, Mr. Ris' expert report clearly references only the therapeutic uses of grape seed extract.  This is wholly consistent with the '360 patent, which covers all therapeutic uses of proanthocyanidins.  See JFI's Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude Evidence, at 2.

Pharmaceuticals Technology Corp., v. Barr Laboratories, Inc., 201 F.Supp.2d 236, 268 (S.D.N.Y 2002) (citing In re Cardizem CD Antitrust Litig., 200 F.R.D. 297, 310-311 (E.D. Mich. 2001)). As can be the case in pharmaceutical antitrust cases, industry experts, not economists, testify as to substitutability of products. Id. ("Industry experts describe them as perfect substitutes for the brand name drug."). Mr. Ris provides that testimony.

Defendants by their Motion in Limine and their Reply Memo are playing coy. They knew that Mr. Ris would offer testimony to define the market. This knowledge is evident by the questions they asked Mr. Ris during his deposition:

> Q   Do you have any reliable estimate for the share of the market
> for selling raw grape seed extract in the United States for any of
> the companies that you've identified?  (Ris Depo. pg. 37, ll 19-22.)
>
> …
>
> Q   Let me rephrase it.  Is there any other product that you
> consider to be fungible or interchangeable with products
> containing OPCs?  (Ris Depo. pg. 24, ll 3-5.)
>
> …
>
> Q   For example, would you consider garlic to be a product --
> A   Absolutely not.
> Q   -- that's interchangeable with OPCs?
> A   No.
> (Ris Depo. pg. 24, ll 19-24.)
>
> Q   Do you have a reasonably reliable estimate for Indena's share
> of the market in the United States for the sale of raw grape seed
> extract?
> A   It could be 15 to 20 percent, and that's a very rough estimate.
> Q   Do you think that Indena's share of the market of U.S. sales for
> raw grape seed extract is higher or lower today than it was in the
> mid 1990's  (Ris Depo. pg. 38, ll 3-10.)
>
> ….

> Q   Getting back to a couple sentences prior to that in the second paragraph, you referred to Indena's market share, and what market were you referring to? (Ris Depo. pg. 101, ll 15-17.)

Rather than pursue these lines of questioning to their end, the Defendants stopped short. Query whether they "lay in the weeds" so they now could make the argument that Mr. Ris' testimony should be excluded.

Notwithstanding, even if Mr. Ris' testimony at trial were to exceed that which was disclosed in his report, such failure to disclose must be "without substantial justification" or must prove to be harmful. See Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp., 262 F.Supp.2d 50, 62 (S.D.N.Y 2003). "In addition, courts in this Circuit have considered imposition of sanctions under Rule 37 a drastic remedy that should only be applied in those cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules." Id. (quotations omitted). There is no harm here. The Defendants have full knowledge of what Mr. Ris will testify. If per chance their failure to ask Mr. Ris appropriate questions was not tactical, the lines of communication did fail, the Defendants truly had no idea that Mr. Ris was going to testify as to the relevant market through his identification of the unique product attributes of OPCs and the lack of substitutability in the marketplace, and this alleged lack of knowledge affected their ability to examine Mr. Ris during his deposition, JFI is willing to make Mr. Ris available for further testimony.

JFI submits, however, that the Defendants are not in any way harmed; neither are they prejudiced. That Mr. Ris will testify as to the market definition is patent from his disclosure. That his testimony is based on the unique properties of OPCs is also patent. This kind of testimony constitutes acceptable market definition testimony in the case of a pharmacological product with extraordinary claims. Furthermore, to the extent one can even

argue that Mr. Ris' market testimony is beyond his disclosure, it would not constitute an "entirely different topic" as in the cases relied upon by the Defendants. See id., at 62. Thus, the Defendants Motion in Limine to Exclude Evidence should be denied.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By 
ERIC WATT WIECHMANN (CT 04331)
ewiechmann@mccarter.com
JASON C. WELCH (CT 23418)
jwelch@mccarter.com
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
    -and-
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
(203) 965-0823
(203) 323-6513 (fax)
astevens@mccarter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing <u>PLAINTIFF'S SURREPLY MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE</u> has been mailed, postage prepaid, this 6th day of January 2004, to

RICHARD S. ORDER, ESQ.
ERIC D. BEAL, ESQ.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103

_____
JASON C. WELCH

HARTFORD: 605781.01