UNITED STATES DISTRICT COURT

3:01cv00478(AVC). March 15, 2004.    This is an action for damages and equitable relief in connection with the marketing and sale of nutritional supplements under certain United States patents. It is brought by Jarrow Formulas, Inc. ("Jarrow"), pursuant to 15 U.S.C. §§ 1 and 2 (the Sherman Antitrust Act), Conn. Gen. Stat. § 35-24 (the Connecticut Antitrust Act), Conn. Gen. Stat. § 42-110a (the Connecticut Unfair Trade Practices Act or CUTPA), 15 U.S.C. § 1125(a) (the Lanham Act), Conn. Gen. Stat. § 52-568 (the Connecticut vexatious litigation statute), and common law tenets concerning tortious interference with business relations. The defendants, Integrated Bioceuticals, LLC ("IBC"), Primary Services, Inc. ("PSI"), and Primary Source ("PS") now move for summary judgment as to all causes of action.

The defendants first contend that summary judgment should be granted "because there is no genuine dispute of material fact" with regard to "any evidence to support [Jarrow's] claims against IBC, PS, and PSI." The court is not persuaded. In the context of ruling on Jarrow's motion to amend the complaint, this court previously concluded that Jarrow had alleged sufficient facts to support its causes of action against the defendants. See Ruling on Motion to Amend, Document No. 113. Thus, the question presented herein is whether Jarrow has raised issues of material fact with regard to its allegations. Having reviewed the submissions of the parties, the court concludes that it has. At a minimum, there are questions of fact regarding: (1) whether the defendants, through various actions, aided in spreading false information regarding Jarrow's right to distribute various products in the United States and thereby damaged Jarrow's market share and reputation; and (2) whether the defendants benefitted from the settlement of various "sham" lawsuits. PS and PSI attempt to defeat this conclusion by claiming that "neither PS nor PSI were in existence" at the time that some of the alleged wrongful conduct occurred. Jarrow, however, has presented deposition testimony of a defense witness that creates a genuine issue of fact regarding whether PS and PSI are successors in interest to the entities that carried out the wrongful conduct. Apparently admitting the damaging nature of the deposition testimony, PS and PSI have submitted an affidavit of that witness wherein he essentially recants his earlier deposition testimony. In ruling on a motion for summary judgment, "the court should not weigh evidence or assess the credibility of witnesses." Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996). The court therefore need not decide whether to credit the earlier damaging testimony or the subsequent recant of that testimony. The court leaves that issue for the jury.

The defendants next contend that the causes of action asserted against them are barred under the applicable statute of limitations. The court is not persuaded. This court has previously addressed and rejected these arguments in ruling on Jarrow's motion to amend. See Ruling on Motion to Amend, Document No. 113. In that ruling this court concluded that the causes of action asserted against the defendants were not barred by the applicable statute of limitations because "Jarrow [had asserted] that IBC, PSI, and PS [had] engaged in acts within three years from the filing of [the amended complaint]." The defendants fail to articulate why this court's calculus should now be altered. More importantly, Jarrow has raised genuine issues of material fact regarding whether IBC, PSI, and PS, did, in fact, engage in the alleged conduct within three years of the filing of the instant lawsuit. The motion for summary judgment (document no. 160) is therefore DENIED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.