UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION COMPANY, INTEGRATED BIOCEUTICALS, LLC, PRIMARY SERVICES, INC., PRIMARY SOURCE, LLC, NORMAN H. ZIVIN, AND JACK MASQUELIER, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | October 13, 2004 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT**

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiff Jarrow Formulas, Inc. ("JFI") submits this Memorandum in Support of its Motion for Leave to Amend Complaint and its Second Amended Complaint. JFI seeks to amend its Amended Verified Complaint [Dkt. # 114] to add new factual allegations, primarily Paragraphs 22 through 40, found in the Second Amended Complaint submitted herewith.

By this amendment, JFI seeks only to conform its allegations to evidence that will be presented at trial in support of its already existing and asserted causes of action. No new parties and no new claims are added by this amendment. Thus, allowing this amendment will not delay trial and will not prejudice Defendants. To the contrary, allowing this amendment will benefit Defendants in that it provides them with notice in advance of the trial memorandum of evidence that will be presented at trial.

**ORAL ARGUMENT REQUESTED**

Good cause exists to amend JFI's Complaint. The facts giving rise to this amendment were uncovered after discovery and through research conducted independent of this lawsuit and necessitated by Defendants International Nutrition Company ("INC") and Egbert Scwhitters ("Schwitters") threatening, once again, to sue JFI for infringement of U.S. Patent No. 4,698,360 (the '360 patent). In preparing to defend the threatened litigation, JFI examined the validity and enforceability of the '360 patent and has unearthed facts that show that the '360 patent is invalid and/or unenforceable and that certain Defendants knew such, or should have known such while they engaged in their unlawful and anticompetitive activities that are the foundation of this lawsuit. These same facts are relevant to the claims asserted in JFI's Amended Verified Complaint and will be offered at trial.

**I.    FACTS.**

This is an action for damages and equitable relief in connection with the marketing and sale of nutritional supplements containing oligomeric proanthocyanidins ("OPCs") within the United States. OPC product can only be produced pursuant to the '360 patent, and, during the late 1980s and the 1990s, it had no substitute in the marketplace.

Injury to JFI and the market arises, in part, from the initiation and maintenance of sham litigation in 1996 through 2001. On March 6, 1996, INC filed suit in the United States District Court in the District of Connecticut claiming that JFI and seventeen others were infringing the '360 patent ("Underlying Action"). On March 18, 2000, the Court entered summary judgment on behalf of the defendants prior to discovery. When that decision was affirmed by the United States Court of Appeals for the Federal Circuit on July 16, 2001, JFI thought that it no longer needed to fear an infringement suit by INC.

As it turns out, however, INC and those affiliated with INC, have been working behind the scene in a further attempt to secure rights to the '360 patent to renew a claim of infringement against JFI. Upon information and belief, on April 24, 2003, Horphag Research Ltd., ("Horphag") a defendant in the Underlying Action and a purported co-owner of the '360 patent entered into an agreement with Centre D'Expirimentation Pycnogenol Sarl ("CEP"), the other purported co-owner of the '360 patent and subsidiary of INC. In that agreement CEP and Horphag acknowledged each others right to the '360 patent and covenanted to join in any lawsuit initiated by the other to enforce the '360 patent.

On September 4, 2003, INC and Schwitters, their counsel, and CEP threatened to bring suit against JFI for infringement of the '360 patent. This action was the impetus for JFI to conduct a review of scientific literature to determine whether the '360 patent was valid and enforceable. All of JFI's research leads it to believe that the '360 patent is not valid and not enforceable. Defendants Masquelier, Schwitters and INC all had knowledge or should have had knowledge of invalidating material, prior art to the '360 patent, either before the application for such patent was filed with the USPTO, prior to reexamination of the '360 patent in 1996 and 1997, and/or prior to the initiation of sham lawsuits in 1996 and 1999 to enforce the '360 patent. Moreover, they failed to bring the prior art to the attention of the USPTO with an intent to deceive or commit fraud upon the USPTO. Thus, the '360 patent is invalid based upon the prior art and/or is unenforceable due to inequitable conduct.

JFI now seeks to further amend its complaint to include these factual allegations as they are further evidence of the anticompetitive and unlawful behavior alleged in the Amended Complaint. On March 31, 2003, JFI commenced a parallel suit seeking a declaratory

ruling that the '360 patent is invalid and/or unenforceable based on these facts (Civil Action No. 3:04-CV-00535 (JBA)). Service of that complaint was only recently effected.

## II. STANDARD.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of the court." Fed. R. Civ. P. 15(a). The Rule further states that "leave shall be freely given when justice so requires." Id. Because JFI makes this Motion after the deadline for filing amendments set forth in the scheduling order pursuant to Fed. R. Civ. P. 16, JFI must demonstrate good cause for this amendment. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 200).

## III. ARGUMENT.

### A. There is Good Cause to Amend the Complaint.

Prior to the threatened lawsuit, JFI had no reason to contest the validity of the '360 patent. The Federal Circuit already affirmed this Court's ruling that 1) INC was not a co-owner of the '360 patent; and 2) that INC had no standing to sue for infringement of that patent. See Int'l Nutrition Co. v. Horphag Research Ltd., 257 F.3d 1324, 1328 (2001). Thus, JFI justly thought the technical issues relating to validity or enforceability of the patent were moot and that the proper focus for discovery should be Defendants' knowledge that INC did not own the '360 patent and that it did not have standing to sue. This is distinct from claims that the patent is invalid or unenforceable because of prior art or inequitable conduct perpetrated on the USPTO.

All of that changed after the close of discovery in 2002.[1] In 2003, after legal maneuvering by certain Defendants (further evidence of anti-competitive behavior), INC, Schwitters and its counsel felt that they were in a position to renew a claim that JFI was infringing the '360 patent. Ultimately, in the Summer of 2003 they threatened to sue JFI for infringing the same. These renewed threats took place after the close of discovery and the date by which JFI had to amend its complaint and caused JFI, outside the context of this action, to look at the issues of patent invalidity and patent enforceability.

What JFI discovered through that study was astonishing and comprises the factual allegations that JFI now seeks to add to its complaint. In summary, Defendants Masquelier, Schwitters and INC all had knowledge or should have had knowledge of invalidating material, prior art to the '360 patent, either before the application for such patent was filed with the USPTO, prior to reexamination of the '360 patent in 1996 and 1997, and/or prior to the initiation of sham lawsuits in 1996 and 1999 to enforce the '360 patent. Those Defendants and others failed to bring the prior art to the attention of the USPTO with an intent to deceive or commit fraud upon the USPTO. Thus, the '360 patent is invalid based upon the prior art and/or is unenforceable due to inequitable conduct.

**B.      Defendants are not Prejudiced by this Amendment.**

"In general, courts freely grant leave to amend where there is no undue delay, bad faith, failure to cure deficiencies or undue prejudice to the opposing party." General Electric Co. v. Circle Air Freight Corp., 92 Civ. 6333, 1997 WL 129400, at *7 (S.D.N.Y. Mar.

---

[1] Fact depositions concluded on March 30, 2002, discovery ended on May 31, 2002.

20, 1997) (**Tab A**) (citing <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962)). In this case, there is no undue delay, bad faith, failure to cure deficiencies or undue prejudice.

There is no undue delay. The factual allegations that JFI seeks to add to its complaint only came to JFI's attention in late 2003 and 2004. JFI moved the Court to amend its complaint soon after the discovery and assimilation of this information. JFI waited to file this amendment until after a scheduled mediation with the Court on August 17, 2004. Now that the mediation was rescheduled to December 8, 2004, and now that service was effected in a new and parallel declaratory judgment action, JFI is seeking to amend its complaint.

Defendants are not prejudiced by this amendment. JFI is merely adding factual allegations against existing parties and not a new cause of action. JFI does not need additional discovery with regard to these facts, and any discovery by Defendants should be limited and discrete. Because JFI will likely require an expert to opine as to the materiality of the prior art the Defendants will likely want to depose that expert. Otherwise, Defendants are well aware of what they knew or should have known with respect to their filings with the USPTO. Thus, this amendment will not in anyway prejudice Defendants. To the contrary, this amendment benefits Defendants to the extent it provides notice prior to trial of the facts upon which JFI will rely to prove its case.

## IV.    CONCLUSION.

For these reasons, Plaintiff Jarrow Formulas, Inc. respectfully requests that the Court enter the attached Second Amended Complaint and Demand for Jury and permit Jarrow Formulas, Inc. thirty (30) days in which to serve the Second Amended Complaint on Defendants.

-7-

        THE PLAINTIFF,
        JARROW FORMULAS, INC.
        BY McCARTER & ENGLISH, LLP
        ITS ATTORNEYS

By_____/s/_____
    ERIC W. WIECHMANN    (CT 04311)
    MARK D. GIARRATANA    (CT 10401)
    ALEXANDRA B. STEVENS (CT 20300)
    JASON C. WELCH    (CT 23418)
    CityPlace I
    185 Asylum Street
    Hartford, CT  06103
    (860) 275-6700
    (860) 724-3397 (fax)
    ewiechmann@mccarter.com

-8-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT and proposed SECOND AMENDED COMPLAINT AND DEMAND FOR JURY, has been mailed, postage prepaid, this 13th day of October 2004 to:

RICHARD S. ORDER, ESQ.
ERIC D. BEAL, ESQ.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT  06103

JASON C. WELCH