# Exhibit D

# Jarrow FORMULAS, INC™

*Superior Nutrition and Formulation™*

1824 South Robertson Blvd.
Los Angeles, CA 90035-4317
310/204-6936 • 800/726-0886

Fax Numbers
Orders 800/890-8855
General 310/204-2520
Administrative 310/204-5132

January 28, 1997

PRESS RELEASE

page 1 of 3

-DRAFT-

## US PATENT OFFICE REJECTS ON 7 GROUNDS MASQUELIER'S CLAIM HE DISCOVERED FREE RADICAL SCAVENGING BY PROANTHOCYANIDINS

## JARROW CLAIMS MILESTONE VICTORY FOR DEFENDANTS AGAINST INC IN OPC PATENT LAWSUIT

Claiming vindication in the lawsuit filed by International Nutrition Company (INC), Jarrow Formulas cited the January 13, 1997 Office Action in Reexamination by John W. Rollins, Ph.D. of the United States Patent and Trademark Office (PTO) rejecting the patent claim of Jack Masquelier. The PTO's strong rejection of Masquelier's patent was based upon seven different grounds. Masquelier claims to have discovered that proanthocyanidins (or PACs, the polyphenols found in pine bark and grape seed extract) are free radical scavengers. One of the grounds for rejection cited by the PTO is that PACs are derived from catechins, and free radical scavenging by catechins had been the subject of earlier patents. According to Jarrow, in addition to the prior patents cited by the PTO, there are numerous earlier scientific publications about catechins and other related issues.

Though the PTO's Dr. Rollins basically cited prior art submitted anonymously in a Petition Requesting Re-Examination to the Patent Office, Jarrow L. Rogovin, president of Jarrow, points out that the PTO action was based upon the same principles contained in the 40 studies cited by his company in its 70-page rebuttal of the patent which Mr. Rogovin had sent in August of 1996 to

PRESS RELEASE, page 2 of 3 -- January 28, 1997
JARROW CLAIMS MILESTONE VICTORY IN OPC PATENT LAWSUIT:
MASQUELIER"S PATENT IS A FRAUD

INC and its counsel, Norman Zivin of New York. Mr. Rogovin, who had authored the extensive paper, had demanded the case be dropped. Zivin and Bertram Schwitters, President of INC, failed to withdraw the suit. Zivin wrote to Jarrow's counsel that he would respond to the extensive position paper. Later, stating no valid reason, Zivin then refused to keep his commitment. However, Rogovin points out, Zivin was required by patent law to submit to the PTO as part of its review of the 360 patent the nearly 40 studies Jarrow had cited.

"This not only proves Jarrow Formulas was right, that the so-called 360 patent is a fraud," said Mr. Rogovin. "But the nature of the PTO's ruling provides a basis to believe that Masquelier deliberately defrauded the patent office and that Schwitters knowingly filed a meritless and malicious suit. Their lawyer Zivin has been in bad faith. Frankly, his conduct can only be described as malicious."

Jarrow is demanding that the principals on the other side of the lawsuit as well as Zivin reimburse at least its attorney's fees since August 28, 1996, the date of its 70-page rebuttal of the suit, if not before considering the fraud Jarrow alleges was perpetrated by Masquelier, Zivin and Schwitters. Jarrow Formulas states that it intends to sue Jack Masquelier, INC and possibly others for inequitable conduct in obtaining the patent, malicious prosecution, false advertising and libel. Jarrow points out that the PTO action cites prior patents by

PRESS RELEASE, page 3 of 3 -- January 28, 1997
JARROW CLAIMS MILESTONE VICTORY IN OPC PATENT LAWSUIT:
MASQUELIER"S PATENT IS A FRAUD

Masquelier and Schwitters own book, "OPCs in Practice," among the prior art. "That one of Masquelier's own patents from 1969 concerns essentially the same matter as the 1987 360 patent seems to provide grounds for a suit for inequitable conduct," said Jarrow's president. "And as far as Schwitters is concerned, by citing his book, the PTO provides a rationale to sue him for malicious prosecution because Schwitters' book refers to prior art that precludes Masquelier's claim of discovery. In other words, they both had prior knowledge the patent was a phony." Rogovin also mentioned that PSI, the U.S. distributor for INC, is liable for libel per se, trade libel and false advertising.

Prior art is information published on a subject prior to an application for a patent.

"Frankly," concluded Rogovin, "since these guys, including their lawyer, conspired to file this suit as a marketing scheme against seventeen other companies, all the defendants should be demanding their legal fees. But I doubt they will. About a million dollars has been spent defending an otherwise simple suit. There's no reason to believe the other defendants will be any more competent in claiming their fees than they have been in mounting their defense."

# # #