UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, ET AL. | ) | |
| Defendants. | ) | NOVEMBER 19, 2004 |

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT

Plaintiff Jarrow Formulas, Inc. ("JFI") respectfully submits this Reply Memorandum in Further Support of its Motion for Leave to Further Amend Complaint ("Motion"), dated October 13, 2004 [Dkt. # 206]. JFI does so to address specific issues and arguments raised by Defendants in their Memorandum in Opposition, dated November 5, 2004 ("Opposition") [Dkt. # 208]. As set forth below and in its Motion, JFI only seeks to amend certain allegations in support of its existing claims, and no new cause of action is set forth in the proposed Second Amended Complaint ("proposed Complaint") [Dkt. # 207, Es. B].

## ARGUMENT

### POINT I: JFI'S AMENDMENT IS NOT UNTIMELY AND PREJUDICIAL TO DEFENDANTS AND WILL NOT UNDULY DELAY TRIAL

In direct contrast to Defendants' repeated and misleading attempts throughout their Opposition to imply that JFI seeks to amend its Complaint to add a patent invalidity claim on the eve of trial, JFI seeks merely to add to its existing claims additional factual allegations relating to Defendants improper attempts to monopolize the market for OPCs. JFI is not asking this Court to find that the '360 patent is invalid.[1] Rather, JFI seeks to add allegations to its

---

[1] As a result of renewed threats to enforce the '360 patent against JFI, JFI has separately filed a declaratory judgment action requesting that the '360 patent be held invalid and unenforceable, in part due to the conduct

**ORAL ARGUMENT REQUESTED**

Complaint which would allow JFI to prove that, in addition to attempting to enforce a patent that it did not own, Defendants International Nutrition Company ("INC") and Masquelier failed to disclose material prior art and otherwise misled the U.S. Patent and Trademark Office ("PTO") during reexamination of the '360 patent.  As set forth below, JFI seeks only to conform its allegations to the evidence in preparation for trial, and the arguments at pages 4-10 of Defendants' Opposition that the proposed amendment is untimely or prejudicial are without merit.

On March 6, 1996, INC filed a complaint against JFI and seventeen other defendants alleging that they had infringed the '360 patent and that JFI had infringed a trademark allegedly owned by INC.[2]  On May 17, 1996, JFI filed a Motion to Dismiss the patent infringement claim due to INC's lack of ownership of the '360 patent, or requesting in the alternative a stay of the suit pending a determination of ownership in an action before the French Courts between INC and Horphag Research, Ltd. ("Horphag").  JFI also filed an Answer and Counterclaim.  JFI, however, did not answer Count I of the Complaint, the count alleging infringement of the '360 patent, because it had filed a Motion to Dismiss that count based on INC's lack of standing to bring such a claim.  JFI's Answer and Counterclaim addressed only INC's trademark infringement count.  See Exhibit A attached.

After INC filed its Complaint, Jarrow Rogovin, President of JFI, undertook an investigation of the validity of the '360 patent.  In August 1996, Mr. Rogovin sent letters to INC and its counsel setting forth in detail the prior art publications that he had located and the reasons that these publications should invalidate the '360 patent.  In March 1997, the patent infringement litigation was stayed by the Court pending the outcome of a reexamination proceeding

---

complained of in the allegations that JFI seeks to add in this case.  See JFI v CEP, et al., (C.A. No. 3:04-CV-00535 (JBA)).

concerning the '360 patent and the French litigation regarding ownership of the '360 patent. During the reexamination of the '360 patent, INC submitted to the PTO copies of seventy-one prior art publications, including the references cited by Mr. Rogovin in his 1996 letter. Although INC was in possession of a detailed analysis of these references prepared by Mr. Rogovin, INC did not provide to the Examiner *any* explanation of the relevance or significance of any of the publications.[3] INC's failure to point out the relevance of any of the numerous references dumped on the Examiner could itself result in a finding of inequitable conduct. See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1184 (Fed. Cir. 1995)("'[B]urying' a particularly material reference in a prior art statement containing a multiplicity of other references can be probative of bad faith."); Manual of Patent Examining Procedure § 2004, Item 13 ("If a long list is submitted, highlight those documents which have been specifically brought to applicant's attention and/or are known to be of most significance."). The PTO ultimately issued a reexamination certificate for claims 1-7 of the '360 patent.

On May 28, 1998, the French Court of Appeals affirmed the ruling that INC was not an owner of the '360 patent, the stay was lifted in the patent infringement case, and INC's patent infringement claims against JFI were ultimately dismissed because INC did not have any ownership interest in the '360 patent, and thus no standing to sue. Although JFI continued to believe that the '360 patent was invalid, as there were no patent infringement claims pending against JFI following dismissal of INC's frivolous suit, nor any threats of infringement litigation by the true owners of the '360 patent, there was no reason for JFI to pursue its invalidity claim,

---

[2]  See INC v. Horphag Research, et al. (C.A. No. 4:96-CV-00386 (DJS)).

[3]  The reexamination process is an *ex parte* process in which only the patent owner is allowed to submit information to the Examiner. Therefore, JFI was not allowed to submit its analysis or otherwise explain to the Examiner the reasons that the prior art invalidated the '360 patent.

nor would it be legally permitted to do so in the action brought by INC since INC did not own the patent.[4]

In September 2003, JFI received a letter from counsel for INC which stated that INC and Centre D'Experimentation Pycnogenol Sarl ("CEP") had settled their dispute with Horphag over ownership of the '360 patent, and that INC and CEP were considering "reinstituting" the patent infringement action against JFI and others. As a result of that threat of litigation, JFI revisited the issue of patent invalidity, including searching for additional prior art and reviewing in detail the actions taken by INC in connection with the reexamination. As a result, JFI identified additional prior art, including articles authored by or known to Masquelier which were material to patentability and were never disclosed to the PTO during examination or reexamination of the '360 patent. JFI also identified misleading statements made to the Examiner during reexamination of the '360 patent, in particular concerning the content of a book published by Schwitters in collaboration with Masquelier entitled OPC in Practice.

By failing to provide copies of material prior art to the Examiner, and by misrepresenting the contents of OPC in Practice, INC and Masquelier committed misconduct and fraud at least during the reexamination proceeding as part of their scheme to improperly enforce the '360 patent and monopolize the OPC market. In its proposed Complaint, JFI seeks to put evidence of this misconduct before the jury as further evidence of Defendants' improper conduct related to the enforcement of the '360 patent during the relevant time period.

INC hopes to keep this evidence from the jury by arguing that JFI "should have known" about this misconduct earlier. However, JFI had no reason to revisit the patent

---

[4]    A few defendants had filed counterclaims for patent invalidity in the action brought by INC. In the Judgment entered on May 1, 2000, in addition to dismissing INC's patent infringement claim, the Court dismissed all pending counterclaims without prejudice. See Exhibit B attached.

invalidity issue until INC made new threats of enforcement in late 2003. Moreover, the prior art that INC did not disclose to the PTO related to an OPC product called Endotelon that was only uncovered by JFI during the renewed investigation into patent validity. INC makes much of statements in Mr. Rogovin's 1996 letters in which he noted in passing that Endotelon, an OPC product, had been sold in Europe for many years and that literature on Endotelon had "undoubtedly" been published in the United States. Mr. Rogovin does not cite any specific articles or publications regarding Endotelon in his 1996 letters, and it is several of these publications that were uncovered only recently during JFI's invalidity study in response to INC's renewed threats of suit.

JFI filed its motion to amend after locating additional prior art and thoroughly analyzing the reexamination file in response to the renewed threats of litigation made by INC in late 2003. As a settlement conference had originally been scheduled with the Court for June 17, 2004, JFI believed it was appropriate to wait until that conference had been conducted to avoid burdening the Court with unnecessary motions if the case settled. However, when the settlement conference was eventually rescheduled to December 8, 2004, and precisely to avoid the untimeliness argument made by INC in its Opposition, JFI decided that it should file the motion rather than continue to wait for the rescheduled settlement conference. Accordingly, JFI's Motion for Leave to Further Amend Complaint is timely.

Moreover, there is no prejudice to Defendants in granting JFI's Motion, regardless of when it was filed. The allegations added to the proposed Complaint all relate to misconduct committed by Defendants INC, Masquelier, Schwitters, and Zivin in failing to provide the PTO with prior art publications which were known to Masquelier and Schwitters. The allegations additionally relate to Masquelier's and his associates' conduct during

-5-

prosecution of the reexamination of the '360 patent. JFI can present its evidence with the addition of a single expert witness to establish the materiality of the prior art withheld from the examiner. JFI will promptly provide an expert report and make its expert available for deposition upon the granting of its Motion. As no trial date has been set for this case, the allegations relate to facts and evidence known to Defendants, and only a single additional witness will be required, Defendants will not be prejudiced by the proposed amendment.

**POINT II:  AMENDMENT WOULD NOT BE FUTILE**

A.    The Amended Allegations In No Way Implicate Zivin In Claims That Were Dismissed.

While it is true that the surviving claim against Defendant Zivin in the instant action is one of vexatious litigation, contrary to Defendants' claim at page 11 of their Opposition, the amendments to JFI's proposed Complaint do not seek new relief against Zivin. The proposed amended allegations concerning Zivin go directly to JFI's vexatious litigation claim against him and are incorporated therein. For example, the paragraph cited by Defendants, ¶ 25, states that "At the time of filing the Connecticut lawsuit, INC, Schwitters, Masquelier and Zivin knew or reasonably should have known that the '360 patent was unenforceable and or invalid." This paragraph is incorporated in JFI's vexatious litigation claim through Paragraph 80. Since JFI claims that Zivin "conspired to, commenced, and continue[d] to prosecute a civil action against JFI without probably cause and with a malicious intent unjustly to vex and trouble JFI" in violation of the vexatious litigation statute, C.G.S. § 52-568, Paragraph 25 of the proposed Complaint clearly goes to JFI's vexatious litigation claim. Again, JFI simply seeks to further amend its Complaint with additional factual allegations in further support of existing claims – to the extent these allegations support JFI's vexatious litigation claim against Zivin, they should be permitted.

-6-

B.    JFI's Proposed Allegations Were Not A Compulsory Counterclaim To The 1996
      Infringement Action.

Defendants' reliance on Critical-Vac Filtration Corp. v. Minuteman Int'l, 233

F.3d 697 (2d Cir. 2000), *cert. denied*, 532 U.S. 1019 (2001) is completely misplaced.  Critical-

Vac concerned an underlying patent infringement action initiated by the actual owner of a reissue

patent.  The present action is clearly distinguishable in that the underlying patent infringement

action was a baseless patent infringement action initiated by a company – INC – that did not

have standing to bring the action in the first place because it did not own the patent.  That action

was subsequently dismissed because the Court determined that INC did not own the '360 patent.

As discussed in Section I, supra, JFI never answered the patent infringement count in the

underlying action, nor was it required to do so, no discovery was ever taken, and the Court

ultimately dismissed the entire patent infringement action as a result of INC's lack of standing to

bring its claims in the first place. [5]  Therefore, JFI would not have been able to bring or maintain

an invalidity counterclaim in the underlying action because INC did not own the patent.

Further, a claim is compulsory only if "a logical relationship exists between the

claim and the counterclaim and [if] the essential facts of the claims are so logically connected

that considerations of judicial economy and fairness dictate that all the issues be resolved in one

lawsuit."  Critical-Vac, 233 F.3d at 699 (citing Adams v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)).

In direct contrast to the instant case, the Critical-Vac Court determined that a logical relationship

existed because Critical-Vac's antitrust claims were based on the same facts that caused it to win

the underlying patent infringement action and that Critical-Vac did not allege any facts that arose

after it filed its answer in the underlying action.  Id., at 700.

---

[5]    "A claim that should have been pleaded as a compulsory counterclaim in the first suit will only be barred in a
      subsequent action if a responsive pleading, such as an answer, was required to be or was served in the earlier

In the underlying patent infringement action that INC brought against JFI, this logical connection in no way exists. JFI filed a Motion to Dismiss based on INC's lack of standing to bring the action, which was ultimately granted by the Court. Since INC did not own the '360 patent, JFI could not bring a counterclaim for invalidity and even if it had tried to do so, such claim would have been dismissed by the Court due to INC's lack of standing. In addition, JFI has alleged facts in the present action that arose after it filed its answer in the underlying action, including that Defendants continue to threaten JFI with another patent infringement action. See proposed Complaint, ¶ 60. Further, in this case, there is also a significant difference between the facts which control the present antitrust claim and related claims, and the claims decided in the underlying patent infringement suit, i.e., that INC did not have standing to bring a patent infringement suit. See Hydranautics v. FilmTec Corp., 70 F.3d 533, 535 (9th Cir. 1995) (determining that there was a significant difference in the facts which controlled the patent infringement claim versus the antitrust claim, particularly since the Federal Circuit determined that the plaintiff did not own the patent).

Clearly, JFI's proposed allegations were not compulsory counterclaims in the underlying patent infringement action, as the Court cannot require that JFI bring a counterclaim in response to a count of patent infringement it never had to even answer.

C.    The Proposed Amended Complaint Adequately Pleads A Claim For Relief.

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the Court is required to "accept as true all factual allegations in the complaint" and construe well pleaded factual allegations in favor of the plaintiff. State of Connecticut v. Physicians Health Servs. of Connecticut, Inc., 103 F. Supp. 2d 495, 500 (D. Conn. 2000).

---

action. Federal courts ruling on the issue have uniformly held that a motion to dismiss pursuant to Rule 12 is not a responsive pleading." 3 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 13.15.

The parties have traveled this road before when Defendants filed a Motion to Dismiss for Failure to State a Claim in July 2001 [Dkt. # 12] as to all of JFI's claims against Defendants and the Court determined that JFI had adequately pled an antitrust action. See, Ruling on the Defendants' Motions to Dismiss, dated November 16, 2001. The Court should therefore not permit Defendants to raise this issue three years later. In fact, JFI's proposed Complaint does not alter in any way the paragraphs identified by Defendants at page 16 of their Opposition, particularly ¶¶ 8 and 9. Defendants answered these allegations more than a year and a half ago and are precluded by FRCP 12(b) from arguing that these allegations should be dismissed for failure to state a claim upon which relief can be granted. See Answers dated December 24, 2002 [Dkt. ## 136-138]; Amended Answers dated February 18, 2003 [Dkt. ## 144-146]; Answer dated March 14, 2003 [Dkt. # 151].

Further, at page 15, n. 6 of their Opposition, Defendants also misstate JFI's antitrust claim. JFI does not merely identify the market as the '360 patent, but as "the sale and distribution of nutritional supplements comprising PACs and covered by the '360 patent" in the United States (the "PAC market"). See Verified Complaint, ¶ 9 [Dkt. #1], Amended Verified Complaint, ¶ 14 [Dkt. # 114], and proposed Complaint, ¶ 14. Defendants further raise the issue of other radical scavenging nutrients at page 16 of their Opposition, such as CoQ10, selenium, lycopene, etc. However, whatever consumers' present beliefs may be regarding substitutes for OPCs, if any, these nutrients were not viewed as substitutes for OPCs during the relevant time periods as alleged in the proposed Complaint, so are immaterial to JFI's antitrust claim.[6] The proposed Complaint therefore adequately pleads a claim for relief.

---

[6]    Plaintiff's market expert testified that there were no substitute products for OPCs during the relevant time period. See Plaintiff's Mem. of Law in Opp'n to Defs.' Motion in Limine, Ex. 1, at pg. 24 [Dkt. # 181].

D.     <u>Amendment is not Futile</u>

Yet again Defendants completely misconstrue the effect of JFI's proposed allegations at page 18 of their Opposition. JFI does not seek to now bring a claim of patent invalidity in connection with its antitrust action, nor will the Court be required to decide the validity of the patent in this action as suggested by Defendants in their Opposition. Instead, JFI only seeks to add allegations that Defendants' committed fraud on the PTO. <u>See</u> proposed Amended Complaint, ¶¶ 22-40. After discovery closed in the instant action, JFI was forced to initiate a declaratory judgment action against the owners for the '360 patent for non-infringement and invalidity, currently pending before Judge Arterton, after some Defendants threatened yet another patent infringement suit against JFI. The declaratory judgment action will determine whether or not the patent is valid, not the instant action.

Further, JFI has not brought antitrust, unfair competition, or vexatious litigation claims against the now owners of the '360 patent – Horphag Research Ltd. ("Horphag") and Centre D'Exploitation des Procyanidines f/k/a Centre D'Experimentation Pycnogenol Sarl ("CEP"), so neither of them are indispensable parties to this action. JFI is concerned only with the allegations that the inventor of the '360 patent, Defendant Masquelier, in concert with the other Defendants, violated the antitrust laws by misusing a patent they knew to be fraudulently obtained. It is therefore not necessary to join Horphag or CEP in this action.

## CONCLUSION

For these reasons, and those set forth in Plaintiff's Motion For Leave to Further Amend Complaint, JFI respectfully requests that the Court grant its Motion and permit it to file and serve the Second Amended Complaint and Demand for Jury in this action.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By_____
    ERIC WATT WIECHMANN (CT 04311)
    ALEXANDRA B. STEVENS (CT 20300)
    JASON C. WELCH (CT 23418)
    CityPlace I
    185 Asylum Street
    Hartford, CT  06103
    (860) 275-6700
    (860) 724-3397 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S REPLY

MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FURTHER

AMEND COMPLAINT has been mailed, postage prepaid, this 19th day of November, 2004 to

        Richard S. Order, Esq.
        Eric D. Beal, Esq.
        AXINN, VELTROP & HARKRIDER LLP
        90 State House Square
        Hartford, CT 06103-3702

ERIC WATT WIECHMANN

HARTFORD: 627039.01

-12-

P 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERNATIONAL NUTRITION COMPANY,

Plaintiff,

v.

HORPHAG RESEARCH LTD., MW INTERNATIONAL,
INC., KAIRE INTERNATIONAL, INC., TRACO LABS.
INC., CHEMCO INDUSTRIES, INC., GREATER
CONTINENTS, INC., INDENA U.S.A., TWIN
LABORATORIES, INC., USANA, INC., FREE LIFE
INTERNATIONAL LTD., NOW FOODS, ENZYMATIC
THERAPY, INC., NUTRACEUTICAL CORPORATION,
ESTEE LAUDER, INC., ARKOPHARMA, INC.,
JARROW FORMULAS, INC., NEW VISION
INTERNATIONAL, INC., AND CHANGES
INTERNATIONAL OF FORT WALTON BEACH, INC.,

Defendants.

Civil Action No.
396-CV-00386 (TFGD)

ANSWER AND COUNTERCLAIM OF INDENA U.S.A.,
ENZYMATIC THERAPY, INC. AND JARROW FORMULAS, INC.
TO THE COMPLAINT

Defendants, Indena U.S.A. ("Indena"), Enzymatic Therapy, Inc.

("Enzymatic") and Jarrow Formulas, Inc. ("Jarrow") (collectively "the Indena defendants")

hereby respond to the Complaint of plaintiff, International Nutrition Company ("INC"). The

Indena defendants have filed concurrently herewith a Motion to Dismiss Count One of the

Complaint Pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P., or, In The Alternative,

to Stay the Present Action as to Count One pending resolution of the "French Litigation"

concerning ownership of the patent-in-suit, United States Patent No. 4,698,360 ("the '360

patent").

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203.573.1200

A.

PBNY3-430911.1

## PARTIES

1.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore deny same.

2.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore deny same.

3.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore deny same.

4.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore deny same.

5.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore deny same.

6.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore deny same.

7.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore deny same.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

8.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore deny same.

9.    The Indena defendants admit that Indena SpA is a corporation organized and existing under the laws of Italy, but deny the remaining allegations of paragraph 9 of the Complaint.

10.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore deny same.

11.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore deny same.

12.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore deny same.

13.    The Indena defendants admit that Enzymatic is a corporation organized and existing under the laws of the State of Wisconsin and has a principal place of business at 825 Challenger Drive, Green Bay, Wisconsin 54311, but deny the remaining allegations of paragraph 13 of the Complaint.

14.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore deny same.

15.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore deny same.

16.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore deny same.

17.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore deny same.

18.    The Indena defendants admit that Jarrow is a corporation organized and existing under the laws of the State of California and has a principal place of business at 1824 S. Robertson Blvd., Los Angeles, California 90035, but deny the remaining allegations of paragraph 18 of the Complaint.

19.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore deny same.

20.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore deny same.

- 4 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-460011.1

## NATURE OF CLAIMS, JURISDICTION AND VENUE

21.     The Indena defendants deny that this Court has subject matter jurisdiction over Count One of the Complaint or proper venue as to the Indena defendants. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations with respect to jurisdiction and venue concerning Count Two of the Complaint, and therefore deny same. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations with respect to jurisdiction and venue concerning Count Three of the Complaint, and therefore deny same. Defendant Jarrow admits that this Court has subject matter jurisdiction with respect to Count Three of the Complaint, but otherwise denies the allegations set forth in paragraph 21 of the Complaint.

### FIRST CLAIM FOR RELIEF --
### ALLEGED PATENT INFRINGEMENT BY ALL DEFENDANTS

22.-33.  The Indena defendants incorporate by reference their motion to dismiss or, in the alternative, to stay this action with regard to Count One of the Complaint, filed concurrently herewith.

### SECOND CLAIM FOR RELIEF --
### UNFAIR COMPETITION BY DEFENDANTS HORPHAG, MW AND KAIRE

34.     The Indena defendants incorporate by reference paragraphs 1 through 33 above as though fully set forth herein.

35. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore deny same.

36. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore deny same.

37. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore deny same.

38. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore deny same.

39. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore deny same.

40. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore deny same.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-480611.1

P. 13

### THIRD CLAIM FOR RELIEF --
### ALLEGED TRADEMARK INFRINGEMENT BY DEFENDANTS
### NUTRACEUTICAL, JARROW, NEW VISION AND CHANGES

41.     The Indena defendants incorporate by reference paragraphs 1 through 40 above as though fully set forth herein.

42.     Defendant Jarrow denies the allegations of paragraph 42 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore deny same.

43.     The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore deny same.

44.     Defendant Jarrow admits that plaintiff purports to be the owner of U.S. Trademark Reg. No. 1,684,990, but otherwise denies the allegations of paragraph 44 of the Complaint to the extent it relates to defendant Jarrow. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore deny same.

45.     Defendant Jarrow admits that it has used the term "OPC 95" in connection with products containing plant extracts of OPC (Oligomeric ProanthoCyanidin), which are not produced under plaintiff's authority, but denies the remaining allegations of paragraph 45 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore deny same.

- 7 -

46.    Defendant Jarrow admits that it has used the term "OPC 95" in connection with products containing plant extracts of OPC, but denies the remaining allegations of paragraph 46 of the Complaint.  Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore deny same.

47.    Defendant Jarrow denies the allegations of paragraph 47 of the Complaint.  Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore deny same.

48.    Defendant Jarrow denies the allegations of paragraph 48 of the Complaint.  Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and therefore deny same.

49.    Defendant Jarrow denies the allegations of paragraph 49 of the Complaint, and further denies that plaintiff is entitled to a "remedy."  Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore deny same.

## DEFENDANT JARROW'S AFFIRMATIVE DEFENSES AS TO COUNT THREE

Defendant Jarrow states the following affirmative defenses to Count Three of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Count Three of the Complaint fails to state a claim against defendant Jarrow upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches and Acquiescence)

Plaintiff's claims for trademark infringement and damages against defendant Jarrow are barred by reason of laches and acquiescence.

## THIRD AFFIRMATIVE DEFENSE
### (Genericness)

Plaintiff's asserted trademarks are invalid as being the apt commercial or generic designations for the subject goods.

## FOURTH AFFIRMATIVE DEFENSE
### (Mere Descriptiveness)

Plaintiff's asserted trademarks are invalid as being merely descriptive of the subject goods.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-480811.1

P 14

## FIFTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

Plaintiff's asserted trademark registration, U.S. Reg. No. 1,684,990, is invalid and/or unenforceable due to plaintiff's fraud and/or inequitable conduct before the United States Patent and Trademark Office ("USPTO") in connection with prosecution of the related trademark application.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims for injunctive relief are barred by the equitable doctrine of unclean hands.

## DEFENDANT JARROW'S COUNTERCLAIMS

Counterclaim-Plaintiff Jarrow, by way of Counterclaims against Counterclaim-Defendant INC, states as follows:

## PARTIES

1.    Counterclaim-plaintiff Jarrow is a corporation organized and existing under the laws of the State of California with its principal place of business at 1824 S. Robertson Blvd., Los Angeles, California 90035.

2.    Upon information and belief, as reflected in paragraph 1 of the Complaint, counterclaim-defendant INC is a company organized and existing under the laws of Liechtenstein and has its principal place of business at Josef Rheinbergenstrasse 6, Vaduz, Liechtenstein.

- 10 -

PENYX-4806101.1

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## JURISDICTION AND VENUE

3.      Jarrow's counterclaims arise under the U.S. Lanham (Trademark) Act, 15 U.S.C. § 1051 et seq., and the Declaratory Judgments Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over these claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4.      Venue in the District Court for the District of Connecticut is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.      The term "OPC" is an abbreviation of Oligomeric ProanthoCyanidins, which are naturally occurring constituents of plant life used as a dietary or nutritional supplement. For the past approximately 20 years, the term "OPC" has been widely used and immediately recognized in the trade and among the relevant public as the apt commercial or generic name for Oligomeric ProanthoCyanidins and products containing same, including plant extract products.

6.      In June 1990, counterclaim-defendant INC filed a U.S. trademark application to register the designation "OPC 85" as a trademark for a variety of products containing Oligomeric ProanthoCyanidins. INC never disclosed to the USPTO the fact that the products specified in its application contain Oligomeric ProanthoCyanidins and that OPC is a generic designation for Oligomeric ProanthoCyanidins. INC also never disclosed to the USPTO the fact that its use of the number 85 in the designation OPC 85 refers to the percentage of OPC that INC claims is contained in its subject products. On the contrary, INC affirmatively represented to the USPTO that the term OPC 85 has "no significance in

the relevant trade, geographical significance and no meaning in any foreign language. It is simply Applicant's trademark."

7.    Upon information and belief, INC withheld pertinent information from and made material misrepresentations to the USPTO regarding the generic nature of OPC and descriptiveness of INC's use of OPC with the number 85, with the intent to deceive and mislead the USPTO to register the term OPC 85 as a trademark in INC's name.  Upon information and belief, the USPTO was misled by INC's above-noted withholding of pertinent information and misrepresentations, and would not have otherwise granted INC the federal trademark registration at issue.

8.    Jarrow is engaged in the manufacture and sale of dietary supplements which contain OPC.  Jarrow uses the term "OPC 95" in connection with its OPC products.

9.    INC has brought the present action alleging, among other things, that Jarrow's use of the term OPC 95 infringes INC's asserted OPC 85 and OPC 85+ trademarks.

### FIRST COUNT
### (CANCELLATION OF REGISTRATION,
### 15 U.S.C. § 1119)

10.    Jarrow repeats and realleges paragraphs 1 through 9 of the Counterclaims as if fully set forth herein.

11.    Continued registration of the generic or merely descriptive term OPC 85 is likely to damage Jarrow.

12.    INC's U.S. Registration No. 1,684,990 for OPC 85 is invalid and/or unenforceable, and subject to cancellation by this Court under 15 U.S.C. § 1119.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PERY3-480611.4

## SECOND COUNT
### (Declaratory Judgment)

13.    Jarrow repeats and realleges paragraphs 1 through 12 of the Counterclaims as if fully set forth herein.

14.    The terms OPC, OPC 85 and OPC 85+ do not function as trademarks in connection with INC's OPC products, but instead are generic or merely descriptive.

WHEREFORE, Defendant Jarrow demands judgment against plaintiff INC as to Count Three of the Complaint and Jarrow's Counterclaims as follows:

1)    Dismissing Count Three of plaintiff INC's Complaint with prejudice;

2)    Ordering that plaintiff INC's request for injunctive relief as to Count Three of the Complaint be denied;

3)    Ordering that plaintiff INC's request for an accounting as to Count Three of the Complaint be denied;

4)    Cancelling United States Trademark Registration No. 1,684,990 for OPC 85 and certifying an order pursuant to 15 U.S.C. § 1119, directing the Commissioner of the USPTO to enter such cancellation upon the records of the USPTO;

5)    Declaring that the terms OPC, OC 85 and OPC 85+ are not trademarks in connection with products containing Oligomeric ProanthoCyanidins, including plaintiff's plant extract products containing same, but instead are generic designations for same.

6)    Declaring that defendant Jarrow's use of the term OPC 95 does not infringe any trademark or other rights of plaintiff INC.

7)    Awarding attorneys' fees, costs and interest to defendant Jarrow;

- 13 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-480611 1

8)    Granting such other and further relief to defendant Jarrow as this Court deems just and proper.

Dated:  May 17, 1996

Respectfully submitted.

By:    _____

William I. Garfinkel, Esq.
Federal Bar No. 06275
CARMODY & TORRANCE
50 Leavenworth Street
Waterbury, CT 06721
(203) 573-1200

Attorneys for Defendants
Indena U.S.A.
Enzymatic Therapy, Inc.
Jarrow Formulas, Inc.

OF COUNSEL:

Brian M. Poissant
Thomas G. Rowan
Anthony M. Insogna
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York 10036-2711
(212) 790-9090

- 14 -

PENY.148601.1

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

INTERNATIONAL NUTRITION COMPANY

v.                                                      CASE NO. 3:96CV386 (DJS)

HORPHAG RESEARCH LTD; MW INTERNATIONAL,
INC.; KAIRE INTERNATIONAL, INC., TRACO LABS,
INC., CHEMCO INDUSTRIES, INC., GREATER
CONTINENTS, INC., INDENA U.S.A, TWIN
LABORATORIES, INC., USANA, INC., FREE LIFE
INTERNATIONAL LTD., NOW FOODS, ENZYMATIC
THERAPY, INC., NUTRACEUTICAL CORPORATION,
ARKOPHARMA, INC., JARRROW FORMULAS, INC.,
and NEW VISION INTERNATIONAL, INC.

## JUDGMENT

This action having come for consideration on the plaintiff's motion for reconsideration, motion for leave to join a party and motion for leave to file amended complaint before the Honorable Dominic J. Squatrito, United States District Judge and,

The court having considered the full record of the case including applicable principles of law, and having filed its Ruling granting the motion to reconsider, but denying the requested relief, and denying the motions to join a party and for leave to file amended complaint. By agreement of the parties, Count III is hereby dismissed with prejudice and all pending counterclaims are hereby dismissed without prejudice.  Parties shall bear their own costs. All claims previously been disposed of, it is therefore,

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered in favor of the defendants.

Dated at Hartford, Connecticut, this 27th day of April, 2000.

KEVIN F. ROWE, Clerk

By _Terri Glynn_

Terri Glynn
Deputy Clerk

EOD 5/1/00

"B."