**FIDAL**
CABINET D'AVOCATS
MAITRE Ph. LIEF
"Le Montesquieu"
19, avenue J.-F. Kennedy - B.P. 330
33695 MERIGNAC CEDEX

ARRET RENDU PAR LA
COUR D'APPEL DE BORDEAUX

ANNEXE 2

*Copie délivrée à titre de simple renseignement. Ne peut être utilisée comme pièce de procédure (Circulaire n° 55 du 16 Mai 1953)*

Le : 28 MAI 1998

Première Chambre Section A

N° de rôle : 97003242

LA SOCIETE CIVILE SCIPA

Monsieur BARRAUD Elian

Monsieur MASQUELIER Jack

Monsieur MICHAUD Jean

LA SOCIETE INTERNATIONAL NUTRITION COMPANY

LA SOCIETE INTERNATIONAL NUTRITION COMPANY

C/

LA SOCIETE HORPHAG RESEARCH LTD

Nature de la décision :  AU FOND

JONCTION DES N° 97/3895 - 97/3982 et 97/4898
AU 97/3242

Grosse délivrée

le

à

M. FONROUGE BARENNES
Marc Jean GAUTIER
AVOUES A LA COUR ASSOCIES
10, rue Porte-Basse
33000 BORDEAUX
Tél 05 56 48 26 17 - Fax 56 51 22 69

D 0 11036

- 2 -

Prononcé en audience publique,

Le 28 MAI 1998

Par **Monsieur CHEMINADE, Conseiller**
en présence de Madame MICHON Marie-Claude,
Premier Greffier,

La **COUR d'APPEL de BORDEAUX, Première Chambre**
Section A, a, dans l'affaire opposant :

**LA SOCIETE CIVILE D'INVESTIGATIONS PHARMACOLOGIQUES D'AQUITAINE (SCIPA)**, ayant son siège Résidence Maintenon, Bat. B Appt. 211, 75 rue de Ségur 33000 BORDEAUX, prise en la personne de son représentant légal domicilié en cette qualité audit siège,

**Monsieur BARRAUD Elian**, né le 10/07/1920 à VILLENAVE DE RIONS (33), de nationalité française, demeurant "Le Marquis", BOMMES 33210 LANGON,

**Monsieur MASQUELIER Jack**, né le 18/04/1922 à PARIS (14é), pharmacien, de nationalité française, demeurant "Les Magnolias", Parc Tourelle Rue Sainte Elisabeth 33200 BORDEAUX CAUDERAN,

**Monsieur MICHAUD Jean**, né le 03/03/1921 à LIBOURNE (33), pharmacien, de nationalité française, demeurant Le Mesnil, Le Tourne 33550 LANGOIRAN,

Représentés par la S.C.P. FONROUGE-BARENNES ET GAUTIER, Avoué à la Cour, et assistés de Me LIEF, Avocat à la Cour,

Appelants d'un jugement rendu le 25 Mars 1997 par le Tribunal de Grande Instance de BORDEAUX suivant déclarations d'appel en date du 5 Mai 1997n n° 1640 et du 4 septembre 1997 n° 3235 et intimés sur l'appel n° 2588,

à :

**LA SOCIETE INTERNATIONAL NUTRITION COMPANY (I.N.C.)**, Agnecy B.V. Société de droit néerlandaise, agissant en la personne de son représentant légal, domicilié en cette qualité audit siège VREEANDEEWEG 69, 1393 PD NIGTEVECHT - The NETHERLANDS, prise en la personne de son représentant légal,

**LA SOCIETE INTERNATIONAL NUTRITION COMPANY (I.N.C.)**, Société de droit du Liechtenstein, agissant en la personne de son représentant légal, domicilié en cette qualité audit siège RHEINBERSTRASSE 6, 9490 VADUZ : LIECHTENSTEIN, prise en la personne de son représentant légal,

D 0 11037

Représentées par la S.C.P. BOYREAU, avoués à la Cour et assistées de Me BENECH, avocat au Bureau de PARIS,

Intimées sur l'appel n°3235 et appelantes par déclarations d'appel des 4 et 11 juillet 1997 n° 2478 et 2588,

LA SOCIETE HORPHAG RESEARCH LTD, ayant son siège PO BX 132 Quai House, ST PETER PORT GUERNSEY CHANNEL ISLAND, prise en la personne de son représentant légal domicilié en cette qualité audit siège.

Représentée par Maitre FOURNIER, Avoué à la Cour, et assistée de Me HERMANT, Avocat au barreau de Paris,

Intimée sur les appels n° 1640 et n° 2478,

Rendu l'arrêt contradictoire suivant après que la cause a été débattue en audience publique, le 9 Décembre 1997, devant :

Monsieur BIZOT, Président,

Monsieur CHEMINADE, Conseiller,

Monsieur CARBONELL, Conseiller,

Madame MICHON, Premier Greffier,

et qu'il en a été délibéré par les magistrats du siège ci-dessus désignés :

FAITS ET PROCEDURE :
====================

Depuis 1971, le professeur Jack MASQUELIER, inventeur d'une méthode d'extraction à partir de plantes d'un principe actif ayant la propriété de combattre les radicaux libres, principaux responsables du vieillissement des cellules, est en relation d'affaire avec Charles HAIMOFF, par l'intermédiaire de diverses sociétés, et notamment par l'intermédiaire de la société de droit français dénommée SOCIETE CIVILE D'INVESTIGATIONS PHARMACOLOGIQUES D'AQUITAINE (SCIPA), ayant son siège à BORDEAUX, formé le 15 avril 1970 entre lui-même, Elian

D 0 11038

- 4 -

BARRAUD, Jean MICHAUD et Jean LAPARRA, et par l'intermédiaire de la société de droit anglais HORPHAG OVERSEAS LTD, ayant son siège social à GUERNESEY, créé par Charles HAIMOFF, société qui a fusionné le 18 septembre 1990 avec la société HORPHAG RESEARCH LTD, ayant également son siège social à GUERNESEY.

Par acte sous seing privé des 26 et 29 avril 1985, les sociétés SCIPA et HORPHAG OVERSEAS ont conclu un contrat dit "de recherche en commun", par lequel elles sont convenues d'unir leurs efforts, et de mettre en commun leurs moyens pour intensifier la recherche en matière de procédés d'obtention d'extraits de végétaux à des fins médicales ou pharmacologiques et pour aboutir, le cas échéant, à l'invention de nouveaux produits, la société SCIPA apportant son expérience dans la recherche en cette matière et la société HORPHAG OVERSEAS son réseau de relations commerciales international, susceptible de promouvoir des produits nouveaux. Cette convention a été conclue pour une durée de cinq années, renouvelable pour une période identique par tacite reconduction. Il a été notamment prévu que "dans le cas où les travaux visés aux présentes permettraient la demande d'un brevet d'invention, une demande de brevet d'application serait déposée au nom des soussignés indivisément" (article 5 alinéa 1 du contrat) et que "dans le cas de cession ou de concession des droits de propriété industrielle, issus du présent contrat, les produits seraient partagés en parts égales entre les parties" (article 5 alinéa 3).

Le 6 octobre 1987, les sociétés SCIPA et HORPHAG OVERSEAS ont obtenu aux Etats Unis le brevet d'application n°4,698,360 (ci-après désigné comme le brevet 360), avec la mention de Jack MASQUELIER comme inventeur, et ayant pour titre : "Plant extract with a proanthocyanidins content as therapeutic agent having radical scavenger effect and use thereof" (en français : "Extrait végétal ayant pour principe thérapeutique des proanthocyanidines exerçant un effet d'élimination des radicaux et indications qui en découlent").

Par actes séparés des 19, 20 et 26 octobre 1995, la société HORPHAG RESEARCH a fait assigner devant le Tribunal de Grande Instance de BORDEAUX la société SCIPA, les consorts MASQUELIER - BARRAUD - MICHAUD, la société de droit hollandais INTERNATIONAL NUTRITION COMPANY (I.N.C.), ayant son siège social aux Pays Bas, et la société de droit du Liechtenstein INTERNATIONAL NUTRITION COMPANY (I.N.C.), ayant son siège social à VADUZ (Liechtenstein), en indiquant que le 7 mars 1994, la société SCIPA avait cédé à la société I.N.C., qui était l'un de ses concurrents, sa quote-part de propriété du brevet 360 pour le prix de 1 dollar.

D 0 11039

Soutenant que cette cession était intervenue à son insu, en violation du contrat de recherche du 29 avril 1985 et des dispositions de l'article L.613-29-e du Code de la Propriété Intellectuelle, et qu'elle avait été conclue de mauvaise foi, dans un climat de dénigrement entretenu par Jack MASQUELIER et de divulgation d'informations fausses et malveillantes, elle demandait au Tribunal d'annuler ladite cession, de constater qu'elle-même entendait exercer son droit de préemption, et de condamner les défendeurs à lui payer une provision de 10.000.000 Frs à valoir sur le préjudice résultant des frais de recherche exposés par elle et de l'exploitation indue par la société I.N.C., outre les sommes de 5.000.000 Frs à titre de dommages et intérêts en réparation de son préjudice moral consécutif aux conditions de la cession et du dénigrement dont elle avait fait l'objet, et de 300.000 Frs au titre de l'article 700 du Nouveau Code de Procédure Civile, sollicitant en outre la mise en oeuvre d'une expertise destinée à évaluer son préjudice économique, ainsi que la publication de la décision à intervenir dans divers journaux.

La société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD ont comparu, et ont conclu au débouté de la demanderesse, au motif que la cession, qui était soumise à la loi américaine, avait été régulière. Par voie reconventionnelle, ils ont demandé au Tribunal de condamner la société HORPHAG RESEARCH à leur verser la somme de 3.750.000 Frs à valoir sur le montant des redevances leur revenant au titre des contrats de licence signés par elle tant en ce qui concerne le brevet 360 que la marque PYCNOGENOL déposée par elle et couverte par le contrat de recherche, sollicitant en outre une expertise destinée à déterminer les revenus procurés par ces contrats. Ils ont par ailleurs conclu à la condamnation de leur adversaire à payer à Jack MASQUELIER la somme de 1.000.000 Frs à titre de dommages et intérêts en réparation de son préjudice moral, et réclamé pour chacun d'eux une somme de 30.000 Frs sur le fondement de l'article 700 du Nouveau Code de Procédure Civile. A titre subsidiaire, au cas où la loi française serait reconnue applicable au brevet, ils ont prié le Tribunal donner acte à la société SCIPA de ce qu'elle entendait exercer son droit de repentir prévu à l'article L.631-29-e du Code de la Propriété Intellectuelle, et d'annuler, sur le fondement de ce texte, la transmission par la société HORPHAG OVERSEAS à la société HORPHAG RESEARCH de ses droits sur le brevet 360, ainsi que, par voie de conséquence, toutes les concessions de licences de brevet accordées par la société HORPHAG, et ont réclamé la publication de la décision à intervenir dans trois quotidiens.

D 0 11040

- 6 -

Les deux sociétés I.N.C. ont également comparu. Elles ont conclu à l'irrecevabilité des demandes de la société HORPHAG RESEARCH contre la société I.N.C., de droit hollandais, au motif que cette société n'était pas cessionnaire de la quote-part de propriété du brevet 360. Elle ont conclu à titre principal à l'irrecevabilité des demandes dirigées contre la société I.N.C. de droit du Liechtenstein pour des motifs pris des conditions de la fusion entre les sociétés HORPHAG OVERSEAS et HORPHAG RESEARCH, à titre subsidiaire à la validité de la cession de la quote-part de propriété du brevet, cession qui était, selon elles, soumise à la loi américaine. A titre très subsidiaire, pour le cas où la loi française serait reconnue applicable et où la nullité de la cession serait prononcée, elles ont demandé au Tribunal de dire que la société I.N.C. de droit du Leichtenstein devrait être garantie par la société SCIPA de l'éviction ainsi subie. Enfin, à titre reconventionnel, elles ont réclamé la condamnation de la société HORPHAG RESEARCH à payer, à chacune d'elle, les sommes de 1.000.000 Frs à titre de dommages et intérêts pour procédure abusive et de 150.000 Frs par application de l'article 700 du Nouveau Code de Procédure Civile.

Par jugement du 25 mars 1997, le Tribunal a écarté des débats une note en délibéré de la société HORPHAG RESEARCH. Il a déclaré l'action de cette société irrecevable à l'encontre de la société I.N.C. de droit hollandais, qui n'était pas cessionnaire d'une quote-part de la propriété du brevet 360. Il a donné acte à la société SCIPA et aux consorts MASQUELIER - BARRAUD - MICHAUD de ce qu'ils n'avaient pas maintenu leur exception d'irrecevabilité de l'action de la société HORPHAG RESEARCH après que celle-ci avait prouvé se trouver aux droits de la société HORPHAG RESEARCH. Il a déclaré le droit français applicable à la cession du brevet américain 360. Il a prononcé la nullité de la cession par la société SCIPA de sa quote-part de ce brevet au profit de la société I.N.C. de droit du Liechtenstein. Il a débouté la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD de leur demandes de nullité de la cession de brevet intervenue entre les sociétés HORPHAG OVERSEAS et HORPHAG RESEARCH à l'occasion de la fusion du 18 septembre 1990. Il a dit n'y avoir lieu à exercice par la société HORPHAG RESEARCH de son droit de préemption sur la quote-part de brevet appartenant à la société SCIPA, ni à exercice par cette société de son droit de repentir. Il a débouté la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD de leur demande en nullité des contrats signés par la société HORPHAG RESEARCH pour la distribution du produit breveté. Il a débouté la société SCIPA de sa demande en paiement de redevance au titre de ces contrats. Il a débouté la société HORPHAG RESEARCH de sa demande de provision et d'expertise en ce qui

D 0 11041

- 7 -

concernait la réparation de son préjudice financier. Il a condamné in solidum la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD à verser à la société HORPHAG RESEARCH la somme de 200.000 Frs à titre de dommages et intérêts en réparation de son préjudice moral. Il a débouté la société HORPHAG RESEARCH de sa demande d'indemnisation de ce chef dirigée contre les sociétés I.N.C. Il a condamné la société HORPHAG RESEARCH à payer à Jack MASQUELIER, à titre personnel, la somme de 10.000 Frs en réparation de son préjudice moral causé par une allusion directe à sa vie privée contenue dans une lettre du 10 octobre 1990. Il a dit que la société SCIPA devait garantir la société I.N.C. de droit du Liechtenstein de l'éviction subie par elle, et il l'a condamnée à la restitution du prix, soit la somme de 1 Frs. Il a débouté la société I.N.C. de sa demande d'expertise en vue de l'évaluation de son préjudice. Il a débouté les deux sociétés I.N.C. de leurs demandes de dommages et intérêts à l'encontre de la société HORPHAG RESEARCH. Il a ordonné la publication de sa décision, aux frais de la société SCIPA, dans deux journaux nationaux ou spécialisés, au choix de la société HORPHAG RESEARCH, tant en France qu'aux Etats Unis et dans le Bénélux, sans que le coût de chaque invention puisse excéder 10.000 Frs. Il a dit n'y avoir lieu à exécution provisoire. Il a condamné in solidum la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD à verser à la société HORPHAG RESEARCH la somme de 30.000 Frs sur le fondement de l'article 700 du Nouveau Code de Procédure Civile. Il a dit n'y avoir lieu à application du même texte au profit des deux sociétés I.N.C. Enfin, il a condamné in solidum la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD aux dépens, à l'exception de ceux afférents à l'assignation de la société I.N.C. de droit hollandais, mis à la charge de la société HORPHAG RESEARCH.

Il a été relevé appel à quatre reprise de cette décision :

1°) le 5 mai 1997 par la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD, qui ont intimé la société HORPHAG RESEARCH (procédure n° 97/3242) ;

2°) le 4 juillet 1997 par les deux sociétés I.N.C., qui ont intimé la société HORPHAG RESEARCH (procédure n° 97/3895) ;

3°) le 11 juillet 1997 par les deux sociétés I.N.C., qui ont intimé la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD (procédure n° 97/3982) ;

D 0 11042

- 8 -

4°) le 4 septembre 1997 par la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD, qui ont intimé les deux sociétés I.N.C. (procédure n° 97/4898).

Dans la première de ces procédures (n° 97/3242), la société HORPHAG RESEARCH, se prévalant d'un communiqué gravement mensonger qui aurait été publié dans la presse professionnelle aux Etats Unis le 27 mars 1997, soit deux jours après le prononcé du jugement, à l'initiative de Jacques MASQUELIER et de la société I.N.C., et qui lui aurait causé un "immense préjudice" consistant en une perte de sa clientèle sur le marché américain, s'est fait autoriser, par ordonnance du Premier Président du 28 mai 1997, à assigner les appelants pour l'audience du 25 septembre 1997, par application des articles 917 et suivants du Nouveau Code de Procédure Civile.

A l'audience du 25 septembre 1997, les parties ayant constaté l'existence des trois autres procédures d'appel qui n'étaient pas encore en l'état et ayant reconnu la nécessité d'évoquer simultanément l'ensemble de ces recours, l'affaire n° 97/3242 a fait l'objet d'un renvoi contradictoire à l'audience du 9 décembre 1997. Aucune ordonnance de clôture n'a été rendue, en raison de la mise en oeuvre de la procédure d'assignation à jour fixe. Par ailleurs, en accord avec les parties, le conseiller de la mise en état a fixé les dossiers n° 97/3895, 97/3982 et 97/4898 à la même audience du 9 décembre 1997. Dans ces affaires, l'instruction a été close le 25 novembre 1997.

PRETENTIONS DES PARTIES :
===========================

Dans les conclusions contenues dans sa requête à jour fixe du 27 mai 1997, la société HORPHAG RESEARCH a indiqué que postérieurement au jugement, elle avait eu connaissance, à l'occasion d'une procédure pendante aux Etats Unis, d'un accord conclu le 10 octobre 1996 entre Jack MASQUELIER et la société I.N.C. de droit du Liechtenstein, par lequel l'intéressé avait cédé à cette société la totalité du brevet 360. Elle a conclu à la confirmation du jugement, mais a prié la Cour, sur son appel incident, d'annuler l'acte de cession précité, de dire qu'elle-même était en droit de faire jouer son droit de préemption sur la cession à la société I.N.C. de la quote-part indivise pour le franc symbolique, et de condamner in solidum la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD à lui payer la somme de

D 0 11043

- 9 -

5.000.000 Frs à titre de dommages et intérêts "pour avoir dissimulé à la Justice française ledit acte de cession et pour la perte de clientèle en résultant, suite au communiqué de Presse aux U.S.A.", outre la somme de 100.000 Frs par application de l'article 700 du Nouveau Code de Procédure Civile, ainsi qu'à supporter les dépens.

Par conclusions signifiée le 4 août 1997, à la suite des appels relevés par les deux sociétés I.N.C., la société HORPHAG RESEARCH a sollicité la confirmation du jugement et le bénéfice de ses précédentes écritures. Elle a demandé en outre à la Cour, statuant sur son appel incident, de dire que la société I.N.C. n'avait aucun droit sur le brevet 360, de constater "la nullité de la cession directe ou indirecte par la voie de la cession des participations, vu l'accord signé par Monsieur MASQUELIER, comme contraire à la loi sur la copropriété des brevets, contraire aux accords signés", de constater la mauvaise foi des deux sociétés I.N.C. qui ne pouvaient ignorer ses droits, de les condamner en conséquence à lui payer la somme de 5.000.000 Frs à titre de dommages et intérêts pour "chute des ventes et appropriation des études, plus dénigrement systématique", de condamner "solidairement I.N.C. et MASQUELIER" à verser une astreinte de 200.000 Frs par jour dans l'hypothèse où I.N.C. continuerait à exploiter le brevet 360 en vendant des produits qui en seraient issus, et de condamner in solidum les sociétés I.N.C. à lui payer une somme de 100.000 Frs au titre de l'article 700 du Nouveau Code de Procédure Civile, ainsi qu'à supporter les dépens.

Par conclusions signifiées le 5 septembre 1997, la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD ont prié la Cour de déclarer la société HORPHAG RESEARCH irrecevable en sa demande de confirmation du jugement entrepris, faute de mise en cause de la société I.N.C. ; de la déclarer irrecevable, sur le fondement de l'article 564 du Nouveau Code de Procédure Civile, en son appel incident tendant à faire annuler la convention du 10 octobre 1996 ainsi qu'en sa demande de 5.000.000 Frs à titre de dommages et intérêts ; à titre subsidiaire de la déclarer irrecevable en son appel incident sur le fondement de l'article 553 du même code pour défaut de mise en cause de la société I.N.C. Sur le fond, ils ont demandé à la Cour de réformer le jugement entrepris, de débouter la société HORPHAG RESEARCH de toutes ses prétentions, et, faisant droit à leur demande reconventionnelle, de condamner cette société à leur payer la somme de 3.750.000 Frs à titre de provision, de désigner un expert à l'effet de chiffrer le montant des revenus retirés par elle des concessions de licence du brevet 360, de la condamner à payer à Jack MASQUELIER la somme de 1.000.000 Frs à titre de dommages et intérêts

D 0 11044

- 10 -

pour préjudice moral sur le fondement de l'article 1382 du Code Civil, et de la condamner à verser à chacun d'eux une somme de 30.000 Frs au titre de l'article 700 du Nouveau Code de Procédure Civile, ainsi qu'à supporter les dépens.

Par conclusions signifiées le 3 novembre 1997, rectifiées par des conclusions signifiées le 20 novembre 1997, les deux sociétés I.N.C. ont demandé à la Cour de confirmer l'irrecevabilité de la société HORPHAG RESEARCH à agir à l'encontre de la société I.N.C. de droit hollandais ; de déclarer la société HORPHAG RESEARCH irrecevable à agir à l'encontre de la société I.N.C. de droit du Liechtenstein, et subsidiairement de la société I.N.C. de droit hollandais, en raison de l'absence d'inscription auprès de l'Office Américain des Brevets à la date de l'assignation de sa fusion avec la société HORPHAG OVERSEAS ; enfin de la déclarer irrecevable, sur le fondement de l'article 564 du Nouveau Code de Procédure Civile, à agir en annulation du contrat passé le 10 octobre 1996 entre Jack MASQUELIER et la société I.N.C. de droit du Liechtenstein, ainsi qu'en sa demande d'astreinte à l'encontre d'elles-mêmes. Sur le fond, elles ont prié la Cour d'infirmer le jugement, de dire la cession du 18 mars 1994, réalisée au profit d'un tiers de bonne foi, valide et opposable à la société HORPHAG RESEARCH ; à titre subsidiaire, interprétant la commune intention des parties concernant le contrat des 26 et 29 avril 1995, de dire la société SCIPA autorisée à céder ou concéder sa part de copropriété du brevet 360, sans prendre l'avis de la société HORPHAG RESEARCH, pendant la durée de la copropriété, arrivée à échéance le 28 avril 1995 ; de dire la loi américaine applicable au contrat des 26 et 29 avril 1995 ainsi qu'à la cession du 18 mars 1994, et de déclarer cette cession valide de ce fait ; de débouter la société HORPHAG RESEARCH de toutes ses prétentions à leur encontre ; à titre plus subsidiaire, en cas de confirmation du jugement, de dire que la société SCIPA devrait garantir la société I.N.C. de droit du Liechtenstein de l'éviction dont elle souffrirait ; de leur donner acte de ce que la société SCIPA avait pu valablement exercer son droit de repentir sur la cession du brevet 360 et obtenir la nullité de tous les contrats de licence sur ce brevet passés par la société HORPHAG RESEARCH. A titre reconventionnel, elles ont demandé à la Cour de condamner cette société à payer à chacune d'elles une somme de 1.000.000 Frs à titre de dommages et intérêts pour procédure abusive et vexatoire, d'ordonner la publication de l'arrêt à intervenir dans cinq journaux ou périodiques de leur choix, aux frais de la société intimée, pour un montant ne dépassant pas 30.000 Frs H.T. par insertion, et de condamner la société HORPHAG RESEARCH à payer à chacune d'elles la somme de 150.000 Frs par application de l'article 700 du Nouveau Code de Procédure Civile, ainsi qu'à supporter tous les dépens.

D 0 11045

Par conclusions "additionnelles et récapitulatives" signifiées le 17 novembre 1997, rectifiées par des conclusions signifiées le 9 décembre 1997, la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD ont déclaré abandonner les exceptions d'irrecevabilités soulevées dans leurs précédentes conclusions et fondées sur l'absence de mise en cause de la société I.N.C. par la société HORPHAG RESEARCH. Ils ont prié la Cour de déclarer irrecevable, sur le fondement de l'article 918 et subsidiairement 564 du Nouveau Code de Procédure Civile, la demande d'astreinte formée par l'intimée, et, sur le fondement des articles 31 et 32 du même Code, l'ensemble des prétentions de cette société du fait de l'absence d'inscription auprès de l'Office Américain des Brevets de la fusion absorption de la société HORPHAG OVERSEAS par elle-même. A titre subsidiaire sur le fond, ils ont demandé à la Cour de réformer le jugement en ce qu'il avait déclaré le droit français applicable à la cession du 18 mars 1994 et en ce qu'il avait prononcé la nullité de cet acte, de dire que le régime de copropriété d'un brevet est déterminé par la loi du lieu du dépôt du brevet, de déclarer en conséquence le droit américain applicable à la cession du 18 mars 1994, et de débouter l'intimée de sa demande de nullité ; à titre subsidiaire, pour le cas où la Cour estimerait que la cession litigieuse doit s'apprécier au regard du droit applicable au contrat de recherche de 1985, de constater que ce droit est le droit américain, de débouter la société HORPHAG RESEARCH de sa demande de nullité et de réformer le jugement en ce qu'il avait ordonné sa publication ; à titre encore plus subsidiaire, en cas de confirmation de l'annulation de la cession du 18 mars 1994, de confirmer le jugement en ce qu'il avait dit n'y avoir lieu à exercice par la société HORPHAG RESEARCH de son droit de préemption sur la quote-part de brevet appartenant à la société SCIPA ; à titre infiniment subsidiaire, si la Cour estimait y avoir lieu à ce droit de préemption, de déclarer la société SCIPA fondée à exercer son droit de repentir sur le fondement de l'article L.613-29-e du Code de la Propriété Intellectuelle et de lui donner acte de ce qu'elle se réservait de demander la nullité de toutes les cessions, concessions et apports consentis par la société HORPHAG OVERSEAS relativement au brevet 360 ; en toute hypothèse, de réformer le jugement en ce qu'il les avait condamnés à payer à la société HORPHAG RESEARCH une somme de 200.000 Frs à titre de dommages et intérêts en réparation de son préjudice moral, et de débouter cette société de toutes ses demandes de dommages et intérêts. En ce qui concerne leurs demandes reconventionnelles, ils ont prié la Cour de réformer le jugement en ce qu'il avait débouté la société SCIPA de sa demande en paiement de redevances au titre des contrats de licence de brevet souscrit par la société HORPHAG au profit de tiers ; de constater que cette société n'avait pas exécuté les obligations souscrites en

D 0 11046

Case 3:01-cv-00478-AVC   Document 215-4   Filed 01/03/2005   Page 12 of 16

- 12 -

faveur de la société SCIPA dans le contrat des 26 et 29 avril 1985 ; en réparation, d'allouer à cette société une provision de 3.750.000 Frs et de désigner un expert à l'effet de chiffrer les revenus tirés par la société HORPHAG des concessions de licence du brevet 360 ; de réformer le jugement en ce qu'il avait limité à la somme de 10.000 Frs la réparation accordée à Jack MASQUELIER en réparation de son préjudice moral, et de condamner la société HORPHAG RESEARCH, sur le fondement des articles 1382 et 1383 du Code Civil à payer à l'intéressé une somme de 1.000.000 Frs de ce chef. A titre subsidiaire, dans l'éventualité où la Cour déclarerait recevable l'appel incident de la société HORPHAG RESEARCH, ils ont conclus au rejet au fond de cet appel. Enfin, ils ont ramené à la somme de 20.000 Frs pour chacun d'eux leur réclamation fondée sur l'article 700 du Nouveau Code de Procédure Civile et ont maintenu leur demande de condamnation de l'intimée en tous les dépens.

Par conclusions signifiées le 17 novembre, la société HORPHAG RESEARCH a répondu aux conclusions signifiées le 5 septembre 1997 par la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD, ainsi qu'à celles signifiées le 3 novembre par les sociétés I.N.C. Elle a maintenu ses demandes antérieures, sauf à préciser qu'elle entendait faire jouer son droit de préemption pour "le dollar symbolique", et à formuler sa demande d'astreinte de la manière suivante : "condamner la société I.N.C. et Monsieur MASQUELIER, ou toute société dont ils seraient les détenteurs directement ou indirectement, solidairement, à verser une astreinte de 200.000 Frs par jour dans l'hypothèse où I.N.C. ou Monsieur MASQUELIER continueraient à exploiter le brevet n° 4.698.360 en vendant des produits issus dudit brevet dans toutes les hypothèses". Par conclusions signifiées le 18 novembre 1997, elle a sollicité la jonction des quatre procédures.

Par conclusions "additionnelles" signifiées le 24 novembre 1997, les sociétés I.N.C. ont répliqué aux conclusions signifiées le 17 novembre par la société HORPHAG RESEARCH. Elles ont demandé à la Cour de déclarer cette société irrecevable et subsidiairement mal fondée en sa demande tendant à faire interdire sous astreinte à I.N.C. de continuer à exploiter le brevet 360. Elles ont en outre demandé qu'il leur soit donné acte de ce que "la société SCIPA a pu validement demander la condamnation de la société HORPHAG, sous astreinte de 100.000 Frs par jour de retard à communiquer les caractéristiques de tous les contrats de licence en cours sur les Etats-Unis mettant en oeuvre le brevet 360 et à résilier lesdits contrats dont les contrats de licence d'exploitation en cours avec les sociétés INDENA, HENKEL et toutes lesdites autres sociétés licenciées".

D 0 11047

- 13 -

Par conclusions "additionnelles" signifiées le 25 novembre 1997, la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD ont répondu aux conclusions signifiées le 17 novembre 1997 par la société HORPHAG RESEARCH. Ils ont par ailleurs demandé à la Cour de se déclarer incompétente au profit des juridictions fédérales américaines pour connaître de la demande de l'intimée tendant à faire interdire sous astreinte à Jack MASQUELIER de continuer à exploiter le brevet 360, au motif qu'il s'agissait d'une action en contrefaçon, de la compétence exclusive des juridictions du pays dans lequel le brevet avait été déposé ; d'ordonner, sous astreinte de 100.000 Frs par jour de retard à compter de la signification de l'arrêt à intervenir, la communication de tous les contrats de licence ou d'apport de droits sur le brevet 360 passés par la société HORPHAG RESEARCH avec des tiers dans le monde entier ; enfin d'ordonner sous la même astreinte la résiliation de ces contrats par la société HORPHAG RESEARCH.

Par conclusions "complémentaires" signifiées le 26 novembre 1997, les sociétés I.N.C. ont sollicité la révocation des ordonnances de clôture du 25 novembre 1997, pour leur permettre de répondre à une pièce communiquée le même jour par la société HORPHAG RESEARCH.

Par conclusions "en réponse" signifiées le 26 novembre 1997, la société HORPHAG RESEARCH a répondu aux conclusions signifiées le 17 novembre 1997 par la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD. Elle a précisé qu'elle entendait faire jouer son droit de préemption "à la fois sur la première cession de la quote-part indivise en 1994 à I.N.C. et sur la seconde cession d'octobre 1996". Elle a demandé à la Cour de fixer l'ordonnance de clôture au jour de l'audience du 9 décembre 1997. Par conclusions "additionnelles et en réponse n° 2" signifiées le 28 novembre 1997, elle a conclu au rejet des demandes nouvelles contenues dans les conclusions signifiées par ses adversaires les 24 et 25 novembre 1997.

Par conclusions "complémentaires n° 2", signifiées le 2 décembre 1997, les sociétés I.N.C. ont répliqué aux conclusions signifiées les 26 et 28 novembre 1997 par la société HORPHAG RESEARCH, et ont prié la Cour de prononcer le "rabat" de la date de clôture au 3 décembre 1997.

Par conclusions "responsives" signifiées le 2 décembre 1997, la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD ont également répondu aux conclusions signifiées les 26 et 28 novembre 1997 par l'intimée. Ils ont demandé à la Cour de fixer la clôture à la date de l'audience.

D 0 11048

- 14 -

DISCUSSION :

1°) Sur la procédure :

Attendu que les parties ont relevé quatre appels successifs du même jugement ; qu'il est de l'intérêt d'une bonne administration de la justice de joindre ces recours et de statuer sur le tout par une seule décision ; qu'il y a donc lieu de faire droit à la demande de jonction ;

Attendu qu'en raison de l'autorisation d'assigner à jour fixe obtenue par la société HORPHAG RESEARCH, les parties ont disposé de délais très brefs pour conclure et répondre aux conclusions de leurs adversaires, alors qu'il s'agit d'un litige particulièrement complexe; que cette circonstance constitue une cause grave justifiant que soient révoqués les ordonnances de clôture qui ont été rendues dans les dossiers n° 97/3895, 97/3982 et 97/4898, et que la clôture de l'instruction soit prononcée à la date de l'audience du 9 décembre 1997, solution à laquelle aucune des parties ne s'est d'ailleurs opposée ;

Attendu qu'il convient de donner acte à la société SCIPA et aux consorts MASQUELIER - BARRAUD - MICHAUD de ce qu'en raison de la mise en cause des sociétés I.N.C., ils abandonnent les exceptions d'irrecevabilités prises du défaut de mise en cause de ces sociétés qu'ils avaient opposées à la société HORPHAG RESEARCH dans leurs conclusions initiales du 5 septembre 1997 ;

2°) Sur les demandes de la société HORPHAG RESEARCH :

A) Sur les demandes dirigées contre la société I.N.C. de droit hollandais :

Attendu que les deux sociétés I.N.C. concluent à la confirmation du jugement en ce qu'il a déclaré l'action de la société HORPHAG RESEARCH irrecevable à l'encontre de la société I.N.C. de droit hollandais ;

D 0 11049

- 15 -

que la société HORPHAG RESEARCH n'a pas relevé appel incident de ce chef ; qu'il y a donc lieu de confirmer le jugement sur ce point, en adoptant la motivation des premiers juges à ce sujet (page 11 du jugement) ;

B) Sur la demande d'annulation de l'acte de cession du 18 mars 1994 :

a) sur la fin de non-recevoir tirée du défaut d'inscription de la fusion des sociétés HORPHAG OVERSEAS et HORPHAG RESEARCH auprès de l'Office Américain des Brevets :

Attendu que les appelants soutiennent que la société HORPHAG RESEARCH n'a pas qualité pour agir sur la base du brevet 360, au motif que sa fusion avec la société HORPHAG OVERSEAS n'a pas fait l'objet d'une inscription auprès de l'Office Américain des Brevets et que c'est toujours cette société qui apparaît comme co-titulaire dudit brevet, même après la procédure de "reexamination" du 4 novembre 1997 ;

Attendu cependant que la société HORPHAG RESEARCH n'agit pas sur la base du brevet 360, mais sur celle du contrat de recherche en commun des 26 et 29 avril 1985, dont elle prétend que la société SCIPA n'a pas été respecté les obligations qu'il lui imposait ; que par ailleurs, elle justifie, par la production du "contrat de cession d'actif en échanges d'actions" conclu le 18 septembre 1990 entre elle-même et la société HORPHAG OVERSEAS, de ce qu'elle vient aux droits de cette société, seule signataire de la convention des 26 et 29 avril 1985, et donc de ce qu'elle a qualité pour agir sur le fondement de cet acte ; qu'enfin, il convient de souligner, en toute hypothèse, qu'une fusion de société n'est pas une cession, mais qu'elle opère une transmission universelle du patrimoine, de sorte que la société absorbante est substituée de plein droit à la société absorbée, sans qu'il y ait lieu de respecter les règles qui pourraient s'appliquer à la cession d'un élément d'actif isolé ; qu'il s'ensuit que la fin de non-recevoir n'est pas fondée ;

b) sur le droit applicable à la cession du 18 mars 1994 :

Attendu que la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD soutiennent à titre

D 0 11050

- 16 -

principal que la cession du 18 mars 1994 n'a pas à être appréciée au regard du contrat de recherche en commun des 26 et 29 avril 1985 et que le régime de la copropriété ou de l'indivision d'un brevet est déterminé par le lieu du dépôt du titre, à l'exclusion de tout autre ; qu'ils en concluent en l'espèce que le brevet 360 étant un brevet américain, c'est la loi américaine qui régit sa copropriété et donc la cession du 18 mars 1994 ;

Attendu cependant que s'il est exact qu'un brevet est soumis à la loi du lieu où la protection est demandée, il n'en est pas de même des conventions relatives à un brevet qui relèvent de l'autonomie de la volonté des parties ; qu'il s'ensuit en l'espèce, d'une part que comme il n'est pas contesté que le brevet 360 entre dans le champ d'application du contrat de recherche en commun des 26 et 29 avril 1985 qui a prévu un dépôt de brevet indivisément au nom des deux contractants, la cession d'une quote-part de copropriété de ce brevet ne peut être appréciée indépendamment de ce contrat, d'autre part que celui-ci n'est pas nécessairement soumis à la loi américaine, mais à celle que les parties ont entendu lui appliquer lors de la conclusion de leur convention ; qu'il s'ensuit que le moyen soulevé à titre principal par la société SCIPA et les consorts MASQUELIER - BARRAUD - MICHAUD n'est pas fondé ;

Attendu que dans le contrat de recherche en commun des 26 et 29 avril 1985, les parties n'ont pas mentionné le droit auquel elles entendaient soumettre leur accord ; qu'il y a donc lieu de rechercher leur volonté à ce sujet, ainsi que l'a exactement indiqué le Tribunal ;

Attendu, sur cette question, que la société SCIPA et ses associés soutiennent à titre subsidiaire, et les sociétés I.N.C. à titre principal, que le contrat des 26 et 29 avril 1985 est soumis à la loi américaine parce qu'il a pour unique objet le brevet de droit américain 360, dont il "n'est rien d'autre que la régularisation de l'état de copropriété temporaire" ( conclusions des sociétés I.N.C. du 3 novembre 1997, page 25 paragraphe 1); qu'ils invoquent également l'absence de publicité du contrat auprès de l'Office Américain des Brevets, l'application du contrat par la société HORPHAG, qui n'a pas respecté les dispositions de la loi française relatives à la notification au copropriétaire des projets de concession de licence et des procédures en contrefaçon du brevet, l'interprétation du contrat qui a été donnée par les conseils de l'intimée, enfin les relations contractuelles antérieures entre les parties ;

D 0 11051