**Defendants' Proposed Jury Instruction No. 41**

**CUTPA - Business Person May Recover Under CUTPA**

It is not necessary for the plaintiff to be a consumer in order to recover damages for a violation of the Connecticut Unfair Trade Practices Act. The Act is not limited to conduct involving consumer injury and a competitor or other business person can maintain an action under the Act without showing injury to consumers.

**Defendants' Proposed Jury Instruction No. 42**

**CUTPA - Unfair Act or Practice**

In this case, Jarrow alleges that the defendants violated the Connecticut Unfair Trade Practices Act by engaging in unfair acts or practices in the conduct of trade or commerce in this state. In determining whether an act or practice was unfair, you should consider three criteria. The first criterion is whether the act or practice offended public policy as it has been established by Connecticut state statutes, the common law or other established concept of unfairness. The second criterion is whether the act or practice was immoral, unethical or unscrupulous. The third criterion is whether the act or practice caused substantial injury to consumers, competitors or other business persons.

In order to establish an act or practice was unfair, it is not necessary to establish the presence of all three of these criteria. An act or practice may be deemed to be unfair based on the degree to which one of the criteria is met.

**Defendants' Proposed Jury Instruction No. 43**

**CUTPA - Substantial Unjustified Injury**

The third criterion for determining whether an act or practice was unfair, which is, as I just explained, whether it caused substantial unjustified injury to consumers, competitors or other business persons, is the most important of the three criteria for determining whether an act or practice is unfair.

In order for an act or practice to have caused substantial, unjustified injury to consumers, competitors or other business persons:

*First:* the injury caused must have been substantial;

*Second:* the injury caused must not have been outweighed by any countervailing benefits to consumers or competition that the practice produces; and

*Third:* the injury caused must have been an injury that the consumer, competitor or other business person could not reasonably have avoided.

In order for you to find that an act or practice has caused substantial, unjustified injury, you must find that all three of these factors have been satisfied.

With respect to the first factor of "substantial injury," not every injury to consumers or business persons is "unfair." The statute is not concerned with trivial harm. In order to determine whether the injury was substantial, you may consider the dollar amount of the injury in relation to the overall dollar amount of the transaction. For example, if the dollar amount of the injury is very small in relation to the total dollar amount of the transaction, for example, less than 2 percent, you may conclude that the injury was not substantial. Emotional impact and other more subjective types of harm do not ordinarily make a practice unfair.

In order to establish the second factor of countervailing benefits, Jarrow must prove, by a preponderance of evidence, that the injury caused must not have been outweighed by any countervailing benefits to consumers or competition that the practice produces.

In order to establish the third factor of reasonable avoidance, Jarrow must prove, by a preponderance of the evidence that the injury caused by the defendants' conduct was one that Jarrow could not reasonably have avoided. A person may avoid injury before it occurs if the person has reason to avoid the impending harm and has the means to avoid it or by seeking to mitigate the damage afterward if the person is aware of potential ways to do so.

If you find that Jarrow's own act or failure to act was a proximate cause, in other words, an actual cause that was a substantial factor, in causing its injury, you must find that Jarrow's injury was one that it could reasonably have avoided.

**Defendants' Proposed Jury Instruction No. 44**

**CUTPA - Negligence or Innocent Conduct**

Proof that the defendant acted negligently or innocently is not sufficient to establish that the defendant's conduct was unfair unless the plaintiff also proves by a preponderance of the evidence that it suffered a substantial unjustified injury based on the criteria that I have given you.

**Defendants' Proposed Jury Instruction No. 45**

**CUTPA - Subjective Good Faith and Absence of Intent**

Although generally the subjective good faith of one who has in fact performed an unfair or deceptive act is not a defense to a violation of the Connecticut Unfair Trade Practices Act, the absence of intent to commit a wrong may justify a conclusion that the defendants' conduct was not immoral, unethical, oppressive, or unscrupulous and, therefore, did not satisfy the second criterion for determining whether the defendants' acts or practices were unfair. If the defendants acted in good faith in an isolated instance in a mistaken understanding of their legal rights, you may find that their conduct did not violate the Connecticut Unfair Trade Practices Act.

**Defendants' Proposed Jury Instruction No. 46**

**CUTPA - Ascertainable Loss**

Any natural person or legal entity who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by the Connecticut Unfair Trade Practices Act, may recover actual damages from the party that violated the Act. Jarrow must establish that it has suffered an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by the Act.

An "ascertainable loss" means a loss that is capable of being discovered, observed or established. In order to establish that it has suffered an ascertainable loss, Jarrow is required to prove the amount of the ascertainable loss and is not required to prove actual damages of a specified dollar amount. The term "loss" encompasses a broader meaning than the term "damage" and is synonymous with deprivation, detriment or injury.

**Defendants' Proposed Jury Instruction No. 47**

**CUTPA - Actual Damages - Proximate Cause**

In order to recover actual damages on its claim under the Connecticut Unfair Trade Practices Act, the plaintiff must establish both that the defendant engaged in a prohibited act and that, as a result of that act, the plaintiff suffered injury in the State of Connecticut. The plaintiff must prove that the defendants' violation of the Connecticut Unfair Trade Practices Act was the proximate cause of the ascertainable loss and actual damages in Connecticut.

In order to establish that the defendants' violation was the proximate cause of the damages it claims, Jarrow must prove that the violation of the Act was an actual cause that was a substantial factor in the resulting harm claimed by Jarrow. Jarrow must prove that a violation of the Connecticut Unfair Trade Practices Act was an actual cause of its damages sustained in Connecticut. If Jarrow's damages would not have occurred but for the defendants' violation, the violation was an actual cause of Jarrow's injury. Conversely, if Jarrow's damages would have occurred regardless of the defendants' violation, than the defendants' violation was not an actual cause of Jarrow's damages.

Accordingly, you may only award damages to Jarrow that were proximately caused by conduct of the defendants that occurred in Connecticut.

**Defendants' Proposed Jury Instruction No. 48**

**CUTPA - Actual Damages - Burden of Proof**

The burden of proving damages is on the party claiming them. Damages must be proved with reasonable certainty. Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. Although damages are often not susceptible of exact pecuniary computation and must be left largely to your sound judgment, this does not mean that damages cannot be awarded as long as the evidence affords a basis for you to make a reasonable estimate of the amount of damages. Mathematical exactitude in the proof of damages is often impossible, but damages may be awarded if the plaintiff provides sufficient evidence for you to make a fair and reasonable estimate of the amount of damages.

**Defendants' Proposed Jury Instruction No. 49**

**CUTPA - Damages for Lost Profits**

In this case, Jarrow is seeking to recover damages for profits it lost as a result of the defendants' violation of the Connecticut Unfair Trade Practices Act. Damages for lost profits must, like other damages, be proved with reasonable certainty. Although damages for lost profits may be difficult to prove with exactitude, these damages are recoverable to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty. Jarrow cannot recover for the mere possibility of making a profit. However, it may prove the amount of profits it lost based on a theory, so long as the assumptions on which that theory is based are reasonable in light of the evidence. In order to recover lost profits, therefore, Jarrow must present sufficiently accurate and complete evidence for you to be able to estimate those profits with reasonable certainty.

As I said in connection with the Sherman Act claims, you may not award duplicate damages for the same conduct; that is, if you were to find violations of the antitrust laws and CUTPA, those damages would be awarded just once and not twice or for each violation.

**Defendants' Proposed Jury Instruction No. 50**

**CUTPA - Calculation of Damages for Lost Profits**

In evaluating Jarrow's claim that it lost profits as a result of the defendants' violation of the Connecticut Unfair Trade Practices Act, you may consider Jarrow's prior experience in the same business and its experience in the same business after the effects of the defendants' alleged violation of the Connecticut Unfair Trade Practices Act ceased.

**Defendants' Proposed Jury Instruction No. 51**

**CUTPA - Damages for Lost Profits - Duration of Lost Profits**

If you determine that Jarrow did lose profits as a result of the defendants' violation of the Connecticut Unfair Trade Practices Act, you must determine over what length of time the defendants' violation caused Jarrow to lose profits. Damages for lost profits may be awarded so long as they are limited to a reasonable time and are supported by the evidence. The plaintiff must establish that it would have survived and have been profitable during the period of time for which damages for lost profits are awarded. The time span over which damages for lost profits may be awarded may not be arbitrary. Any award of damages for lost profits that you make must be tied to objective, verifiable facts that bear a logical relationship to its projected future profitability.

**Defendants' Proposed Jury Instruction No. 52**

**Damages - Statute of Limitations - Generally**

You must also take into account the statute of limitations in assessing the amount of damages. In this case, the applicable statute of limitations for the Connecticut Unfair Trade Practices Act claim bars any recovery by Jarrow on account of losses incurred prior to March 24, 1998.

As a result, you may award damages based only on proven losses from March 24, 1998 to the present proximately caused by any violation by the defendants of the Connecticut Unfair Trade Practices Act.

IV. **Fourth Claim for Relief**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)**

**Defendants' Proposed Jury Instruction No. 53**

Jarrow asserts that all the defendants except for Attorney Zivin violated Section 43(a) of the Lanham Act  Section 43(a) of the Lanham Act prohibits false designations of origin or false or misleading descriptions of fact in connection with any goods in commerce that are likely to cause confusion or that misrepresent the nature, characteristics, qualities, or geographic origin of the goods.  The Lanham Act does not prohibit false statements generally. It prohibits only false or misleading descriptions or false or misleading representations of fact made about one's own or another's goods or services.

S.C. Johnson & Son, Inc. v. Clorox, 241 F.3d 232, 238 (2d Cir. 2001)

**Defendants' Proposed Jury Instruction No. 54**

**Lanham Act – Elements**

In order to prevail on its Lanham Act claim for false advertising, Jarrow must prove that defendants:

*First:* Used a false or misleading description or representation of fact;

*Second:* In interstate commerce;

*Third:* In connection with goods or services;

*Fourth:* In commercial advertising or promotion;

*Fifth:* That misrepresented the nature, qualities, or geographic origin of the defendants' goods or the goods of another person; and

*Sixth:* Plaintiff has been damaged by these acts.

If you find that Jarrow has failed to prove any one of these elements, you must find for defendants and against Jarrow on this claim.


(J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27.24 (2003))

**Defendants' Proposed Jury Instruction No. 55**

**Lanham Act – False or Misleading**

Jarrow must prove that defendants' statements in the challenged materials were factually false.

Falsity may be established by proving that: (1) the advertising was literally false as a factual matter, or (2) although the advertisement was literally true, it was likely to deceive or confuse customers.

If you find that the materials challenged by Jarrow were literally true, Jarrow must prove that the materials conveyed a misleading message to the public by showing how consumers actually reacted to the materials, and not just how they could have reacted.

You must also determine whether the materials challenged by Jarrow were ones of fact; if you conclude the defendants' statements were opinions, and not factual, you must find for the defendants and against Jarrow on this claim.

S.C. Johnson & Son, Inc. v. Clorox, 241 F.3d 232, 238 (2d Cir. 2001)

**Defendants' Proposed Jury Instruction No. 56**

**Lanham Act – Materiality**

In addition to proving falsity, Jarrow must also show that the defendants misrepresented an inherent quality or characteristic of the product. This requirement is essentially one of materiality. A misrepresentation is material if it would have had some effect on consumers' buying decisions. If you conclude that the defendants' statements were not material, you must find for defendants and against Jarrow on its claim under the Lanham Act.

S.C. Johnson & Son, Inc. v. Clorox, 241 F.3d 232, 238 (2d Cir. 2001)

**Defendants' Proposed Jury Instruction No. 57**

**Lanham Act – Damages - Causation**

In order to establish damages for a violation of the Lanham Act, Jarrow must prove likelihood of consumer confusion or deception resulting from defendants' actions. Such confusion may be proven by testimony of buyers or customer surveys.

(J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27.42 (2003); <u>PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc.</u>, 818 F.2d 266 (2d Cir. 1987).

**Defendants' Proposed Jury Instruction No. 58**

**Lanham Act - Damages- Statute of Limitations**

You must also take into account the statute of limitations in assessing the amount of damages. In this case, the applicable statute of limitations for the Lanham Act claim bars any recovery by Jarrow on account of losses incurred prior to March 24, 1998.

As a result, you may award damages based only on proven losses from March 24, 1998 to the present proximately caused by any violation by the defendants of the Lanham Act.

.