**V.    Fifth Claim for Relief**
**Vexatious litigation under C.G.S. § 52-568**

**Defendants' Proposed Jury Instruction No. 59**

Jarrow also claims that INC, IBC, PSI, PS, Mr. Schwitters, Attorney Zivin, and Prof. Masquelier are liable for vexatious litigation as a result of the patent infringement action begun by INC in 1996. The elements of a claim for vexatious litigation are:

*First:* commencement of a lawsuit;

*Second:* the lawsuit terminated in plaintiff's favor;

*Third:* the lawsuit was brought and maintained without probable cause.

My instruction regarding sham litigation is relevant here and is incorporated into the present instruction. In brief, the Court will decide the issues of law concerning the bringing of the infringement suits by INC and, if the Court concludes that the suits were objectively baseless, you will consider the defendants' intent in bringing the suits. If you find that the lawsuits were not a sham, you must find against Jarrow and in favor of the defendants on Jarrow's CUTPA claim. Here, the parties do not dispute that INC brought a lawsuit and that the lawsuit terminated in favor of Jarrow. Simply because the lawsuit terminated in Jarrow's favor, however, does not necessarily mean that the lawsuit was vexatious. After all, many lawsuits are won by the defendants; or in other words, in every lawsuit that is not settled, one party wins and one party loses. Consequently, Jarrow must prove by a preponderance of the evidence that INC brought and maintained the patent infringement lawsuit without probable cause.

When we speak of probable cause in this connection we mean that INC must have had knowledge of facts which would be sufficient to justify a reasonable man in believing that there were reasonable grounds for instituting the lawsuit. The question is: "Would a reasonable

person, situated as was INC, under the circumstances then existing, believe that there were

reasonable grounds for the lawsuit?"  The determination of probable cause is a matter of law that

will be made by the Court.  If the Court concludes that the suit was brought without probable

cause, you will consider the remaining elements of this claim.

(DeLaurentis v. New Haven, 220 Conn. 225, 252 (1991); Shea v. Chase Manhattan Bank, 64
Conn. App. 624 (2001); Norse Systems Inc. v. Tingley Systems Inc., 49 Conn. App. 582, 594
(1998))

**Defendants' Proposed Jury Instruction No. 60**

**Vexatious litigation – Persons Potentially Liable**

A claim for vexatious litigation can be brought only against persons who were responsible for commencing or maintaining a lawsuit without probable cause. As a result, Jarrow has the burden of proving by a preponderance of the evidence the persons who were responsible for commencing or maintaining the patent infringement lawsuit and must prove each element of the claim, including lack of probable cause, against each such defendant.

**Defendants' Proposed Jury Instruction No. 61**

**Vexatious litigation - Malicious intent**

Jarrow further claims that INC brought the patent infringement lawsuit with malice. In the law, the word "malice" has a broader significance than we give to it in ordinary conversation. We usually think of malice as meaning hatred or ill will felt for another person, or a desire to do him injury. Malice in law does include in its meaning such states of mind; but it also means the presence of any unjustifiable motive. So, in determining whether INC was acting with malice, you must consider whether it had hatred, ill will or such similar state of mind; and, if you do not find that to be so, you still must determine whether INC's lawsuit was the result of some unjustifiable motive.

Lack of probable cause does not establish malice, but if in view of all the circumstances and in light of all the evidence, you conclude that it is reasonable to make that inference it is your right to do so.

Now let me give you two cautions: First, the termination of the patent infringement lawsuit in Jarrow's favor does not in itself establish either lack of probable cause or the presence of malice.

Second, while it may be appropriate to infer malice from a lack of probable cause, the reverse is not true, that is, you cannot infer that INC lacked probable cause from a finding that INC had malice towards Jarrow.


(Wright & Ankerman, 2 Connecticut Jury Instructions (Civil), Malicious Prosecution and Vexatious Suit 747-51 (1993); <u>Zeller v. Consolini</u>, 59 Conn. App. 545 (2000)).

**Defendants' Proposed Jury Instruction No. 62**

**Vexatious Litigation - Damages- Statute of Limitations**

You must also take into account the statute of limitations in assessing the amount of damages.  In this case, the applicable statute of limitations for the vexatious litigation claim bars any recovery by Jarrow on account of losses incurred prior to March 24, 1998.

As a result, you may award damages based only on proven losses from March 24,1998 to the present proximately caused by any violation by the defendant for claims of vexatious litigation.

**VI.**   **Sixth Claim for Relief**
       **Tortious Interference with Advantageous Business Relations**

       **Defendants' Proposed Jury Instruction No. 63**

Jarrow also claims that defendants INC, PSI, Schwitters and Masquelier intentionally disrupted Jarrow's business relationships.  In order to prevail on this claim, Jarrow must prove:

*First:* the existence of a contractual or beneficial relationship;

*Second:* the defendants' knowledge of that relationship;

*Third:* the defendants' intentionally interfered with the relationship

*Forth:* Jarrow suffered actual loss due to defendants' conduct.

My instruction regarding sham litigation is relevant here and is incorporated into the present instruction.  In brief, the Court will decide the issues of law concerning the bringing of the infringement suits by INC and, if the Court concludes that the suits were objectively baseless, you will consider the defendants' intent in bringing the suits.  If you find that the lawsuits were not a sham, you must find against Jarrow and in favor of the defendants on this claim.  Jarrow must prove that defendants' conduct was in fact tortious.  That is, Jarrow must prove that the defendants' conduct constituted fraud, misrepresentation, or intimidation or that the defendants acted maliciously.

To prevail on its claim of tortious interference with existing and prospective business relationships, Jarrow must prove by a preponderance of the evidence that there were existing, contractual or business relationships between customers and Jarrow, or the reasonable prospect of such contractual or business relationships with prospective customers.

Number two, that the plaintiff intentionally interfered with those existing or prospective relationships.

Number three, that the interference was tortious, that is that one or more of the defendants was guilty of fraud, misrepresentation, intimidation or molestation or acted maliciously.

Malice is the intentional doing of a wrongful act without just cause or excuse with an intent to inflict an injury or implied evil intent.

Forth, Jarrow must prove that it suffered a loss as a result of the defendants' actions. Jarrow must prove in this cause of action that the defendants were improperly motivated in their actions that the interference was wrongful by some measure beyond the fact of the interference itself. Obviously all interference by one business entity with another such as competition between competitors or related business entities is not illegal. It's for you to determine whether the alleged interference by the defendants in this case was improper and tortious, using the rules I've given you.

In determining whether the defendants' conduct was improper and tortious you should consider the nature of the conduct, the defendants' motive, the nature of the interests of Jarrow with which the defendants are alleged to have interfered. You may also consider the interest or interests which the defendants sought to advance by their actions; the social interests, if any, in protecting the freedom of action of the defendants; the proximity or remoteness of the defendants' actions to the harm Jarrow alleges happened to his business.

It's not necessary for Jarrow to prove that the defendants interfered with a specific, written, legally enforceable contract that it had with someone else, a customer or a prospective customer. The law will make the assumption that even unenforceable promises will be carried out if no third person interferes.

If you should find therefore, by preponderance of the evidence that Jarrow had existing or prospective contractual or business relationships with customers, that the defendants knew about such relationships and that the defendants intentionally and tortiously interfered with those relationships, you must determine whether Jarrow suffered damages as a result of the defendants' actions. It's an essential element of its claim for tortious interference that Jarrow establishes such actual loss. Also, there must be a reasonable degree of certainty that Jarrow would have received the benefits of business relationships from either existing or prospective customers at the but for the conduct of the defendants. This determination cannot be left to your surmise or conjecture or speculation and the damages do not have to be shown to an absolute mathematical certainty with regard to prospective customers, but there must be a reasonable degree of certainty that Jarrow would have received the benefits.

Here Jarrow has asserted a claim for its lost profits - that is, what its income above expenses would have been with respect to the revenue lost.  Jarrow must establish the amount of such lost profits with a reasonable degree of certainty.

Jarrow also seeks punitive damages. Despite their name, damages under the common law in Connecticut are not for the purpose of punishing the party. You can only award punitive damages in favor of Jarrow if you find from the evidence presented in this case that the defendants had a reckless indifference to the rights of Jarrow or committed an intentional or wanton violation of Jarrow's rights.

(<u>Zeller v. Consolini</u>, 59 Conn. App. 545 (2000); <u>Hi-Ho Tower v. Com-Tronics</u>, Inc., 255 Conn.

20 (2000))

**Defendants' Proposed Jury Instruction No. 64**

**Tortious Interference - Damages- Statute of Limitations**

You must also take into account the statute of limitations in assessing the amount of damages. In this case, the applicable statute of limitations for the tortious interference with business expectancies claim bars any recovery by Jarrow on account of losses incurred prior to March 24, 1998.

As a result, you may award damages based only on proven losses from March 24,1998 to the present proximately caused by any violation by the defendants of this claim.

**DEFENDANTS' PROPOSED SPECIAL QUESTIONS FOR THE JURY**

I am submitting some special interrogatories that you are to answer regarding the claims in this case. Just as in the case of your verdict, your answers to the interrogatories must be unanimous.

In submitting these interrogatories I have no intention of indicating what your verdict should be or whether you should find for plaintiff, or for the defendants, or for plaintiff against some defendants and not against others. These determinations are for you to make in accordance with these instructions.

The special interrogatories are as follows:

1.      Do you find <u>by clear and convincing evidence</u> that INC brought the infringement suit simply as an attempt to interfere with the business relationships of Jarrow through the use of litigation, rather than as a way to obtain the relief sought in the infringement suit?

<u>**YES or NO (Circle one)**</u>

If your answer to number 1 is No, then you should find in favor of the defendants on all claims and answer no further questions.

2.      Do you find that plaintiff has proved the relevant product market?

<u>**YES or NO (Circle one)**</u>

If your answer to number 2 is No, then you must find for the defendants on the Sherman Act and Connecticut Antitrust Act claims, and you should move on to question 26 regarding the Connecticut Unfair Trade Practices Act.

3.      If your answer to number 2 is Yes, please state what you have determined the relevant product market is:

_____

_____

**4.**     Do you find that the plaintiff has proved the relevant geographic market?

        **YES or NO (Circle one)**


**5.**     Please state what you have determined the relevant geographic market is.

_____

_____


If your answer to either number 2 or number 4 is No, then you should find in favor of defendants

on all the antitrust claims and move on to consider the plaintiff's other claims at number 26.


## CONSPIRACY IN RESTRAINT OF TRADE UNDER § 1 OF THE SHERMAN ACT

**6.**     Do you find that there was a conspiracy to restrain trade in a relevant market?

        **YES or NO (Circle one)**

If your answer to number 6 is No, you should find for the defendants on the conspiracy in

restrain of trade claim and go on to question 13.


**7.**     If your answer to number 6 is Yes, during what time period did the conspiracy exist?

        **Year** _____


**8.**     State the name of each defendant that you find was a member of the conspiracy during

the time period in which you find the conspiracy existed:


CTDOCS:13219.2                              91

_____

_____

_____

**9.**     Do you find that INC's patent and trademark infringement lawsuit and public statements had a substantially harmful effect on competition in the relevant market?

<u>**YES or NO (Circle one)**</u>

If your answer to number 9 is No, you should find for the defendants and go on to question 13.

**10.**     If your answer to number 9 is Yes, do you find that the harmful effect on competition outweighs any beneficial effect on competition?

<u>**YES or NO (Circle one)**</u>

If your answer to number 10 is No, you should find for the defendants and go on to question 13.

**11.**     If your answer to number 10 is Yes, do you find that the conspiracy was the proximate cause of damage to the business or property of Jarrow?

<u>**YES or NO (Circle one)**</u>

If your answer to number 11 is No, you should find for the defendants and go on to question 13.

**12.**     If your answer to number 11 is Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1997 because of the conspiracy?

$_____

In answering number 12, what part of the damages results from actions that occurred after November 14, 1998?

$_____


## **ATTEMPT TO MONOPOLIZE**

**13.**     Do you find that INC had a specific intent to achieve monopoly power in the relevant market proved by Jarrow?

### **YES or NO (Circle one)**

If your answer to number 13 is No, you should find for INC and go on to question 18.


**14.**     If your answer to number 13 is Yes, do you find that INC committed a wrongful act or wrongful acts in furtherance of such intent, even though insufficient actually to produce a monopoly?

### **YES or NO (Circle one)**

If your answer to number 14 is No, you should find for INC and go on to question 18.


**15.**     If your answer to number 14 is Yes, do you find that there was a dangerous probability that INC would obtain monopoly power in the relevant market?

### **YES or NO (Circle one)**

If your answer to number 15 is No, you should find for INC and go on to question 18.


**16.**     If your answer to number 15 is Yes, do you find that INC's attempted monopolization was the proximate cause of damage to the business or property of Jarrow?

### **YES or NO (Circle one)**

93

If your answer to number 16 is No, you should find for INC and go on to question 18.

**17.**    If your answer to number 16 is Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1997 because of the attempt to monopolize?

$\qquad \$ \rule{5cm}{0.4pt}$

In answering number 17, what part of the damages results from actions that occurred after November 14, 1998?

$\qquad \$ \rule{5cm}{0.4pt}$

## CONSPIRACY TO MONOPOLIZE

**18.**    Do you find that there was a conspiracy to monopolize a relevant market?

### YES or NO (Circle one)

If your answer to number 18 is No, you should find for the defendants on the conspiracy to monopolize claim and go on to question 26.

**19.**    If your answer to number 6 is Yes, during what time period was the conspiracy to monopolize in existence?

Year _____

**20.**    State the name of each defendant that you find was a member of the conspiracy to monopolize during the time period in which you find the conspiracy existed:

_____

_____

_____

**21.**    Of the members of the conspiracy listed in response to number 20, do you find that the members entered into the conspiracy with specific intent to monopolize the relevant market?

<u>**YES or NO (Circle one)**</u>

If your answer to number 21 is No, you should find for the defendants and go on to question 26.

**22.**    If your answer to number 21 is Yes, state the name of each defendant that you find entered into the conspiracy with specific intent to monopolize the relevant market:

_____

_____

_____

**23.**    Do you find that there was a dangerous probability that such a conspiracy would succeed?

<u>**YES or NO (Circle one)**</u>

If your answer to number 23 is No, you should find for the defendants and move on to question 26.

**24.**    Do you find that a conspiracy to monopolize was the proximate cause of damage to Jarrow's business or property?

<u>**YES or NO (Circle one)**</u>

If your answer to number 24 is No, you should find for the defendants and move on to question 26.

25.    If your answers to numbers 23 and 24 are Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1997 because of the conspiracy to monopolize?

$\$$_____

In answering number 24, what part of the damages results from actions that occurred after November 14, 1998?

$\$$_____

## CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA")

26.    Do you find that any of the defendants engaged in unfair or deceptive acts or practices in the conduct of trade or commerce within Connecticut?

**YES or NO (Circle one)**

If your answer to question 26 is No, you should find for the defendants on the CUTPA claim and move on to question 33.

27.    If your answer to number 26 is Yes, state the name of each defendant that you find engaged in unfair or deceptive acts or practices in the conduct of trade or commerce within Connecticut:

_____

_____

_____

**28.**     Please state the practice or act that you find is unfair or deceptive:

_____

_____

**29.**     Do you find that the act(s) stated above in response to question 28 resulted in substantial unjustified injury to consumers or competitors in Connecticut?

<u>**YES or NO (Circle one)**</u>

If your answer to number 29 is No, you should find for the defendants on the CUTPA claim and move on to question 33.

**30.**     If your answer to question 29 is Yes, do you find that Jarrow sustained an ascertainable loss due to the act(s) stated in response to question 28?

<u>**YES or NO (Circle one)**</u>

If your answer to number 30 is No, you should find for the defendants on the CUPTA claim and move on to question 33.

**31.**     If your answer to number 30 is Yes, do you find that the act(s) stated in response to question 28 was the proximate cause of the ascertainable loss and actual damage to Jarrow in Connecticut?

<u>**YES or NO (Circle one)**</u>

If your answer to number 31 is No, you should find for the defendants on the CUTPA claim and move on to question 33.

32.     If your answer to number 31 is Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1998 due to the violation of CUTPA?

$_____

In answering number 32, what part of the damages results from actions that occurred after November 14, 1999?

$_____

## LANHAM ACT

33.     Do you find that any of the defendants used a false description or representation of fact in connection with goods or services in commercial advertising or promotion?

### YES or NO (Circle one)

If your answer to number 33 is No, you should find for the defendants and move on to question 39.

34.     If your answer to number 33 is Yes, state the name of each defendant used a false description or representation of fact in connection with goods or services in commercial advertising or promotion:

_____

_____

_____

**35.**    If your answer to number 33 is Yes, do you find that such factual descriptions or representations misrepresented the nature, qualities, or geographic origin of the defendants' goods or the goods of another person?

<u>**YES or NO (Circle one)**</u>

If your answer to number 35 is No, you should find for the defendants and move on to number 39.

**36.**    If your answer to number 35 is Yes, do you find there was a likelihood of consumer confusion resulting from defendants' representations?

<u>**YES or NO (Circle one)**</u>

If your answer to question 36 is No, you should find for the defendants and move on to number 39.

**37.**    If your answer to question 36 is Yes, do you find that Jarrow was damaged by the defendants' representations?

<u>**YES or NO (Circle one)**</u>

If your answer to number 37 is No, you should find for the defendants and move on to question 39.

**38.**    If your answer to number 37 is Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1998 because of defendants' representations?

$_____

In answering number 38, what part of the damages results from actions that occurred after November 14, 1999?

$\underline{\hspace{3cm}}$

## VEXATIOUS LITIGATION

**39.**    Do you find that one or more defendants brought the patent and trademark lawsuit against Jarrow with malice?

### YES or NO (Circle one)

If your answer to number 39 is No, you should find for the defendants and move on to question 42.

**40.**    If your answer to question 39 is Yes, please state the defendants who brought or maintained the lawsuit:

_____

_____

**41.**    What do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1998 because of vexatious litigation?

$\underline{\hspace{3cm}}$

In answering number 41, what part of the damages results from actions that occurred after November 14, 1999?

$\underline{\hspace{3cm}}$

## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

**42.**     Do you find that Jarrow had contractual or business relationships within the relevant market?

<u>**YES or NO (Circle one)**</u>

If your answer to number 42 is No, you should find for the defendants on this claim and not answer any remaining questions.

**43.**     If your answer to number 42 is Yes, do you find that the defendants had knowledge of such relationships?

<u>**YES or NO (Circle one)**</u>

If your answer to number 43 is No, you should find for the defendants on this claim and not answer any remaining questions.

**44.**     If your answer to number 43 is Yes, state which defendants had such knowledge:

_____

_____

**45.**     Do you find that the defendants identified in response to number 44 intentionally, improperly and tortiously interfered with Jarrow's business relationship?

<u>**YES or NO (Circle one)**</u>

If your answer to number 45 is No, you should find for the defendants on this claim and not answer any remaining questions.

**46.**     If your answer to number 46 is Yes, please state which defendants intentionally, improperly and tortiously interfered with Jarrow's business relationship:

_____

_____

**47.**     Do you find that Jarrow sustained actual damages due to the conduct described in your response to number 46?

**<ins>YES or NO (Circle one)</ins>**

If your answer to number 47 is No, you should find for the defendants on this claim and not answer any remaining questions.

**48.**     If your answer to question 47 is Yes, what do you determine to be a fair dollar calculation of the damages incurred by Jarrow after March 24, 1998 because of tortious conduct?

$_____

In answering number 48, what part of the damages results from actions that occurred after November 14, 1999?

$_____

**49.**     Do you find that the defendants had a reckless indifference to the rights of Jarrow or committed an intentional or wanton violation of Jarrow's rights?

**<ins>YES or NO (Circle one)</ins>**

If your answer to number 49 is No, you should not answer any remaining questions.

**50.**     If your answer to number 49 is Yes, please state which defendants had a reckless

indifference to the rights of Jarrow or committed an intentional or wanton violation of Jarrow's

rights:

_____

_____