UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC. | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) 3:01-CV-00478 (AVC) |
| | ) |
| INTERNATIONAL NUTRITION | ) |
| COMPANY, INTEGRATED | ) |
| BIOCEUTICALS, LLC, PRIMARY | ) |
| SERVICES, INC., PRIMARY SOURCE, | ) |
| LLC, EGBERT SCHWITTERS, NORMAN | ) |
| H. ZIVIN, and JACK MASQUELIER, | ) |
| | ) |
| Defendants. | ) FEBRUARY 7, 2005 |

## DEFENDANTS' INITIAL MOTION FOR CONTINUANCE OF JURY SELECTION AND TRIAL

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and Connecticut Local Civil Rule 7(b), defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully request that the Court continue jury selection presently scheduled for March 10, 2005 and the trial to July 18, 2005 due to previously scheduled trial and other commitments of defendants' counsel and certain defendants.

On February 2, 2005, the parties received electronic notice that jury selection was scheduled for March 10, 2005. Defendants' counsel has learned from the courtroom deputy that trial is scheduled to begin March 21, 2005. In the joint trial memorandum filed January 7, 2005, the parties estimated that the trial would last three weeks.

CTDOCS:13542.1

Defendants' lead trial counsel, Richard S. Order, Esq., has a previously scheduled two-week trial starting April 4, 2005 in United States v. Carpenter, No. 04-10029-GAO, in the United States District Court for the District of Massachusetts in Boston.. The district court in that case sent notice of that trial date on November 29, 2004.

Consequently, if the Court were to adhere to its current schedule, the third week of the trial in this case would coincide with the first week of Attorney Order's trial in Boston. Moreover, Attorney Order will need to prepare during March for his April trial.

Defendants' counsel has communicated with plaintiff's counsel regarding a continuance of the trial in this case. Plaintiff's counsel has stated that moving the trial to an earlier date would not solve scheduling conflicts because Expo West, the most important trade show for wholesalers in the natural products industry, is being held March 17-20, 2005 in Anaheim, California and that plaintiff's president, Jarrow Rogovin, will be attending that show. From the defendants' side, at a minimum, Gary Senecal, a principal of defendant Integrated BioCeuticals, LLC, will also be attending that show. Plaintiff's counsel suggested starting the trial on April 25 or 26.

Unfortunately, the week of April 25 is not viable, either. While Attorney Order's Boston trial is estimated to last two weeks, it may slip over into the week of April 18. In any event, scheduling a trial of this magnitude one week after the conclusion of another trial (an out-of-state one, no less) is burdensome and unnecessary.

Another reason that scheduling trial for the week of April 25 is unworkable is that defendant Norman Zivin, Esq., a trial lawyer himself, is scheduled to begin a three-week trial on June 7, 2005 in Media Technologies Licensing LLC v. The Upper Deck Co., No. SACV 01-1198

-2-

AHS, in the United States District Court for the Central District of California in Santa Ana, California. The district court in that case sent notice of that trial date on January 5, 2005. Because of this pre-existing responsibility to his client, Attorney Zivin will need to prepare in May for his June trial. If he is on trial in this Court at the end of April and in May, he will not be able to adequately discharge that responsibility. Furthermore, since Attorney Zivin was lead counsel in the patent infringement action on which the claims in the present case are based, his assistance at trial will be crucial. Additionally, defendant Bert Schwitters has longstanding commitments in the month of May.

Consequently, the earliest the defendants can start trial would be July 18, 2005, although jury selection could be held earlier in July. If more convenient for the Court and the plaintiff, defendants can start trial later in July or August, provided that the trial be scheduled so that it would conclude by August 26, 2005.

September would be difficult because Attorney Zivin is scheduled to begin a one-week trial on September 7, 2005 in Eastern Mountain Sports, Inc. v. Osprey Packs, Inc., No. 04-086 SM, in the United States District Court for the District of New Hampshire in Concord, New Hampshire. The district court in that case sent notice of that trial date on June 20, 2004. Furthermore, Attorney Order is scheduled to begin a one-week arbitration in New York on September 19, 2005 in Benistar Employer Services Trust Corp. v. UBS PaineWebber Inc., Arbitration No. 03-8742, before the National Association of Securities Dealers. The NASD sent notice of that arbitration date on December 21, 2004.

Alternatively, the trial could be scheduled to begin in October (preferably avoiding Rosh Hashanah and Yom Kippur, if possible) or November.

-3-

The defendants request a status conference with the Court in order to arrive at a mutually agreeable trial date through a dialogue among the Court and the parties. In the conference, the defendants would also like to discuss scheduling a <u>Daubert</u> hearing and a hearing on its second motion *in limine*, both of which the Court permitted the defendants to raise again before trial in its Orders dated February 24, 2003 and February 3, 2004, respectively.

This is defendants' first motion for continuance of jury selection and trial. While the defendants are mindful of the difficulties that the Court faces in scheduling and coordinating trials on its own docket, the problem of scheduling a trial in this case has been compounded by the fact that plaintiff sued a lawyer with an active trial practice and that both he and his counsel have pre-existing trials in other courts. Additionally, from the 200-page joint trial memorandum and the 750 proposed exhibits, the Court can appreciate that this trial will require thorough preparation by counsel and clients alike. Under these circumstances, it is respectfully submitted that a one and a half month notice was not adequate to ensure that all trial counsel and the parties would be able to work around previous commitments. Rescheduling the trial with more advance notice should enable both sides to present their cases in full and to avoid a verdict that is more a result of scheduling issues than of the merits.

As indicated above, plaintiff's counsel has been contacted regarding this motion and has suggested a continuance to April 25 or 26, 2005. Plaintiff's counsel has not yet responded to a follow-up call and email message about continuing the trial to July 18 or August, 2005.

WHEREFORE, defendants respectfully request that the Court accommodate their scheduling conflicts and continue jury selection and trial so that the trial begins on or after July 18, 2005 and is scheduled to conclude by August 26, 2005. Alternatively, defendants request that trial be scheduled to commence in October or November 2005.

> DEFENDANTS,
> INTERNATIONAL NUTRITION CO., EGBERT SCHWITTERS, NORMAN H. ZIVIN, JACK MASQUELIER, INTEGRATED BIOCEUTICALS, LLC, PRIMARY SOURCE, LLC, AND PRIMARY SERVICES, INC.
>
> By: /s/_____
> RICHARD S. ORDER, ESQ.
> Federal Bar No. ct02761
> E-mail: rso@avhlaw.com
> ERIC D. BEAL, ESQ.
> Federal Bar No. ct23167
> E-mail: exb@avhlaw.com
> Axinn, Veltrop & Harkrider LLP
> 90 State House Square
> Hartford, CT 06103-3702
> Telephone:   860-275-8100
> Facsimile:    860-275-8101

-5-
CTDOCS:13542.1

## CERTIFICATION

      THIS IS TO CERTIFY that a copy of the foregoing has been served by first class U.S. mail this 7th day of February, 2005, to:

Eric Watt Wiechmann, Esq.
Mark D. Giarratana, Esq.
Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

Alexandra B. Stevens, Esq.
McCarter & English
107 Elm Street
Stamford, CT 06902

/s/ _____
Richard S. Order, Esq.
AXINN, VELTROP & HARKRIDER LLP

HARTFORD: 613920.01

CTDOCS:13542.1