UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC., ) | CIVIL ACTION NO. |
| ) | 3:01 CV 478 (AVC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL NUTRITION COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | MAY 4, 2005 |

### DEFENDANTS' MOTION TO BIFURCATE THE NONJURY AND JURY COMPONENTS OF THE TRIAL

Defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this motion under Rules 39(a) and 42(b) of the Federal Rules of Civil Procedure to bifurcate the nonjury and jury components of the trial.

By Order dated February 16, 2005, the Court scheduled jury selection for July 14, 2005, a hearing on defendants' two motions in limine to follow jury selection on July 14 and 15, and the jury trial to commence on July 18. As explained in the memorandum of law in support of this motion, however, the Court – not the jury – should first decide (1) the central, preliminary issue of whether the underlying patent and trademark infringement action brought by INC was "objectively baseless" under the sham litigation exception to the Noerr-Pennington doctrine and (2) the similar, if not identical, issue of whether that action lacked "probable cause" within the meaning of the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568.

**ORAL ARGUMENT IS REQUESTED**

CTDOCS:14088.1

Accordingly, because the Court's determination with respect to the issue of "objectively baseless" and "probable cause" must precede a trial on any remaining issues, the Court should bifurcate the trial by canceling jury selection and the jury trial, issuing a briefing schedule on the issue of "objectively baseless" and "probable cause," scheduling oral argument, and later rescheduling jury selection and the jury trial only if claims triable to a jury remain after the Court rules on the issue. The Court should also postpone the evidentiary hearing on the motions in limine until after it decides the issue of "objectively baseless" and "probable cause" because the evidence of damages and market definition that is the subject of those motions will not be necessary if the Court rules in defendants' favor on the preliminary issue.

The pertinent facts and law are set forth in the accompanying memorandum of law, to which the Court is respectfully referred.

DEFENDANTS,
INTERNATIONAL NUTRITION
COMPANY, EGBERT SCHWITTERS,
NORMAN H. ZIVIN, JACK
MASQUELIER, INTEGRATED
BIOCEUTICALS, LLC, PRIMARY
SOURCE, LLC, AND PRIMARY
SERVICES, INC.

By:   /s/ Richard S. Order
     RICHARD S. ORDER, ESQ.
     Federal Bar No. ct02761
     E-mail: rso@avhlaw.com
     ERIC D. BEAL, ESQ.
     Federal Bar No. ct23167
     E-mail: exb@avhlaw.com
     Axinn, Veltrop & Harkrider LLP
     90 State House Square
     Hartford, CT 06103-3702
     Telephone:   860-275-8100
     Facsimile:    860-275-8101

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by hand delivery this 4th day of May, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Eric E. Grondahl, Esq.
Alexandra B. Stevens, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

          /s/ Richard S. Order
         Richard S. Order, Esq.
         AXINN, VELTROP & HARKRIDER LLP