UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC., | ) | CIVIL ACTION NO. |
| | ) | 3:01 CV 478 (AVC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | JUNE 6, 2005 |

### DEFENDANTS' MOTION FOR EXPEDITED HEARING ON THEIR MOTION TO BIFURCATE

Defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this motion for expedited hearing on their Motion to Bifurcate the Nonjury and Jury Components of the Trial dated May 4, 2005. On June 1, 2005, plaintiff filed its opposition to the bifurcation motion after defendants agreed to a one-week extension of time. Simultaneously with this motion, defendants are filing their reply brief. As a result, the briefing is now complete, and the motion is ripe for hearing and resolution.

In light of the current trial schedule with jury selection on July 15, 2005, a hearing on defendants' two motions in limine to follow jury selection on July 15, and trial beginning on July 18, a prompt ruling on the crucial, preliminary issue raised in the defendants' bifurcation motion is necessary to the practical logistics of preparation for all parties and the Court and to the avoidance of unnecessary costs.

**ORAL ARGUMENT IS REQUESTED**

CTDOCS:14174.1

The defendants' bifurcation motion explains that the Court and not the jury should first decide as a preliminary matter of law: (1) the central legal issue of whether the underlying patent and trademark infringement litigation brought by INC was "objectively baseless" under the sham litigation exception to the Noerr-Pennington doctrine and (2) the similar, if not identical, legal issue of whether that litigation lacked "probable cause" within the meaning of the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568. Accordingly, the defendants requested that the Court bifurcate the trial by canceling jury selection, the evidentiary hearing on defendants' motions in limine, and the jury trial, issuing a briefing schedule on the legal issue of "objectively baseless" and "probable cause," scheduling oral argument, and later rescheduling jury selection, the evidentiary hearing, and the jury trial only if claims triable to a jury remain after the Court rules on these preliminary legal issues.

If the Court grants defendants' bifurcation motion and, after further briefing, determines that defendants did have probable cause to commence and maintain the underlying action, much or all of the jury trial will be rendered moot and unnecessary.

Defendants filed the bifurcation motion as soon as they formulated the procedure proposed in the bifurcation motion for dealing with the nonjury components of the trial that they had previously identified in the Joint Trial Memorandum dated January 7, 2005. Defendants served their motion on plaintiff by hand delivery the same day it was filed. After acceding to plaintiff's request for a one-week extension of time to oppose the motion, defendants filed their reply brief only three business days later in an effort to position the motion for swift adjudication in light of the upcoming trial. Thus, once the defendants came upon the proposed procedure, they acted quickly.

The defendants do not wish to pressure the Court into making a hasty decision on the bifurcation motion. In fact, the defendants believe that the Court's ruling on whether to bifurcate the nonjury and jury components of the trial is very important, as will be its ruling on the ultimate issue of "objectively reasonable" and "probable cause." The longer it takes to resolve the bifurcation motion, however, the higher the costs the parties will end up incurring in preparing for a jury trial that may never occur. While the parties are in limbo awaiting the Court's decision, they also will be uncertain as to if and when they should be flying in from opposite ends of the globe (defendant Bert Schwitters lives in The Netherlands, some of defendants' fact witnesses live in Europe, and their expert lives in Washington, D.C.; plaintiff's president, Jarrow Rogovin, lives in California, and plaintiffs' experts live in Seattle and California) to prepare for the evidentiary hearing and the trial.

## CONCLUSION

For the foregoing reasons, the Court should schedule oral argument and/or rule on the bifurcation motion at its earliest possible convenience.

DEFENDANTS,
INTERNATIONAL NUTRITION
COMPANY, EGBERT SCHWITTERS,
NORMAN H. ZIVIN, JACK
MASQUELIER, INTEGRATED
BIOCEUTICALS, LLC, PRIMARY
SOURCE, LLC, AND PRIMARY
SERVICES, INC.

By: /s/ Richard S. Order
RICHARD S. ORDER, ESQ.
Federal Bar No. ct02761
E-mail: rso@avhlaw.com
ERIC D. BEAL, ESQ.
Federal Bar No. ct23167
E-mail: exb@avhlaw.com
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Telephone:    860-275-8100
Facsimile:    860-275-8101

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by hand delivery this 6th day of June, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Alexandra B. Stevens, Esq.
Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

　　　　　　　　　　　　　　　　　　　　Eric D. Beal, Esq.
　　　　　　　　　　　　　　　　　　　　AXINN, VELTROP & HARKRIDER LLP