UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JARROW FORMULAS, INC.,            :
   Plaintiff,                     :
                                  :
vs.                               : Civil No. 3:01CV478(AVC)
                                  :
INTERNATIONAL NUTRITION           :
COMPANY, ET AL.,                  :
   Defendants.                    :
```

**RULING ON DEFENDANTS' MOTION TO BIFURCATE THE TRIAL**

This is an action for damages and equitable relief in connection with the marketing and sale of nutritional supplements under certain United States patents. It is brought pursuant to, inter alia, the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 41-110a-110q, the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568, and common law tenets concerning tortious interference with business relations. Jury selection is scheduled for July 15, 2005. The trial is scheduled to commence on July 18, 2005.

The defendants have filed the within motion (document no.221) to "bifurcate the nonjury and jury components of the trial." Specifically, the defendants argue that before holding a jury trial the court should first determine (1) "whether the underlying patent and trademark infringement action brought by [the defendant] INC was 'objectively baseless' under the sham litigation exception to the Noerr-Pennington doctrine", and (2) "whether the action lacked 'probable cause' within the meaning of

the Connecticut vexatious litigation statute."

The plaintiff responds that the within motion "is a belated attempt to delay trial by moving for summary judgment on an issue where there are numerous factual issues to be decided by the jury."

For the reasons set forth below, the motion to bifurcate the trial (document no.221) is DENIED without prejudice to its refiling as a motion for summary judgment.

## DISCUSSION

The plaintiffs allege, inter alia, that the defendants engaged in "sham" patent litigation in an attempt to monopolize the market for certain nutritional supplements. The defendants argue that the court should decide as a matter of law whether the underlying litigation was objectively baseless or lacked probable cause before holding the jury trial. The plaintiffs respond that this case cannot be "bifrucated and disposed of as a matter of law" because "there are several factual issues regarding Defendants' actions and knowledge that must be determined by the jury . . ."

A party bringing an action for patent infringement is immune from antitrust liability "even though such suit may have anticompetitive effect, unless the infringement defendant proves . . . that the infringement suit is a mere sham." Applera Corp., et al. v. MJ Research Inc., 303 F. Supp. 2d 130 (D. Conn.

2004)(quoting In re Indep. Serv. Orgs. Antitrust Litig., 203 F.3d 1322, 1326 (Fed. Cir. 2000)). In Professional Real Estate Investors v. Columbia Pictures Indust., Inc., et al., 508 U.S. 49 (1993), the United States Supreme Court announced a "two-part definition of 'sham' litigation." Id. at 60. The first part is an objective standard: "the lawsuit must be *objectively baseless* in the sense that no reasonable litigant could realistically expect success on the merits." Professional Real Estate Investors v. Columbia Pictures Indust., Inc., et al., 508 U.S. 49, 60 (1993)(emphasis added).[1] Therefore, to prevail in an antitrust action against the defendants based on the allegation that the defendants engaged in "sham" litigation, the plaintiffs must show that the litigation was "objectively baseless."

Similarly, to prevail on a claim brought pursuant to the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568, the plaintiff must prove that the underlying "civil action or complaint was commenced . . .(1) without probable cause . . ." Conn. Gen. Stat. § 52-586.

The court concludes that the defendants' motion to bifurcate the trial is better understood as a motion for summary judgment. In essence, the defendants argue that issues of material fact are

---

[1] The second part is a subjective standard: the lawsuit must "conceal[] 'an attempt to interfere directly with the business relationships of a competitor' . . . through the 'use [of] the government *process* – as opposed to the *outcome* of that process – as an anticompetitive weapon'." Professional Real Estate Investors v. Columbia Pictures Indust., Inc., et al., 508 U.S. 49, 60 (1993)(emphasis in original).

3

not in dispute and that the court should therefore rule as a matter of law on whether the underlying litigation was objectively baseless or unsupported by probable cause. The court cannot make such a ruling without the benefit of the memoranda and statements of undisputed facts that accompany a motion for summary judgement pursuant to Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56(c).

Furthermore, the cases that the defendants cite in support of the motion to bifurcate the trial are overwhelmingly rulings on motions for summary judgment. Only after determining that no genuine issues of material fact remain do the courts reach the issue of whether the underlying litigation was objectively baseless or unsupported by probable cause. As the Supreme Court noted in Professional Real Estate Investors v. Columbia Pictures Indust., Inc., et al., 508 U.S. 49 (1993), when "there is *no dispute* over the predicate facts of the underlying legal proceeding, a court may decide probable cause as a matter of law." Id. at 63 (emphasis added). See also Filmtec Corp. V. Hydranautics, 67 F.3d 931, 938 (Fed. Cir. 1995)(noting "[b]ecause there is no dispute over the facts, the question of whether or not a cause of action is reasonable or an abuse of process is a question of law"); Hartford Life Ins. Co. v. Variable Annuity Life Ins. Co., Inc., 964 F. Supp. 624, 627 (D. Conn. 1997)(noting "[w]here there is no dispute over the predicate acts of the

4

underlying proceedings, the court may determine probable cause as a matter of law"); Zeller, et al. v. Consolini, et al., 59 Conn.App. 545, 555 (2000) (concluding that the trial court "properly determined that *there were no disputed facts*, and that as a matter of law the defendants' actions were not objectively baseless . . .")(emphasis added); Norse Sys., Inc. v. Tingley Sys., Inc., 49 Conn.App. 582 (1998)(affirming summary judgment based on facts that the trial court described as "undisputed"). Here, the court has not ruled that there are no genuine issues of material fact regarding the underlying patent litigation. Therefore, an analysis as to whether the underlying actions were objectively baseless or unsupported by probable cause would be premature.

## CONCLUSION

A motion to bifurcate a trial is not the appropriate mechanism through to seek determination of the issues that the defendants ask the court to determine.  Accordingly, the motion to bifurcate the trial (document no.221) is DENIED without prejudice to its refiling, if desired, as a motion for summary judgment in accordance with Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56.

It is so ordered this 10th day of June, 2005 at Hartford, Connecticut.

```
         /s/
_____
Alfred V. Covello, U.S.D.J.
```

5