UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JUN 15 P 1:42

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| JARROW FORMULAS, INC., Plaintiff, v. INTERNATIONAL NUTRITION COMPANY, et al., Defendants. | ) | CIVIL ACTION NO. 3:01 CV 478 (AVC) JUNE 15, 2005 |

**DEFENDANTS' SECOND MOTION FOR CONTINUANCE OF JURY SELECTION AND TRIAL**

Pursuant to Fed. R. Civ. P. 6(b)(1) and D. Conn. L. Civ. R. 7(b), defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully request that the Court continue jury selection presently scheduled for July 15, 2005, a hearing on defendants' two motions in limine to follow jury selection on July 15, and trial beginning on July 18 to accommodate the briefing and resolution of a summary judgment motion to be filed by defendants.

On May 4, 2005, defendants moved to bifurcate the nonjury and jury components of the trial on the grounds that the Court and not the jury should first decide as a preliminary matter of law: (1) the central legal issue of whether the underlying patent and trademark infringement litigation brought by INC was "objectively baseless" under the sham litigation exception to the Noerr-Pennington doctrine and (2) the similar, if not identical, legal issue of whether that litigation lacked "probable cause" within the meaning of the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568. Accordingly, the defendants requested that the Court

**ORAL ARGUMENT IS REQUESTED**

CTDOCS:14388.1

bifurcate the trial by canceling jury selection, the evidentiary hearing on defendants' motions in limine, and the jury trial, issuing a briefing schedule on the legal issue of "objectively baseless" and "probable cause," scheduling oral argument, and later rescheduling jury selection, the evidentiary hearing, and the jury trial only if claims triable to a jury remain after the Court rules on these preliminary legal issues.

In its Ruling on Defendants' Motion to Bifurcate the Trial dated June 10, 2005 and sent to the parties electronically on June 13, 2005, the Court concluded "that the defendants' motion to bifurcate the trial is better understood as a motion for summary judgment." Ruling at 3. Consequently, the Court denied the motion to bifurcate but without prejudice to its refiling as a motion for summary judgment so that the Court could determine, with "the benefit of the memoranda and statements of undisputed facts that accompany a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56(c)," Ruling at 4, whether genuine issues of material fact were not in dispute and, if so, rule as a matter of law on whether the underlying litigation was objectively baseless or lacked probable cause.[1] The defendants intend to take the Court's suggestion and file such a summary judgment motion.

In light of these developments, it makes no sense to keep the current trial and hearing schedule in place. As the defendants pointed out in their bifurcation motion, the preliminary issues of objective baselessness and probable cause should be determined by the Court before any jury trial because if the Court decides in defendants' favor, there will remain few or no claims for a jury to decide. As a result, in the interest of judicial economy, the Court should first address defendants' prospective summary judgment motion.

---

[1] Plaintiff will bear the burden of proving by "clear and convincing evidence . . . that the infringement lawsuit was objectively baseless." Mitek Surgical Products, Inc. v. Arthrex, Inc., 21 F. Supp. 2d 1309, 1318 (D. Utah 1998) (granting summary judgment), aff'd, 2000 U.S. App. LEXIS 3146 (Fed. Cir. Feb. 22, 2000).

It is impractical to believe that the summary judgment motion could be fully briefed, carefully considered, and decided before jury selection on July 15. For instance, even if defendants filed their summary judgment motion by June 30, 2005,[2] plaintiffs' opposition would be due July 21, and defendants' reply brief would be due August 4. Furthermore, since plaintiff has regularly requested extensions of time to file briefs, defendants would not object to a reasonable extension of the usual opposition deadline if the plaintiff so wishes. On a motion as important as this summary judgment motion will be, it makes little sense to contemplate a more truncated schedule.

In its opposition to the bifurcation motion, plaintiff accused the defendants of trying to delay the trial. On the contrary, defendants are trying to resolve this case in the manner required by the law and are trying to avoid a rushed jury trial where plaintiff presents in front of the jury evidence that only the Court should be considering, thereby creating a strong probability of reversible error. Plaintiff will receive its desired jury trial when, and only when, it convinces the Court that there exist genuine issues of material fact or that the underlying litigation was objectively baseless or lacked probable cause.

This is defendants' second motion for a continuance of the trial. Plaintiff's counsel has stated that plaintiff will not agree to a continuance of the trial.

For the foregoing reasons, the Court should issue a briefing schedule on defendants' summary judgment on the issue of (1) whether the underlying patent and trademark infringement litigation brought by INC was "objectively baseless" under the sham litigation exception to the Noerr-Pennington doctrine and (2) the similar, if not identical, issue of whether that litigation

---

[2] Under the circumstances, it is ambitious to provide the defendants only until June 30 to file their summary judgment motion, brief, evidentiary materials, and Local Rule 56(c) statement of undisputed facts, particularly since some of the defendants reside in Europe.

lacked "probable cause" within the meaning of the Connecticut vexatious litigation statute, Conn. Gen. Stat. § 52-568. Accordingly, the Court should cancel jury selection and the evidentiary hearing on the two motions in limine, presently scheduled for July 15, 2005, and the jury trial, presently scheduled to commence July 18, 2005, and should reschedule the evidentiary hearing, jury selection, and the jury trial only if claims triable to a jury remain after the Court rules on the issue of "objectively baseless" and "probable cause."

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY, EGBERT SCHWITTERS, NORMAN H. ZIVIN, JACK MASQUELIER, INTEGRATED BIOCEUTICALS, LLC, PRIMARY SOURCE, LLC, AND PRIMARY SERVICES, INC.

By: ______________________

RICHARD S. ORDER, ESQ.
Federal Bar No. ct02761
E-mail: rso@avhlaw.com
ERIC D. BEAL, ESQ.
Federal Bar No. ct23167
E-mail: exb@avhlaw.com
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Telephone: 860-275-8100
Facsimile: 860-275-8101

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been served by U.S. mail postage prepaid and electronic delivery this 15th day of June, 2005, to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Alexandra B. Stevens, Esq.
Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

Eric D. Beal, Esq.
AXINN, VELTROP & HARKRIDER LLP