UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC., | ) | CIVIL ACTION NO. |
| | ) | 3:01 CV 478 (AVC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JULY 18, 2005 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In accordance with the Court's Amended Scheduling Order dated July 5, 2005, defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC"), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this motion for summary judgment on the objective prong of the sham litigation test. As demonstrated in Defendants' Local Rule 56(a)(1) Statement and Memorandum of Law filed concurrently with this motion, there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.

The core allegations made by plaintiff Jarrow Formulas, Inc. ("JFI") focus on INC's alleged sham litigation in commencing and maintaining a patent and trademark infringement action against JFI and others in this Court and a patent infringement action against others in the Northern District of California.[1] These allegations form the nucleus for JFI's federal and Connecticut antitrust claims (Counts 1 and 2), Connecticut Unfair Trade Practices Act

---

[1] None of the other defendants in this action were parties to the underlying litigation, International Nutrition Company v. Horphag, Civil Action No. 3:96-CV-00386 (DJS) (D. Conn.) (the "Connecticut action"), and International Nutrition Company v. Interhealth Nutritionals, Inc., Civil Action No. C97-0377 SI (N.D. Cal.) (the "California action").

**ORAL ARGUMENT REQUESTED**
CTDOCS:14542.1

("CUTPA") claim (Count 3), Lanham Act claim (Count 4), Connecticut vexatious litigation claim (Count 5), and Connecticut tortious interference claim (Count 6). See Plaintiff's Summary in the Joint Trial Memorandum dated January 7, 2005 at 5-11.

To succeed on any of these claims, therefore, Jarrow must prevail on the preliminary, fundamental issue of whether the underlying patent and trademark infringement litigation was "objectively baseless" under the sham litigation exception to the Noerr-Pennington doctrine or, put another way, whether that litigation was commenced or maintained without probable cause. Summary judgment should enter for all defendants on all claims because the underlying litigation was not objectively baseless and did not lack probable cause.

Accordingly, the Court should enter summary judgment in favor of all defendants on all claims.

        DEFENDANTS,
        INTERNATIONAL NUTRITION
        COMPANY, EGBERT SCHWITTERS,
        NORMAN H. ZIVIN, JACK
        MASQUELIER, INTEGRATED
        BIOCEUTICALS, LLC, PRIMARY
        SOURCE, LLC, AND PRIMARY
        SERVICES, INC.

By:   /s/ Eric D. Beal
      RICHARD S. ORDER, ESQ.
      Federal Bar No. ct02761
      E-mail: rso@avhlaw.com
      ERIC D. BEAL, ESQ.
      Federal Bar No. ct23167
      E-mail: exb@avhlaw.com
      Axinn, Veltrop & Harkrider LLP
      90 State House Square
      Hartford, CT 06103-3702
      Telephone:   860-275-8100
      Facsimile:    860-275-8101

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by hand this 18th day of July, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Eric E. Grondahl, Esq.
Alexandra B. Stevens, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

/s/ Eric D. Beal
Eric D. Beal
AXINN, VELTROP & HARKRIDER LLP