UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL NUTRITION COMPANY, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO. 3:01 CV 478 (AVC)<br><br>JULY 18, 2005 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PATENT INVALIDITY, INEQUITABLE CONDUCT, OR FRAUD**

Defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC"), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this memorandum in support of their motion in limine to preclude plaintiff Jarrow Formulas, Inc. ("JFI") from making the following types of evidentiary proffers in connection with defendants' motion for summary judgment and at trial:

- Evidence seeking to prove that the '360 patent is invalid;
- Evidence seeking to prove that the '360 patent is unenforceable due to fraud or inequitable conduct; and
- evidence seeking to prove that any defendant committed fraud or inequitable conduct before the United States Patent and Trademark Office ("USPTO").

JFI states in the Joint Trial Memorandum dated January 7, 2005, that it intends to pursue such claims at trial. See, e.g., pp. 5-7.

## ARGUMENT

## POINT I

## EVIDENCE OF INVALIDITY, INEQUITABLE CONDUCT, OR FRAUD IS NOT RELEVANT TO THE CLAIMS ALLEGED

Evidence in support of JFI's current claims of invalidity, inequitable conduct, or fraud is not relevant because it is not material to the allegations in JFI's Amended Complaint. In the Amended Complaint, JFI did not allege that the '360 patent was invalid, unenforceable, or obtained by fraud on the USPTO. Further, JFI did not allege that any defendant knew or should have known that the '360 patent was invalid, unenforceable, or obtained by fraud on the USPTO. Allegations of fraud or inequitable conduct before the USPTO must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b). Rentrop v. Spectranics Corp., 2004 U.S. Dist. LEXIS 10312 (S.D.N.Y. June 4, 2004) (inequitable conduct); Resqnet, Inc. v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y. July 21, 2004) (inequitable conduct); Twin City Bakery Workers & Welfare Fund v. Astra Aktiebolag, 207 F. Supp. 2d 221 (S.D.N.Y. 2002) (fraud); Import Sys. Int'l, v. Martin Lee, 1992 U.S. Dist. LEXIS 3439 (S.D.N.Y. March 20, 1992) (fraud). JFI certainly never made such particularized allegations in this case. Instead, JFI alleged only that INC brought a lawsuit without having ownership of the '360 patent. See, e.g., Amended Complaint ¶ 21, 35.

JFI tried to add these very allegations last Fall by moving for leave to further amend the Amended Complaint. See Plaintiff's Motion for Leave to Further Amend Complaint dated October 13, 2004. Specifically, in its supporting brief, JFI summarized the new allegations it sought to add as follows:

> Defendants Masquelier, Schwitters and INC all had knowledge or should have had knowledge of invalidating material, prior art to the '360 patent, either before or after the application for such patent was filed with the USPTO, prior to reexamination of the '360 patent in 1996 and 1997, and/or prior to the initiation of sham lawsuits in 1996

> and 1999 to enforce the '360 patent. Moreover, they failed to bring the prior art to the attention of the USPTO with an intent to deceive or commit fraud upon the USPTO. Thus, the '360 patent is invalid based upon the prior art and/or is unenforceable due to inequitable conduct.

Memo at 3.

On December 1, 2004, however, this Court denied JFI's motion to add these claims. JFI, therefore, has no grounds to introduce evidence that is relevant only to allegations it never pled and the addition of which was rejected by the Court. JFI did not make these allegations in its Amended Complaint and, therefore, they are not and have not been part of this case.

Accordingly, evidence offered by JFI to try to show invalidity, inequitable conduct, or fraud is not material and irrelevant and should be excluded from consideration of Defendants' motion for summary judgment, as well as at any trial, under Fed. R. Ev. 401. See Gillette Co. v. Philips Oral Healthcare, Inc., 2001 U.S. Dist. LEXIS 18624 (S.D.N.Y. Nov. 15, 2001) (concluding that evidence sought to prove allegations that were not pled is irrelevant even under the broad definition of relevance in Fed. R. Civ. P. 26(b)(1)).

**POINT II**

**JFI IS ESTOPPED FROM CLAIMING INVALIDITY, INEQUITABLE CONDUCT, OR FRAUD**

The defendants strongly disagree that there is any evidence of invalidity, inequitable conduct, or fraud concerning the '360 patent.[1] Even if JFI had some evidence in support of those claims, JFI is estopped from taking the position that its claims now include invalidity, inequitable conduct, or fraud.

The United States Supreme Court has stated that:

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.

State of New Hampshire v. State of Maine, 532 U.S. 742, 749 (2001) (citations and internal quotation marks omitted). Judicial estoppel is aimed at "protect[ing] the integrity of the judicial process . . . by 'prohibiting parties from deliberately changing positions according to the exigencies

---

[1] Indeed, a patent, and each one of its individual claims, is statutorily presumed to be valid. See 35 U.S.C. § 282; Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1339 (Fed. Cir. 2003); Purdue Pharma L.P. v. Boehringer Ingelheim GmbH, 237 F.3d 1359, 1365 (Fed. Cir. 2001). Not only is the '360 patent presumed valid, but it also has been subjected to and has survived reexamination, which further supports its validity. See, e.g., Oakley, 316 F.3d at 1342; Neuromedical Systems, Inc. v. Neopath, Inc., 1998 U.S. Dist. LEXIS 7718 at *19 (S.D.N.Y. May 26, 1998) ("While Neopath argues that the '725 and '272 patents are invalid, the Court places great weight upon the fact that the PTO upheld validity of these two patents, despite Neopath's arguments to the contrary, during the respective reexaminations requested by Neopath."); E.I. Dupont de Nemours & Co. v. Cetus Corp., 1990 U.S. Dist. LEXIS 18414 at *13 n.4 (N.D. Cal. Dec. 3, 1990) (in considering motion of summary judgment, "[r]eexaminations which affirm the validity of a challenged patent increase the challenger's burden in litigation").

of the moment.'" Id. at 749-50. Because judicial estoppel is "intended to prevent improper use of judicial machinery, [it] is an equitable doctrine invoked by a court at its discretion." Id. at 750.

Application of judicial estoppel is particularly appropriate in the present case. JFI made it very clear in opposing INC's motion to dismiss at the very beginning of this case that it was not challenging the validity of the '360 patent in this action. Specifically, in arguing against INC's position that JFI's antitrust claims in the instant action were barred as compulsory counterclaims in the underlying Connecticut action, JFI stated:

- "Jarrow does not concede that the '360 patent is valid. However, the validity of the '360 patent is not an issue raised by Jarrow's claims in this case." Plaintiff's Surreply Memorandum in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim dated August 21, 2001, at 8 n.2 (emphasis added).
- "Jarrow has not claimed in this suit, as the plaintiff had in Critical-Vac, that the '360 patent is invalid. Rather, Jarrow has claimed that INC falsely claimed ownership of the '360 patent for economic advantage. Thus, even under Critical-Vac, Jarrow's claims in this action should not be dismissed." Id. at 8 (emphasis added).
- "Thus, antitrust counterclaims of the type at issue here that are based on patent misuse, not invalidity, are typically permissive, not compulsory . . ." See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss For Failure to State a Claim dated July 24, 2001, at 21-22.

JFI also made it clear in arguing against INC's motion to dismiss that it was not claiming that any defendant committed fraud on the USPTO and was not claiming that any defendant enforced a patent knowing it was invalid:

- "Defendants' reliance on Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc., 233 F.3d 697, 703-704 (2d Cir. 2000), is misplaced. In contrast to the antitrust claims at issue here, Critical-Vac asserted that Minuteman committed fraud on the Patent Office and tried to enforce a patent it knew was invalid. Thus, the court held that because the antitrust claims were based on patent invalidity, and involved the same factual issues as the underlying patent infringement litigation, the antitrust claims were compulsory." See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss For Failure to State a Claim dated July 24, 2001 at 23-24 (emphasis added).

JFI used the above representations to this Court to defeat INC's argument that JFI's antitrust claims should be dismissed as compulsory counterclaims under Critical-Vac. The Court relied on JFI's representations in its Ruling on the Defendants' Motion to Dismiss. Jarrow Formulas, Inc. v. International Nutrition Co., 175 F. Supp. 2d 296, 308-09 (D. Conn. 2001).[2] Thus, JFI should be

---

[2] This Court stated:

> The court in Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc., 233 F.3d 697 (2d Cir. 2000), also discussed the difference between patent misuse and patent invalidity cases in connection with compulsory counterclaims. Critical-Vac dealt with a patent invalidity issue. The court noted that antitrust cases based on patent invalidity 'will generally involve the same factual issues as those involved in the patent infringement litigation between the same parties.' Critical-Vac Filtration Corp., 233 F.3d at 703. In contrast, 'antitrust claims based on patent misuse . . . are likely to involve factual issues distinct from those involved in the patent infringement litigation between the same parties.' Id. . . . . In this case, the prior infringement cause of action dealt with patent misuse based on an improper claim of patent ownership, unlike the circumstances in Critical-Vac.

estopped from "playing fast and loose with the courts," State of New Hampshire, 532 U.S. at 750, and should be precluded from putting on its supposed evidence of patent invalidity, inequitable conduct, or fraud before the PTO.

**CONCLUSION**

For the foregoing reasons, the Court should preclude JFI from proffering evidence of patent invalidity or unenforceability, inequitable conduct, or fraud in connection with defendants' motion for summary judgment and at trial.

DEFENDANTS,
INTERNATIONAL NUTRITION CO.,
EGBERT SCHWITTERS, NORMAN H.
ZIVIN, JACK MASQUELIER, INTEGRATED
BIOCEUTICALS, LLC, PRIMARY SOURCE,
LLC, AND PRIMARY SERVICES, INC.

By: /s/ Eric D. Beal

RICHARD S. ORDER, ESQ.
Federal Bar No. ct02761
E-mail: rso@avhlaw.com
ERIC D. BEAL, ESQ.
Federal Bar No. ct23167
E-mail: exb@avhlaw.com
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Telephone: 860-275-8100
Facsimile: 860-275-8101

175 F. Supp. 2d at 308-09.

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by hand this 18th day of July, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Eric E. Grondahl, Esq.
Alexandra B. Stevens, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

/s/ Eric D. Beal
Eric D. Beal
AXINN, VELTROP & HARKRIDER LLP