UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC., ) | CIVIL ACTION NO. |
| ) | 3:01 CV 478 (AVC) |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONTAINS CONFIDENTIAL** |
| ) | **INFORMATION SUBJECT TO** |
| INTERNATIONAL NUTRITION COMPANY, ) | **PROTECTIVE ORDER** |
| et al., ) | |
| ) | |
| Defendants. ) | JULY 18, 2005 |

## DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT

Pursuant to D. Conn. L. Civ. R. 56(a)(1) and in support of defendants' accompanying motion for summary judgment, defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC"), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this statement of each material fact as to which defendants contend there is no genuine issue to be tried.

**I.   DEFENDANTS' STATEMENT OF UNDISPUTED FACTS REGARDING THE CONNECTICUT ACTION**

1.   Plaintiff Jarrow Formulas, Inc. ("JFI") is a California corporation having a place of business in Los Angeles, California. *Joint Trial Memorandum dated January 7, 2005, Stipulation of Uncontroverted Facts ("JTM") ¶ 1.*

2.   Defendant International Nutrition Company ("INC") is incorporated in Liechtenstein. *JTM ¶ 2*

3.   Defendant Professor Jack Masquelier ("Dr. Masquelier") is a citizen of France and resides in Bordeaux, France. *JTM ¶ 3.*

4.   Defendant Egbert Schwitters ("Schwitters") is a citizen of and resides in The Netherlands. *JTM ¶ 4.*

CTDOCS:14404.2

5.  Defendant Integrated BioCeuticals, LLC ("IBC") is a Connecticut limited liability company. *JTM ¶ 5.*

6.  Defendant Primary Services, Inc. is a Connecticut corporation. *JTM ¶ 6.*

7.  Defendant Primary Source, LLC ("Primary Source") is a Connecticut limited liability company. *JTM ¶ 7.*

8.  Defendant Norman H. Zivin ("Attorney Zivin") is a citizen of the State of New York and resides in Chappaqua, New York. He has been admitted pro hac vice before the United States District Court for the District of Connecticut. *JTM ¶ 8.*

9.  In July 1969, Dr. Masquelier, two of his colleagues, and another person formed Centre d'Experimentation Pharmaceutique ("CEP"). Dr. Masquelier was a partner of CEP. *JTM ¶ 9.*

10. In 1970, Dr. Masquelier and his colleagues formed a company called Societe Civile d'Investigations Pharmacologiques D'Aquitaine ("SCIPA"). *JTM ¶ 10.*

11. On April 1, 1985, Dr. Jack Masquelier ("Dr. Masquelier") executed an Assignment of a proposed patent application that later matured into U.S. Patent No. 4,698,360 (the "'360 patent") to Horphag Overseas Ltd. ("Horphag")[1] and Societe Civile d'Investigations Pharmacologiques d'Aquitaine ("SCIPA") as joint assignees (the "April 1, 1985 Assignment"). *Form 26(f) Report of Parties' Planning Meeting dated July 5, 2001 ("Report") Statement of Undisputed Facts at 3-4; JTM ¶ 11; Plaintiff Jarrow Formulas' Trial Exhibit ("JFI Ex.__") 225 (Second Declaration of Donna Tobin dated Sept. 30, 1998 ("Tobin Decl.") Exhibit C), attached hereto at TAB 1.* On April 9, 1985, the April 1, 1985 Assignment was recorded in the United

---

[1] At some point, Horphag Overseas Ltd. changed its name to Horphag Research Ltd. Both are referred to as "Horphag".

States Patent & Trademark Office ("USPTO"), *Id.*, together with the filing of the patent application. *JTM ¶ 12.*

12. On April 29, 1985, SCIPA and Horphag entered into an agreement referred to within the agreement as a "joint research contract." *JTM ¶ 13; JFI Ex. 225 (Tobin Decl. Ex. D), attached hereto at **TAB 2.***

13. On October 6, 1987, the '360 patent was issued in the name of Dr. Masquelier as the inventor and to SCIPA and Horphag as the joint assignees. *JTM ¶ 14; JFI Ex. 225 (Tobin Decl. Ex. G), attached hereto at **TAB 3**.* The now expired '360 patent is a method of use patent and does not claim a product or the manufacture of a product. *JTM ¶ 15.*

14. On October 16, 1990, Horphag wrote a letter to its U.S. attorney stating its understanding regarding ownership of the '360 patent. *JFI Ex. 225 (Tobin Decl. Ex. O), attached hereto at **TAB 4.***

15. On May 5, 1992, INC registered the trademark "OPC 85" for nutritional supplements in the USPTO. *Defendant INC's Trial Exhibit ("INC Ex. ____") 29, attached hereto at **TAB 5**.* See also photocopy of *INC Ex. 273 (bottle of OPC 85), attached hereto at **TAB 6**.*

16. On March 28, 1994, an Assignment from SCIPA to INC was recorded in the USPTO. *JTM ¶ 16; JFI Ex. 225 (Tobin Decl. Ex. A), attached hereto at **TAB 7.***

17. INC paid 200,000 French francs for SCIPA's assignment of its interest in the '360 patent. *Egbert Schwitters Deposition ("Schwitters Depo.") at 212, attached hereto at **TAB 8**; Norman Zivin Deposition ("Zivin Depo.") at 3-4, attached hereto at **TAB 9.***

18. On June 8, 1993, Horphag commenced an action against Consac Industries, Inc., entitled, <u>Horphag Research, Ltd. and M.W. Int'l, Inc. v. Consac Indust., Inc.</u>, Civil Action No.:

CV-93-2522 (TCP), in the United States District Court for the Eastern District of New York, alleging that Consac was infringing the '360 patent. *JFI Ex. 225 (Tobin Decl. Exs. L & B), attached hereto at **TAB 10**.* Horphag did not ask INC or any previous co-owner of the '360 patent to join in its infringement suit against Consac and did not join INC or any previous co-owner of the '360 patent as parties to that action. *Id.; Zivin Depo. at 102, attached hereto at **TAB 9**.* Horphag's attorney's stated view was that "either assignee may bring an infringement action without the permission of the other assignee." *JFI Ex. 225 (Tobin. Decl. Ex. P), attached hereto at **TAB 11**.*

19. On August 29, 1994, Consac brought an action against INC and Horphag in which Consac sought a declaratory judgment that the '360 patent was invalid. *Zivin Depo. at 45-49, attached hereto at **TAB 9**; INC Ex. 92 (Transcript of Motion dated Oct. 28, 1994), attached hereto at **TAB 12**.* Judge Platt, who was presiding over that action in the Eastern District of New York, stated on the record to Attorney Zivin, who was representing INC, that INC could be vouched in to the already pending Horphag-Consac action. *Id. at 19.* In July 1995, Horphag and Consac entered a stipulation to dismiss Horphag's patent and trademark claims and Consac's counterclaims of patent and trademark invalidity and antitrust violations. Consac agreed that the '360 patent is valid and that it had infringed the patent. *JFI Ex. 225 (Tobin Decl. Ex. B), attached hereto at **TAB 10**.*

20. In November 1994, JFI began selling supplements that it called, "OPC-95" and "OPC+95," which were labeled as containing proanthocyanidins for scavenging of free oxygen radicals. *Jarrow Rogovin Deposition ("Rogovin Depo.") at 133, 136-37, 166, attached hereto at **TAB 13**; see also photocopy of INC Ex. 272( bottle of JFI "OPC-95™"), attached hereto at **TAB 14**.* Prior to the Connecticut action, JFI used the name "OPC-95™" for its

proanthocyanidins "Phyto-Antioxidant" product. **[RESTRICTED CONFIDENTIAL** *INC Ex. 336 (JAR 4708), attached hereto at* **TAB 15**]; *photocopy of INC Ex. 272 (bottle of JFI "OPC-95™") attached hereto at* **TAB 14**.

21.     In October 1995, Horphag filed a lawsuit in the trial court of Bordeaux, France against INC, SCIPA, Dr. Masquelier and others. Horphag v. SCIPA et al.; Gen. Roll no.:13618/95. *Report at 4; JTM ¶ 17*.

22.     Bert Schwitters testified that INC conducted an investigation in early 1994 concerning the '360 patent and again in late 1995 to early 1996 before bringing the infringement action. *3/13/02 Schwitters Depo. at 264-73, attached hereto at* **TAB 8**. INC secured legal opinions regarding INC's rights of ownership under the '360 patent from counsel, including INC's Dutch intellectual property lawyer, Attorney Hagenaars, Attorney Zivin, and a French lawyer, Attorney Luchtenburg. *Id. at 266-73; 297-98, attached hereto at* **TAB 8**.

23.     On February 14, 1996, PSI's Rick Lefebvre purchased twelve bottles of JFI's "OPC-95." *INC Ex. 118, attached hereto at* **TAB 16**.

24.     Attorney Zivin testified that his law firm, Cooper & Dunham LLP, undertook pre-complaint investigation pursuant to Rule 11. *Zivin Depo. at 75, attached hereto at* **TAB 9**.

25.     On March 6, 1996, INC filed a lawsuit in the United States District Court for the District of Connecticut against Horphag, JFI, and 16 other defendants (INC v. Horphag, et al.; Civil Action No. 3:96-CV-386 (DJS) (the "Connecticut action")). *Report at 4; JTM ¶ 18; INC Ex. 355, attached hereto at* **TAB 17**. In the Connecticut action, INC alleged it had ownership rights in the '360 patent and claimed that the defendants were infringing the '360 patent and that JFI and certain other defendants also were infringing INC's OPC 85 trademark. *INC Ex. 355*. In the Connecticut action, INC requested injunctive relief against JFI and other defendants for

trademark infringement of INC's OPC-85 mark. *Id.* Dr. Masquelier, Bert Schwitters, IBC, PS, and PSI were not parties to the lawsuit. *Id.*

26. In response to the Connecticut action, JFI ceased using the name "OPC-95™" in connection with its procyanidins antioxidant product, instead using "something like oligo proanthocyanidins plus monomers and dimers." *Rogovin Depo. at 140-41, 185-89, attached hereto at **TAB 13**;* [**RESTRICTED CONFIDENTIAL** *INC Ex. 336 (JAR 4703-4707), attached hereto at **TAB 15**.*]

27. Although JFI contended in the underlying lawsuit that OPC-85 was not a trademark but a merely descriptive term, JFI's "OPC-95™" mark used the "™" to denote a trademark even though JFI had not registered "OPC-95" with the USPTO. *Rogovin Depo. at 187-88, attached hereto at **TAB 13**.*

28. In May 1996, Horphag and others moved to dismiss INC's complaint. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at **TAB 18**.*

29. On June 4, 1996, INC filed in the Connecticut action its Memorandum in Opposition to [Defendants Now Foods, Kaire Int'l, M.W. Int'l and Horphag's] Motion to Dismiss, with Affidavits of Donna A. Tobin, Gary Senecal and Richard Lefebvre in support thereof, attached hereto at **TAB 19**.

30. On August 20, 1996, Canandaigua Wine Company, Inc., then the second largest wine company in the world, and INC entered into a license agreement under the '360 patent. [**RESTRICTED CONFIDENTIAL** *JFI Ex. 172, attached hereto at **TAB 20**.*] Canandaigua's General Counsel had a large patent firm conduct an investigation re title before taking a license from INC. *See JFI Ex. 169, attached hereto at **TAB 20**.*

31. On October 10, 1996, Dr. Masquelier executed a "Confirmatory Assignment" of the '360 patent to INC (the "October 10, 1996 Confirmatory Assignment"). *JTM ¶ 20; JFI Ex. 225 (Tobin Decl. Ex. E), attached hereto at **TAB 21**.* The October 10, 1996 Confirmatory Assignment was recorded in the USPTO on November 4, 1996. *Id.*

32. On November 8, 1996, Professor Craig Allen Nard, then Visiting Associate Professor of Intellectual Property Law at Rutgers University Law School, executed an affidavit with exhibits regarding 35 U.S.C. §§ 1 et seq. in which he testifies that questions of ownership of a U.S. patent can only be determined according to U.S. patent law. *INC Ex. 166, attached hereto at **TAB 22**.*

33. In 1997, after the Connecticut action was filed, Horphag licensed Indena (a competitor of INC) under the '360 patent. See *Ruling on Motion for a Protective Order dated June 30, 1999, attached hereto at **TAB 23**.* Although Horphag's license agreement with Indena was produced by defendants in the Connecticut action, INC was not allowed to use the agreement for any purpose and Judge Squatrito ordered the return of the produced agreement. *Id.; Brief of Appellant attached hereto at **TAB 41**.*

34. On March 21, 1997, Judge Squatrito denied the defendants motions to dismiss and stayed the Connecticut action pending the outcome of the reexamination of the '360 patent and the decision of the French courts. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at **TAB 18**.* Consequently, no discovery was taken in the Connecticut action.

35. On March 25, 1997, the Bordeaux trial court issued a decision in the lawsuit brought by Horphag in Horphag v. SCIPA et al.; Gen. Roll no.:13618/95. *Report at 5; JFI Ex. 351, attached hereto at **TAB 24**.*

36. In April through September 1997, several defendants moved to dismiss the Connecticut action for lack of standing. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at TAB 18.* On April 22, 1997, JFI filed in the Connecticut action its Memorandum in Support of Defendant Jarrow Formulas' Motion to Dismiss. *JFI Ex. 211, attached hereto at TAB 25.*

37. On October 31, 1997, Judge Squatrito denied the defendants motions to dismiss without prejudice to renewal after the pending reexamination of the '360 patent. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at TAB 18.*

38. On November 4, 1997, the USPTO issued a Reexamination Certificate confirming the patentability of all the claims in the '360 patent. *JTM ¶ 21; JFI Ex. 225 (Tobin Decl. Ex. I), attached hereto at TAB 26.*

39. On May 28, 1998, the French Appellate court issued a decision in SCIPA et al. v. Horphag; Roll no.: 97003242. *Report at 5; JTM ¶ 23; JFI Ex. 225 (Tobin Decl. Ex. J), attached hereto at TAB 27.*

40. In 1998, SCIPA merged with CEP. *JTM ¶ 24.*

41. In June through August 1998, the defendants moved to extend comity to the Bordeaux decision and dismiss INC's infringement complaint. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at TAB 18.*

42. On September 30, 1998, INC filed in the Connecticut action its memorandum in opposition to defendants' motions to dismiss and Second Declaration of Donna A. Tobin in support thereof, attached hereto at *TAB 28.*

43. On November 6, 1998, INC filed in the Connecticut action an Affidavit of Frederic Benech in support of INC's opposition to defendants' motions to dismiss, attached hereto at *TAB 29.*

44. On February 11, 1999, Judge Squatrito denied the motions to dismiss, suggesting that motions for summary judgment were the more appropriate procedure. *Civil Docket, 3:96-cv-00386-DJS, attached hereto at **TAB 18**.*

45. On March 26, 1999, JFI filed a Motion for Summary Judgment in the Connecticut action. *JTM ¶ 25; JFI Ex. 211, attached hereto at **TAB 30**.*

46. On April 30, 1999, INC filed in the Connecticut action its memorandum in opposition to defendants' motions for summary judgment, statement of material facts, and objections to defendants' 9(c) statements, attached hereto at **TAB 31**.

47. On March 18, 2000, Judge Squatrito granted summary judgment on the patent infringement count in favor of defendants in the Connecticut action. *Report at 5; JTM ¶ 26; JFI Ex. 238, attached hereto at **TAB 32**.*

48. On March 31, 2000, INC filed a motion for reconsideration of the summary judgment motions Judge Squatrito had granted and also sought leave to file an amended complaint. *Report at 5; JTM ¶ 27; JFI Ex. 242, attached hereto at **TAB 33**.*

49. On April 19, 2000, Horphag, M.W. International, Kaire International and NOW Foods filed in the Connecticut action Defendants' Notice of Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285 and a supporting memorandum, attached hereto at **TAB 34**.

50. On April 19, 2000, Indena U.S.A. and Enzymatic Therapy, Inc. filed in the Connecticut action their Memorandum in Support of Their Motion for Attorneys Fees Pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 54(d), and Civil Local Rule 9(f), attached hereto at **TAB 35**.

51. On April 27, 2000, Judge Squatrito denied INC's Motion for Reconsideration and for Leave to File Amended Complaint and entered judgment for defendants. *Report at 5; JTM ¶ 28.*

52.     On April 28, 2000, judgment was entered for JFI, Nutraceutical Corporation, New Vision International Inc., and Changes International pursuant to a stipulation to dismiss the trademark claims in the Connecticut action with prejudice. *Report at 6; JTM ¶ 29.*

53.     On May 8, 2000, INC filed a notice of appeal appealing Judge Squatrito's March 18, 2000 decision and April 27 judgment to the United States Court of Appeals for the Federal Circuit. *Report at 6; JTM ¶ 30.*

54.     On May 10, 2000, INC filed in the Connecticut action its Memorandum in Opposition to the Defendants' Motions for Attorneys' Fees, attached hereto at ***TAB 36***.

55.     On May 31, 2000, JFI moved for attorney's fees in the District of Connecticut pursuant to 28 U.S.C. § 1927 and 35 U.S.C. 285 that, in part, incorporated by reference the arguments set forth in the previous two motions for attorney's fees made by other defendants, attached hereto at ***TAB 37***.

56.     On June 20, 2000, INC filed in the Connecticut action its Opposition to Defendant Jarrow's Motion for Attorneys' Fees, attached hereto at ***TAB 38***.

57.     On July 7, 2000, JFI filed in the Connecticut action its Reply Memorandum in Support of its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285, attached hereto at ***TAB 39***.

58.     On July 25, 2001, Judge Squatrito denied the defendants' motions for attorneys' fees without prejudice to being refiled within thirty days after the entry of a final decision by the Court of Appeals. *INC Ex. 237, attached hereto at **TAB 40**.*

59.     On August 14, 2000, INC filed in the Federal Circuit its "Brief of Appellant." *JFI Ex. 250, attached hereto at **TAB 41**.*

60. On October 10, 2000, JFI filed a "Notice of Joinder" in the appeal before the Federal Circuit, joining the appellee briefs of: (1) Horphag Research, Inc., Kaire International, Inc., M.W. International, Inc., and NOW Foods; and (2) USANA, Inc., attached hereto at **TAB 42**.

61. On November 3, 2000, New Vision International filed with the Federal Circuit a Motion for Attorney's Fees and Double Costs Against Appellant International Nutritional Company for Filing and Prosecuting a Frivolous Appeal, Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, cover page attached hereto at **TAB 43**.

62. On January 17, 2001, JFI filed with the Federal Circuit a Notice of Joinder of Appellee Jarrow Formulas, Inc., joining New Vision International's Motion for Attorney's Fees and Double Costs dated November 2, 2000, attached hereto at **TAB 44**.

63. On June 16, 2001, the Federal Circuit affirmed Judge Squatrito's grant of summary judgment in the Connecticut action. *INC v. Horphag Research Ltd., 257 F.3d 1324 (Fed. Cir. 2001), attached hereto at **TAB 45**.*

64. On July 20, 2001, the Federal Circuit denied New Vision International and, by its joinder, JFI's motion for attorney's fees and costs pursuant to FRAP 38. *INC Ex. 342, attached hereto at **TAB 43**.*

65. On August 13, 2001, INC filed in the District of Connecticut its Opposition to Defendants New Vision's and Indena's Renewed Motion for Attorney's Fees Pursuant to 35 U.S.C. § 285, attached hereto at **TAB 46**.

66. On August 15, 2001, JFI filed in the District of Connecticut its Memorandum of Law in support of its Renewed Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285, attached hereto at **TAB 47**.

67.     On September 7, 2001, INC filed in the District of Connecticut its Opposition to Defendant Jarrow's Renewed Motion for Attorneys' Fees, attached hereto at **TAB 48**.

68.     On September 21, 2001, JFI filed in the Connecticut action its Reply Memorandum in Support of its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285. *INC Ex. 307, attached hereto at **TAB 49***.

69.     On March 27, 2002, Judge Squatrito issued a ruling granting in part and denying in part the defendants' motions for attorney's fees, attached hereto at **TAB 50**. In Judge Squatrito's ruling, he stated:

> Although the Court is sure that the plaintiff lacked standing to bring its patent-infringement claim, the Court cannot say that there is clear and convincing evidence that the plaintiff knew or should have known that the lawsuit was baseless, either at the time the lawsuit was brought or during its subsequent maintenance. Imatec Ltd. v. Apple Computer, Inc., 200 WL 633428, at *1 (S.D.N.Y. May 17, 2000). While this is a close case, the difficulties inherent in cases involving international courts and United States patent law obviate a finding by this Court that the facts undisputably [sic] lead to a conclusion that the plaintiff knew or should have known that its claims were frivolous. Thus the Court does not find that this is an "exceptional" case under Section 285.

Ruling on Defendants' Motions for Attorney's Fees dated March 27, 2002 at 8.

## II.     THE CALIFORNIA ACTION

70.     On January 31, 1997, INC commenced an action in the United States District Court for the Northern District of California entitled, <u>International Nutrition Co. v. Interhealth Nutritionals, Inc.</u>, et al., No. C 97-0377 MJJ (N.D. Cal.) (the "California action"), alleging that the defendants were infringing the '360 patent. *JTM ¶ 19; INC Ex. 356, attached hereto at **TAB 51***. JFI was not a defendant in the California action.

71.     On July 22, 1997, that court stayed discovery pending the outcome of the French litigation, ruling attached hereto at **TAB 52**.

72.     On September 6, 2000, the court accorded comity to the decision of Bordeaux Appeals court and granted summary judgment on the patent infringement count in favor of defendants, ruling attached hereto at *TAB 53*.

73.     On January 24, 2001, the court in the California action denied the defendants' motions for attorneys' fees, finding that:

> This action does not constitute an exceptional case. See 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); Beckham Instruments, Inc. v. LKB Produktor A.B., 892 F.2d 1547, 1551 (Fed. Cir. 1989) (exceptional case finding may be based on "willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit); Reactive Metals and Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582 (Fed. Cir. 1985). Although Plaintiff's claims ultimately failed, it has not been shown that Plaintiff unreasonably or frivolously pursued this action.

Order Denying Defendants' Motions for Attorneys' Fees at 2, attached hereto at *TAB 54.*

### III.    THE PRESENT ACTION

74.     On July 24, 2001, JFI stated in its opposition to defendants' motion to dismiss in the present case that "In contrast to the antitrust claims at issue here, Critical-Vac asserted that Minuteman committed fraud on the Patent Office and tried to enforce a patent it knew was invalid." *Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim, attached hereto at **TAB 55**.*

75.     On August 21, 2001, JFI stated in its surreply brief with respect to defendants' motion to dismiss that "Jarrow has not claimed in this suit, as had the plaintiff in Critical-Vac, that the '360 patent is invalid" and "the validity of the '360 patent is not an issue raised by Jarrow's claims in this case." *Plaintiff's Surreply Memorandum in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim, attached hereto at **TAB 56**.*

## IV. JFI'S DECLARATORY JUDGMENT ACTION

76.     On March 31, 2004, JFI filed a complaint against Horphag Research Ltd., INC and Centre D'Experimentation Pyncogenol Sarl ("CEP") in which it alleged: "JFI is presently manufacturing and selling, and since 1995 has manufactured and sold, oligomeric proanthocyanidins ("OPCs") in the United States and abroad. JFI's products contain OPCs extracted from grape seed, and the labels and/or product literature recommend administration for scavenging free radicals." *Complaint ¶ 8, attached hereto at **TAB 57**.*

                                        DEFENDANTS,
                                        INTERNATIONAL NUTRITION
                                        COMPANY, EGBERT SCHWITTERS,
                                        NORMAN H. ZIVIN, JACK
                                        MASQUELIER, INTEGRATED
                                        BIOCEUTICALS, LLC, PRIMARY
                                        SOURCE, LLC, AND PRIMARY
                                        SERVICES, INC.


                                By:     /s/ Eric D. Beal
                                        RICHARD S. ORDER, ESQ.
                                        Federal Bar No. ct02761
                                        E-mail: rso@avhlaw.com
                                        ERIC D. BEAL, ESQ.
                                        Federal Bar No. ct23167
                                        E-mail: exb@avhlaw.com
                                        Axinn, Veltrop & Harkrider LLP
                                        90 State House Square
                                        Hartford, CT 06103-3702
                                        Telephone:   860-275-8100
                                        Facsimile:   860-275-8101

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by hand this 18th day of July, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Alexandra B. Stevens, Esq.
Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

/s/ Eric D. Beal
Eric D. Beal
AXINN, VELTROP & HARKRIDER LLP