UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

HORPHAG RESEARCH LTD. and
M.W. INTERNATIONAL, INC.,

     Plaintiffs,

- against -

COUNTRY LIFE, INCORPORATED,

     Defendant.

- - - - - - - - - - - - - - -X

DOCKET NO. CV-93-2522 (TCP)

COMPLAINT

PLAINTIFFS REQUEST TRIAL BY JURY

  Plaintiffs, by their attorneys, HASHMALL, SHEER, BANK & GEIST and DEYAN RANKO BRASHICH, Equire, complaining of the Defendant, respectfully allege as follows:

  1. Plaintiff HORPHAG RESEARCH LTD. (hereafter "HORPHAG") for all times pertinent to the Complaint, is and was a corporation existing pursuant to and by virtue of the laws of the United Kingdom, maintaining its principal place of business at Maison Allaire, Smith Street, St. Peter's Port, Gurnsey, Channel Islands.

  2. Plaintiff M.W. INTERNATIONAL, INC. (hereafter "M.W.") is and was, for all times pertinent to the Complaint, a corporation existing to and by virtue of the laws of the State of New Jersey, maintaining its principal place of business at 215 Route 22 West, Hillside, New Jersey 07205.

1.

Tobin Declaration
Exhibit L

3. Defendant COUNTRY LIFE, INCORPORATED (hereafter "COUNTRY LIFE"), for all times pertinent to the Complaint is and was a corporation existing pursuant to and by virtue of the laws of the State of New York, maintaining its principal place of business at 180 Oser Avenue, Hauppauge, New York 11788.

4. Jurisdiction of this Court is respectfully invoked pursuant to the provisions of Title 28, United States Code, Section 1331, in that the claims upon which this Complaint is founded lies under the Constitution, laws or treaties of the United States; jurisdiction of this Court is further respectfully invoked pursuant to the provisions of Title 28, United States Code, Section 1338, in that the claims and causes of action asserted herein relate to trademark infringement and a violation of patent rights; jurisdiction is further respectfully invoked pursuant to the provisions of Title 28, United States Code, Section 1331 in that there exists a total diversity of citizenship between the parties and the claim and controversy at issue exceeds the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of costs, interest and disbursements.

5. Plaintiff HORPHAG, on or about April 9, 1985, made due application to the United States Patent Office for a

2.

patent for a plant extract with a proanthocyanidins content as therapeutic agent having radical scavenger effect and use thereof. On or about October 6, 1987, the United States Patent Office granted Plaintiff HORPHAG a patent for such invention, enumerated as patent number 4,698,360, a copy of which is attached hereto and incorporated by reference herein.

6. On or about December 22, 1987, Plaintiff HORPHAG and/or its assignee, Plaintiff M.W. commenced to use a trademark PYCNOGENOL and thereafter under serial number 74-022,937 on January 26, 1990, duly filed for trademark protection before the United States Patent and Trademark Office. On or about May 11, 1993, the United States Patent and Trademark Office issued Plaintiff HORPHAG its registration number 1,769,633, for such trademark.

7. Both patent number 4,698,360 and trademark number 1,769,633 are in full force and effect, have not been alienated and the use to such intellectual property may be had only with the approval and consent of Plaintiff HORPHAG.

8. Plaintiff M.W. is the exclusive distributor of Plaintiff HORPHAG for the United States and Canada for PYCNOGENOL manufactured by Plaintiff HORPHAG pursuant to a valid license and authorization which is in full force and

3.

effect.

9. Defendant COUNTRY LIFE, on or before May 27, 1992, commenced using the registered trademark PYCNOGENOL without the consent or approval of Plaintiffs, and continues to infringe such trademark to the date of this Complaint in violation of the law.

10. Defendant COUNTRY LIFE on or before May 27, 1992 commenced using the intellectual property set forth as Patent Number 4,698,360 without the consent or approval of Plaintiffs and continues to infringe upon such patent to the date of this Complaint in violation of law.

11. On or about May 27, 1992, written demand was made upon the Defendant to cease and desist in the complained of infringement of both the trademark and the patent referred to above. Despite such written demand, Defendant to date continues to recklessly, wantonly and in total violation of law to infringe on both the trademark and the patent.

12. WHEREFORE, Plaintiffs demand judgment as against the Defendant as follows: permanent injunction as against Defendant from infringing Plaintiffs' trademark and patent; for an accounting as allowed by law and for a money judgment in a sum to be established at the trial of this action; for a

4.

judgment in the sum of ONE MILLION ($1,000,000.00) DOLLARS for the willful, wanton, reckless infringement of the trademark and patent as and for exemplary and punitive damages and for such other and further relief as to this Court may seem just and proper under the circumstances.

DATED:  New York, New York
        June 7, 1993

                                    HASHMALL, SHEER, BANK & GEIST
                                    Attorneys for Plaintiffs
                                    399 Knollwood Road
                                    White Plains, New York  10603
                                    914/761-9111

                                    _____
                                    DEYAN RANKO BRASHICH
                                    Attorney for Plaintiffs
                                    1040 Avenue of the Americas
                                    New York, New York  10018
                                    212/575-1778
                                    DB-S703

5.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT ED. N.Y.
LONG ISLAND OFFICE
— 0/1995
TIME P.M. 7/26/95
      A.M.

HORPHAG RESEARCH, LTD. and )
M. W. INTERNATIONAL, INC., )
                                   )    Civil Action No.:
                                   )    CV-93-2522 (TCP)
       Plaintiffs And Counterclaim  )
       Defendants,  )
   v.  )
                                   )
CONSAC INDUSTRIES, INC.  )
d/b/a COUNTRY LIFE,  )
                                   )
       Defendant And  )
       Counterclaim Plaintiff.  )

## STIPULATION AND ORDER
## OF SETTLEMENT AND DISMISSAL

WHEREAS, on June 8, 1993, Plaintiffs, Horphag Research, Ltd. ("Horphag") and M.W. International, Inc. ("MW") filed suit against Consac Industries, Inc. d/b/a Country Life ("Consac") for the infringement of U.S. Patent No. 4,698,360 ("the '360 patent") and the Trademark Pycnogenol®. These claims were amended on August 4, 1993 to allege violations under: the Lanham Act (15 U.S.C. § 1125(a)), 35 U.S.C. § 292 (False Marking), the Common Law -- Unfair Competition, and New York Business Law §§ 349, 350, 368-b and 368-d.

Tobin Declaration
Exhibit B

Consac's Answer asserted, inter alia: that the '360 patent and Trademark Pycnogenol® were not infringed, were invalid and Counterclaimed that the '360 patent and Trademark Pycnogenol® were invalid, and not infringed. Consac further alleged various violations under 35 U.S.C. §§ 1 and 2 (The Sherman Act).

WHEREAS, the parties desire to settle their dispute and to dismiss their claims against one another.

WHEREAS, on July 21, 1995 the parties entered into a Settlement Agreement And Conditional Trademark And Patent License ("the Settlement Agreement").

WHEREAS, Consac agrees that the '360 patent is valid and enforceable. Consac further agrees that it has infringed the '360 patent; and Consac agrees that the Trademark Pycnogenol® is valid and enforceable and has been infringed by Consac.

WHEREAS, pursuant to the Settlement Agreement Consac has further agreed to dismiss with prejudice all its claims against Plaintiffs and Plaintiffs have agreed to dismiss their claims against Consac. The parties, however, wish to keep the terms of the Settlement Agreement confidential unless otherwise Ordered by this Court.

NOW, THEREFORE, Horphag, MW and Consac stipulate as follows:

Pursuant to Rule 41(a)(2), F.R.Civ.P., the parties stipulate to:

1. Plaintiffs' claims against Defendant are dismissed with prejudice;

2. All Defendant's Counterclaims against Plaintiffs are dismissed with prejudice;

3. The Court shall retain jurisdiction over the parties for purposes of enforcement of the Settlement Agreement; and

4. Each party to bear its own costs.

DATED: *July 24, 1995*

Marvin S. Gittes (MSG 6112)
Cobrin, Gittes & Samuel
750 Lexington Avenue
New York, NY 10022
Attorney for Plaintiffs

DATED: *July 21, 1995*

C. Bruce Hamburg (CH 8158)
Jordan & Hamburg
122 East 42nd Street
New York, New York 10168
Attorneys for Defendant

SO ORDERED, _July_ _21_, 1995

_____
UNITED STATES DISTRICT JUDGE

-3-