# Dunn & Simpson, P.C.
### Attorneys at Law

Michael L. Dunn
Robert P. Simpson
Mark G. Bloom

Howard M. Ellis
of Counsel

P. O. Box 96, Newfane, N.Y. 14108, U.S.A.

Intellectual Property
Matters Worldwide

Telephone 716-433-1651
Facsimile 716-433-1665

February 3, 1994

Gerald P. Nehra
Attorney at Law
1710 Beach Street
Muskegon, Michigan 49441

Re: Horphag Research Limited v. Momentum Marketing, Inc.
    Infringement of PYCNOGENOL Trademark
    Infringement of United States Patent No. 4,698,360
    Our Ref: MTL:219

Dear Mr. Nehra:

I write in reference to your letter of January 31, 1994, and to clarify and explain our client's position.

With respect to our trademark, we believe that ordinarily prudent consumers are likely to be confused and/or misled by your client's label. Specifically, we believe consumers will likely believe that Horphag Research Limited is the source or origin of your client's product, or, at the very least, endorses your client's product. We believe this to be the case since the label recites no manufacturer other than Horphag. The label recites, "Specifically formulated for Momentum Marketing Inc." but does not recite who does the manufacturing or formulating. We believe consumers will logically conclude that Horphag is the source of the product. We are of the opinion that this is a violation of Section 43 of the Lanham Act.

You should also be aware that the trademark PYCNOGENOL is used in the United States exclusively for dietary supplements containing proanthocyanidins derived from pine bark. Our client prohibits use of its trademark in association with any product which does not contain pine bark extract supplied by Horphag. We believe your client's product label misleads consumers into believing that Horphag's trademark PYCNOGENOL is somehow associated with proanthocyanidins from grape seed extract. We regard this as a violation of our client's common law trademark rights.

Tobin Declaration
Exhibit P

Gerald P. Nehra, Esq.
February 3, 1994
MTL:219
Page 2

Finally, the trademark PYCNOGENOL is a registered trademark of Horphag in both the United States and Canada. As such, the symbol ® should always be used with the trademark. We believe that your client's label misleads consumers into believing that PYCNOGENOL is not a registered trademark.

We again request that your client cease and desist this infringing activity.

With respect to our claim of patent infringement, you are correct that U.S. Patent No. 4,698,360 has been assigned to co-assignees. As you are aware, under U.S. patent law, absent an agreement to the contrary, either assignee may license a patent without the permission of the other assignee. Also, either assignee may bring an infringement action without the permission of the other assignee.

We were surprised by your assertion that you have a license under the patent from Societe Civile d'Investigations Pharmacologiques d'Aquitaine, since, to our knowledge Societe Civile d'Investigations Pharmacologiques d'Aquitaine has not granted any licenses under this patent. If you would provide us with a copy of your license agreement, together with a certified English language translation if the original is not in English, we would be pleased to consider dropping our patent infringement claim. Absent such a license agreement, we repeat our request to cease and desist this infringing activity.

Finally, and with all due respect, we believe the last paragraph of your letter contains a misinterpretation of U.S. patent law. Horphag does not need to have the right to preclude its co-assignee from making, using or selling the invention in order to have the right to preclude your client from doing so. As such, we will not provide the evidence you mention, since this is not necessary to enforce our rights. In any event, this may be a moot point if you are able to provide us with a copy of your license agreement.

We look forward to your prompt response.

Very truly yours,

Robert P. Simpson

RPS/cah356