IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERNATIONAL NUTRITION    )
COMPANY,                   )
                           )
            Plaintiff,     )
                           )
    v.                     )        Civil Action No.
                           )        396 CV 00386 (DJS)
HORPHAG RESEARCH LTD., MW  )
INTERNATIONAL, INC., KAIRE )
INTERNATIONAL, INC., TRACO LABS, )
INC., CHEMCO INDUSTRIES, INC., )
GREATER CONTINENTS, INC., INDENA )
U.S.A., TWIN LABORATORIES, INC., )
USANA, INC., FREE LIFE     )
INTERNATIONAL LTD., NOW FOODS, )
ENZYMATIC THERAPY, INC.,   )
NUTRACEUTICAL CORPORATION, ESTEE )
LAUDER, INC., ARKOPHARMA, INC., )
JARROW FORMULAS, INC., NEW VISION )
INTERNATIONAL, INC. and CHANGES )
INTERNATIONAL OF FORT WALTON BEACH,)
INC.,                      )
                           )
            Defendants.    )

**PLAINTIFF'S OPPOSITION TO LOCAL
RULE 9(c) STATEMENTS OF DEFENDANTS**

Plaintiff, International Nutrition Company ("INC"), hereby submits its Opposition to the Local Rule 9(c) Statements of Defendants.[1]

Genuine issues of material fact exist which render summary judgment inappropriate.

---

[1] Defendants Arkopharma; Horphag, MW International, Kaire International, Inc. and Now Foods (the "Horphag defendants"); Indena and Enzymatic Therapy (the "Indena defendants") Jarrow; New Vision; Usana; and Chemco have submitted individual Rule 9(c) statements. Defendants Freelife, Nutraceutical, Traco and Twin Laboratories have relied on Rule 9(c) statements of various other defendants.

A.    Plaintiff's Opposition to Joint Local Rule 9(c)
      Statements of Horphag Defendants and Indena Defendants

1.    INC agrees that paragraph 1 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.

2.    The alleged facts set forth in paragraph 2 of Horphag's
Local Rule 9(c) Statement are in dispute.  Horphag is controlled by
Charles Haimoff, a U.S. citizen (Tobin Decl. May 31, 1996, Ex. B).

3.    INC agrees that paragraph 3 of Horphag's Rule 9(c)
Statements sets out facts not dispute.

4.    INC does not have sufficient information to admit or deny
whether the alleged facts set forth in paragraph 4 of Horphag's
Local Rule 9(c) Statement are in dispute.  INC requires discovery
pursuant to Fed. R. Civ. P. Rule 56(f) relating to Horphag's
allegation.

5.    INC does not have sufficient information to admit or deny
whether the alleged facts set forth in paragraph 5 of Horphag's
Local Rule 9(c) Statement are in dispute.    Mr. Haimoff has
testified in another matter that he owned Horphag Overseas Limited,
but is not certain who owns Horphag Research.   (Testimony on
10/6/95 in Civil Action No. 94-CV-4764 (E.D.N.Y.)).   INC requires
discovery pursuant to Fed. R. Civ. P. Rule 56(f) relating to
Horphag's allegation.

6.    The alleged facts set forth in paragraph 6 of Horphag's
Local Rule 9(c) Statement are in dispute.  No work was performed
which led to a patent under the referenced 1985 Contract.  The work
leading to the patent application which matured into the patent-in-

2

suit was done and the application was filed prior to execution of the 1985 Contract (Tobin Decl. 9/28/98, hereafter " Tobin Decl." Exs. D, G).

7.   The alleged facts set forth in paragraph 7 of Horphag's Local Rule 9(c) Statement are in dispute.   The terms of the 1985 Contract limit the duration of an assignment thereunder (Tobin Decl. Ex., D, p.3, Art 6). The contract has expired and Horphag's interest in the patent-in-suit reverted to the assignor, Dr. Masquelier by operation of law.   Dr. Masquelier subsequently assigned his reversionary rights to INC.

8.   The alleged facts set forth in paragraph 8 of Horphag's Local Rule 9(c) Statement are in dispute.   Reversion of Dr. Masquelier's rights is implicit and occurred by operation of law.

9.   The alleged facts set forth in paragraph 9 of Horphag's Local Rule 9(c) Statement are in dispute.   Reversion of Dr. Masquelier's rights is implicit and occurred by operation of law.

10.   The alleged facts set forth in paragraph 10 of Horphag's Local Rule 9(c) Statement are in dispute.   The 1985 Contract is limited by its own terms (Tobin Decl. Ex. D, p.3, Art 6).

11.   The alleged facts set forth in paragraph 11 of Horphag's Rule 9(c) Statement are in dispute.   The assignment was not in accordance with any terms of the 1985 Contract (Tobin Decl. Ex. D).

12.   The alleged facts set forth in paragraph 12 of Horphag's Rule 9(c) Statement are in dispute.   The assignment was not in accordance with any terms of the 1985 Contract (Tobin Decl. Ex. D).

3

13.   The alleged facts set forth in paragraph 13 of Horphag's Rule 9(c) Statement are in dispute.   The assignment was not in accordance with any terms of the 1985 Contract (Tobin Decl. Ex. D).

14.   INC agrees that paragraph 14 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

15.   The alleged facts set forth in paragraph 15 of Horphag's Rule 9(c) Statement are in dispute. The assignment was not in accordance with any terms of the 1985 Contract (Tobin Decl. Ex. D).

16.   The alleged facts set forth in paragraph 16 of Horphag's Local Rule 9(c) Statement are in dispute.   The 1985 Assignment became conditional upon the 1985 Contract by arrangement of the parties (Adler March 25, 1999 Decl. hereafter "Adler Decl." Ex. E).

17.   INC agrees that paragraph 17 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

18.   The alleged facts set forth in paragraph 18 of Horphag's Local Rule 9(c) Statement are in dispute.   Pursuant to an arrangement between the parties, Horphag owned an undivided one-half interest in the patent-in-suit for ten years. (Adler Decl. Ex. E).   After ten years, Horphag's interest reverted to the assignor, Dr. Masquelier by operation of law.   Dr. Masquelier assigned his reversionary interest in the patent to INC (Tobin Decl Ex. E).

19.   The alleged facts set forth in paragraph 19 of Horphag's Local Rule 9(c) Statement are in dispute.   Reversion of Dr. Masquelier's interest in the patent is implicit and occurred by operation of law after the 1985 Contract expired.

4

20.   The alleged facts set forth in paragraph 20 of Horphag's
Local Rule 9(c) Statement are in dispute.   Pursuant to an
arrangement between the parties, Horphag owned an undivided one-
half interest in the patent-in-suit for ten years. (Adler Decl. Ex.
E).   After ten years, Horphag's interest reverted to the assignor,
Dr. Masquelier, by operation of law.   Dr. Masquelier assigned his
reversionary interest in the patent to INC. (Tobin Decl. Ex. E)

21.   The alleged facts set forth in paragraph 21 of Horphag's
Local Rule 9(c) Statement are in dispute.   Pursuant an arrangement
between the parties, Horphag owned an undivided one-half interest
in the patent-in-suit for ten years.   (Adler Decl. Ex. E).   After
ten years, Horphag's interest reverted to the assignor, Dr.
Masquelier, by operation of law.   Dr. Masquelier assigned his
reversionary interest in the patent to INC (Tobin Decl. Ex. E).

22.   The alleged facts set forth in paragraph 22 of Horphag's
Local Rule 9(c) Statement are in dispute.   The 1985 agreement by
its terms expired in 1995.   The French Court of Bordeaux
specifically stated it could not determine Horphag's rights, if
any, after the expiration of the 1985 Contract.

23.   The alleged facts set forth in paragraph 23 of Horphag's
Local Rule 9(c) Statement are in dispute.   SCIPA assigned its
rights in the patent to INC (Tobin Decl. Ex. A).

24.   The alleged facts set forth in paragraph 24 of Horphag's
Local Rule 9(c) Statement are in dispute. INC is a bona fide
purchaser for value of an undivided one-half interest in the

5

patent-in-suit from SCIPA (Tobin Decl. Ex. A; Schwitters Decl. 9/25/88, hereafter "Schwitters Decl.", para. 7).

25.  The alleged facts set forth in paragraph 25 of Horphag's Local Rule 9(c) Statement are in dispute.  INC does not dispute there was a 1985 Contract when SCIPA assigned its rights in the patent-in-suit to INC, but INC did not know of any restrictions on assignments (Schwitters Decl. para. 7).  INC is a bona fide purchaser for value of an undivided one-half interest in the patent-in-suit from SCIPA (Tobin Decl. Ex. A).

26.  The alleged facts set forth in paragraph 26 of Horphag's Local Rule 9(c) Statement are in dispute.  INC had no knowledge, nor should it have had knowledge, of any restrictions on SCIPA concerning the assignment of its rights in the '360 patent, because there were none (Schwitters  Decl. para. 7).  INC is a bona fide purchaser for value of an undivided one-half interest in the patent-in-suit from SCIPA (Tobin Decl. Ex. A).

27.  The alleged facts set forth in paragraph 27 of Horphag's Local Rule 9(c) Statement are in dispute.  INC submitted the Declaration of Mr. Bert Schwitters that the actual consideration paid by INC for the 1994 assignment was substantial (Schwitters Decl. para. 5).  INC is a bona fide purchaser for value of an undivided one-half interest in the patent-in-suit from SCIPA (Tobin Decl. Ex. A).

28.  The alleged facts set forth in paragraph 28 of Horphag's Local Rule 9(c) Statement are in dispute.  INC submitted the Declaration of Mr. Bert Schwitters that the actual consideration

6

paid by INC for the 1994 assignment was substantial (Schwitters Decl. para. 5). INC is a <u>bona fide</u> purchaser for value of an undivided one-half interest in the patent-in-suit from SCIPA.

29. INC agrees that paragraph 29 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

30. INC agrees that paragraph 30 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

31. The alleged facts set forth in paragraph 31 of Horphag's Local Rule 9(c) Statement are in dispute. Horphag's statement is false and misleading. At the time of the Confirmatory Assignment, Horphag had no rights in the patent, and the 1985 Contract had expired (Tobin Decl. Ex. D., p. 3, Art. 6).

32. The alleged facts set forth in paragraph 32 of Horphag's Local Rule 9(c) Statement are in dispute. Horphag did not seek adjudication in France as to its rights, if any, in the patent-in-suit as determined by the 1985 Contract. The French Court determined Horphag was not entitled to INC's undivided one-half interest in the patent-in-suit.

33. The alleged facts set forth in paragraph 33 of Horphag's Local Rule 9(c) Statement are in dispute. Horphag did not seek adjudication in France as to its rights, if any, in the patent-in-suit as determined by the 1985 Contract.

34. INC agrees that paragraph 34 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

35. The alleged facts set forth in paragraph 35 of Horphag's Local Rule 9(c) Statement are in dispute. INC asserted in the

7

French litigation that France was not a fair forum to determine the validity of an assignment of a U.S. patent, which is governed by U.S. law.

36.   The alleged facts set forth in paragraph 36 of Horphag's Local Rule 9(c) Statement are in dispute.   Horphag did not seek construction by the French Court of its rights under the 1985 Contract.   The 1985 Contract clearly states that the parties can assign their rights thereunder (Tobin Decl. Ex. D, p.3, Act. 5). The lower court in Bordeaux applied a French statute which was contrary to the terms of the 1985 Contract (Adler Decl. of June 26, 1998 hereafter "Adler 1st Decl.," Ex. I, p. 16).

37.   INC agrees that paragraph 37 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

38.   The alleged facts set forth in paragraph 38 of Horphag's Local Rule 9(c) Statement are in dispute.   INC has submitted many pleadings in which it contested the propriety of the French Court in determining ownership of a U.S. patent.   A press release is not evidence.

39.   INC agrees that paragraph 39 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

40.   The alleged facts set forth in paragraph 40 of Horphag's Local Rule 9(c) Statement are in dispute.   The lower court in Bordeaux determined that Horphag was an owner of a one-half interest in the patent-in-suit but specifically stated it could not determine the present status of Horphag's rights, since the 1985 Contract had expired (Adler 1st Decl., Ex. I, p. 18)

8

41.  INC agrees that paragraph 41 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

42.  The alleged facts set forth in paragraph 42 of Horphag's Local Rule 9(c) Statement are in dispute.  Horphag's statement is misleading.  The litigation before the lower court in Bordeaux involved no discovery or trial. (Benech Decl. 10/28/98, para. 4)

43.  The alleged facts set forth in paragraph 43 of Horphag's Local Rule 9(c) Statement are in dispute.  The Court in Bordeaux specifically noted it could not consider the Indena license and other license agreements of Horphag.  The Court noted that Horphag had no authority to grant licenses under the '360 patent (Adler 1st Decl., Ex I, p. 23).

44.  INC agrees that paragraph 44 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

45.  INC agrees that paragraph 45 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

46.  The alleged facts set forth in paragraph 46 of Horphag's Local Rule 9(c) Statement are in dispute.  The lower court in Bordeaux specifically did not address the status of Horphag's ownership of the patent-in-suit after expiration of the 1985 Contract.  Thus, the Court of Appeals could not confirm any finding relating to such ownership.

47.  The alleged facts set forth in paragraph 47 of Horphag's Local Rule 9(c) Statement are in dispute.  The lower court in Bordeaux specifically did not address the status of Horphag's ownership of the patent-in-suit after expiration of the 1985

Contract.  Thus, the Court of Appeals could not confirm any finding
relating to such ownership.

48.  INC agrees that paragraph 48 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.

49.  The alleged facts set forth in paragraph 49 of Horphag's
Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of
Appeals did not adjudge the effect of Dr. Masquelier's Confirmatory
Assignment to INC (Adler 1st Decl. Ex. I, p. 18).

50.  The alleged facts set forth in  paragraph 50 of Horphag's
Rule 9(c) Statement are in dispute.  The French courts determined
that Horphag had no right of preemption (Adler 1st Decl. Ex. I, p.
18).

51.  INC agrees that paragraph 51 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.  Of course, the Bordeaux
Court of Appeals also acknowledged the 1985 Contract had expired.
(Adler 1st Decl., Ex. I, p. 18)

52.  The alleged facts set forth in paragraph 52 of Horphag's
Local Rule 9(c) Statement are in dispute.  The Court of Appeals did
not adjudge the effect of Dr. Masquelier's confirmatory assignment
to INC.   The Court specifically left it to a U.S. Court to
determine the effect of the Masquelier Confirmatory Assignment to
INC. (Adler 1st Decl. Ex. I, p. 18)

53.  The alleged facts set forth in paragraph 53 of Horphag's
Local Rule 9(c) Statement are in dispute.  The Court of Appeals did
not adjudge the effect of Dr. Masquelier's Confirmatory Assignment
to INC.  The Bordeaux Court specifically left it to a U.S. Court to

10

determine the effect of the Masquelier Confirmatory Assignment to INC (Adler 1st Decl., Ex. I, p. 18).

54.   The alleged facts set forth in paragraph 54 of Horphag's Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of Appeals ruled that Dr. Masquelier assigned his rights only for so long as the 1985 Contract was in force (10 years).  It made no determination concerning Dr. Masquelier's rights in the patent after expiration of the 1985 Contract (Adler 1st Decl., Ex. I, p. 18).

55.   The alleged facts set forth in paragraph 55 of Horphag's Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of Appeals ruled that Dr. Masquelier assigned his rights only for so long as the 1985 Contract was in force (10 years).  It made no determination concerning Dr. Masquelier's rights in the patent after expiration of the 1985 Contract (Adler 1st Decl., Ex. I, p. 18).

56.   The alleged facts set forth in paragraph 56 of Horphag's Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of Appeals ruled that Dr. Masquelier assigned his rights only for so long as the 1985 Contract was in force (10 years).  It made no determination concerning Dr. Masquelier's rights in the patent after expiration of the 1985 Contract (Adler 1st Decl., Ex. I, p. 18).

57.   The alleged facts set forth in paragraph 57 of Horphag's Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of Appeals ruled that Dr. Masquelier assigned his rights only for so

long as the 1985 Contract was in force (10 years). It made no determination concerning Dr. Masquelier's rights in the patent after expiration of the 1985 Contract (Adler 1st Decl., Ex. I, p. 18).

58. The alleged facts set forth in paragraph 58 of Horphag's Local Rule 9(c) Statement are in dispute. The Bordeaux Court of Appeals acknowledged that the face of the patent-in-suit listed SCIPA and Horphag as owners. Thus, under U.S. law, an assignment from SCIPA to INC is permitted.

59. INC agrees that paragraph 59 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

60. INC agrees that paragraph 60 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

61. The alleged facts set forth in paragraph 61 of Horphag's Local Rule 9(c) Statement are in dispute. Horphag's statement is misleading. The litigation before the lower court in Bordeaux involved no discovery or trial (Benech Decl., para. 4).

62. The alleged facts set forth in paragraph 62 of Horphag's Local Rule 9(c) Statement are in dispute. The Bordeaux Court of Appeals said it could make no determination about the Indena license agreement because Indena was not a party.

63. The alleged facts set forth in paragraph 63 of Horphag's Local Rule 9(c) Statement are in dispute. The Bordeaux Court of Appeals said it could make no determination about the Indena license agreement because Indena was not a party.

64.. INC agrees that paragraph 64 of Horphag's Rule 9(c) Statement is not in dispute, but also sets out facts not appropriate to be included in a Local Rule 9(c) Statement.

65. The alleged facts set forth in paragraph 65 of Horphag's Local Rule 9(c) Statement are in dispute. Horphag's statement is misleading. INC never represented that the decisions of the Bordeaux lower court or the French Appellate Court in this particular case are entitled to comity on issues of U.S. Patent Law.

66. The alleged facts set forth in paragraph 66 of Horphag's Local Rule 9(c) Statement are in dispute. INC never admitted that the Bordeaux lower court was a proper forum and has specifically argued to the contrary.

67. INC agrees that paragraph 67 of Horphag's Rule 9(c) Statement sets out facts not in dispute.

68. The alleged facts set forth in paragraph 68 of Horphag's Local Rule 9(c) Statement are in dispute. INC never said that the Bordeaux lower court was a convenient forum and has specifically argued to the contrary.

69. The alleged facts set forth in paragraph 69 of Horphag's Local Rule 9(c) Statement are in dispute. The question of whether a forum is "just and fair" is to be considered on a case-by-case basis and, in any event, is not a "fact" appropriate to be included in a Local Rule 9(c) Statement.

70.   The alleged facts set forth in paragraph 70 of Horphag's
Local Rule 9(c) Statement are in dispute.  A French court has no
jurisdiction to determine issues of ownership of a U.S. patent.

71.   The alleged facts set forth in paragraph 71 of Horphag's
Local Rule 9(c) Statement are in dispute.  The Bordeaux Court of
Appeals decision addressed only ownership issues of the patent-in-
suit prior to 1995 and specifically did not address ownership after
expiration of the 1985 Contract (Adler 1st Decl., Ex., I p. 18).

72.   INC agrees that paragraph 72 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.

73.   The alleged facts set forth in paragraph 73 of Horphag's
Local Rule 9(c) Statement are in dispute.  INC has asserted patent
infringement against Horphag only in the event it is determined by
this Court that Horphag has no interest in the patent-in-suit
(Tobin Decl, Ex. N, paras. 24-25).

74.   The alleged facts set forth in paragraph 74 of Horphag's
Local Rule 9(c) Statement are in dispute.  INC has asserted patent
infringement against Horphag only in the event it is determined by
this Court that Horphag has no interest in the patent-in-suit
(Tobin Decl. Ex. N, paras 24-25).

75.   INC agrees that paragraph 75 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.

76.   INC agrees that paragraph 76 of Horphag's Rule 9(c)
Statement sets out facts not in dispute.

77.   The alleged facts set forth in paragraph 77 of Horphag's
Local Rule  9(c)  Statement are in  dispute.    INC  obtained  an

14

assignment of the patent from SCIPA, and a confirmatory assignment of reversionary rights from Dr. Masquelier after that contract expired.

78.    The alleged facts set forth in paragraph 78 of Horphag's Local Rule 9(c) Statement are in dispute.    INC obtained a valid assignment of an undivided one-half interest in the patent-in-suit from SCIPA, and a confirmatory assignment of any reversionary rights from Dr. Masquelier (Tobin Dec. Exs. A, E).

79.    The alleged facts set forth in paragraph 79 of Horphag's Local Rule 9(c) Statement are in dispute.    The 1985 Contract expired in 1995 (Tobin Decl. Ex. D, p.3 Art 6) at which time Horphag's undivided one-half interest in the patent-in-suit reverted to Dr. Masquelier by operation of law.

80.    The alleged facts set forth in paragraph 80 of Horphag's Local Rule 9(c) Statement are in dispute.    Horphag has explicitly and implicitly agreed to join in lawsuits with INC to enforce the patent-in-suit (Tobin Decl., Exs. O, P).

81.    The alleged facts set forth in paragraph 81 of Horphag's Local Rule 9(c) Statement are in dispute.    An owner of an undivided one-half interest in a patent can sue for patent infringement (Tobin Decl. Ex., p.2).

82.    The alleged facts set forth in paragraph 82 of Horphag's Local Rule 9(c) Statement are false legal conclusions.

83.    The alleged facts set forth in paragraph 83 of Horphag's Local Rule 9(c) Statement are false legal conclusions.

84.    The alleged facts set forth in paragraph 84 of Horphag's Local Rule 9(c) Statement are false legal conclusions.

B.    Plaintiff's Opposition to Local Rule 9(c) Statement of Chemco Industries, Inc.

1.    INC agrees that paragraph 1 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

2.    INC does not have sufficient information to admit or deny whether the alleged facts set forth in paragraph 2 of Chemco's Rule 9(c) Statement are in dispute. INC does not know whether there was a later renaming.

3.    The alleged facts set forth in paragraph 3 of Chemco's Local Rule 9(c) Statement are in dispute.    The April 1, 1985 assignment to Horphag is limited by an arrangement of the parties and expired when the 1985 Contract expired in 1995.

4.    The alleged facts set forth in paragraph 4 of Chemco's Local Rule 9(c) Statement are in dispute.    Reversion of Dr. Masquelier's rights is implicit and occurred by operation of law.

5.    INC agrees that paragraph 5 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

6.    INC agrees that paragraph 6 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

7.    The alleged facts set forth in paragraph 7 of Chemco's Rule 9(c) Statement are in dispute.    The parties never agreed to pool their resources.

8.    The alleged facts set forth in paragraph 8 of Chemco's Local Rule 9(c) Statement are in dispute.    The parties arranged

16

that the assignment would be governed by the 1985 Contract, which expired in 1995.

9. The alleged facts set forth in paragraph 9 of Chemco's Local Rule 9(c) Statement are in dispute. Reversion of Dr. Masquelier's rights is implicit and occurred by operation of law.

10. The alleged facts set forth in paragraph 10 of Chemco's Rule 9(c) Statement are in dispute. The parties arranged that Hophag and SCIPA would cooperate to enforce the patent (Tobin Decl. Ex. O, P).

11. INC agrees that paragraph 11 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

12. INC agrees that paragraph 12 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

13. INC agrees that paragraph 13 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

14. The alleged facts set forth in paragraph 14 of Chemco's Local Rule 9(c) Statement are in dispute. Horphag previously has agreed to join infringement actions to enforce the patent-in-suit (Tobin Decl. Ex. O, P).

15. The alleged facts set forth in paragraph 15 of Chemco's Local Rule 9(c) Statement are in dispute. The trial Court in Bordeaux specifically did not determine the status of Horphag's ownership, if any, of the patent-in-suit after expiration of the 1985 Contract.

16. The alleged facts set forth in paragraph 16 of Chemco's Local Rule 9(c) Statement are in dispute. The trial Court in

17

Bordeaux specifically did not determine the status of Horphag's ownership, if any, of the patent-in-suit after expiration of the 1985 Contract. The Court of Appeals affirmed.

17. INC agrees that paragraph 17 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

18. The alleged facts set forth in paragraph 18 of Chemco's Local Rule 9(c) Statement are in dispute. That Horphag would join infringement actions is a clear implication of the letter.

19. INC agrees that paragraph 19 of Chemco's Rule 9(c) Statement sets out facts not in dispute.

20. The alleged facts set forth in paragraph 20 of Chemco's Local Rule 9(c) Statement' are in dispute. INC is a bona fide purchaser for value of the patent-in-suit.

21. The alleged facts set forth in paragraph 21 of Chemco's Local Rule 9(c) Statement are in dispute. There is nothing to the contrary in the 1985 Contract, and any event that agreement was not recorded in the U.S. Patent Office.

C. Plaintiff's Opposition to Local Rule 9(c) Statement of Jarrow Formulas, Inc.

Jarrow Formulas, Inc. ("Jarrow") has adopted the alleged undisputed facts set forth in paras. 1-17, 19-40, 42-63 and 66-88 of Defendants Horphag's and Indena's Local Rule 9(c) Statement, although it is noted that those statements contain only 84 paragraphs. INC specifically incorporates its objections to allegations nos. 1-17, 19-40, 42-63 and 66-88, to the extent those paragraphs exist.

18

### D. Plaintiff's Opposition to Defendant Arkopharma Inc.'s Local Rule 9(c)(1) Statement

1. The alleged facts set forth in paragraph 1 of Arkopharma's Local Rule 9(c) Statement are not properly the subject of a Rule 9(c) Statement.

2. The alleged facts set forth in paragraph 2 of Arkopharma's Local Rule 9(c) Statement are not properly the subject of a Rule 9(c) Statement.

3. The alleged facts set forth in paragraph 3 of Arkopharma's Local Rule 9(c) Statement are in dispute. The French Court of Appeals specifically did not determine INC's rights after the expiration of the 1985 assignment.

4. INC agrees that paragraph 4 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute.

5. INC agrees that paragraph 5 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute.

6. INC agrees that paragraph 6 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute.

7. The alleged facts set forth in paragraph 7 of Arkopharma's Local Rule 9(c) Statement are in dispute. A French Court cannot determine an issue of ownership of a U.S. Patent under a French statute.

8. The alleged facts set forth in paragraph 8 of Arkopharma's Local Rule 9(c) Statement are in dispute. INC, alteratively, asserts that it is the sole owner of the patent-in-suit in the complaint.

9. The alleged facts set forth in paragraph 9 of Arkopharma's Rule 9(c) Statement are in dispute. INC asserts in the complaint that it has at least an undivided one half-interest, and alternatively, complete ownership interest, in the patent-in-suit.

10. The alleged facts set forth in paragraph 10 of Arkopharma's Rule 9(c) statement are in dispute. INC asserts in the complaint that it has at least an undivided one half-interest, and alternatively, complete ownership interest, in the patent-in-suit.

11. The alleged facts set forth in paragraph 11 of Arkopharma's Rule 9(c) Statement are in dispute. INC asserts in the complaint that it has at least an undivided one half-interest, and alternatively, complete ownership interest, in the patent-in-suit.

12. The alleged facts set forth in paragraph 12 of Arkopharma's Local Rule 9(c) Statement are in dispute. To the extent Horphag may have rights in the patent-in-suit, it has been joined as a party by both implicit and explicit consent.

13. INC agrees that paragraph 13 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute.

14. The alleged facts set forth in paragraph 14 of Arkopharma's Local Rule 9(c) Statement are in dispute. Arkopharma's statement is misleading. Horphag claims it is the successor in interest to Horphag Overseas Limited. INC has no knowledge and requires discovery under Rule 56(f).

15. INC agrees that paragraph 15 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute. However, SCIPA has agreed to become a party here, if necessary (Tobin Decl. Ex. Q).

20

16.    The alleged facts set forth in paragraph 16 of Arkopharma's Local Rule 9(c) Statement are not properly the subject of a Rule 9(c) Statement.

17.    INC agrees that paragraph 17 of Arkopharma's Local Rule 9(c) Statement sets out facts not in dispute.

18.    The alleged facts set forth in paragraph 18 of Arkopharma's Rule 9(c) Statement are in dispute.  Arkopharma would not be unduly burdened, as it is infringing the '360 patent, and has an interest in the outcome of this action.

E.    Plaintiff's Opposition to Defendant Usana, Inc.'s
Local Rule 9(c)(1) Statement

1.    INC agrees that paragraph 1 of Usana's Local Rule 9(c) Statement sets out facts not in dispute.

2.    The alleged facts set forth in paragraph 2 of Usana's Local Rule 9(c) Statement are in dispute.  INC does not know that Horphag is a change of name from Horphag Overseas Limited, and requires discovery under Rule 56(f).

3.    The alleged facts set forth in paragraph 3 of Usana's Local Rule 9(c) Statement are in dispute.  The 1985 assignment was conditioned by an arrangement of the parties.

4.    The alleged facts set forth in paragraph 4 of Usana's Local Rule 9(c) Statement are in dispute.  The 1985 assignment was conditioned by an arrangement of the parties.

5.    INC agrees that paragraph 5 of Usana's Local Rule 9(c) Statement sets out facts not in dispute.

21

6.   INC agrees that paragraph 6 of Usana's Rule 9(c) Statement sets out facts not in dispute.

7.   The alleged facts set forth in paragraph 7 of Usana's Local Rule 9(c) Statement are in dispute.   The parties did not agree to pool their resources.

8.   The alleged facts set forth in paragraph 8 of Usana's Local Rule 9(c) Statement are in dispute.  Horphag's interest in the patent-in-suit reverted, by operation of law, to Dr. Masquelier when the 1985 Contract expired.

9.   The alleged facts set forth in paragraph 9 of Usana's Local Rule 9(c) Statement are in dispute.  Horphag's interest in the patent-in-suit reverted, by operation of law, to Dr. Masquelier when the 1985 Contract expired.

10.  The alleged facts set forth in paragraph 10 of Usana's Rule 9(c) Statement are in dispute.  Horphag has consented both explicitly and implicitly to join this lawsuit.

11.  INC agrees that the alleged facts set forth in paragraph 11 of Usana's Local Rule 9(c) Statement are not in dispute.

12.  The alleged facts set forth in paragraph 12 of Usana's Local Rule 9(c) Statement are in dispute.  The face of the '360 patent lists Horphag Overseas Limited and SCIPA as assignees.

13.  INC agrees that paragraph 13 of Usana's Local Rule 9(c) Statement set out facts not in dispute.

14.  The alleged facts set forth in paragraph 14 of Usana's Local Rule 9(c) Statement are in dispute.  Horphag agreed

22

implicitly and explicitly to join in this action (Tobin Decl. Exs. O, P).

15. The alleged facts set forth in paragraph 15 of Usana's Local Rule 9(c) Statement are in dispute. The Bordeaux lower court determined Horphag's rights only as of 1995.

16. The alleged facts set forth in paragraph 16 of Usana's Local Rule 9(c) Statement are in dispute. The Bordeaux lower court determined Horphag's rights only as of 1995.

17. INC agrees that paragraph 17 of Usana's Local Rule 9(c) Statement sets out facts not in dispute.

18. The alleged facts set forth in paragraph 18 of Usana's Local Rule 9(c) Statement are in dispute. Horphag agreed implicitly and explicitly to join in this action.

19. The alleged facts set forth in paragraph 19 of Usana's Local Rule 9(c) Statement are in dispute. The 1985 Contract expired in 1995.

F.  Plaintiff's Opposition to Defendant New Vision
    International, Inc's Local Rule 9(c)(1) Statement

1. The alleged facts set forth in paragraph 1 of New Vision's Local Rule 9(c) Statement are in dispute. The 1985 Contract does not refer to the patent-in-suit.

2. The alleged facts set forth in paragraph 2 of New Vision's Local Rule 9(c) Statement are in dispute. The 1985 Contract does not state that French Law applies to disputes thereunder.

3. The alleged facts set forth in paragraph 3 of New Vision's Local Rule 9(c) Statement are not in dispute.

4.    The alleged facts set forth in paragraph 4 of New Vision's Local Rule 9(c) Statement are in dispute.    The 1985 Contract contains no requirement regarding consent of a party to a transfer of ownership.

5.    INC agrees that paragraph 5 of New Vision's Local Rule 9(c) Statement sets out facts not in dispute.

6.    The alleged facts set forth in paragraph 6 of New Vision's Local Rule 9(c) Statement are in dispute. Horphag sought to exercise a right of preemption under a French statute, which right was denied.

7.    The alleged facts set forth in paragraph 7 of New Vision's Local Rule 9(c) Statement are in dispute.    INC did not fully participate in, or have the right to fully participate in, all proceedings in the Bordeaux lower court action.    Horphag perpetrated a fraud on the French court by concealing material evidence therefrom, and INC was prevented from full participation in the proceedings.

8.    The alleged facts set forth in paragraph 8 of New Vision's Local Rule 9(c) Statement are in dispute. The Bordeaux lower court decision related to ownership of the '360 patent only as of 1995, when the 1985 Contract expired.

9.    The alleged facts set forth in paragraph 9 of New Vision's Local Rule 9(c) Statement are in dispute.    INC did not fully participate in the French case.

10.    The alleged facts set forth in paragraph 10 of New Vision's Local Rule 9(c) Statement are in dispute.    The Bordeaux

24

lower court decision related to ownership of the '360 patent only as of 1995, when the 1985 Contract expired.

Respectfully,

COOPER & DUNHAM LLP

Dated this 29th day of April 1999

Norman H. Zivin  (ct 08103)
Robert D. Katz   (ct 20108)
Donna A. Tobin   (ct 14698)
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400

Jonathan A. Flatow (ct 03115)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut  06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition
Company