Dkt. 48993

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERNATIONAL NUTRITION COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>HORPHAG RESEARCH LTD., MW<br>INTERNATIONAL, INC., KAIRE<br>INTERNATIONAL, INC., TRACO LABS,<br>INC., CHEMCO INDUSTRIES, INC.,<br>GREATER CONTINENTS, INC., INDENA<br>U.S.A., TWIN LABORATORIES, INC.,<br>USANA, INC., FREE LIFE<br>INTERNATIONAL LTD., NOW FOODS,<br>ENZYMATIC THERAPY, INC.,<br>NUTRACEUTICAL CORPORATION,<br>ARKOPHARMA, INC.,<br>JARROW FORMULAS, INC., NEW VISION<br>INTERNATIONAL, INC., and CHANGES<br>INTERNATIONAL OF FORT WALTON<br>BEACH, INC.,<br>    Defendants. | Civil Action No.<br>3:96 CV 00386 (DJS) |

PLAINTIFF'S MOTION FOR RECONSIDERATION, FOR LEAVE
TO JOIN A PARTY AS PLAINTIFF PURSUANT TO FED. R. CIV. P. RULE 21,
AND TO FILE AN AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. RULE 15, AND SUPPORTING MEMORANDUM

INTRODUCTION

Plaintiff, International Nutrition Company ("INC"), hereby moves for reconsideration of the Court's Order of March 21, 2000 granting in part defendants' motions for summary judgment; for an order granting leave to join a party as plaintiff pursuant to Fed. R. Civ. P. Rule 21; and to file an Amended Complaint pursuant to Fed. R. Civ. P. Rule 15.

The Court's Order determined that Societe Civile d'Investigations Pharmacologiques d'Acquitane ("SCIPA") is the owner

242

of the patent in suit. However, the Court overlooked the willingness of SCIPA to join in this case as a plaintiff.[1] The amended Complaint seeks to add CEP as plaintiff in addition to INC. The motion for reconsideration should be granted to consider CEP as a proper plaintiff.

Amendment of the Complaint, in which CEP is named as a plaintiff, will not prejudice any defendant. The patent infringement claim in the Amended Complaint, against all defendants except Horphag, is the same claim raised in the Complaint. The trademark and unfair competition claims of the Complaint are not asserted in the Amended Complaint. An additional claim, based on the French law which the defendants urged was applicable here and which the Court has adopted, has been added which directly relates to the patent infringement claim. Hence, no party will be unduly prejudiced by the amended pleading. In addition, the amendment is not being made in bad faith, or to delay, and the amendment is not futile.

Moreover, to the extent French Law is applicable, CEP is entitled to maintain this patent infringement case without consent of Horphag. It is, therefore, respectfully submitted that INC's motion for reconsideration, motion to add a party and motion to amend should be granted in the interests of justice.

---

[1] SCIPA merged in 1998 into Centre d'Experimentation Pycnogenol ("CEP"), in which INC has a controlling ownership interest.

## FACTS

Plaintiff INC initially commenced this action alleging infringement of U.S. Patent No. 4,698,360 (the "'360 patent") against all defendants, together with unfair competition and trademark infringement against several of the defendants. On March 21, 2000 the Court issued a ruling (attached as Ex. 1) on Defendants' Motion for Partial Summary Judgment, determining that INC owned no rights in the '360 patent, because a 1994 assignment of rights in the patent from SCIPA to INC was invalid under French Law (Ex. 1, p. 3). The Court's determination was based on its ruling that pursuant to a 1985 joint development agreement between Horphag Research Ltd. ("Horphag") and SCIPA, French law controls all issues of ownership of the '360 patent (Ex. 1, p.10). The 1985 agreement expired by its own terms in 1995. The Court also extended comity to a decision of the Bordeaux Court of Appeals relating to the '360 patent, which applied the French Intellectual Property Code, Article L. 613-29. to the 1994 assignment (Ex. B to Declaration of Frederic Benech, attached as Ex. 2). Given the Court's ruling that the 1994 assignment from SCIPA to INC was invalid, SCIPA was the owner of at least an undivided one-half interest in the '360 patent at the termination of the 1985 agreement in 1995.

SCIPA previously had indicated to the Court its willingness to join in this lawsuit as a plaintiff, if necessary, and plaintiff's counsel provided the Court with a Power of Attorney signed by SCIPA

3

and authorizing them to represent SCIPA in this matter (Ex.3).[2] SCIPA was not made a plaintiff, and there is no mention of SCIPA's willingness to join this action in the Court's ruling (Ex. 1).

SCIPA subsequently merged into CEP and INC owns a controlling interest in CEP (Ex. 2. Para 4). Thus, INC has rights in the `360 patent through SCIPA and CEP. INC seeks to amend the Complaint to add CEP as a plaintiff. The Amended Complaint (attached as Ex. 4) asserts the same patent infringement claim raised by INC in its Complaint, together with a related claim arising under the same French statute which the Court has held is controlling on issues of ownership of the `360 patent, Article L. 613-29 of the French Intellectual Property Code. Pursuant to the French statute, CEP may maintain this infringement suit in its own name without the consent of Horphag, which the Court has determined is a co-owner of the `360 patent (Ex. 2, para. 10).

Plaintiff also seeks to add a claim for nullification of all license agreements entered into by Horphag under the `360 patent. Under the French statute, if applicable to rights of ownership in the `360 patent, a co-owner of a patent may not license others to use the patent without prior notice to the other co-owner, to whom he shall propose to assign his part of ownership, if he cannot obtain the consent of the co-owner (Ex. 2, para. 7).

---

[2]The Power of Attorney was attached as Ex. D to Plaintiff's Memorandum In Opposition To The Motions By Defendants To Lift Or Remove Stay; Dismiss Counts I and/or II of the Complaint Pursuant To Rule 12(b) Fed. R. Civ. P. And Other Relief. At p. 23 of Plaintiff's Memorandum, Plaintiff explained to the Court that SCIPA was willing to join this case as a plaintiff if necessary.

4

In contravention of the French statute, which has been found to be applicable, Horphag has licensed at least one entity, defendant Indena, under the '360 patent (Ex. 5). The license was granted without the consent of INC, SCIPA or CEP. Indeed, Horphag may have licensed others, including other defendants, under the '360 patent. As demonstrated by a relationship chart produced by defendants in this case pursuant to this Court's order (Ex. 6), many, if not all of the defendants, purport to have rights which stem from Indena or Horphag.[3] The Bordeaux Court of Appeals decision, to which this Court has extended comity, determined that SCIPA, now CEP, had the right to seek nullification of such license agreements (Ex. 2, para. 9).

In their relationship chart produced in this case, note that defendants do not even mention any license agreement between Horphag and Indena. However, that agreement has been filed in this Court (Ex. 5).

## ARGUMENT

I. INC'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED

The function of a motion for reconsideration is to allow the Court the opportunity to correct errors of law or fact or to consider newly discovered evidence. <u>Philbrick v. University of Connecticut</u>, 51 F. Supp. 2d 164 (D. Conn. 1999). Reconsideration is necessary here to allow the Court the opportunity to correct an

---

[3] Exhibits 5 and 6 are being filed under seal, pursuant to the Court's orders.

error of fact and/or to consider newly discovered evidence.

Previously, INC presented the Court with the opportunity to join SCIPA as a party to this case. However, in deciding the defendants' summary judgment motions, the Court overlooked this fact and dismissed INC's patent infringement and unfair competition claims on the ground INC does not own the `360 patent (Ex. 1. p. 13). Instead, the Court could have, on its own motion, added SCIPA, now CEP, in which INC owns the majority of shares, as a plaintiff pursuant to Fed. R. Civ. P. Rule 22.

Alternatively, the Court can take note of the new evidence that SCIPA now has merged into CEP and that CEP is willing to be named as a plaintiff here.

INC's motion for reconsideration should be granted.

II.   INC'S MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED

   A.   Leave To Amend Should Be Freely Given When Justice So Requires.

Rule 15(a) of the Federal Rules of Civil Procedure provides for amendment of pleadings. The rule specifically provides that "leave shall be freely given when justice so requires." As the Supreme Court stated, the mandate of Rule 15 is to be heeded: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits". Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). Amendment should be permitted where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing

6

party will not be unduly prejudiced by the amendment, and the proposed amendment is not futile. Id.

This Court has held that Rule 15(a) is to be "broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits." Wells v. Harris, 185 F.R.D. 128, 131(D. Conn. 1999) (granting leave to amend). Indeed, it is "rare" that leave to amend properly is denied. Id.

As CEP does not require Horphag's consent to bring a patent infringement claim in its own name, since the Court has determined that French Law is applicable to the 1994 assignment, the defendants will not be prejudiced. INC has not acted in bad faith, and the proposed amendment is not futile, so leave to amend should be granted in this case.

B.  CEP Does Not Require The Consent Of Horphag To Maintain This Patent Infringement Lawsuit In Its Own Name.

The Court noted that Horphag "has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit" (Ex. 1, p. 12). However, this conclusion is reached under American patent case law and is not applicable here, as the Court clearly has determined that "the 1985 joint development contract subjected the ownership of any applicable intellectual property, including the `360 patent, to French law" (Ex. 1. p. 9). The very same French law applied by the Bordeaux Court of Appeals permits a co-owner of a patent to bring an action for patent infringement for its own benefit without the

7

consent of the other co-owner (Ex. 2, para. 10). Thus, Horphag's permission is not required for CEP to bring the Amended Complaint.

### C. Defendants Will Not Suffer Prejudice if the Complaint is Amended.

The Amended Complaint seeks to add as plaintiff the party recently determined by this Court to be the co-owner of the `360 patent, upon the defendants' own summary judgment motions. Clearly, such addition can cause no prejudice to defendants. Moreover, the patent infringement claim in the Amended Complaint is the same as that in the Complaint. Again, defendants can hardly claim prejudice. In the Amended Complaint, INC has dropped its trademark infringement and unfair competition claims, which obviously can cause no prejudice to defendants. Finally, the Amended Complaint contains a new claim, directed solely against Horphag, and based upon the French law which Horphag so adamantly insisted was applicable here. It relates directly to the defense raised by at least one defendant, that it is licensed under the `360 patent. Horphag cannot claim it now is prejudiced by receiving what it requested.[4] If French law applies to the goose, it applies to the gander. Moreover, no discovery has occurred in this case to date. The overwhelming lack of prejudice to defendants merits grant of INC's leave to amend.

---

[4] Pursuant To Fed. R. Civ. P. Rule 44.1, a party who intends to raise an issue of foreign law shall give notice by pleading or other reasonable notice. This motion constitutes reasonable notice pursuant to Rule 44.1.

8

D.  **There Has Been No Undue Delay.**

Plaintiff obviously is not acting for the purpose of delay. This motion to amend was necessitated by the Court's order of March 21, 2000, wherein the Court determined that INC had no rights in the `360 patent and that the French statute applied to ownership issues of the `360 patent.

E.  **The Proposed Amendment Is Not Futile.**

The denial of leave to amend on the basis of futility is restricted to those rare instances where the "proposed amendment is clearly frivolous or legally insufficient on its face." In re Boesky Securities Litigation, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995).

In the present case, INC seeks to add the co-owner of the `360 patent as plaintiff, as this Court has determined that INC has no rights in the patent. By amendment, CEP seeks to raise the same patent claim raised previously, together with a viable claim against one defendant, based on the French law which the Court has now determined is applicable, and which is directly related to the defendants' defenses. Such a claim is not "clearly frivolous or legally insufficient on its face." Indeed, as the Court has determined to apply French law to all ownership issues surrounding the `360 patent, it follows that the party the Court has determined that the owner of the patent should be permitted to assert those claims which now are available to it under that same French law.

Accordingly, CEP's French Law claim is not without basis. The

9

claim is based on the Court's March 21, 2000 ruling, and on the same acts which formed a basis for the original Complaint. It clearly is not futile. For these reasons, it is respectfully submitted that the Court should grant INC's motion to amend the complaint and to add CEP as a plaintiff.

### CONCLUSION

Upon the facts and authorities set forth above, it is respectfully submitted that plaintiff's Motion For Reconsideration, For Leave To Join A Party As Plaintiff Pursuant To Fed. R. Civ. P. Rule 21 And To File An Amended Complaint, Pursuant To Fed. R. Civ. P. Rule 15, should be granted.

Dated this 31st day of March, 2000.

By _____
Norman H. Zivin (ct 08103)
Donna A. Tobin (ct 14698)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400

Gregg P. Goumas (ct 19095)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut 06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition Company