IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERNATIONAL NUTRITION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 396 CV 00386 (DJS) |
| HORPHAG RESEARCH LTD., MW INTERNATIONAL, INC., KAIRE INTERNATIONAL, INC., TRACO LABS, INC., CHEMCO INDUSTRIES, INC., GREATER CONTINENTS, INC., INDENA U.S.A., TWIN LABORATORIES, INC., USANA, INC., FREE LIFE INTERNATIONAL LTD., NOW FOODS, ENZYMATIC THERAPY, INC., NUTRACEUTICAL CORPORATION, ARKOPHARMA, INC., JARROW FORMULAS, and NEW VISION INTERNATIONAL, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
THE DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES

Norman H. Zivin (ct 08103)
Robert D. Katz  (ct 20108)
Donna A. Tobin  (ct 14698)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York  10036
(212) 278-0400

Jacob D. Bryniczka (ct 06026)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut  06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition Company

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.  35 U.S.C. § 285 DOES <u>NOT</u> PROVIDE STATUTORY
    AUTHORITY TO AWARD ATTORNEYS' FEES IN THIS CASE  . . . . . 5

II. DEFENDANTS HAVE NOT ESTABLISHED THE
    ELEMENTS REQUIRED TO AWARD ATTORNEYS' FEES . . . . . . . . 7

    A.  THIS IS NOT AN EXCEPTIONAL CASE . . . . . . . . . . 8

    B.  THE COURT SHOULD NOT EXERCISE ITS DISCRETION  . . . 10

    C.  THE FEES REQUESTED BY THE DEFENDANTS ARE
        UNREASONABLE AND THEREFORE SHOULD BE DENIED . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 14

i

TABLE OF AUTHORITIES

**Cases**

Advanced Transformer Co. v. Levinson,
837 F.2d 1081 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 9

American Medical Systems v. Medical Engineering Corp.,
794 F.Supp. 1370 (E.D. Wis. 1992), *modified*, 6 F.3d 1523
(Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 11

Cambridge Products, Ltd. v. Penn Nutrients, Inc.,
962 F.2d 1048 (Fed. Cir. 1992) . . . . . . . . . . . . . . . 9

Fair Housing Council of Greater Wash. v. Landow,
999 F.2d 92 (4th Cir. 1993) . . . . . . . . . . . . . . . . 11

Gjerlov and Verschoor v. Schuyler Laboratories, Inc.,
131 F.3d 1016 (Fed. Cir. 1997) . . . . . . . . . . . . . 6, 7

Hughes v. Novi American, Inc.,
 724 F.2d 122 (Fed. Cir. 1984) . . . . . . . . . . . . . . 12

Interspiro USA, Inc. v. Figgie Int'l, Inc.,
18 F.3d 927 (Fed. Cir. 1994) . . . . . . . . . . . . . . . 6

Machinery Corp. Of America v. GullFiber A.B.,
774 F.2d 467 (Fed. Cir. 1985) . . . . . . . . . . 5, 8, 10, 11

Standard Oil Co. v. American Cyanamid Co.,
774 F.2d 448 (Fed. Cir. 1985) . . . . . . . . . . . . . . . 9

Stickle v. Hublein, Inc.,
716 F.2d 1550 (Fed. Cir. 1983) . . . . . . . . . . 5, 6, 11-12

Water Technology Corp. v. Calco, Ltd.,
850 F.2d 660 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 12

**Statutes and Rules**

35 U.S.C. §261, ¶4 . . . . . . . . . . . . . . . . . . . 2, 14

35 U.S.C. §285 . . . . . . . . . . . . . . . 4, 5, 7, 8, 10, 11

35 U.S.C. §70 (1946) . . . . . . . . . . . . . . . . . . . . 9

Fed.R.Civ.P. 19 . . . . . . . . . . . . . . . . . . . . . . 10

**Treatises**

Robert L. Harmon, PATENTS AND THE FEDERAL CIRCUIT,
$14.4, at 698-703 (4th Ed. 1999)  . . . . . . . . . . . . . . . 8

5 D.S.  Chisum, CHISUM ON PATENTS,
$20.03[4][c]  . . . . . . . . . . . . . . . . . . . . . . . 11

iii

## INTRODUCTION

Plaintiff, INTERNATIONAL NUTRITION COMPANY ("INC"), hereby submits this memorandum in opposition to two separate motions for attorneys fees -- one by Horphag Research, Ltd., M.W. International, Inc., Kaire International, Inc., and Now Foods ("Horphag's motion"); and another by Indena U.S.A. and Enzymatic Therapy, Inc. ("Indena's motion") -- and four abbreviated motions by Nutraceutical Corporation ("Nutraceutical"); Arkopharma, Inc. ("Arkopharma"), Traco Laboratories, Inc. ("Traco") and Chemco Industries, Inc. ("Chemco"). INC shall collectively refer to these defendants as "the movants."

These motions are wrong on the facts, wrong on the law and therefore should be denied. The movants have not, because they cannot, prove that this is an exceptional case warranting the award of attorneys' fees.

## FACTUAL BACKGROUND

As the Court is aware, this case concerns the enforcement of a U.S. patent originally owned by a French company and a Guernsey company.

In April 1985, the Societe Civile d'Investigations Pharmacologiques d'Aquitaine ("S.C.I.P.A."), the French company, and Horphag Overseas, Ltd., the Guernsey company, entered into a joint development agreement ("the '85 agreement"). The '85 agreement acknowledged that patents might be granted as a result of

the research activities contemplated by the agreement[1].

On April 9, 1985, the application that became U.S. Patent No. 4,698,360 ("the '360 patent") was filed and assigned jointly to S.C.I.P.A. and Horphag Overseas. However, the '85 agreement never was recorded in the U.S. Patent and Trademark Office ("the PTO"), contrary to 35 U.S.C. §261, ¶4[2].

On March 18, 1994, S.C.I.P.A. assigned its interest in the '360 patent to plaintiff INC. INC, without notice of the '85 agreement, paid valuable consideration to S.C.I.P.A. for this assignment. The INC assignment was duly recorded in the PTO on March 28, 1994.

Nothing in the '85 agreement prohibits S.C.I.P.A. from assigning its interest in the '360 patent to INC or anyone else. In fact, Article Five, paragraph 3 of the '85 agreement

---

[1]   Article Five of the '85 agreement reads,

ARTICLE FIVE - INDUSTRIAL PROTECTION

In the case of assignment or grant of the industrial property rights arising from the present contract, the proceeds will be shared equally by the parties.

(Second Tobin Dec., Ex. D, Art. 5, ¶3).

[2]   35 U.S.C. §261, ¶4 provides,

"An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage."

2

specifically contemplates assignments.

The '85 agreement is devoid of a choice of law provision, although it does contain a choice of forum provision[3]. Nor does the '85 agreement contain any language indicating that French law should determine the title to any U.S. patents resulting from the research activities contemplated by the agreement.

On May 28, 1998, at Horphag's request, a French Court of Appeals held that a French statute nullifies S.C.I.P.A.'s assignment to INC and therefore nullifies INC's rights in the '360 patent, despite the fact that the '85 agreement is silent on the applicability of French law. S.C.I.P.A.'s interest belonged to S.C.I.P.A., according to the French Court, and not to either Horphag or INC.

On March 18, 2000, this Court granted defendants' motion for partial summary judgment based on the decision of the French Court of Appeals. In granting partial summary judgment, the Court ruled that INC lacked standing to assert the '360 patent based on the French Court's decision nullifying S.C.I.P.A.'s assignment of

---

[3] The choice of forum provision contained in Article Seven of the '85 agreement reads,

ARTICLE SEVEN - DISPUTE

Any dispute on the interpretation or the performance of the present contract will fall under the exclusive jurisdiction of the courts of BORDEAUX.

(Second Tobin Dec., Ex. D, Art. 7).

its rights in the '360 patent to INC.   The Court further ruled that because INC lacked standing to assert the '360 patent, its Lanham Act claim could not be maintained either.   This Court granted comity to the French Court's decision on the ground that ownership of the '360 patent is not a U.S. Patent Law question.

On April 3, 2000, INC moved for reconsideration of the Court's grant of partial summary judgment, for leave to join a party and for leave to file an amended complaint.   INC's motion sought to join as a party S.C.I.P.A., now merged with CEP, an affiliate of INC.   On April 14, the Court denied INC's motion and specifically ruled that "All parties shall bear their own costs. The clerk is directed to close this case."   A final judgment was entered on May 1, 2000.

Despite the fact that the Court would not award the defendants "costs", the movants have filed motions for attorneys' fees pursuant to 35 U.S.C. §285.[4]   For the reasons explained below, these motions should be denied.

_____

[4]   Given that the Court did not award costs, it is unclear why the movants have asked the Court to award a substantially larger sum as attorneys' fees.   As explained below, there is no basis to award attorneys' fees in this case.

ARGUMENT

I.    35 U.S.C. § 285 DOES <u>NOT</u> PROVIDE STATUTORY
      AUTHORITY TO AWARD ATTORNEYS FEES IN THIS CASE

The movants have requested attorneys' fees pursuant to 35 U.S.C. §285[5], but section 285 is inapplicable and does not allow for attorneys' fees in this case.   According to the Court of Appeals for the Federal Circuit, "no fees under §285 can be awarded for time incurred in litigation of the non-patent issues." <u>Machinery Corp. Of America v. GullFiber A.B.</u>, 774 F.2d 467, 475 (Fed. Cir. 1985)(citing <u>Stickle v. Hublein, Inc.</u>, 716 F.2d 1550, 1564 (Fed. Cir. 1983)).   Because only non-patent issues were litigated in this case, attorneys' fees should not be awarded.   The only issue litigated to date in this suit has been INC's ownership rights in and standing to assert the '360 patent.   This Court has decided only these issues and has held that INC's ownership and standing are non-patent issues.[6]   Therefore, section 285 does <u>not</u> provide for an award of fees in this case.

The sole exception to the "no fees for non-patent issues"

---

[5]   35 U.S.C. § 285 provides that, "The court in exceptional cases may award reasonable attorneys fees to the prevailing party."

[6]   Indena and Horphag continue to argue that U.S. Patent Law is inapplicable to the issues decided.   Memorandum Of Defendants Horphag, M.W., Kaire And Now In Support Of Their Motion For Attorneys' Fees Pursuant To 35 U.S.C. §285 at 5 and Defendants' Indena U.S.A. And Enzymatic Therapy, Inc., Memorandum In Suport Of Their Motion For Attorneys Fees Pursuant to 35 U.S.C. §285, Fed.R.Civ.P. 54(d), And Civil Local Rule 9(f) at 16.

rule is where the non-patent issues are "'so intertwined with the patent issues' as to make section 285 applicable to the case in its entirety." Interspiro USA, Inc. v. Figgie Int'l, Inc., 18 F.3d 927, 933 (Fed. Cir. 1994)(quoting Stickle at 1564)[7]. Because no patent issues (for example, infringement, validity or enforceability) were litigated in this case, there was no intertwining of patent issues with non-patent issues referred to in Interspiro. Therefore, attorneys' fees should not be awarded.

Gjerlov and Verschoor v. Schuyler Laboratories, Inc., 131 F.3d 1016, 1025 (Fed.Cir. 1997), further explains this point. The District Court in Gjerlov found that Schuyler, the accused infringer, violated a consent decree settling a patent infringement action. In awarding attorneys' fees under section 285, the District Court held that "the enforcement of the decree is a continuation of the patent action to which Sections 284 and 285 should apply." Id. at 1024.

The Federal Circuit reversed this ruling, explaining that

> Since the breach of the Agreement does not require infringement of the patent, and no infringement of the '396 patent was found by the district court, . . . Patentees, therefore, cannot be entitled to fees and costs under section 285 of the patent statute.

Gjerlov at 1025. Section 285 applies only if the issue of

---

[7] In the Interspiro case, the Federal Circuit held that section 285 applied because "the central issue . . . turns on whether [Figgie's] E-Z Flow infringes the '145 patent, a matter unquestionably governed by patent law." Id. at 933. No such infringement analysis was undertaken in this case.

infringement was determined. <u>Gjerlov</u>. The issue of infringement was not litigated in this case, therefore section 285 does not apply.

The <u>Gjerlov</u> analysis and result are directly on point. During the course of this suit, there has never been a determination of infringement. This Court's grant of partial summary judgment was not intertwined with any patent issues because <u>infringement was not litigated</u>. Hence, according to <u>Gjerlov</u>, the movants are not entitled to attorneys' fees pursuant to 35 U.S.C. §285.

Further, the movants herein repeatedly have argued that title to the '360 patent was correctly determined by the French Courts as a matter of French law[8] and that comity should be extended to those decisions. This Court adopted that reasoning and granted partial summary judgment in favor of the defendants.

Inconsistently, the movants now urge the Court to employ U.S. patent law and award attorneys' fees pursuant to 35 U.S.C.

---

[8] Horphag Research argues,

Section 262 explicitly allows a co-owner of a United States patent to subject its ownership rights to other bodies of law . . . . SCIPA and Horphag chose to do exactly that when they signed the 1985 contract, that is subject the ownership of any jointly owned patents, American or other, to French law.

Memorandum Of Defendants Horphag, M.W., Kaire And Now In Support Of Their Motion For Attorneys' Fees Pursuant To 35 U.S.C. §285 at 15.

7

§285.  At their express urging, this case was not decided under
U.S. patent law.  The movants are now estopped to argue otherwise
and are not entitled to attorneys' fees under 35 U.S.C. §285.

II.  DEFENDANTS HAVE NOT ESTABLISHED THE
     ELEMENTS REQUIRED TO AWARD ATTORNEYS' FEES

        Defendants have not, because they cannot, establish the
elements required for an award of attorneys fees under 35 U.S.C.
§285 .  See Robert L. Harmon, PATENTS AND THE FEDERAL CIRCUIT,
§14.4, at 698-703 (4th Ed. 1999)(citing Machinery Corp. Of America
v. GullFiber AB, 774 F.2d 467, 470 (Fed. Cir. 1985)).

        In the Machinery case[9], the Federal Circuit held that the
party seeking attorneys' fees pursuant to 35 U.S.C. §285 must
establish the following four elements by clear and convincing
evidence:

        (1) the case must be exceptional;

        (2) the district court may exercise its discretion;

        (3) the fees must be reasonable; and

        (4) the fees may be awarded only to the prevailing party.

Id. (citations omitted).  The movants have not established these
four elements, therefore, their motions should be denied.

        A.   THIS IS NOT AN EXCEPTIONAL CASE

        First and foremost, this is not an exceptional case.

_____

        [9] Defendants inexplicably have failed to cite the Machinery
case, which provides the elements required for an award of
attorneys fees pursuant to 35 U.S.C. § 285.

Exceptional cases are those involving "bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent." <u>Cambridge Products, Ltd. v. Penn Nutrients, Inc.</u>, 962 F.2d 1048, 1050-51 (Fed. Cir. 1992)(<u>citing</u> <u>Standard Oil Co. v. American Cyanamid Co.</u>, 774 F.2d 448, 455 (Fed. Cir. 1985)). Further, an "exceptional case" finding requires "proof of actual wrongful intent . . . or gross negligence". <u>Advanced Transformer Co. v. Levinson</u>, 837 F.2d 1081, 1085 (Fed. Cir. 1988).   As explained in the Senate Report to the predecessor of section 285,[10] "[i]t is <u>not</u> contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits." S.Rep. No. 1503, 79th Cong., 2nd Sess. (1946), *reprinted in* 1946 U.S.C.C.A.N. 1386, 1387 (emphasis added).

INC did not maintain this case in bad faith, nor were any of INC's actions undertaken with wrongful intent or gross negligence, nor did INC's actions result in a gross injustice to any of the movants. The movants' attempt to prove otherwise by pointing to INC's continued litigation in the face of the French Appellate Court decision fails.

INC did not litigate in bad faith by arguing that the French Court misapplied a French statute in nullifying S.C.I.P.A.'s assignment of its interest in the '360 patent to INC. Nor did INC

---

[10] 35 U.S.C. §70 (1946), which provided that "the court may in its discretion award reasonable attorney fees to the prevailing party."

9

litigate in bad faith by arguing that it was a <u>bona</u> <u>fide</u> purchaser for value of S.C.I.P.A.'s interest.  Such litigation on INC's part was hardly in bad faith, but based on accepted legal principles and the facts of this case.

The movants have argued that INC knew that it lacked standing to assert the '360 patent and that this demonstrates INC's wrongful intent or gross negligence. However, the movants failed to explain why it was wrong for INC, as an assignee of joint owner S.C.I.P.A., to bring this suit, while it was reasonable for Horphag Research, by change of name from Horphag Overseas and also a joint owner, to bring suit on the '360 patent in the Eastern District of New York. (Second Tobin Dec., Ex. L).  If it was reasonable for Horphag Research, as a purported joint owner of the '360 patent, to assert the '360 patent in the Eastern District of New York, it was reasonable for INC to assert the '360 patent in this case here in the District of Connecticut.[11]

B.    THE COURT SHOULD NOT EXERCISE ITS DISCRETION

As for the second element in the <u>Machinery</u> case, the movants have failed to provide any reason for the Court to exercise its discretion and award fees pursuant to section 285.  According

_____

[11] The fact that INC did not file a motion to re-align Horphag Research as an involuntary plaintiff pursuant to Fed.R.Civ.P. 19 does not make INC subject to attorneys' fees either.  Indeed, paragraph 24 of INC's complaint specifically avers in the alternative that Horphag claims to be a joint owner of the '360 patent.

to black letter law, the award of fees is discretionary, and this discretion "may only be exercised upon a specific finding of exceptional circumstances." American Medical Systems v. Medical Engineering Corp., 794 F.Supp. 1370, 1398 (E.D. Wis. 1992)(citing 5 D.S. Chisum, CHISUM ON PATENTS, §20.03[4][c]), modified, 6 F.3d 1523 (Fed. Cir. 1993).

As previously stated, this is not an exceptional case and the Court has not so found. Therefore, the Court should not exercise its discretion and award fees pursuant to section 285. Further, even if the Court found that some of INC's arguments were not persuasive, the Court should not exercise its discretion and award attorneys' fees on that basis.

C.  THE FEES REQUESTED BY THE DEFENDANTS ARE UNREASONABLE AND THEREFORE SHOULD BE DENIED

The third element from the Machinery case is that the fees requested must be reasonable. 35 U.S.C. §285 ("The court in exceptional circumstances may award reasonable attorney fees to the prevailing party.")(emphasis added). Where the attorneys' fees requested are so excessive that it shocks the conscience, attorneys' fees can be denied altogether. Fair Housing Council of Greater Wash. v. Landow, 999 F.2d 92, 98 (4th Cir. 1993). Further, the fees must be for the litigation of patent issues; section 285 does not authorize fees for non-patent claims.[12]   Stickle v.

---

[12]  The amounts requested by the movants should include only time expended to litigate patent issues. Because patent issues

11

<u>Heublein, Inc.</u>, 716 F.2d 1550, 1564 (Fed. Cir. 1983)(reversing a fee award based in part on a breach of warranty claim).

For the Court to determine the reasonableness of the amount requested, "there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended." <u>Water Technology Corp. v. Calco, Ltd.</u>, 850 F.2d 660, 674 (Fed. Cir. 1988). "[A]n award must be set aside if it is unsupported by adequate findings of the basis for the award". <u>Id.</u> (<u>quoting</u> <u>Hughes v. Novi American, Inc.</u>, 724 F.2d 122, 124 (Fed. Cir. 1984)).

The fees requested in Horphag's motion and Indena's motion are completely unreasonable and unsupported. Horphag's motion requests $582,236.00 (listing 14 attorneys who worked on this case); Indena's motion requests $353,150.50 (listing 16 attorneys and 10 legal assistants/staff members who worked on this case). Neither Horphag nor Indena provided any documented breakdown showing who did what and when, so it is impossible to determine the basis for the massive amounts sought.[13]

Horphag and Indena fail to mention in their moving papers that: neither Horphag or Indena even answered INC's complaint; neither Horphag nor Indena produced a single document; neither

---

were not litigated in this case, the movants are not entitled to any attorneys' fees. See section I, *supra*, incorporated herein by reference.

[13] These numbers do not include Connecticut local counsel.

12

Horphag nor Indena served a single discovery request; neither Horphag nor Indena responded to a single discovery request; neither Horphag nor Indena took a single deposition; neither Horphag nor Indena defended a single deposition; neither Horphag nor Indena reviewed documents produced by any other party (since no documents were produced); neither Horphag nor Indena submitted proposed Scheduling Orders; neither Horphag nor Indena took part in any third party discovery; neither Horphag nor Indena took part in any ADR or arbitration proceedings, etc.

In short, very little took place in this case. The most expensive phase of a case such as this, discovery, had not even begun. The litigation that took place boils down to the following: a number of defendants filed Rule 12(b) motions. When those motions were denied and the Court invited summary judgment motions, the defendants filed summary judgment motions. For this result, Horphag and Indena seek $582,236.00 and $353,150.50, respectively. In other words, according to the Horphag and Indena motions, drafting a partial summary judgment motion that relied on a French Court decision entitles them to almost $1,000,000 in fees. Given the result, these figures are unreasonable to say the least.[14]

---

[14]   INC cannot challenge the reasonableness of the amounts requested by Nutraceutical, Arkopharma, Traco or Chemco in that these movants have not requested specific amounts in their moving papers. If and when these movants submit this information to the Court, INC may challenge the requested amounts as unreasonable. In any event, most of the defendants simply incorporated Horphag's Rule 12 and summary judgment motions by reference and

13

As previously explained, the movants are not entitled to attorneys' fees for a number of reasons. However, if the Court is inclined to award fees, at most, the movants are entitled to recover only those fees associated with the preparation of their motions for summary judgment. The movants do not disclose what portion of the awards they are seeking is attributable to the drafting of their respective summary judgment motions. Without this evidence, no award can be made. On their face, the amounts sought by the movants must be deemed unreasonable.

### CONCLUSION

Based on the facts and authorities set forth above, it is respectfully submitted that all of the motions for attorneys' fees should be denied.

Dated this 10th day of May, 2000.

Respectfully,

Norman H. Zivin (ct 08103)
Robert D. Katz (ct 20098)
Donna A. Tobin (ct 14698)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400

---

did not do any independent work.

14

Jacob P. Bryniczka (ct 06026)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut 06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition Company

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES was served on defendants by and through its attorneys of record, via First Class Mail, postage pre-paid, on this 10th day of May, 2000, addressed to the following:

*Arkopharma:*
Alex Chachkes, Esq.
WIGGIN & DANA
One Century Tower
New Haven, CT  06508-1832

*Arkopharma, Of Counsel:*
Joseph A. Calvarusso, Esq.
Richard C. Komson, Esq.
John T. Gallagher, Esq.
MORGAN & FINNEGAN
345 Park Avenue
New York, NY  10154

*Chemco:*
Philmore H. Colburn II, Esq.
Fishman, Dionne & Cantor
88 Day Hill Road
Windsor, CT  06095

*Chemco, Of Counsel:*
Evan Kent, Esq.
RUSS, AUGUST & KABIT
12424 Wilshire Blvd.
Suite 1200
Los Angeles, CA 90025

*Indena & Enzymatic:*
Maureen Danehy Cox, Esq.
CARMODY & TORRENCE
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721

*Jarrow:*
Mark D. Giarrantana, Esq.
Joseph S. Kentoffio, Esq.
CUMMINGS AND LOCKWOOD
CityPlace I, 185 Asylum St.
Hartford, CT  06103-3495

*Jarrow, Of Counsel:*
Philip Scott Polisky, Esq.
450 West 24th Street, Ste. 2F
New York, New York 10011

*Nutraceutical:*
Matthew J. Becker, Esq.
James Sicilian, Esq.
David C. Robinson, Esq.
DAY, BERRY & HOWARD
CityPlace I
Hartford, CT  06103-3499

*Nutraceutical, Of Counsel:*
Mark A. Pals, Esq.
Anne V. Pellegrini, Esq.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL  60601

*New Vision:*
Charles L. Howard, Esq.
Stephanie M. Gitlin, Esq.
SHIPMAN & GOODWIN
One American Road
Hartford, CT  06103-2819

*Indena & Enzymatic, Of Cousel:*
Thomas G. Rowan, Esq.
Brian M. Poissant, Esq.
Anthony M. Insogna, Esq.
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York  10036

*Freelife:*
Steven P. Ciardiello, Esq.
2840 Whitney Avenue
Hamden, CT  06518

*Greater Continents:*
Mr. Richard A. Merriam,
President
Greater Continents, Inc.
140 Arrowood Lane
San Mateo, CA  94403

*Horphag, Kaire, M.W. & Now:*
Stuart D. Rosen, Esq.
BINGHAM, DANA & GOULD
100 Pearl Street
Hartford, CT  06103-4507

Twin Labs:
Bennett H. Last, Esq.
Mark J. Kovack, Esq.
GILBRIDE, TUSA, LAST & SPELLANE
LLC
31 Brookside Drive
P.O. Box 658
Greenwich, CT  06386

*New Vision, Of Counsel:*
Edwin P. Schindler, Esq.
Five Hirsch Avenue
P.O. Box 966
Coram, NY  11727-0966

*Traco:*
Eric Daniels, Esq.
Matthew J. Cholewa, Esq.
ROBINSON & COLE
One Commercial Plaza
Hartford, CT  06103-3597

*Traco, Of Counsel:*
Robert Ullman, Esq.
Jacob Laufer, Esq.
John Desidorio, Esq.
Ullman, Shapiro & Ullman
299 Broadway, Suite 1700
New York, NY  10007

*Horphag, Kaire, M.W. & Now,
Of Counsel:*
Marvin S. Gittes, Esq.
Michael A. Adler, Esq.
COBRIN, GITTES & SAMUEL
750 Lexington Avenue
New York, New York  10022

*Usana:*
Philmore H. Colburn II, Esq.
Fishman, Dionne & Cantor
88 Day Hill Road
Windsor, CT  06095

*Twin Labs, Of Counsel:*
Daniel Ebenstein, Esq.
Anthony F. LoCiecero, Esq.
AMSTER, ROTHSTEIN & EBENSTEIN
90 Park Avenue
New York, NY  10022

*Usana, Of Counsel:*
H. Ross Workman, Esq.
Brent P. Lorimer, Esq.
Eric Maschoff, Esq.
WORKMAN, NYDEGGER & SELLEY
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111

iii