IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERNATIONAL NUTRITION )
COMPANY, )
 )
                 Plaintiff, )
 )
     v. )   Civil Action No.
 )   396 CV 00386 (DJS)
HORPHAG RESEARCH LTD., MW )
INTERNATIONAL, INC., KAIRE )
INTERNATIONAL, INC., TRACO LABS, )
INC., CHEMCO INDUSTRIES, INC., )
GREATER CONTINENTS, INC., INDENA )
U.S.A., TWIN LABORATORIES, INC., )
USANA, INC., FREE LIFE )
INTERNATIONAL LTD., NOW FOODS, )
ENZYMATIC THERAPY, INC., )
NUTRACEUTICAL CORPORATION, )
ARKOPHARMA, INC., JARROW FORMULAS, )
INC. and NEW VISION INTERNATIONAL, )
INC. )
 )
                 Defendants. )

PLAINTIFF'S OPPOSITION TO DEFENDANT
JARROW'S MOTION FOR ATTORNEYS' FEES

Norman H. Zivin  (ct 08103)
Robert D. Katz   (ct 20108)
Donna A. Tobin   (ct 14628)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York  10036
(212) 278-0400

Jacob P. Bryniczka (ct 06026)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut  06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition Company

INTRODUCTION

Plaintiff, International Nutrition Company ("INC"), hereby submits this memorandum in opposition to JARROW FORMULAS, INC'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927 AND 35 U.S.C. §285, and incorporates by reference its Memorandum In Opposition To The Defendants' Motions For Attorneys' Fees (Docket No. 355) in its entirety.

Based on its threats and outrageous communications during the course of this lawsuit, Jarrow Formulas, Inc. ("Jarrow") is not entitled to attorneys' fees. Indeed, if anyone should be sanctioned for vexatious litigation, it should be Jarrow.

FACTUAL BACKGROUND

Jarrow's behavior during the course of suit has been nothing short of outrageous. Yet, somehow Jarrow believes that its cursing, screaming, threatening voicemail messages and threatening, nasty facsimiles and letters to INC's trial counsel entitle it to receive attorneys' fees.[1]

Jarrow's President, Jarrow Rogovin, has repeatedly threatened INC's trial counsel with malicious, abusive voicemail messages, facsimiles, and letters. Zivin Dec., Exs. A through E. Rather than litigate this suit on the merits, Jarrow employed these vexatious voicemail messages, facsimiles, and letters in an ill-

---

[1] Jarrow spins these venomous communications as attempts "to urge INC and its counsel to reasonably assess and withdraw their meritless claims...." Jarrow's Mem. at 10.

1

conceived attempt to get INC to withdraw this action against it. The Court should not condone, much less reward, this conduct.

For example, in a voicemail left for INC's trial counsel on April 5, 1996, Mr. Rogovin, President of Jarrow blared, *inter alia*:

> Mr. Zivin, this is Mr. Rogovin from Jarrow Formulas . . . . Suits are disgusting, especially when they are a pack of lies and this one is a pack of lies and you'll find out about it real fast how much bull[expletive deleted] this is and if you don't like my language right now is because I'm ticked off at your client . . . .

Zivin Dec., Ex. A.

Several minutes later, Rogovin left a second threatening voicemail message for INC's trial counsel:

> Now you two lawyers get out of my face! Because if you don't I'm gonna sue you two. You understand that! You hold me responsible for my actions, I hold you responsible for your actions. I'm sick and tired of lawyers, you people are scum! You're liars. . . .

Zivin Dec., Ex. B.

Not having finished with these two diatribes, Rogovin continued with yet a third voicemail message:

> So you're gonna get three messages from me alright. . . . This is a fraud. This is a scam lawsuit. Your liable to me for my time. . . . I want a written response from both of you, the legal side and the client side on this bibliography of prior art. . . .
>
> And I want that, I want that response immediately. I want a specific written response! No, no games about have your lawyer call me.

Zivin Dec., Ex. C.

These diatribes were in response to a letter from INC's trial counsel asking Rogovin to refrain from calling counsel's

2

office. Rogovin scrawled on that request:

> Your suit is rude and insulting. It's a lie. You'll have a substantial written response soon. You answer or else I'll take you to court on bad faith. I'm sick of lawyers. Further, your clients are rude as hell. . . .

Zivin Dec., Ex. D.

On February 4, 1998, Rogovin sent yet another threatening letter to INC's trial counsel. Zivin Dec., Ex. E ("Enclosed is a copy of the lawsuit we filed against Cynthia Harf, Esq. for malicious prosecution. . . . She too considered Jarrow's threats 'hollow'"). Jarrow's repeated, appalling behavior should be the subject of a motion against it, not a motion against INC.[2]

A patentee such as INC has the right, protected by federal statute, to bring an infringement suit. Jarrow's threats, in an attempt to have INC withdraw its suit, are antithetic to the well establish procedures and precedents that a patent infringement suit entails.

According to Jarrow, patent infringement litigation should be conducted as follows: if after filing suit, a patentee receives a threatening letter from a defendant demanding that the suit against it be dropped, the patentee must comply with the demand or be liable for attorneys' fees. Jarrow attempts to support this absurd contention by pointing to a August 28, 1996 letter from Rogovin to INC's trial counsel, where Rogovin claimed

---

[2] If the Court so directs, INC will file a motion seeking punitive relief against Jarrow for these communications.

3

that he had located a number of prior art references that invalidated INC's patent-in-suit (U.S. Patent No. 4,698,360; hereafter "the '360 patent").

What Jarrow neglected to inform the Court, in its haste to malign INC, is that the Patent and Trademark Office ("PTO") re-examined[3] the '360 patent in light of Rogovin's supposed invalidating references. The result of this re-examination: the patentability of every single claim of the '360 patent was confirmed. Therefore, as attested to by the PTO, Jarrow's abusive, threatening communications to INC about the weakness of the '360 patent were utterly groundless. INC's effort to enforce the '360 patent in the face of these communications does not entitle Jarrow to attorneys' fees under any theory or statute.[4]

ARGUMENT

I. JARROW OFFERS NO REASON TO IGNORE WELL REASONED FEDERAL CIRCUIT PRECEDENT DENYING ATTORNEYS' FEES UNDER 35 U.S.C. §285

According to the Federal Circuit, 35 U.S.C. §285 does not

---

[3] "Any person may cite patents or printed publications for entry into the file of a patent during the period of its enforceability in order to inform the PTO and the patent owner of such prior art as may affect the patent." Herbert F. Schwartz, Patent Law and Practice (2nd ed. 1995)(citing 35 U.S.C.A. §301).

[4] Jarrow also fails to mention in its motion papers that it is being indemnified by a co-defendant, Indena U.S.A, who is represented by Pennie & Edmonds. Therefore, Jarrow need not have spent one dime defending itself in this action. This did not stop Jarrow from expending substantial quantities of time and money pursuing an invalidity defense that amounted to nil.

4

provide for an award of attorneys' fees where, as here, non-patent issues were litigated. Gjerlov v. Schuyler Labs, 131 F.3d 1016 (Fed.Cir. 1997).[5] Jarrow insists that despite Gjerlov, 35 U.S.C. §285 applies because: (1) INC invoked the jurisdiction of this Court under the patent statute,[6] and (2) INC filed a notice of a appeal with the Court of Appeals for the Federal Circuit.[7] According to Jarrow, these two facts indicate that 35 U.S.C. §285 applies to this case. Jarrow's Mem. at 13-14.

The second sentence of the Gjerlov opinion nullifies Jarrow's argument entirely: "We hold that while patent law provides the basis for federal jurisdiction, here state contract law provides the grounds for the decision." Id. at 1017. The Federal Circuit then reversed the District Court's award of fees and costs under 35 U.S.C. §285 as improper. Gjerlov, 131 F.3d at 1025.

The Federal Circuit's holding and rationale in Gjerlov

---

[5] Gjerlov involved the breach of a settlement agreement and consent decree establishing that Schuyler Labs infringed the patent-in-suit and enjoining it from manufacturing certain, named products. Infringement was not litigated in the District Court. Id. at 1018.

[6] The patent statute, 35 U.S.C. § 271 reads, *inter alia*: "whoever without authority makes, uses, offers to sell or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

[7] An appeal from an action seeking relief under the patent statute must be taken to the Federal Circuit. 28 U.S.C. §1295(a).

5

are directly applicable to this case. This Court's decision is based on French law. Although patent law is the basis for federal jurisdiction, this Court held that "[t]he 1985 joint development contract subjected the ownership of any applicable intellectual property, including the '360 patent, to French law." Ruling On Defendant's Motion For Partial Summary Judgment at 8-9 (Docket No. 326). Since this case was decided under French law rather than U.S. patent law, §285 does not apply. Further, because infringement was not determined by the Court, §285 does not apply. Jarrow did not distinguish <u>Gjerlov</u> because it cannot.[8]

II.     28 U.S.C. §1927 DOES NOT PROVIDE STATUTORY AUTHORITY TO AWARD ATTORNEYS' FEES IN THIS CASE

28 U.S.C. §1927[9] does not provide authority for an award of attorneys' fees in this case. As explained in <u>Colucci v. New York Times Co.</u>,

> The thrust of this section is to curb dilatory practices and the abuse of court processes by attorneys. <u>The sanctions authorized under section 1927 are not to be lightly imposed; nor are they to be triggered because a lawyer vigorously and zealously pressed his client's interests. The power to assess the fees against an</u>

---

[8] Despite its failure to distinguish <u>Gjerlov</u> or the other cases INC has cited concerning the inapplicability of 35 U.S.C. §285, Jarrow maintains, without any legal support whatsoever, "This argument is frivolous on its face." Jarrow's Mem. at 21.

[9] 28 U.S.C. §1927 reads,
"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

6

<u>attorney should be exercised with restraint lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of his client.</u> To justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse the judicial processes.

533 F.Supp. 1011, 1013-14 (S.D.N.Y. 1982)(emphasis added, citations omitted).

There was no dilatory practice in this case. Indeed, INC and its counsel took all steps necessary to avoid extending this proceeding. The only issue decided by the Court was the ownership of the patent-in-suit. No discovery was taken and the case was decided solely on briefs and declarations.

INC could not have predicted when this suit was filed that the French courts would rule as they did, based on a forum selection (as opposed to choice of law) provision in the 1985 joint development agreement. According to Jarrow (and the other defendants who have moved for attorneys' fees), INC's attempt to persuade this Court not to adopt the findings of the French courts was bad faith. In effect, Jarrow says INC should have just given up. But as the <u>Colucci</u> court correctly points out, counsel for INC is entitled to zealously press his client's interests. To hold otherwise would "chill the ardor of proper and forceful advocacy". <u>Id</u>.

Jarrow's reliance on <u>Michod v. Walker Magnetics Group, Inc</u>, 115 F.R.D. 345 (N.D.Ill. 1987), is misplaced. First, <u>Michod</u>

7

is a Rule 11 case; 28 U.S.C. §1927 was not discussed. Second, Michod averred in its complaint that it was an exclusive licensee and steadfastly refused to produce the licensee agreement granting it that status. When the defendants obtained the license agreement from a third party, it turned out that Michod was in fact a non-exclusive licensee. INC has not engaged in any dilatory conduct, therefore <u>Michod</u> is inapplicable.

Nor has INC engaged in egregious conduct or conduct "stamped by bad faith". Accordingly, attorneys' fees should not be awarded under 28 U.S.C. §1927. <u>See also</u> <u>Katz v. Aiwa America, Inc.</u>, 818 F.Supp. 730 (D.N.J. 1993)(declining to award attorneys' fees under 35 U.S.C. §285 or 28 U.S.C. §1927 after granting summary judgment of non-infringement for defendant Aiwa).

CONCLUSION

Based on the facts and authorities set forth above, it is respectfully submitted that Jarrow's Motion For Attorneys' Fees be be denied.

Dated this 20th day of June, 2000.

Respectfully,

_____
Norman H. Zivin (ct 08103)
Robert D. Katz (ct 20108)
Donna A. Tobin (ct 14698)
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400


Jacob P. Bryniczka (ct 06026)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Avenue
P.O. Box 777
Westport, Connecticut 06881
(203) 227-9545

Attorneys for Plaintiff
International Nutrition Company

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S OPPOSITION TO JARROW'S MOTION FOR ATTORNEYS' FEES was served on defendants by and through its attorneys of record, via First Class Mail, postage pre-paid, on this 20th day of June, 2000, addressed to the following:

*Arkopharma:*
Alex Chachkes, Esq.
WIGGIN & DANA
One Century Tower
New Haven, CT  06508-1832

*Arkopharma, Of Counsel:*
Joseph A. Calvarusso, Esq.
Richard C. Komson, Esq.
John T. Gallagher, Esq.
MORGAN & FINNEGAN
345 Park Avenue
New York, NY  10154

*Chemco:*
Philmore H. Colburn II, Esq.
Fishman, Dionne & Cantor
88 Day Hill Road
Windsor, CT  06095

*Chemco, Of Counsel:*
Evan Kent, Esq.
RUSS, AUGUST & KABIT
12424 Wilshire Blvd.
Suite 1200
Los Angeles, CA 90025

*Indena & Enzymatic:*
Maureen Danehy Cox, Esq.
CARMODY & TORRENCE
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721

*Jarrow:*
Mark D. Giarrantana, Esq.
Joseph S. Kentoffio, Esq.
CUMMINGS AND LOCKWOOD
CityPlace I, 185 Asylum St.
Hartford, CT  06103-3495

*Jarrow, Of Counsel:*
Philip Scott Polisky, Esq.
450 West 24th Street, Ste. 2F
New York, New York 10011

*Nutraceutical:*
Matthew J. Becker, Esq.
James Sicilian, Esq.
David C. Robinson, Esq.
DAY, BERRY & HOWARD
CityPlace I
Hartford, CT  06103-3499

*Nutraceutical, Of Counsel:*
Mark A. Pals, Esq.
Anne V. Pellegrini, Esq.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL  60601

*New Vision:*
Charles L. Howard, Esq.
Stephanie M. Gitlin, Esq.
SHIPMAN & GOODWIN
One American Road
Hartford, CT  06103-2819

*Indena & Enzymatic, Of Counsel:*
Thomas G. Rowan, Esq.
Brian M. Poissant, Esq.
Anthony M. Insogna, Esq.
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York   10036

*Freelife:*
Steven P. Ciardiello, Esq.
2840 Whitney Avenue
Hamden, CT   06518

*Greater Continents:*
Mr. Richard A. Merriam,
President
Greater Continents, Inc.
140 Arrowood Lane
San Mateo, CA   94403

*Horphag, Kaire, M.W. & Now:*
Stuart D. Rosen, Esq.
BINGHAM DANA LLP
One State Street
Hartford, CT   06103-3178

*Twin Labs:*
Bennett H. Last, Esq.
Mark J. Kovack, Esq.
GILBRIDE, TUSA, LAST & SPELLANE
LLC
31 Brookside Drive
P.O. Box 658
Greenwich, CT   06386

*New Vision, Of Counsel:*
Edwin P. Schindler, Esq.
Five Hirsch Avenue
P.O. Box 966
Coram, NY   11727-0966

*Traco:*
Eric Daniels, Esq.
Matthew J. Cholewa, Esq.
ROBINSON & COLE
One Commercial Plaza
Hartford, CT   06103-3597

*Traco, Of Counsel:*
Robert Ullman, Esq.
Jacob Laufer, Esq.
John Desidorio, Esq.
Ullman, Shapiro & Ullman
299 Broadway, Suite 1700
New York, NY   10007

*Horphag, Kaire, M.W. & Now,*
*Of Counsel:*
Marvin S. Gittes, Esq.
Michael A. Adler, Esq.
COBRIN, GITTES & SAMUEL
750 Lexington Avenue
New York, New York   10022

*Usana:*
Philmore H. Colburn II, Esq.
Fishman, Dionne & Cantor
88 Day Hill Road
Windsor, CT   06095

*Twin Labs, Of Counsel:*
Daniel Ebenstein, Esq.
Anthony F. LoCiecero, Esq.
AMSTER, ROTHSTEIN & EBENSTEIN
90 Park Avenue
New York, NY  10022

*Usana, Of Counsel:*
H. Ross Workman, Esq.
Brent P. Lorimer, Esq.
Eric Maschoff, Esq.
WORKMAN, NYDEGGER &  SELLEY
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111

_____
[signature]