Exhibit A

Voicemail
7:46 pm Friday, April 5, 1996:

Mr. Zivin this is Mr. Rogovin from Jarrow Formulas. I received your fax and it's incorrect. You ought to call people and ask them. I spoke in this kind of tone of voice which is no more rude and insulting than your lawsuit, number one.

Number two, uh Mr. LeFebvre hung up on me when I asked him about his mislabeling his product. He's off by only about 60 percent. I believe these are Lanham Act violations and I said that your mislabeling and your false advertising makes your suit moot.

Now in a panic and stammering he starts stuttering, "Well call my lawyer, you can speak to Zivin", and all that nonsense and hangs up the phone on me. I call back and he refuses to take it.

Now listen Mr. uh Flatow, when you sue people you talk to them. You get in their face and you talk to them ok? Don't play games, don't pretend that it's polite. It isn't polite. Suits are disgusting, especially when there a pack of lies and this one is a pack of lies and you'll find out about it real fast how much bullshit this is and if you don't like my language right now its because I'm ticked off at your client and I don't like the letter.

Now your client Bert Schwitters wrote a book. He knows the prior art. He knows the uh false mischaracterizations and the nomenclature of OPC's. He knows it goes back to the 40's, 50's, 60's and 70's. He knows they were characterized as antioxidants in the 60's and 70's. He knows the antioxidant effect was recognized in the 70's and early 80's. It goes on and on, Ok?

This is a damm lie from day one and both Schwitters and LeFebvre know that OPC 85 is mislabeling. Get it! Now you'll get all this in writing and your going to have to deal with me Mr. LeFebvre and I'll tell you. Mr. LeFebvre, Mr. Flatow and I'll tell you right now you better deflate your pompous attit.... (tape ends)

Exhibit B

Voicemail
7:49 pm Friday, April 5, 1996:

Alright so this Zivin instead of Flatow, same difference.
As I was saying, deflate you attitude because I'll tell you right
now, your clients know their mislabeling and they think their
gonna sue?  What kind of game is this anyway?

Oh well, lets, lets, lets, have a phony patent, lets mislabel,
lets commit Lanham Act violations, let's say we have a trademark
and that permits us to commit advertising fraud and we'll just
sue people.

Now you two lawyers get out of my face!  Because if you don't I'm
gonna sue you two. You understand that!  You hold me responsible
for my actions, I hold you responsible for your actions.  I'm
sick and tired of lawyers, you people are scum! You're liars!

You people think you can just go and drop lawsuits on people's
desks and walk away and then you're immune. You've full of it.
You're not immune.  The buck stops here on my desk.  Any lawyer
wants to sue me they better be righteous and not full of it like
their clients are.  And I'll tell you something more about your
clients, ok.  They're running around the country defaming all the
defendants in this suit.  That's right your clients are defaming
everybody.  So you tell your clients to stop behaving rudely.
Because I'm sick of them holding up this suit with my company's
name on it. And then saying how we're behaving unethically
because their running all over the country doing that. Ok?  And
then you've got these Lifesource yahoos with some MLM company,
putting out a mass mailing, a mass mailing, SIR!

So you people get yourselves under control and you cut out these
phony lawsuits, these phony claims, defaming people in the
marketplace, because Jarrow Formulas isn't going to put up with
it.

Now your going to get my response in another day or two and you
had better respond point by point to the science because right
now you guys owe me $6,000 for (tape ends).

Exhibit C

Voicemail
7:52 pm Friday, April 5, 1996

So you're gonna get three messages from me alright. Now you ask your client, as I say, but you people owe me $6,000 for my time, ok, you robbed my time for me to go to the library pull these things and write this nonsense up and talk to a few people. Ok, you wasted my time. This is a fraud. This is a scam lawsuit. You're liable to me for my time. You have a duty of due diligence. And let me tell you something about your client. Ok, he wrote a book right, OPC's In Practice. You know he wrote that. Now you're telling me he spent no time in the library. He has no idea of prior art? Bullpucky,ok, horsefeathers. Now you send him, or or I probably will my self. You get back to him. You talk to him and you have him put in writing his response to the bibliography on prior art I have. You understand me? I want a written response from both of you, the legal side and the client side on this bibliography of prior art.

And I want that, I want that response immediately. I want a specific written response! No, No games about have your lawyer call me. No you call me, you deal with me, you look, you talk to me straight, like a mensch. You tell me what's going on here. You understand me? You tell me how all those scientists in 30,40 years of publication, somehow don't apply.

Exhibit D

COOPER & DUNHAM LLP

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

TELEPHONE: (212) 278-0400

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630

GERALD W. GRIFFIN
[illegible]
PETER D. MURRAY
THOMAS G. CARULLI
WILLIAM E. PELTON
DONALD S. DOWDEN
PETER J. PHILLIPS
WENDY E. MILLER
ALBERT [illegible] CHAN
LEWIS J. [illegible]
ROBERT T. MALDONADO
[illegible] AMBERT
MARY ANNE [illegible]
TIMOTHY X. WITKOWSKI*
JOHN J. SKINNER, JR.*
GEORGE M. MACDONALD*
ELIZABETH M. WIECKOWSKI*

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
JAY H. MAIOLI
ROBERT B. G. HOROWITZ
ROBERT D. KATZ
DONNA A. TOBIN
RICHARD [illegible] MILNER
MATTHEW B. TROPPER
KRISTINA L. KONSTAS
MARK E. COHEN
PAUL TENG
GERARD [illegible]
JA K. MOON*
MICHELLE A. SHERWOOD*
MARY CATHERINE DINUNZIO*

*[illegible]

OF COUNSEL
JOHN N. COOPER
THOMAS F. MORAN
JOHN R. GARBER

SCIENTIFIC ADVISORS
NATHAN P. LETTS, PH.D.
A. DAVID JOHAN, PH.D.
ADRIAN G. LOONEY, PH.D.
JANE H. LOVE, PH.D.
CHARLES C. ACHKAR, PH.D.
[illegible] YU-JAHNES, PH.D.

PATENT AGENTS
VICTOR DEVITO, B.S. E.E.
GARY J. GERSHIK, B.S. CHEM. E.

April 5, 1996

**BY FAX**

Mr. Jarrow Rogovin
Jarrow Formulas, inc.
1824 S. Robertson Blvd.
Los Angeles, CA 90035

Re: INC v. Horphag et al
Dkt. 48993

Dear Mr. Rogovin:

You have called my office and our Connecticut associate's office, and in both cases you were rude and insulting.

Henceforth, we will not accept any telephone calls from you. We will communicate only with your counsel.

Very truly yours,

[signature]

Norman H. Zivin

NHZ/mn

cc: Jonathan A. Flatow, Esq.

That's a joke coming from a lawyer whose suit is a pack of lies,

Not unless I hire one. Until then you're stuck with me.

Your suit is rude and insulting. It's a lie. You'll have a substantial written response soon. You answer or else I'll take you to court on bad faith. I'm sick of lawyers. Further your clients are rude as hell — they hung up when challenged on basic facts. I was no ruder than your own clients,

TOTAL P.01

Exhibit E

**Jarrow FORMULAS, INC™** Superior Nutrition and Formulation℠

1824 South Robertson Blvd.
Los Angeles, CA 90035-4317
310/204-6936 • 800/726-0886

Fax Numbers
Orders 800/890-8955
General 310/204-2520
Administrative 310/204-5132

February 4, 1998

Norman H. Zivin
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Re: Your letter of January 9, 1998 re OPC-95 Trademark Claim

Dear Mr. Zivin:

Your above-referenced letter states, *inter alia*, "[Y]our client's [Jarrow Formulas] repetitive, hollow threats and spurious allegations do not provide a climate for any meaningful dialogue."

Enclosed is a copy of the lawsuit we filed against Cynthia Harf, Esq. for malicious prosecution. Harf was served on January 12. She too considered Jarrow's threats "hollow." To quote Bob Dylan, "When will they ever learn?"

Sincerely,

Jarrow L. Rogovin
President

cc: Mark Giarratana, Esq.
P. Scott Polisky, Esq.
Neal T. Wiener, Esq.

NEAL T. WIENER, S.B.# 51822
9100 Wilshire Boulevard, Suite 700 West
Beverly Hills, California 90212
Telephone: (310) 276-2889

Attorney for Plaintiffs
JARROW FORMULAS, INC. and NATREN, INC.

FILED
KENNETH E. MARTONE Clerk of the Superior Court
DEC 31 1997
By: TONI OZENBAUGH Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO - NORTH COUNTY

| | |
|---|---|
| JARROW FORMULAS INC.; and NATREN, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CYNTHIA M. HARF; BOYD O'DONNELL; EDWARD O'DONNELL, BIO-GENESIS, INC.; INTERNATIONAL BIO-TECH USA, INC.; DOES 1 to 15, Inclusive<br><br>Defendants. | CASE NO. N076795<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR MALICIOUS PROSECUTION** |

Plaintiffs, JARROW FORMULAS, INC. and NATREN, INC. allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, JARROW FORMULAS, INC. ("JFI") is and was at all times herein mentioned a California corporation.

2. Plaintiff, NATREN, INC., ("NATREN") is and was at all times herein mentioned a California corporation.

3. Defendant CYNTHIA M. HARF ("HARF") resides in San Diego county.

4. At all times herein mentioned, Defendant HARF was licensed to engage in the practice of law in the state of California and was practicing law in San Diego, California.

5. Defendant BOYD O'DONNELL ("BOYD") is and was at all times herein mentioned a resident of San Marcos, California.

6. Defendant EDWARD O'DONNELL ("EDWARD") is and was at all times herein mentioned a resident of San Marcos, California.

7. Defendant BIO-GENESIS, INC. ("BIO-GENESIS") is and was at all times herein mentioned a Nevada corporation with its main place of business at San Marcos, California.

8. Defendant INTERNATIONAL BIO-TECH USA, INC. ("BIO-TECH") is and was at all times herein mentioned a Nevada corporation with its main place of business at San Marcos, California. Plaintiffs are informed and believe and upon said information and belief allege that, on or about July 1, 1996, BIO-GENESIS transferred to BIO-TECH all of its assets and liabilities thereby making BIO-TECH the alter ego, successor corporation of BIO-GENESIS. Hence, BIO-TECH bears full responsibility for the bringing and maintaining of the underlying action.

9. Plaintiffs are ignorant of the true names and capacities of the Defendant's sued herein as DOES 1-15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and upon said information and belief allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs'

damages as herein alleged were proximately caused thereby.

10. On July 24, 1995, Defendant HARF instituted a civil action against Plaintiffs, as counsel of record for BIO-GENESIS, the Plaintiff in a case filed in San Diego Superior Court, North County Branch, California. The action entitled "Bio-Genesis, Inc. v. Natren Co. and Jarrow Formulas, Inc." was labeled Case no. 68471, and the complaint, which provided the basis for said action, claimed general and exemplary damages in amounts according to proof for trade libel, slander, interference with economic advantage and civil conspiracy. The crux of the underlying action was that JFI and NATREN had re-published the report of the Federal Food and Drug Administration's raid and seizure of BIO-GENESIS equipment and inventory.

11. Plaintiffs are informed and believe and thereon allege that Defendants BOYD and EDWARD exercised control over BIO-GENESIS and were therefore responsible for commencing and directing the underlying action, Bio-Genesis, Inc. v. Natren Co. and Jarrow Formulas, Inc., Case no. 68471 in that:

a. BOYD was not only BIO-GENESIS's majority shareholder, but at all relevant times he controlled BIO-GENESIS and held himself out as its president. Hence, Plaintiffs are informed and believe and based thereon allege that at the time the underlying action was commenced, BOYD was in fact the alter ego of BIO-GENESIS.

b. Edward, at all relevant times, acted as a conduit for BOYD and BIO-GENESIS, including functioning as the figure-head President for BIO-GENESIS and its

successor corporation, BIO-TECH.

12. Following Defendants' commencement of the former action, Plaintiffs filed counter-claims for unfair competition, false advertising, civil R.I.C.O., injunctive relief and conspiracy, and on September 18, 1996 the entire action, including both the underlying complaint and counter-claims, was removed from the San Diego Superior Court to Federal Bankruptcy Court pursuant to an Order for Removal in the personal Chapter 7 bankruptcy of BOYD and the adversary case therein.

13. On or about January 27, 1997, following NATREN's motion for summary judgment, judgment in the case of Bio-Genesis, Inc. v. Natren, Inc., incorrectly sued as Natren, Co., was entered in favor of NATREN. Said judgment is attached hereto as Exhibit "1".

14. The remainder of Plaintiffs' action, Bio-Genesis, Inc. v. Jarrow Formulas, Inc., was dismissed on May 8, 1997. On that date, the former action was dismissed with prejudice, as to defendant JFI, pursuant to the parties' stipulation to dismiss with prejudice. The notice of dismissal was filed on May 5, 1997 and is attached hereto as Exhibit "2".

15. Both the summary judgment in favor of NATREN (Exhibit "1") and notice of dismissal as to JFI (Exhibit "2") terminated Defendants' former action and severed said action from any and all other proceedings.

16. Defendant HARF acted without probable cause in bringing the above referenced action against Plaintiffs because HARF unreasonably neglected to investigate facts in making her determination to proceed against Plaintiffs despite the fact that

Plaintiffs took extraordinary measures to provide overwhelming evidence revealing the complaint to be meritless.

17. Further, Defendant HARF acted maliciously in bringing the above referenced action against Plaintiffs because:

a. Defendant knew or should have known before instituting proceedings against Plaintiffs the underlying claims were false and without merit;

b. Defendant HARF initiated the proceedings for the purpose of forcing Plaintiffs to enter into a settlement with her co-defendants, the Plaintiffs in the former action; and

c. Defendant Harf continued representation of BIO-GENESIS even after she gained actual knowledge that no factual support existed for the allegations of the underlying action.

18. Defendants BOYD and EDWARD acted without probable cause in bringing the above referenced action in that they did not honestly and reasonably believe that there were grounds for the action because:

a. Defendants' company, BIO-GENESIS, was subject to an FDA seizure which caused their damages, if any;

b. Defendants knew their product was contaminated with pseudomonas bacteria;

c. Defendants' product was a misbranded drug. Hence, Defendants knew or should have known that they had no legal standing to bring the former action; and

d. The statements which formed the basis for the underlying action were privileged.

19. Defendants BOYD and EDWARD acted maliciously in bringing the above referenced action against Plaintiffs in that Defendants initiated the lawsuit in an effort to force JFI and NATREN, who are competitors -- marketing a different type of bacteria product -- to BIO-GENESIS's product Flora Balance/Latero Flora, to expend monetary and time resources contesting the untrue allegations.

20. As a proximate result of Defendants instituting the above-referenced action against Plaintiffs, Plaintiffs have been damaged in an amount to be determined according to proof.

21. As a further proximate result of the action initiated by Defendants, Plaintiffs incurred costs to be shown according to proof, plus attorney fees in defending against the above-mentioned action in an amount to be shown according to proof at trial.

22. At all times herein mentioned, all Defendants knew that claims asserted against Plaintiffs in the above-referenced action were false or legally untenable. Notwithstanding this knowledge, Defendants subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights in that:

a. Defendant HARF abetted and encouraged her client, BIO-GENESIS, and its officers BOYD and EDWARD to file fabricated claims against Plaintiffs to coerce Plaintiffs into settling. All this so that Defendant HARF could reap substantial profits through her attorney fees; and

b. Defendants BOYD and EDWARD filed falsified claims hoping to harass Plaintiffs and disrupt

Plaintiffs' business operations while also attempting to coerce Plaintiffs into settling the fictitious claims in an effort to reap substantial profits.

The aforementioned acts justify the awarding of punitive damages in an amount to be determined by a jury or this trial court according to the standards set forth by law.

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1. General damages in an amount according to proof;
2. Punitive damages as determined by a jury or this trial court;
3. Attorney's fees and costs of suit herein; and
4. Such other relief as the court deems proper.

LAW OFFICES OF NEAL T. WIENER

Dated: December 4, 1997

By: Neal T. Wiener
Attorney for Plaintiffs
JARROW FORMULAS, INC. and
NATREN, INC.

(VERIFICATION)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: I am the President of Jarrow Formulas, Inc., the plaintiff in the above-entitled action, and am authorized to make this verification for and on its behalf; I have read the foregoing First Amended Verified Complaint for Malicious Prosecution and know the contents thereof; and the same is true of my own knowledge, except as to the matters which are therein stated upon my information and belief, and as to those matters, I believe it to be true.

Executed on December 4, 1997, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jarrow L. Rogovin
[Type or Print Name]

Jarrow L. Rogovin
[Signature]

SHELDON & MAK
SURJIT P. SONI (State Bar No. 127419)
225 S. Lake Avenue, 9th Floor
Pasadena, California 91101
(818) 796-4000

Attorneys for Defendant and Cross-Complainant, NATREN, INC.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BOYD J. O'DONNELL, Debtor. | Adversary No. SB 95-21580 MG |
| NATREN CO.; NATASHA TRENEV; JARROW FORMULAS, INC.; JARROW ROGOVIN, Plaintiffs, vs. BOYD J. O'DONNELL, Defendant. | Adversary No. SB 95-1750 MG |
| BIOGENESIS, INC., Plaintiff, v. JARROW FORMULAS, INC.; NATREN CO.; et al., Defendants. | Superior Court of the State of California, County of San Diego - North County Case No. N68471 (Consolidated with Adversary No. SB 95-1750 MG) |
| AND RELATED CROSS-COMPLAINTS | ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF NATREN AND AGAINST BIOGENESIS ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENESIS AGAINST NATREN<br>DATE:<br>TIME:<br>DEPT:<br>COURTROOM: |

EXHIBIT 1 PAGE 9

1-29-1998 2:52PM FROM NEAL I WIENER ESQ 310 276 0774 P.12
Dec-04-97 12:04A Jarrow Formulas, Inc. P.04
12-04-1997 0:19AM FROM NEAL WIENER ESQ 310 276 0774

Kenneth H. Moreno, Esq.
Murchison & Cumming
750 B Street, Suite 2550
San Diego, CA 92101

VIA U.S. MAIL

Roger Walker, Esq.
300 West State Street
Suite 2B
Redlands, CA 92373

VIA U.S MAIL

Neal Wiener, Esq.
9100 Wilshire Blvd.
7th Floor - West Tower
Beverly Hills, CA 90212

VIA U.S. MAIL

Kenneth L. Patrick, Esq.
Chapin, Flemming & Winet
410 S. Melrose Drive., Ste 101
Vista, CA 92083

VIA U.S. MAIL

EXHIBIT 1 PAGE 11

# PROOF OF SERVICE

1013a (3) C.C.P. Revised 5/1/88

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 225 South Lake Avenue, Suite 900, Pasadena, California 91101.

On January 29, 1997, I served the foregoing document, described as: **ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF MATREN AND AGAINST BIOGENESIS ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENSIS AGAINST MATREN** on the interested parties in this action by placing a true copy thereof, enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]BY MAIL
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[](BY PERSONAL SERVICE) I caused the above document to be personally served on addressees.

[](BY FACSIMILE) I caused the above document to be faxed to the addressees.

[](BY FEDERAL EXPERSS) I caused the above document to be Federal Expressed to the addressees.

(FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on January 29, 1997 at Pasadena, California.

ALLISON L. MAYO

FILED
MAY 5 1997
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

NEAL T. WIENER, S.B.# 51822
9100 Wilshire Boulevard, Suite 700 West
Beverly Hills, California 90212
Telephone: (310) 276-2889

ENTERED
MAY - 8 1997
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

Attorney for Creditors,
Jarrow Formulas, Inc., Jarrow Rogovin,
Natren, Inc. and Natasha Trenev; and
Attorney for Defendants and Cross-Complainants,
Jarrow Formulas, Inc. and Natren, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BOYD O'DONNELL,<br><br>Debtor | Case No. SB95-21580 MG<br><br>Chapter 7<br><br>Adversary No. SB95-1750 MG |
| NATREN CO.; NATASHA TRENEV; JARROW FORMULAS, INC.; JARROW ROGOVIN,<br>Plaintiffs,<br><br>vs<br><br>BOYD J. O'DONNELL; BIO-GENESIS, INC.;<br>Defendants | |
| BIOGENESIS, INC.,<br>Plaintiff,<br><br>vs<br><br>JARROW FORMULAS, INC.; NATREN CO., et al,<br>B Defendants | [PROPOSED] ORDER GRANTING JUDGMENT PURSUANT TO STIPULATION IN FAVOR OF JARROW FORMULAS, INC., AND AGAINST BIOGENESIS, INC. ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENESIS, INC. AGAINST JARROW FORMULAS, INC. |
| AND RELATED CROSS-COMPLAINTS | |

Biogenesis, Inc., as plaintiff in the action removed from Superior Court of California, San Diego County Case No.: N68471, entered into a Stipulation with parties to this action for dismissal with prejudice of the action brought by Biogenesis, Inc. against Jarrow Formulas, Inc. as defendant. The Stipulation For Judgment with prejudice recites that the Stipulation is as to all amendments to the complaint. (At the January 27, 1997 hearing on Natren's Motion For Summary Judgment, the Court granted Biogenesis, Inc.'s Motion to Amend the Complaint).

The Court hereby orders the dismissal of all claims by Biogenesis, Inc. as to Jarrow Formulas, Inc. and all claims asserted by Biogenesis, Inc. in its First and Third Amended Complaints.

The Court hereby severs this action as to all claims asserted by Biogenesis, Inc. against Jarrow Formulas, Inc.

IT IS SO ORDERED,

Dated: MAY - 5 1997

MITCHEL R. GOLDBERG
Honorable Mitchel R. Goldberg
United States Bankruptcy Court Judge

Submitted by:

LAW OFFICES OF NEAL T. WIENER
Neal T. Wiener
9100 Wilshire Boulevard
7th Floor-West Tower
Beverly Hills, CA 90212
(310) 276-2889

By: [signature]
Neal T. Wiener

Dated: 3/06/97

JP\BOYD\BK\ORDER-SJ.227

EXHIBIT 2 PAGE 14

CERTIFICATE OF SERVICE
1013A (3) CCP Revised 5/1/88
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I hereby certify I am a member of the State Bar of California and admitted to practice before the United States District Court for the Central District of California. I am over the age of 18 and not a party to the within action; my business address is 9100 Wilshire Boulevard, 7th Floor - West Tower, Beverly Hills, CA 90212.

On March 6, 1997, I served the foregoing document described as [PROPOSED] ORDER GRANTING JUDGMENT PURSUANT TO STIPULATION IN FAVOR OF JARROW FORMULAS, INC., AND AGAINST BIOGENESIS, INC. ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENESIS, INC. AGAINST JARROW FORMULAS, INC. on the interested parties in this action

X by placing ___ the original X a true copy thereof enclosed in sealed envelopes addressed as follows:

See Service List attached.

X BY MAIL

X I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid.

___ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on March 6, 1997 at Beverly Hills, California.

X (Federal) I declare that I am a member of the bar of this court and made the service as stated above.

Neal T. Wiener

JFI-BOYD\BK\ORDER-4J.227

EXHIBIT 2 PAGE 15

SERVICE LIST

Gary W. Dyer, Assistant U.S.Trustee
699 No. Arrowhead Ave., Suite 106
San Bernardino, CA 92401

Robert L. Goodrich, Esq.
370 W. 6th Street. Suite 125
San Bernardino, CA 92401

Gary A. Myers, Esq.
308 W. State Street Suite 2B
Redlands, CA 92373

Roger E. Walker, Esq.
308 W. State Street, Suite 2B
Redlands, CA 92373

Surjit P. Soni, Esq.
Anthony Vella, Esq.
Sheldon & Mak
225 So. Lake Avenue, 9th Floor
Pasadena, CA 91101-3005

Kenneth H. Moreno, Esq.
Murchison & Cumming
750 B Street, Suite 2550
San Diego, CA 92101

Bryant C. MacDonald, Esq.
2048 Orange Tree Lane
Suite 220
Redlands, CA 92374

JPI-BOYD\BK\ORDER-SJ.227

EXHIBIT 2 PAGE 16