UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERNATIONAL NUTRITION COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 396CV00386 (DJS) |
| v. | ) ) ) | |
| HORPHAG RESEARCH LTD., et al. | ) | July 7, 2000 |

**JARROW FORMULAS, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES PURSUANT
TO 28 U.S.C. § 1927 AND 35 U.S.C. § 285**

Jarrow Formulas, Inc. ("Jarrow") submits this reply memorandum in further support of its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285 (Docket No. 362).

I.  **Preliminary Statement**

At page 1 of Plaintiff's Opposition to Defendant Jarrow's Motion for Attorneys' Fees dated June 20, 2000 (Docket No. 366)(hereafter "Plaintiff's Opposition Memorandum"), plaintiff International Nutrition Company ("INC") incorporates by reference its May 10, 2000 Memorandum in Opposition to the Defendants' Motions for Attorneys' Fees (Docket No. 355). INC's May 10, 2000 Memorandum consists primarily of a stale rehash of INC's allegations relating to ownership of U.S. Patent No. 4,698,360 ("the '360 patent"). As set forth in Jarrow's Memorandum in Support of Its Motion for Attorney's Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 (hereafter "Jarrow's Memorandum") (Docket No. 363), INC's claims were meritless when filed and have been rejected by two French courts and this Court. INC's

-1-

relentless pursuit of its meritless claims was undertaken to gain an unfair competitive advantage, and INC's May 10, 2000 Memorandum does not set forth any good faith basis for the actions of INC and its counsel in prosecuting its frivolous claims. Because this action was filed and prosecuted in bad faith for an improper purpose, Jarrow should be awarded its attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

### II.   The Communications to INC's Counsel by Jarrow Rogovin Are Not Relevant to Jarrow's Claim for Attorneys' Fees

At pages 1-4 of Plaintiff's Opposition Memorandum, INC and its counsel lamely attempt to justify their misconduct in this case by focusing on four communications made in 1996 by Jarrow Rogovin, Jarrow's President, shortly after INC filed suit, and a 1998 letter from Mr. Rogovin to INC's counsel. Prior to these communications, Mr. Rogovin had attempted on several occasions to contact INC and then INC's counsel to discuss the lawsuit. In each instance, Mr. Rogovin was offhandedly dismissed. Accordingly, the communications cited in INC's Memorandum understandably reflect a certain degree of anger and frustration on the part of Mr. Rogovin over the fact that INC and its counsel had brought a meritless lawsuit, and simply refused to discuss the matter with him while, at the same time, INC was publicizing the suit to gain an unfair competitive advantage in the marketplace. Although INC depicts Mr. Rogovin's communications as "threatening" and "venomous," upon review, they can be fairly characterized at most as intemperate, reflecting Mr. Rogovin's understandable anger and frustration at being forced to waste resources fighting meritless claims in a court three thousand miles away. In any event, these communications do not provide INC with a legal excuse for pursuing its meritless claims against Jarrow and the other eighteen defendants in this case. To the extent that INC

implies that these communications could possibly provide INC with a good faith basis to pursue its frivolous claims, that suggestion is absurd.[1]

As for INC's statements regarding reexamination of the '360 patent, INC raises an utterly irrelevant point to try to divert the Court's attention. Mr. Rogovin provided INC and its counsel with a detailed and scholarly 57 page analysis of the prior art related to the '360 patent. That analysis and its explanation of the reasons that the '360 patent is invalid was not presented to the Patent and Trademark Office.[2] In any event, the reexamination proceeding had no bearing on INC's lack of standing to pursue an infringement claim on a patent that it did not own.

Finally, INC falsely states in footnote 4 of its Opposition Memorandum that Jarrow is being indemnified by codefendant Indena U.S.A. Jarrow does not have an indemnification agreement with Indena, and Jarrow has not been reimbursed for its defense costs in this case. Even if there were such an agreement, which there is not, it would be manifestly unjust to force Indena to pay Jarrow's costs incurred in defending INC's frivolous suit. INC's counsel simply cannot restrain himself from making up facts to fit his argument. This is yet

---

[1] INC's statement that Jarrow should be sanctioned for these communications is nothing more than a disingenuous attempt by INC to divert the Court's attention from its own misconduct. Jarrow plainly has not engaged in any abuse of the legal process. INC does not and cannot cite any legal basis for its ridiculous suggestion that Jarrow be sanctioned for Mr. Rogovin's phone calls and letters.

[2] Contrary to the implication by INC's counsel in INC's Opposition Memorandum, neither Jarrow nor Mr. Rogovin filed the reexamination request with the Patent and Trademark Office. Mr. Rogovin's 57-page analysis was undertaken for this case, and prior to INC's counsel's appearance before the PTO examiner conducting the reexamination. INC's counsel filed with the PTO copies of the more than 30 prior art references that he had received from Mr. Rogovin, but Mr. Rogovin's 57-page analysis of the prior art was not presented by INC's counsel in the reexamination process. In other words, INC's counsel had full knowledge of the specific reasons that the prior art references raised substantial questions of patentability, but he did not disclose those reasons to the PTO and instead buried those reasons by submitting hundreds of pages of documents without providing any interpretive guidance to the PTO.

another example of the improper manner in which INC and its counsel have conducted themselves in this litigation, and further demonstrates why Jarrow should be awarded its attorneys fees.

### III. An Award of Attorneys' Fees Is Proper Under 35 U.S.C. § 285

INC's claim at pages 4-6 that the Court cannot award attorneys' fees under 35 U.S.C. § 285 because "only non-patent issues were litigated" is specious. Throughout this case, INC has maintained, albeit contrary to unambiguous case law, that its rights in the '360 patent "must be determined under U.S. Patent law."[3] INC clearly and indisputably relied upon the Patent Statutes in pressing its meritless claim. Indeed, this Court specifically rejected INC's claim under 35 U.S.C. § 262 that ownership of the '360 patent must be decided under the Patent Statutes. See Ruling on the Defendants' Motion for Partial Summary Judgment at 8-9 (Docket No. 326). "A claim arises under the patent laws if the right to relief 'will be defeated by one construction, or sustained by the opposite construction of [the patent] laws.'" Interspiro USA, Inc. v. Figgie International, Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).[4] INC's unsupportable construction of the Patent Statutes was rejected by this Court in granting the defendants' summary judgment motions. Under these circumstances, the Court plainly has the authority to award attorneys' fees under 35 U.S.C. § 285.

---

[3] See, e.g., INC's Memorandum in Opposition to the Motions by Defendants to Lift or Remove Stay and Dismiss Counts I and/or II of the Complaint Pursuant to Rule 12(b)(6) at p. 9 (Docket No. 254). Presumably, INC intends to continue to pursue this meritless contention in its appeal to the Federal Circuit.

[4] The only litigation involving non-patent issues was the French litigation regarding ownership of the '360 patent under the contract between Horphag and SCIPA. INC's failure to resolve the ownership issue before it accused the nineteen defendants in this case of patent infringement does not make this litigation a "non-patent case."

Moreover, the case relied upon by INC, Gjerlov v. Schuyler Labs, 131 F.3d 1016 (Fed. Cir. 1997), is completely inapposite to the facts of this case. In Gjerlov, the litigated dispute that led to the district court's award of attorneys' fees only raised questions of state contract law involving interpretation of a Settlement Agreement. Id. at 1020. The Settlement Agreement was entered to resolve a prior patent infringement suit and provided that the Court would retain jurisdiction to enforce the terms of the Settlement Agreement. Id. at 1018. The Federal Circuit pointed out that its jurisdiction on appeal was based only upon the provision of the Settlement Agreement providing for continued jurisdiction, and that breach of the Settlement Agreement did not require a finding that the patent originally at issue had been infringed. Id. at 1019, 1023. Because the only litigated issues in Gjerlov were not related to the Patent Statutes, the Court held that 35 U.S.C. § 285 did not apply. Id. at 1024-26.

In this case, the Patent Statutes were invoked by INC when the suit was filed, INC claimed throughout four years of litigation that it was entitled to damages under the Patent Statutes, and INC claimed that the Patent Statutes required that ownership of the '360 patent was an issue to be decided under the Patent Statutes. Accordingly, this Court has the authority to award attorneys' fees under 35 U.S.C. § 285. For the reasons stated in the briefs incorporated by reference in Jarrow's Memorandum at pages 22-23, the Court should find that this is an exceptional case and award Jarrow its attorneys' fees.

### IV. An Award of Attorneys' Fees Is Proper Under 28 U.S.C. § 1927

As set forth in Jarrow's Memorandum at pages 14-22, prosecution of this action by INC and its counsel reeks of bad faith. For example, in its initial Complaint, INC did not allege that it was the sole owner of the '360 patent or that all owners were joined as plaintiffs as required under clear and unambiguous case law. Indeed, INC and its counsel filed this action

and named essentially every company in the industry as defendants knowing that the issue of ownership was already being litigated in France. INC then used this meritless litigation to extract settlements from some defendants and otherwise attempt to gain an unfair competitive advantage by publicizing its meritless suit.

In the face of the indisputable evidence of bad faith set forth in Jarrow's Memorandum, INC cynically claims at pages 6-8 of its Opposition Memorandum that it was merely "zealously" litigating ownership of the '360 patent in this Court, and therefore the Court should not award Jarrow its attorneys' fees under 28 U.S.C. § 1927. Both INC and its counsel knew when it filed this action that the ownership issue was the subject of pending litigation in France, as was required under the contract between Horphag and SCIPA. INC's attempt to simultaneously litigate the ownership issue in this action is nothing less than blatant and improper forum shopping.

Moreover, INC did not seek to resolve the ownership issue in this action. If that were INC's intent, it should have brought suit only against Horphag, the party with whom it had a dispute over ownership. Instead, before establishing that it had the ownership interest required to have standing to maintain its patent infringement action, INC and its counsel filed suit against essentially the entire industry. As INC's meritless positions were being rejected by the French courts and this Court, INC and its counsel hatched a scheme to claim that Masquelier's assignment of his non-existent rights vested ownership of the '360 patent in INC.[5] Moreover,

---

[5] INC publicized Masquelier's assignment of phantom rights in response to the French trial court's decision rejecting INC's ownership claim. The French Appeals Court found that INC had thereby used the assignment document "in an unfair fashion." See Translation of Judgment Issued by Court of Appeal of Bordeaux at 40 (attached as Exhibit C to Affidavit of Michael Adler, Docket No. 335).

-6-

even after its bogus ownership claim had been conclusively rejected by the French courts, INC continued to press its plainly meritless claims in this action.

An award of attorneys' fees in this case will not chill legitimate, zealous advocacy on behalf of a client with a colorable claim or position. Courts have not hesitated to award attorneys' fees when a party has prosecuted a meritless claim in bad faith. See Viola Sportswear, Inc. v. Claude Clement Mimun, 574 F. Supp. 619 (E.D.N.Y. 1983) (awarding attorneys' fees under 28 U.S.C. § 1927 and Court's inherent power for prosecution of frivolous claim). Rather, an award of attorneys' fees under the circumstances present in this case will send a clear message that irresponsible advocacy and pursuit of meritless claims for an improper purpose will not be tolerated. Accordingly, Jarrow's motion for an award of attorneys' fees under 28 U.S.C. § 1927 should be granted.

DEFENDANT JARROW FORMULAS, INC.,
BY ITS ATTORNEYS

By_____
Mark D. Giarratana (CT 10410)
CUMMINGS & LOCKWOOD
CityPlace I
Hartford, Connecticut 06103-3495
(860) 275-6700
    and
Philip Scott Polisky
450 West 24th Street
Suite 2F
New York, New York 10011
(212) 206-7283

.HrtLib1:334406.1 07/07/00

-7-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing JARROW FORMULAS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927 and 35 U.S.C. § 285 has been mailed, postage prepaid, this 7th day of July, 2000 to:

Norman H. Zivin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Attorneys for the Plaintiff

Jonathan A. Flatow, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue
P.O. Box 777
Westport, CT 06881

Attorneys for the Plaintiff

Thomas L. Casagrande, Esq.
Wiggin & Dana
One Century Tower
New Haven, CT 06508-1832

Attorneys for Arkopharma, Inc.

Joseph A. Calvaruso, Esq.
Richard Komson, Esq.
Morgan & Finnegan
345 Park Avenue
New York, NY 10154

Attorneys for Arkopharma, Inc.

H. Ross Workman, Esq.
Eric Maschoff, Esq.
Workman Nydegger & Seeley
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

Attorneys for Usana, Inc.

Michael Cantor, Esq.
Philmore H. Colburn, Esq.
Fishman, Dionne, Cantor & Colburn
88 Day Hill Road
Windsor, CT 06905

Attorneys for Chemco Industries, Inc. and Usana, Inc.

Steven P. Ciardiello, Esq.
2840 Whitney Avenue
Hamden, CT 06518

Attorneys for FreeLife International Ltd.

Mr. Richard A. Merriman,
President
Greater Continents, Inc.
140 Arrowood Lane
San Mateo, CA 94403

Anthony M. Insogna, Esq.
Thomas G. Rowan, Esq.
Brian M. Poissant, Esq.
Pennie & Edmonds
1155 Avenue of the Americas
New York, NY 10036

Attorneys for Indena U.S.A.
and Enzymatic Therapy, Inc.

Edwin P. Schindler, Esq.
Five Hirsch Avenue
P.O. Box 966
Coram, NY 11727-0966

Attorney for New Vision International, Inc.

James Sicilian, Esq.
Matthew J. Becker, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Attorneys for Nutraceutical Corporation

Eric Daniels, Esq.
Robinson & Cole
One Commercial Plaza
Hartford, CT 06103

Attorneys for Traco Labs, Inc.

Bennett H. Last, Esq.
Gilbride, Tusa, Last &
  Spellane LLC
31 Brookside Drive
P.O. Box 658
Greenwich, CT 06386

Attorneys for Twin Laboratories, Inc.

Maureen Danehy Cox, Esq.
Carmody & Torrence
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721

Of Counsel for Indena U.S.A., and Enzymatic Therapy, Inc.

Charles L. Howard, Esq.
Shipman & Goodwin
One American Way
Hartford, CT 06103-2819

Attorneys for New Vision International, Inc.

Mark A. Pals, Esq.
Ann V. Pellegrini, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Attorneys for Nutraceutical Corporation

Robert Ullman, Esq.
Ullman, Shapiro & Ullman
299 Broadway
Suite 1700
New York, NY 10007

Attorneys for Traco Labs, Inc.

Daniel Ebenstein, Esq.
Anthony F. LoCicero, Esq.
Charles R. Macedo, Esq.
Amster, Rothstein & Ebenstein
90 Park Avenue
New York, NY 10016

Attorneys for Twin Laboratories, Inc.

| | |
|---|---|
| Evant Kent, Esq.<br>Russ, August & Kabit<br>12424 Wilshire Blvd.<br>Suite 1200<br>Los Angeles, CA 90025<br><br>Of Counsel for Chemco Industries, Inc.<br><br>Marvin Gittes, Esq.<br>Michael A. Adler, Esq.<br>Cobrin, Gittes & Samuel<br>750 Lexington Avenue<br>New York, NY 10022<br><br>Attorneys for Horphag Research, Kaire, M.W.<br>International & Now Foods, Inc. | Stuart D. Rosen, Esq.<br>Bingham, Dana & Gould, LLP<br>100 Pearl Street<br>Hartford, CT 06103-4507<br><br>Attorneys for Horphag Research, Kaire, M.W.<br>International & Now Foods, Inc.<br><br>Mr. Terry Paulson<br>President<br>Changes International of<br>  Ft. Walton Beach, Inc.<br>548 Mary Esther Cutoff<br>Unit 325<br>Fort Walton Beach, CA 32548 |

*[signature]*

Eric E. Grondahl (CT 08988)

.HrtLib1:327127.1 07/07/00