FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEP 21  4 55 PM '01

CLERK
U.S. DISTRICT COURT
HARTFORD, CONN.

| | | |
|---|---|---|
| INTERNATIONAL NUTRITION COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 396CV00386 (DJS) |
| v. | ) ) | |
| HORPHAG RESEARCH LTD., et al. | ) ) | September 21, 2001 |

JARROW FORMULAS, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES PURSUANT
TO 28 U.S.C. § 1927 AND 35 U.S.C. § 285

Pursuant to Local Rule 9(g), Jarrow Formulas, Inc. ("Jarrow") submits this reply memorandum in further support of its Renewed Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285 (Docket No. 377).

I.   **INC's Suit Was Frivolous Because Prior to INC's Suit the Law Plainly Required That All Owners of a Patent Be Joined as Plaintiffs.**

As set forth in Jarrow's Memorandum of Law in Support of Its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285, INC's suit was frivolous when filed because when INC sued Horphag -- the co-owner of the '360 patent -- for infringement, INC blatantly ignored the law requiring that all co-owners of a patent be joined as plaintiffs in any infringement action. At pages 4-5 of its Opposition Memorandum, INC miscites case law to support its erroneous argument that the law requiring joinder of all owners of a patent as plaintiffs in a suit for infringement was not well established prior to the filing of INC's frivolous suit. One of those cases, Willingham v. Lawton, 555 F.2d 1340, 1344-45 (6th Cir.

1977), was decided almost twenty years prior to INC's suit, and is in accord with the century old Supreme Court precedent cited in Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed. Cir. 1997) requiring that all co-owners be joined as plaintiffs in a patent infringement suit. In its Opposition Memorandum, INC, while agreeing that Willingham applies here, falsely cites Willingham as being decided by the Federal Circuit in 1997. In fact, Willingham was decided by the Sixth Circuit in 1977. Obviously, INC's argument that it could not have known in 1996 how Willingham would be decided has no merit.

At page 5 of its Opposition Memorandum, INC argues that it could not have predicted that that the French Court would nullify SCIPA's assignment to INC, and therefore that its infringement suit was not frivolous. INC ignores the fact that, even if SCIPA's assignment to INC were valid, which the French Court held it was not, INC would have owned at most a one-half interest in the '360 patent. Accordingly, INC could not maintain its infringement suit unless the co-owner of the '360 patent, Horphag, were joined as a plaintiff. Instead, INC purposely ignored the issue of ownership in this Court and sued Horphag as a defendant, claiming that Horphag had infringed a patent which Horphag owned. Therefore, INC's infringement suit in this Court was improper regardless of the outcome of the French suit.

Even if the law were unclear prior to the Ethicon decision, which was plainly not the case, INC's continued prosecution of the suit in the face of the Ethicon decision and the rulings of the French Courts was frivolous. On May 28, 1998, when the French Appeals Court affirmed the trial court's decision invalidating SCIPA's assignment to INC, INC knew that it had no claim to ownership of the patent, and that the Ethicon decision had been published. Nevertheless, INC continued to press its meritless claims by arguing, again contrary to clearly

established case law, that that ownership of the '360 patent could only be decided under the U.S. Patent Statutes. This conduct alone warrants an award of attorneys' fees in this case. See <u>Fifth Third Bank v. Boswell</u>, 125 F.R.D. 460 (S.D. Ohio 1989)(sanctions awarded under 35 U.S.C. § 1927 where counsel for plaintiff refused to withdraw meritless claim and forced defendant to file summary judgment motion).

INC claims at pages 5-7 of its Opposition Memorandum that, because comity is not accorded all foreign judgments, INC's continued prosecution of this case after the decisions of the French Courts was not frivolous. To the contrary, INC did not, and could not, point to any irregularity in the French proceedings that would justify disregarding the decisions of the French Courts. Instead, INC wrongly argued that the French Court's decision should not be respected because the parties' rights in the '360 patent "must be determined under U.S. Patent law" despite their contractual agreement to proceed in France under French law. Moreover, this argument was soundly rejected by this Court and the Federal Circuit. INC was clearly buying time to allow it to continue to use the suit to pressure its competitors and their customers.

The cases cited by INC at page 6 of its Opposition Memorandum do not support INC's claim that its stubborn refusal to accept the judgment of the French Courts was reasonable. In <u>Gordon & Breach Science Pub. S.A. v. American Inst. of Physics</u>, 905 F. Supp. 169, 179 (S.D.N.Y. 1995), the court refused to give effect to two foreign judgments based on several factors, including lack of identity of parties and the existence of a third, conflicting foreign judgment. In <u>South Ionian Shipping Co. v. Hugo Neu & Sons Int'l Sales Corp</u>, 545 F. Supp. 323

(S.D.N.Y. 1982), the court merely left the determination of application of comity to an arbitrator in accordance with the parties' arbitration agreement.[1]

Contrary to INC's assertion at pages 5-7 of its Opposition Memorandum, these cases never supported INC's meritless claim that the French Courts' decisions should be disregarded because ownership of the '360 patent had to be decided under the U.S. Patent Statutes.

## II. This Court Can Award Attorneys' Fees Under 35 U.S.C. § 285.

INC invoked the jurisdiction of this Court under the Patent Statutes, INC claimed that all of the defendants had infringed the '360 patent, and INC claimed that the decisions of the French Courts should not be accorded comity because ownership of the '360 patent had to be determined under the Patent Statutes. Nevertheless, INC speciously argues that the Court cannot award attorneys' fees under 35 U.S.C. § 285 because "only non-patent issues were litigated."[2] (Opposition Memorandum at pages 7-9).

INC clearly and indisputably relied upon the Patent Statutes in pressing its meritless claim. Indeed, this Court specifically rejected INC's claim under 35 U.S.C. § 262 that ownership of the '360 patent must be decided under the Patent Statutes. See Ruling on the Defendants' Motion for Partial Summary Judgment at 8-9 (Docket No. 326). "A claim arises under the patent laws if the right to relief 'will be defeated by one construction, or sustained by the opposite construction of [the patent] laws.'" Interspiro USA, Inc. v. Figgie International,

---

[1] In South Ionian there was also a question as to the whether the foreign decision was a final judgment or merely a decision on a preliminary matter, a question that was also referred to arbitration. Id. at 324.

[2] See, e.g., INC's Memorandum in Opposition to the Motions by Defendants to Lift or Remove Stay and Dismiss Counts I and/or II of the Complaint Pursuant to Rule 12(b)(6) at p. 9 (Docket No. 254).

Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).[3] INC's unsupportable construction of the Patent Statutes was rejected by this Court in granting the defendants' summary judgment motions, and this Court's decision was upheld by the Federal Circuit on appeal. Under these circumstances, the Court plainly has the authority to award attorneys' fees under 35 U.S.C. § 285.[4]

Moreover, the case relied upon by INC, Gjerlov v. Schuyler Labs, 131 F.3d 1016 (Fed. Cir. 1997), is completely inapposite to the facts of this case. (Opposition Memorandum at pages 7-9). In Gjerlov, the litigated dispute that led to the district court's award of attorneys' fees only raised questions of state contract law involving interpretation of a Settlement Agreement. 131 F.3d at 1020. The Settlement Agreement was entered to resolve a prior patent infringement suit and provided that the Court would retain jurisdiction to enforce the terms of the Settlement Agreement. Id. at 1018. The Federal Circuit pointed out that its jurisdiction on appeal was based only upon the provision of the Settlement Agreement providing for continued jurisdiction, and that breach of the Settlement Agreement did not require a finding that the patent originally at issue had been infringed. Id. at 1019, 1023. Because the only litigated issues in Gjerlov were contractual issues not related to the Patent Statutes, the court held that 35 U.S.C. § 285 did not apply. Id. at 1024-26.

---

[3] The only litigation involving non-patent issues was the French litigation regarding ownership of the '360 patent. Although INC's failure to address the clearly disputed ownership issue before it accused the nineteen defendants in this case of patent infringement makes this case frivolous, it does not make this a "non-patent case."

[4] Although Jarrow did not move for sanctions under Federal Rule of Civil Procedure 11, INC's conduct in this case would warrant sanctions under that rule as well, at least because INC caused "unnecessary delay or needless increase in the cost of the litigation" (Rule 11(b)(1)), and because INC made legal contentions that were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." (Rule 11(b)(2)). Rather, INC simply ignored the requirement that all co-owners be named as plaintiffs, and INC argued in the face of existing law that ownership of the '360 patent must be decided under the U.S. Patent Statutes without arguing for modification or reversal of that law.

Indeed, INC's argument regarding application of Gjerlov rests on yet another misrepresentation by INC. At page 9 of its Opposition Memorandum, INC states that "French law (as opposed to U.S. Patent Law) provided the basis of the Court's decision." This Court never interpreted any element of French Law in rendering its decision. Rather, this Court rejected INC's claim that the Patent Statutes, specifically 35 U.S.C. § 262, required the Court to disregard the decisions of the French Courts. Because this Court's decision required interpretation of the Patent Statutes, this Court has the authority to award attorneys' fees under 35 U.S.C. § 285. Interspiro USA, Inc., 18 F.3d at 933. For the reasons stated in the briefs incorporated by reference in Jarrow's Memorandum at pages 22-23, the Court should find that this is an exceptional case and award Jarrow its attorneys' fees.

### III. The Decisions of the Northern District of California and the Federal Circuit Do Not Preclude a Fee Award In This Court.

Jarrow was not a party to the litigation in the Northern District of California. For this reason alone, the decision of that Court not to award attorneys' fees has no preclusive effect on Jarrow's motion for attorneys' fees in this case. While the California court stated that "it has not been shown" that INC's actions in that case merited an award of fees, there has been no showing by INC of the facts and circumstances considered by the Northern District of California in reaching that conclusion. Jarrow has shown in this case that an award of attorneys fees is merited based upon INC's actions in this litigation. Indeed, INC's improper conduct in this case continues even in its Opposition Memorandum, where it miscites case law to support its erroneous arguments.

As for the California court's reliance on Gjerlov, as set forth above, Gjerlov plainly does not apply to the facts in this case, as INC first brought an action for infringement,

and then claimed that ownership of the '360 patent had to be decided under the Patent Statutes. Because the Court's decision required interpretation of the U.S. Patent Statutes, an award of attorneys' fees under 35 U.S.C. § 285 is appropriate.

Moreover, the Federal Circuit's denial of one party's motion for sanctions under Federal Rule of Appellate Procedure 38 does not limit this Court's ability to award attorneys' fees or to sanction INC for its conduct in the litigation before this Court. (Opposition Memorandum at pages 10-11). In Topalian v. Ehrman, 3 F.3d 931, 935 (5th Cir. 1993), the court held that its prior decision not to impose sanctions under Rule 38 did not preclude an award of sanctions by the District Court for the conduct of the litigation in that court. In this case, the Federal Circuit did not review INC's conduct and prosecution of this suit in the District Court, nor did the Federal Circuit in any way address the issues raised in Jarrow's Motion for Attorneys' Fees. Accordingly, this Court should consider *de novo* INC's filing of an infringement suit naming a co-owner as a defendant, and INC's continuation of its infringement suit even after it had lost separate litigation over ownership of the '360 patent, and award Jarrow its attorneys' fees.

IV.  **An Award of Attorneys' Fees Is Proper Under 28 U.S.C. § 1927**

As set forth in Jarrow's Memorandum at pages 14-22, prosecution of this action by INC and its counsel reeks of bad faith. For example, in its initial Complaint, INC did not allege that it was the sole owner of the '360 patent or that all owners were joined as plaintiffs as required under clear and unambiguous case law. Indeed, INC and its counsel filed this action and named essentially every major company in the industry as defendants knowing that the issue of ownership was already being litigated in France, and recognizing that even if they were to win

-7-

in France, they may at most have had only one-half of the patent (INC alleged in the Complaint in this case that it owned "at least" one-half of the patent). INC then used this meritless litigation to extract settlements from some defendants and otherwise attempt to gain an unfair competitive advantage by publicizing its meritless suit.

In the face of the indisputable evidence of bad faith set forth in Jarrow's Memorandum, INC cynically claims at page 3 of its Opposition Memorandum that counsel was merely "zealously" representing a client, and therefore the Court should not award Jarrow its attorneys' fees under 28 U.S.C. § 1927. Both INC and its counsel knew when they filed this action that the patent ownership issue was the subject of pending litigation in France, and that if they won the suit in France they may have obtained at most a one-half interest in the patent. Despite this, they brought suit in this Court asserting infringement against virtually an entire industry, without any mention of the ownership dispute already being litigated in France, and without any attempt to include Horphag as a plaintiff as unambiguously required by law. In light of this, this suit was frivolous on its face.

Although INC tried to avoid the decisions of the French Courts by arguing that ownership of the '360 patent should be decided under the U.S. Patent Statutes, INC never asked this Court to decide the ownership issue. Rather, INC falsely asserted ownership of the '360 patent, despite pending litigation disputing its ownership, and INC and its counsel filed suit against essentially the entire industry. As INC's meritless positions were being rejected by the French courts and this Court, INC and its counsel hatched a scheme to claim that Masquelier's

assignment of his non-existent rights vested ownership of the '360 patent in INC.[5] Moreover, even after its bogus ownership claim had been conclusively rejected by both French courts, INC continued to press its meritless claims in this action.

An award of attorneys' fees in this case will not chill legitimate, zealous advocacy on behalf of a client with a colorable claim or position. Courts have not hesitated to award attorneys' fees when a party has prosecuted a meritless claim in bad faith. See Viola Sportswear, Inc. v. Claude Clement Mimun, 574 F. Supp. 619 (E.D.N.Y. 1983) (awarding attorneys' fees under 28 U.S.C. § 1927 and Court's inherent power for prosecution of frivolous claim). Rather, an award of attorneys' fees under the circumstances present in this case will send a clear message that irresponsible advocacy and pursuit of meritless claims for an improper purpose will not be tolerated. Accordingly, Jarrow's motion for an award of attorneys' fees under 28 U.S.C. § 1927 should be granted.

At page 2 of Plaintiff's Opposition Memorandum, INC incorporates by reference its May 10, 2000 Memorandum in Opposition to the Defendants' Motions for Attorneys' Fees (Docket No. 355) and its June 20, 2000 Opposition to Defendant Jarrow's Motion for Attorneys' Fees (Docket No. 366). Jarrow hereby incorporates by reference its Reply Memorandum in Support of Its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285 (Docket No. 369) which addresses the arguments made in the opposition memoranda which INC

---

[5] INC publicized Masquelier's assignment of phantom rights in response to the French trial court's decision rejecting INC's ownership claim. The French Appeals Court found that INC had thereby used the assignment document "in an unfair fashion." See Translation of Judgment Issued by Court of Appeal of Bordeaux at 40 (attached as Exhibit C to Affidavit of Michael Adler, Docket No. 335).

incorporates by reference. For the convenience of the Court, a copy of that Reply Memorandum is attached as Exhibit A.

DEFENDANT JARROW FORMULAS, INC.,
BY ITS ATTORNEYS

By /s/ Mark D. Giarratana
Mark D. Giarratana (CT 10410)
CUMMINGS & LOCKWOOD
CityPlace I
Hartford, Connecticut 06103-3495
(860) 275-6700
    and
Philip Scott Polisky
450 West 24th Street
Suite 2F
New York, New York 10011
(212) 206-7283

.HrtLib1:334406.1 09/21/01

A

FILED

JUL 7  4 32 PM '00

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLERK
U.S. DISTRICT COURT
HARTFORD, CONN.

| | |
|---|---|
| INTERNATIONAL NUTRITION COMPANY ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 396CV00386 (DJS) |
| v. ) | |
| ) | |
| HORPHAG RESEARCH LTD., et al. ) | July 7, 2000 |

### JARROW FORMULAS, INC.'S
### REPLY MEMORANDUM IN SUPPORT OF ITS
### MOTION FOR ATTORNEYS' FEES PURSUANT
### TO 28 U.S.C. § 1927 AND 35 U.S.C. § 285

Jarrow Formulas, Inc. ("Jarrow") submits this reply memorandum in further support of its Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285 (Docket No. 362).

I.   Preliminary Statement

At page 1 of Plaintiff's Opposition to Defendant Jarrow's Motion for Attorneys' Fees dated June 20, 2000 (Docket No. 366)(hereafter "Plaintiff's Opposition Memorandum"), plaintiff International Nutrition Company ("INC") incorporates by reference its May 10, 2000 Memorandum in Opposition to the Defendants' Motions for Attorneys' Fees (Docket No. 355). INC's May 10, 2000 Memorandum consists primarily of a stale rehash of INC's allegations relating to ownership of U.S. Patent No. 4,698,360 ("the '360 patent"). As set forth in Jarrow's Memorandum in Support of Its Motion for Attorney's Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 (hereafter "Jarrow's Memorandum") (Docket No. 363), INC's claims were meritless when filed and have been rejected by two French courts and this Court. INC's

relentless pursuit of its meritless claims was undertaken to gain an unfair competitive advantage, and INC's May 10, 2000 Memorandum does not set forth any good faith basis for the actions of INC and its counsel in prosecuting its frivolous claims. Because this action was filed and prosecuted in bad faith for an improper purpose, Jarrow should be awarded its attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

## II. The Communications to INC's Counsel by Jarrow Rogovin Are Not Relevant to Jarrow's Claim for Attorneys' Fees

At pages 1-4 of Plaintiff's Opposition Memorandum, INC and its counsel lamely attempt to justify their misconduct in this case by focusing on four communications made in 1996 by Jarrow Rogovin, Jarrow's President, shortly after INC filed suit, and a 1998 letter from Mr. Rogovin to INC's counsel. Prior to these communications, Mr. Rogovin had attempted on several occasions to contact INC and then INC's counsel to discuss the lawsuit. In each instance, Mr. Rogovin was offhandedly dismissed. Accordingly, the communications cited in INC's Memorandum understandably reflect a certain degree of anger and frustration on the part of Mr. Rogovin over the fact that INC and its counsel had brought a meritless lawsuit, and simply refused to discuss the matter with him while, at the same time, INC was publicizing the suit to gain an unfair competitive advantage in the marketplace. Although INC depicts Mr. Rogovin's communications as "threatening" and "venomous," upon review, they can be fairly characterized at most as intemperate, reflecting Mr. Rogovin's understandable anger and frustration at being forced to waste resources fighting meritless claims in a court three thousand miles away. In any event, these communications do not provide INC with a legal excuse for pursuing its meritless claims against Jarrow and the other eighteen defendants in this case. To the extent that INC

implies that these communications could possibly provide INC with a good faith basis to pursue its frivolous claims, that suggestion is absurd.[1]

As for INC's statements regarding reexamination of the '360 patent, INC raises an utterly irrelevant point to try to divert the Court's attention. Mr. Rogovin provided INC and its counsel with a detailed and scholarly 57 page analysis of the prior art related to the '360 patent. That analysis and its explanation of the reasons that the '360 patent is invalid was not presented to the Patent and Trademark Office.[2] In any event, the reexamination proceeding had no bearing on INC's lack of standing to pursue an infringement claim on a patent that it did not own.

Finally, INC falsely states in footnote 4 of its Opposition Memorandum that Jarrow is being indemnified by codefendant Indena U.S.A. Jarrow does not have an indemnification agreement with Indena, and Jarrow has not been reimbursed for its defense costs in this case. Even if there were such an agreement, which there is not, it would be manifestly unjust to force Indena to pay Jarrow's costs incurred in defending INC's frivolous suit. INC's counsel simply cannot restrain himself from making up facts to fit his argument. This is yet

---

[1] INC's statement that Jarrow should be sanctioned for these communications is nothing more than a disingenuous attempt by INC to divert the Court's attention from its own misconduct. Jarrow plainly has not engaged in any abuse of the legal process. INC does not and cannot cite any legal basis for its ridiculous suggestion that Jarrow be sanctioned for Mr. Rogovin's phone calls and letters.

[2] Contrary to the implication by INC's counsel in INC's Opposition Memorandum, neither Jarrow nor Mr. Rogovin filed the reexamination request with the Patent and Trademark Office. Mr. Rogovin's 57-page analysis was undertaken for this case, and prior to INC's counsel's appearance before the PTO examiner conducting the reexamination. INC's counsel filed with the PTO copies of the more than 30 prior art references that he had received from Mr. Rogovin, but Mr. Rogovin's 57-page analysis of the prior art was not presented by INC's counsel in the reexamination process. In other words, INC's counsel had full knowledge of the specific reasons that the prior art references raised substantial questions of patentability, but he did not disclose those reasons to the PTO and instead buried those reasons by submitting hundreds of pages of documents without providing any interpretive guidance to the PTO.

another example of the improper manner in which INC and its counsel have conducted themselves in this litigation, and further demonstrates why Jarrow should be awarded its attorneys fees.

III. **An Award of Attorneys' Fees Is Proper Under 35 U.S.C. § 285**

INC's claim at pages 4-6 that the Court cannot award attorneys' fees under 35 U.S.C. § 285 because "only non-patent issues were litigated" is specious. Throughout this case, INC has maintained, albeit contrary to unambiguous case law, that its rights in the '360 patent "must be determined under U.S. Patent law."[3] INC clearly and indisputably relied upon the Patent Statutes in pressing its meritless claim. Indeed, this Court specifically rejected INC's claim under 35 U.S.C. § 262 that ownership of the '360 patent must be decided under the Patent Statutes. See Ruling on the Defendants' Motion for Partial Summary Judgment at 8-9 (Docket No. 326). "A claim arises under the patent laws if the right to relief 'will be defeated by one construction, or sustained by the opposite construction of [the patent] laws.'" Interspiro USA, Inc. v. Figgie International, Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).[4] INC's unsupportable construction of the Patent Statutes was rejected by this Court in granting the defendants' summary judgment motions. Under these circumstances, the Court plainly has the authority to award attorneys' fees under 35 U.S.C. § 285.

---

[3] See, e.g., INC's Memorandum in Opposition to the Motions by Defendants to Lift or Remove Stay and Dismiss Counts I and/or II of the Complaint Pursuant to Rule 12(b)(6) at p. 9 (Docket No. 254). Presumably, INC intends to continue to pursue this meritless contention in its appeal to the Federal Circuit.

[4] The only litigation involving non-patent issues was the French litigation regarding ownership of the '360 patent under the contract between Horphag and SCIPA. INC's failure to resolve the ownership issue before it accused the nineteen defendants in this case of patent infringement does not make this litigation a "non-patent case."

-4-

Moreover, the case relied upon by INC, <u>Gierlov v. Schuyler Labs</u>, 131 F.3d 1016 (Fed. Cir. 1997), is completely inapposite to the facts of this case. In <u>Gierlov</u>, the litigated dispute that led to the district court's award of attorneys' fees only raised questions of state contract law involving interpretation of a Settlement Agreement. <u>Id.</u> at 1020. The Settlement Agreement was entered to resolve a prior patent infringement suit and provided that the Court would retain jurisdiction to enforce the terms of the Settlement Agreement. <u>Id.</u> at 1018. The Federal Circuit pointed out that its jurisdiction on appeal was based only upon the provision of the Settlement Agreement providing for continued jurisdiction, and that breach of the Settlement Agreement did not require a finding that the patent originally at issue had been infringed. <u>Id.</u> at 1019, 1023. Because the only litigated issues in <u>Gierlov</u> were not related to the Patent Statutes, the Court held that 35 U.S.C. § 285 did not apply. <u>Id.</u> at 1024-26.

In this case, the Patent Statutes were invoked by INC when the suit was filed, INC claimed throughout four years of litigation that it was entitled to damages under the Patent Statutes, and INC claimed that the Patent Statutes required that ownership of the '360 patent was an issue to be decided under the Patent Statutes. Accordingly, this Court has the authority to award attorneys' fees under 35 U.S.C. § 285. For the reasons stated in the briefs incorporated by reference in Jarrow's Memorandum at pages 22-23, the Court should find that this is an exceptional case and award Jarrow its attorneys' fees.

IV.   <u>An Award of Attorneys' Fees Is Proper Under 28 U.S.C. § 1927</u>

As set forth in Jarrow's Memorandum at pages 14-22, prosecution of this action by INC and its counsel reeks of bad faith. For example, in its initial Complaint, INC did not allege that it was the sole owner of the '360 patent or that all owners were joined as plaintiffs as required under clear and unambiguous case law. Indeed, INC and its counsel filed this action

and named essentially every company in the industry as defendants knowing that the issue of ownership was already being litigated in France. INC then used this meritless litigation to extract settlements from some defendants and otherwise attempt to gain an unfair competitive advantage by publicizing its meritless suit.

In the face of the indisputable evidence of bad faith set forth in Jarrow's Memorandum, INC cynically claims at pages 6-8 of its Opposition Memorandum that it was merely "zealously" litigating ownership of the '360 patent in this Court, and therefore the Court should not award Jarrow its attorneys' fees under 28 U.S.C. § 1927. Both INC and its counsel knew when it filed this action that the ownership issue was the subject of pending litigation in France, as was required under the contract between Horphag and SCIPA. INC's attempt to simultaneously litigate the ownership issue in this action is nothing less than blatant and improper forum shopping.

Moreover, INC did not seek to resolve the ownership issue in this action. If that were INC's intent, it should have brought suit only against Horphag, the party with whom it had a dispute over ownership. Instead, before establishing that it had the ownership interest required to have standing to maintain its patent infringement action, INC and its counsel filed suit against essentially the entire industry. As INC's meritless positions were being rejected by the French courts and this Court, INC and its counsel hatched a scheme to claim that Masquelier's assignment of his non-existent rights vested ownership of the '360 patent in INC.[5] Moreover,

---

[5] INC publicized Masquelier's assignment of phantom rights in response to the French trial court's decision rejecting INC's ownership claim. The French Appeals Court found that INC had thereby used the assignment document "in an unfair fashion." See Translation of Judgment Issued by Court of Appeal of Bordeaux at 40 (attached as Exhibit C to Affidavit of Michael Adler, Docket No. 335).

even after its bogus ownership claim had been conclusively rejected by the French courts, INC continued to press its plainly meritless claims in this action.

An award of attorneys' fees in this case will not chill legitimate, zealous advocacy on behalf of a client with a colorable claim or position. Courts have not hesitated to award attorneys' fees when a party has prosecuted a meritless claim in bad faith. See Viola Sportswear, Inc. v. Claude Clement Mimun, 574 F. Supp. 619 (E.D.N.Y. 1983) (awarding attorneys' fees under 28 U.S.C. § 1927 and Court's inherent power for prosecution of frivolous claim). Rather, an award of attorneys' fees under the circumstances present in this case will send a clear message that irresponsible advocacy and pursuit of meritless claims for an improper purpose will not be tolerated. Accordingly, Jarrow's motion for an award of attorneys' fees under 28 U.S.C. § 1927 should be granted.

> DEFENDANT JARROW FORMULAS, INC.,
> BY ITS ATTORNEYS
>
> By _____
> Mark D. Giarratana (CT 10410)
> CUMMINGS & LOCKWOOD
> CityPlace I
> Hartford, Connecticut 06103-3495
> (860) 275-6700
>           and
> Philip Scott Polisky
> 450 West 24th Street
> Suite 2F
> New York, New York 10011
> (212) 206-7283

.HrtLib1:334406.1 07/07/00

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing JARROW FORMULAS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927 and 35 U.S.C. § 285 has been mailed, postage prepaid, this 7th day of July, 2000 to:

Norman H. Zivin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Attorneys for the Plaintiff

Thomas L. Casagrande, Esq.
Wiggin & Dana
One Century Tower
New Haven, CT 06508-1832

Attorneys for Arkopharma, Inc.

H. Ross Workman, Esq.
Eric Maschoff, Esq.
Workman Nydegger & Seeley
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

Attorneys for Usana, Inc.

Steven P. Ciardiello, Esq.
2840 Whitney Avenue
Hamden, CT 06518

Attorneys for FreeLife International Ltd.

Jonathan A. Flatow, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue
P.O. Box 777
Westport, CT 06881

Attorneys for the Plaintiff

Joseph A. Calvaruso, Esq.
Richard Komson, Esq.
Morgan & Finnegan
345 Park Avenue
New York, NY 10154

Attorneys for Arkopharma, Inc.

Michael Cantor, Esq.
Philmore H. Colburn, Esq.
Fishman, Dionne, Cantor & Colburn
88 Day Hill Road
Windsor, CT 06905

Attorneys for Chemco Industries, Inc. and Usana, Inc.

Mr. Richard A. Merriman,
President
Greater Continents, Inc.
140 Arrowood Lane
San Mateo, CA 94403