UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2002 MAR 27  A 10: 05

US DISTRICT COURT
HARTFORD CT

INTERNATIONAL NUTRITION
COMPANY,
    Plaintiff

v.

HORPHAG RESEARCH LTD, et. al.

3:96CV386 (DJS)

## RULING ON THE DEFENDANTS' MOTIONS FOR ATTORNEY FEES

Following this Court's decisions on the defendants' motions for summary judgment and the plaintiff's motion for reconsideration, the defendants moved for an award of attorney fees. The plaintiff subsequently appealed this Court's ruling on summary judgment to the United States Court of Appeals for the Federal Circuit. On January 21, 2001, this Court denied the defendants' motions for an award of attorney fees without prejudice to renewal thirty days after a ruling from the Federal Circuit. On July 16, 2001, the Federal Circuit entered judgment affirming this Court. Pursuant to this Court's ruling of January 21, 2001, the defendants soon renewed their motions for attorney fees.[1] For the reasons discussed below, the defendants' motions for attorney fees are GRANTED in part, DENIED in part.

### I. Facts

This case involves the sale of plant extracts containing proanthocyanidans, a class of organic molecules extracted from pine bark. In April 1985, defendant Horphag Overseas Limited ('Horphag') and Societe Civile d'Investigations Pharmacologiques d'Aquitane ('SCIPA') entered into a joint development contract for the invention of new products for medical use. The contract

---

[1]There are currently five motions for attorney fees pending. [docs ## 372, 374, 376, 377, 381]



DEFENDANT'S EXHIBIT 365

was written in French and executed in France. The agreement specified that any patent applications resulting from this collaboration would be filed jointly by the parties, and that any litigation regarding the agreement should be conducted in the courts of Bourdeaux, France.

On April 9, 1985, work covered by the terms of the joint development contract resulted in the filing of a patent application with the United States Patent and Trademark Office. On October 6, 1987, United States Patent 4,698,360 ('360 patent') issued, listing Dr. Jack Masquelier as its sole inventor. Pursuant to the terms of the joint development agreement, Masquelier assigned his invention to SCIPA and Horphag. On March 11, 1994, SCIPA assigned its rights in the '360 patent to INC.

In October 1995, Horphag commenced litigation in France to determine which parties possessed an ownership interest in the '360 patent. Horphag, SCIPA and INC were parties to the French litigation.

On March 6, 1996, INC filed this action. In support of its claim of patent infringement, INC stated that it owned "at least an undivided one-half interest" in the '360 patent.

On October 30, 1996, Jack Masquelier assigned to INC any ownership interest in the '360 patent that "may possibly revert" to him.

On March 25, 1997, the French Court of First Instance of Bordeaux held that SCIPA's assignment to INC was void. This decision was appealed to the French Court of Appeals, which affirmed the lower court's ruling on May 28, 1998. It further concluded that INC "no longer has any right whatsoever appertaining to the patent '360 [and] is no longer able to exploit the same." SCIPA et. al. v. Horphag, Certified Translation of the Judgment of the French Court of Appeals at 48.

On March 21, 2000, this Court granted partial summary judgment on behalf of the defendants. In its decision, the Court granted comity to the French court rulings, and found that INC had no ownership interest in the '360 patent. Based upon this conclusion, the Court found that INC lacked the requisite standing to pursue an action for patent infringement. Finally, because INC did not own the '360 patent, the Court ruled that it could not sustain its claim that certain defendants engaged in unfair competition.

## II. Discussion

In accordance with Rule 54(d) of the Federal Rules of Civil Procedure and Rule 9(f) of the Local Rules of this Court, defendants now move pursuant to 35 U.S.C. § 285 ('Section 285') for an award of attorney fees incurred in this action defending against plaintiff's patent claims. In addition, defendant Jarrow, Incorporated has moved for attorney fees pursuant to 28 U.S.C. § 1927 ('Section 1927'), which provides that a party's counsel may be jointly liable for the award of attorney fees if counsel acted in bad faith.

### A. Attorney Fees Under Section 285

The defendants first move under Section 285, which allows a court to award attorney fees to prevailing parties in certain "exceptional" patent cases. 35 U.S.C. § 285. Before it responds to the merits of the defendants' requests, the plaintiff argues that Section 285 is not applicable because non-patent issues such as standing were litigated in this case, rather than patent issues. The defendants respond that patent issues were central to the case and this Court's ruling on summary judgment, such that Section 285 should apply. The Court agrees with the defendants, and finds that Section 285 is applicable in this case.

3

### 1. Applicability of Section 285

When an action embodies both patent and non-patent claims, fees under Section 285 can not be awarded for time incurred in the litigation of the non-patent issues. Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467, 475 (Fed. Cir. 1985). That a claim arises under the patent laws depends on whether the right to relief "will be defeated by one construction, or sustained by the opposite construction of [the patent] laws." Interspiro USA v. Figgie Int'l, 18 F.3d 927, 933 (Fed. Cir. 1994). Whether or not a party is entitled to attorney fees under the patent statute depends on whether the non-patent issues litigated are "so intertwined with the patent issues" as to make Section 285 applicable. Id.

The parties offer varied interpretations of two cases which explored the question of whether patent and non-patent issues were intertwined. In both cases, the Federal Circuit considered motions for the enforcement of settlement agreements. Id. at 929; Gjerlov v. Schyler Labs 131 F.3d 1016, 1019 (Fed. Cir. 1997). In both Interspiro v. Figgie International and Gjerlov v. Schyler Labs, the defendants argued that the main issue was breach of contract, a non-patent issue, and thus the cases were outside of the purview of Section 285. Id. at 933. The Federal Circuit reached a different conclusion in each case, however.

In Interspiro, the court disagreed with the defendant, and found that the non-patent contractual issues were "so intertwined with the patent issues" that Section 285 was applicable to the case in its entirety Id. (finding that the court's conclusion on the breach "turn[ed]" on whether the patent was infringed). In Gjerlov, however, the Federal Circuit found that "the non-patent issues [were] *not* 'so intertwined with the patent issues' to make section 285 applicable.' " Id. at 1025 (citing Interspiro, 18 F.3d at 933) (emphasis added). In Gjerlov, the court used

4

general principles of contract interpretation to reach its conclusion, unlike the decision in Interspiro, which was "dependent" on patent infringement principles. Id. at 1024-25.

These cases, while instructive, seem to be a closer question than the case at bar. This case was framed by the plaintiff's complaint as a patent infringement claim, unlike the breach of contract claims in Interspiro and Gjerlov. The defendants rightly point out that the plaintiff's complaint and subsequent substantive filings rest on arguments based in patent law. Reply of Defendants Horphag, et. al. to Plaintiff's Opposition to the Defendants' Motions for Attorneys' Fees, Appendix (summarizing these references to patent law). Further, the Plaintiff's own appeal to the Federal Circuit, although not dispositive, tends to exhibit its recognition that this case is governed by patent law. Interspiro, 18 F.3d at 933 n.2 (citing the defendant's appeal to the Federal Circuit as "recognition" that the case arose under patent law, and thus Section 285 applied).

Simply because this Court did not reach the issue of infringement because it found the plaintiff lacked standing to bring an infringement claim does not destroy the inherent nature of the plaintiff's patent claim. As the defendants note, this Court relied on patent law principles in its ruling on summary judgment. For example, the patent statute governing joint patent owners, 35 U.S.C. § 262, was featured in this Court's decision. District Court's Ruling on Summary Judgment at 8-9. In addition, this Court used patent law principles announced by the Federal Circuit in order to conclude that INC lacked standing by itself to bring a patent infringement claim. Id. at 11-12. These examples evidence the fact that patent law was controlling in this case. Certainly these patent issues were 'intertwined' with the non-patent issues at bar such that an analysis under Section 285 is appropriate. See, e.g., Interspiro, 18 F.3d at 933.

5

## 2. Standard Under Section 285

Since this Court has found that Section 285 is applicable, it must now determine whether the standard under that section is met in this case. Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The purpose for awarding attorney fees under Section 285 is to prevent improper suits and "abuse of the courts through manifestly unreasonable lawsuits based on uninvestigated allegations." Eltech Sys. Corp. v. PPG Indus. Inc., 903 F. Supp. 805, 811 (Fed. Cir. 1990). Another purpose is to "compensate the prevailing party for its monetary outlays in . . . [defending a meritless] suit." Automated Bus. Co., Inc. v. NEC Am., Inc., 202 F.3d 1353, 1355 (Fed. Cir. 2000); see also Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1553 (Fed. Cir. 1989).

Before awarding attorney fees under Section 285, a court must determine: (1) whether the case is exceptional; and (2) if so, whether an award of attorney fees to the prevailing party is justified. Interspiro, 18 F.3d at 933. The first part of this determination involves a question of fact, while the second part is discretionary. Id. at 933-34.

## 3. Plaintiff's Case

Under Section 285, the court must first make a factual determination that the plaintiff's case is exceptional. The defendants have the burden to prove that this case is exceptional by clear and convincing evidence in light of the totality of the circumstances. Eltech, 903 F. Supp. at 811; Encomp Inc. v. L-Com, Inc., 999 F. Supp. 264, 266 (D. Conn. 1998).

Cases involving vexatious, frivolous or unjustified litigation are "exceptional." Eltech, 903 F. Supp. at 808; Beckman, 892 F.2d at 1551; Standard Oil Co. v. Am.Cyanamid Co., 774 F.2d 448, 455 (Fed. Cir. 1985); Encomp, 999 F. Supp. at 266. A suit is frivolous when filed if a

6

"patentee knew or, on reasonable investigation, should have known, [that it] was baseless." Haynes Int'l Inc. v. Jessop Steel Co., 8 F.3d 1573, 1579 (Fed. Cir. 1993); Encomp, 999 F. Supp at 266. If, after filing a case, the plaintiff presents baseless arguments and misstatements, the case is "exceptional." Eltech, 903 F.2d at 810-11; Hughes v. Novi Am., Inc., 724 F.2d 122 (Fed. Cir. 1984). Finally, even if a plaintiff believes in the validity of its claims at the inception of a suit, a plaintiff who fails to yield after he discovers his claims are baseless has been found to be "vexatious." Eltech, 903 F.2d at 810.

Additional factors to consider in determining whether a case is exceptional include the closeness of the case and the conduct of the parties, including any evidence of bad faith. Interspiro, 18 F.3d at 933. Where the plaintiff is "manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." Eltech, 908 F.2d at 811.

The defendants argue that this case is "exceptional" under Section 285 for several reasons. First, they argue that the plaintiff knew its complaint was frivolous at the time it was filed. Specifically, the defendants argue that the plaintiff brought this action even though it knew that ownership of the '360 patent was already being litigated in France. In addition, the plaintiff knew or should have known that it lacked the proper standing under clearly recognized United States patent law to bring an infringement claim if they were only a one-half owner of the patent.

In addition, the defendants argue that the plaintiff knew its claims were frivolous while it maintained its suit against the defendants. Specifically, the defendants argue that the plaintiff disregarded the decisions of French courts which determined that INC had no ownership interest

7

in the '360 patent. The defendants argue that the plaintiff should have withdrawn its case based upon the French decisions. Instead, the plaintiff asserted what the defendants claim it should have known was a baseless argument, namely that these French decisions should not be entitled to comity.

Finally, the defendants argue that the plaintiff knew its motion to reconsider this Court's ruling on summary judgment was baseless, but nevertheless filed that motion and appealed this Court's ruling to the United States Court of Appeals for the Federal Circuit. The defendants argue that the Court's ruling was based on well-settled principles of law, and thus the plaintiff should have known it was futile to assert additional arguments on reconsideration. The Court will now consider the defendants' arguments.

Although the Court is sure that the plaintiff lacked standing to bring its patent-infringement claim, the Court cannot say that there is clear and convincing evidence that the plaintiff knew or should have known that the lawsuit was baseless, either at the time the lawsuit was brought or during its subsequent maintenance. Imatec Ltd. v. Apple Computer, Inc., 2000 WL 633428, at *1 (S.D.N.Y. May 17, 2000). While this is a close case, the difficulties inherent in cases involving international courts and United States patent law obviate a finding by this Court that the facts undisputably lead to a conclusion that the plaintiff knew or should have known that its claims were frivilous. Thus, the Court does not find that this is an "exceptional" case under Section 285.

Even if this case were exceptional, the Court would not exercise its discretion to impose attorney fees. As previously stated, given the complicated nature of the issues in the case and the fact that the case was "disposed of short of trial, the awarding of attorney fees would not be

8

warranted, especially in view of the hardship that such an award would impose upon the plaintiffs." Imatec, 2000 WL 633428, at *2 (S.D.N.Y. May 17, 2000). Thus, the Court does not find the bulk of the plaintiff's case "exceptional" under Section 285, nor that an award of attorney fees is justified.

### 4. Plaintiff's Motion for Reconsideration

The Court does find, however, that the plaintiff's post-summary judgment motions were "exceptional" under Section 285. The plaintiff's meritless motion for reconsideration was an attempt to question a ruling on summary judgment which was based on well-established legal principles. A plaintiff should bring a motion for reconsideration based upon factors such as mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud. Fed. R. Civ. P. 60. The plaintiff's motion for reconsideration in this case measured substantially short of this guideline.

Instead, the plaintiff's motion was based on irrelevant factual and legal arguments. For example, the plaintiff argued that there was *new* evidence relating to SCIPA's merger with CEP. This evidence was not *new*, however, since the merger occurred approximately two years before the motion for reconsideration was filed. Id. at 2. In addition, the plaintiff's motion claimed the Court made an error of fact by overlooking SCIPA's willingness to join as a plaintiff. Plaintiff's Motion for Reconsideration at 6-10. However, the plaintiff acknowledged that the Court was made aware of this fact, but simply chose not to give it weight in its ruling. Id. The Court's choice not to give credence to this information was not error. In fact, the ruling on the motion for reconsideration made plain that in the Court's view, SCIPA's willingness to join the action, if genuine, would not have cured the plaintiff's lack of standing. Distict Court's Ruling on Plaintiff's

9

Motion for Reconsideration at 2.

In addition, the plaintiff's motion for reconsideration was accompanied by motions for leave to join a party and for leave to file an amended complaint. In its ruling on the plaintiff's motion for reconsideration, the Court described these motions as "futile" since clear legal principles barred the plaintiff from curing its lack of standing with an amended complaint or amended party. Id. at 2-3. As the Court again noted, even if the plaintiff's motion were granted, it would be unable to gain standing without the participation of the '360 patent's other owners. Thus, the motion was futile. Id.

For the foregoing reasons, this Court agrees with the defendants that in sum, these post-summary judgment motions were frivilous. Haynes, 8 F.3d at 1579; Eltech, 903 F.2d at 810. In addition, this Court finds in its discretion that these fees are justified pursuant to Section 285. Thus, the defendants' motions for attorney fees under Section 285 are granted to the extent they request fees incurred in defense of the plaintiff's motion for reconsideration, motion for leave to file an amended complaint and motion for leave to join a party. The defendants shall provide the Court with an accounting of these fees in order that this Court may enter judgment, as reflected at the conclusion of this opinion.

## B. Attorney Fees under Section 1927

Defendant Jarrow, Incorporated has also filed a motion for attorney fees under 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

10

28 U.S.C. § 1927.

The court may award fees under Section 1927 where there is clear evidence that the attorneys' actions in pursuing a claim or suit were undertaken in bad faith. Oliveri v. Thompson, 803 F.3d 1265, 1273 (2d Cir. 1986). Bad faith may be inferred "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Steimel v. Inc. Village of Rockville Ctr., 965 F. Supp. 366, 374 (E.D.N.Y. 1997).

In Colucci v. New York Times Co., the court explained that "the sanctions authorized under section 1927 are not to be lightly imposed; nor are they to be triggered because a lawyer vigorously and zealously pressed his client's interests. The power to assess the fees against an attorney should be exercised with restraint lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of his client." Colucci v. New York Times Co., 533 F. Supp. 1011, 1013-14 (S.D.N.Y. 1982).

The award of attorney fees against counsel under Section 1927 is a sanction against the alleged bad faith of an attorney, and requires that such bad faith or an improper purpose be shown. This Court does not find plaintiff counsel's conduct warrants such sanctions, nor has the Court been presented with the requisite evidence of bad faith in order to reach that determination. Thus, in this Court's discretion, Jarrow's motion for attorney fees under Section 1927 is denied.

### III. Conclusion

For the reasons stated above, the defendants' motions for attorney' fees under 28 U.S.C. § 285 [docs. ## 372, 374, 376, 377 and 381] are **GRANTED in part, DENIED in part.** In addition, defendant Jarrow's motion for attorney fees under 28 U.S.C. § 1927 [doc. # 377] is **DENIED.**

No later than April 26, 2002, the defendants shall file supplemental affidavits in support of their motions for attorney fees with an accounting of all fees associated only with the defense of plaintiff's motion for reconsideration, motion for leave to file an amended complaint and motion for leave to join a additional party. Failure to file such documentation by this date will indicate that no such fees were incurred.

IT IS SO ORDERED at Hartford, Connecticut, this 26th day of March, 2002.

_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

12