FILED

JUL 2 2 1997

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL NUTRITION )
COMPANY, )
                         Plaintiff, )
)
v. )
)  No. C 97-0377 SI
INTERHEALTH NUTRITIONALS, )
INC., NATROL, INC., GENERAL )
NUTRITION, INC., NAT-TROP, a )
division of New World )
Enterprises, Inc., MELALEUCA, )  ORDER STAYING PROCEEDINGS
INC., and HORPHAG RESEARCH )
LTD., )
)
                         Defendants. )

       Plaintiff International Nutrition Company alleges that defendants Natrol Inc., General Nutrition, Inc., Interhealth Nutritionals, Inc., Nat-trop, and Melaleuca, Inc. have infringed United States Patent No. 4,698,360 (the '360 Patent, entitled "Plant Extract with a Proanthocyanidins Content as Therapeutic Agent Having Radical Scavenger Effect and Use Thereof"). The '360 Patent claims a method for preventing and fighting the harmful biological effects of free radicals in warm blooded mammals, particularly human beings. The patented method consists of administering to said mammals and humans a plant extract with a proanthocyanidins content, which has a radical scavenging effect.

       Defendants Horphag, Melaleuca, General Nutrition, Natrol, and Nat-trop have requested a stay of the instant proceedings until a

D 00 4159

French appellate court resolves the question of whether plaintiff owns any rights to the '360 Patent.[1] These defendants contend that the issue of ownership is directly tied to the issue of plaintiff's standing to sue in this Court for patent infringement. In addition, they note that a Connecticut federal district court, in which plaintiff filed a separate suit for infringement of the '360 Patent, stayed the Connecticut action, pending resolution of the lower French court's decision.[2] Finally, these defendants assert that on January 15, 1997, the Patent and Trademark Office (PTO) declared all claims of the '360 Patent to be invalid because the inventor had failed to disclose relevant material prior art. They contend that the action should also be stayed until the PTO completes its reexamination of the '360 Patent.[3]

---

[1] Horphag has been brought into this action by plaintiff as an "involuntary defendant." Horphag asserts that it holds rights to the '360 Patent under a 1985 agreement which transferred the patent rights from the inventor, Dr. Jacques Masquelier, to Horphag Overseas, Inc. and Societe Civile d'Investigations Pharmacologiques d'Aquitaine (SCIPA). The 1985 agreement contained a forum selection clause, which designated French courts as the forum in which to resolve disputes under the agreement. In October 1995, Horphag filed suit in France, challenging a transfer by SCIPA of its patent rights to plaintiff. On March 25, 1997, the French court ruled in favor of Horphag and voided the transfer of the '360 Patent rights to plaintiff. Plaintiff's appeal of the French trial court's action is scheduled to be heard on September 25, 1997. According to Horphag, the French Appellate Court is likely to issue its decision by November 1997.

[2] The Connecticut court has not issued a decision regarding the effect of the lower French court's decision on plaintiff's standing to enforce the '360 Patent in that suit.

[3] Defendant Interhealth objects to its co-defendants' motion to stay this matter. Interhealth contends that even if plaintiff owns 50% of the patent rights, plaintiff does not have standing because it has failed to join an indispensable party, namely Horphag. The Court declines to rule on this argument until it first determines whether plaintiff owns any rights to enforce the '360 Patent.

D 00 4160

In order for this action to proceed, the Court must first determine whether plaintiff has standing to bring suit. In particular, the Court must determine the extent of plaintiff's ownership rights in the '360 Patent. The issue of patent ownership is now being considered for a final judgment in France. In addition, the Connecticut district court has not yet issued a decision regarding the effect of the lower French court's decision on plaintiff's standing to enforce the '360 Patent.

The Court finds that these decisions could be dispositive of some or all of the claims in this case. Decisions from the Connecticut and French courts are entitled to comity from this Court. "[Comity] is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws." <u>Somportex Limited v. Philadelphia Chewing Gum Corp.</u>, 453 F.2d 435, 440 (3rd Cir. 1971). As such, this Court will stay these proceedings until December 12, 1997 at 2:30 pm. At that time, a case management conference will be held at which the parties shall advise the Court of any further developments in the French and Connecticut actions. A Joint Status Conference Statement shall be filed seven days before that date.

IT IS SO ORDERED.

Dated:   July 22, 1997.

SUSAN ILLSTON
United States District Judge

D 00 4161