FILED

SEP 6 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL NUTRITION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INTERHEALTH NUTRITIONALS, INC.;<br>NATROL, INC.; GENERAL NUTRITION,<br>INC.; NAT-TROP AND MALALEUCA, INC.;<br>and HORPHAG RESEARCH LTD.,<br><br>Defendants. | No. C 97-0377 MJJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are plaintiff International Nutrition Company's ("INC") Motion for Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15 and defendants Melaleucca, Inc., Horphag Research Ltd. ("Horphag"), Interhealth Nutritionals, Inc., Natrol, Inc., General Nutrition, Inc., and Nat-Trop, Inc.'s joint Motion for Summary Judgment that Plaintiff Lacks Standing to Sue for Patent Infringement of U.S. Patent No. 4,698,360.

After carefully considering the papers submitted by the parties, and having had the benefit of oral argument on August 29, 2000, the Court DENIES plaintiff's motion for leave to amend the complaint and GRANTS defendants' motion for summary judgment, for the following reasons:

1. Plaintiff INC commenced this action on January 31, 1997 alleging infringement of United States Patent Number 4,698,360 (the "'360 Patent") against all defendants except Horphag. Horphag has been sued as an "involuntary defendant." INC seeks to amend its complaint to add Centre d'Experimentation Pynogenol ("CEP") as a plaintiff and to add a claim for nullification of all

D 00 3058

licence agreements entered into by Horphag under the '360 Patent.

2. On July 22, 1997, this Court issued an order staying this action pending resolution of a French action, *SCIPA [Societe Civile d'Investigations Pharmacologiques d'Aquitane] et al. v. Horphag*, Roll No. 97003242 (May 28, 1998) (the "French Decision"), involving INC's ownership rights in the '360 Patent, and a Connecticut federal district court action, *International Nutrition Corp. v. Horphag Research Ltd. et at.*, C.A. No. 3:96CV386 (DJS) (the "Connecticut Decision"), involving INC's standing to sue for patent infringement.

3. In the French Decision, the Court of Appeals of Bordeaux, France held, among other things, that INC held no rights in the '360 Patent. As explained by the French court, the agreement between SCIPA and Horphag executed on April 26 and 29, 1985 (the "1985 Agreement"), which governed SCIPA and Horphag's joint ownership of the '360 Patent, was intended by the parties to be controlled by French law. Under French patent law, a joint-owner of a patent may only assign its rights if it gives notice to the other owner. Since SCIPA failed to comply with this legal requirement, its 1994 assignment of its rights to the '306 Patent to INC was void, and therefore, INC did not possess any rights to the '360 Patent.

4. Applying long-established principles of international comity,[1] this Court holds that the French Decision is entitled to comity. In particular, a French court, applying French law, was the appropriate forum to decide ownership of the '360 Patent because the ownership question was based on a French contract--the 1985 Agreement--that expressly provided that any litigation concerning the agreement would be in the exclusive jurisdiction of the courts of Bordeaux, France. Furthermore, the French Decision is not inconsistent with United States patent law. Under U.S. law, unilateral assignments of patent rights are permitted unless there is "any agreement to the contrary." *See* 35 U.S.C. § 262. The 1985 agreement between SCIPA and Horphag constitutes such an "agreement to the contrary" because it subjected the parties' ownership rights to French law, which does not allow a

---

[1] "[A] foreign judgment is recognized when there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment." *Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229 (Fed. Cir. 1996); *see also Hilton v. Guyot*, 159 U.S. 113, 202 (1895).

D 00 3059

co-owner to unilaterally assign its ownership rights. Therefore, in determining ownership of the '360 Patent pursuant to the 1985 Agreement, the French Decision did not conflict with U.S. patent law. Since comity extends to the French Decision, this Court accepts the conclusion of the French court that SCIPA's 1994 assignment of its rights to the '360 Patent to INC was void and, therefore, INC does not hold any rights to the '360 Patent.

5. The Connecticut district court likewise granted comity to the French Decision, and, based on the French court of appeal's holding that INC held no rights to the '360 Patent, the Connecticut court concluded that INC lacked standing to sue for infringement of the '360 Patent. It therefore granted summary judgment against INC on its patent infringement claim. The Connecticut court subsequently denied INC's motion for leave to amend its complaint to add CEP as a plaintiff and to add a claim for nullification of licenses entered into by Horphag under the '360 Patent. On May 1, 2000 the Connecticut court entered judgment against INC.

6. Under the doctrine of issue preclusion, a party is barred from relitigating an issue where (1) the issue to be precluded is identical to the issue previously adjudicated; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the prior case; and (4) the party precluded was fully represented in the prior action. *See Thomas v. General Services Admin.*, 794 F.2d 661, 664 (Fed. Cir. 1986). Principles of issue preclusion are especially relevant in this case given the fact that two different courts, a federal court in Connecticut and an appellate court in France, have already devoted substantial amounts of time and resources to decide many of the same issues that are now presented to this Court.

7. INC's request for leave to amend its complaint is barred by the doctrine of issue preclusion. In the Connecticut Decision, the court denied an identical motion by INC to amend its complaint to add CEP as a plaintiff and to add a license-nullification claim. The Connecticut court explained that such an amendment would be futile because it would not remedy INC's lack of standing to sue the co-owner of the '360 patent--Horphag. The Connecticut court also considered INC's request to add a license-nullification claim, but declined to exercise supplemental jurisdiction

D 00 3060

1  over that non-federal claim[2] because no viable federal claim existed against the defendants. This
2  Court holds that the Connecticut Decision deserves full preclusive effect in this action, and therefore
3  bars INC's motion for leave to amend its complaint.

4      8.    If jurisdiction is lacking at the commencement of a suit, it cannot be created by adding
5  a plaintiff with a sufficient claim. *See Pressroom Unions-Printers League Income Security Fund v.*
6  *Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983). Thus, a plaintiff that lacks standing at
7  the time the complaint is filed cannot retroactively create such standing by adding a proper plaintiff to
8  the complaint. *See Alcatel, USA, Inc. v. Orckit Communication, Ltd.*, 2000 WL 502846 (N.D. Cal.
9  April 13, 2000); *Lans v. Gateway 2000*, 84 F.Supp.2d 112, 115-16 (D.D.C. 1999); *see also Jones v.*
10 *Sullivan*, 938 F.2d 801, 805 (7th Cir. 1991) (standing must exist at the initiation of a lawsuit and
11 through every stage of the trial and appellate proceedings). In the instant action, INC does not have
12 any ownership rights in the '360 Patent, and thus it lacks standing to sue for infringement of the '360
13 Patent. Further, this jurisdictional defect cannot be cured by INC amending its complaint to add CEP
14 as a plaintiff.

15     9.    SCIPA, which was determined by the French Decision to be the co-owner with
16 Horphag of the '360 Patent, has merged into CEP. INC claims that it owns a controlling interest in
17 CEP, and by way of this corporate relationship, possesses rights to the '360 Patent. This argument is
18 without merit. The mere ownership of corporate stock in a subsidiary company with a patent does
19 not confer standing to sue for infringement of that patent. *See Site Microsurgical Systems, Inc. v.*
20 *Cooper Companies, Inc.*, 797 F.Supp. 333, 338 (D. Del. 1992). Rather, only the legal title holder of
21 a patent at the time of the alleged infringement is permitted to recover for patent infringement. *See*
22 *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 40 (1923); *Arachid, Inc. v.*
23 *Merit Industries, Inc.*, 939 F.2d 1574, 1578 (Fed. Cir. 1991).

24     10.    Leave to amend under Federal Rule of Civil Procedure 15, although "freely given
25 when justice requires," will not be granted where the proposed amendment would be futile, is made in
26 bad faith, is offered for purposes of delay, or will prejudice the defendant. *See Foman v. Davis*, 371

---

[2] As INC explains in its motion to amend, this claim arises under the French statutory law governing intellectual property. *See* French Intellectual Property Code, Article L.613-29-c.

D 00 3061

U.S. 178, 182; *Loehr v. Ventura Cty. Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

11.    Amendment of the complaint to add CEP would be futile because a co-owner of a patent may not sue for infringement unless all co-owners consent to join as plaintiffs in the infringement suit. *See Ethicon Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998); *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit"). Here, Horphag, the co-owner of the '360 Patent, has not voluntarily joined this action as a plaintiff, nor has it agreed in writing to be joined as an involuntary party. *See Ethicon*, 135 F.3d at 1468 n.9 (a co-owner of a patent may consent to unilateral infringement suits by another co-owner, but only where a written agreement provides such consent). To the contrary, INC has sued Horphag as an involuntary defendant. Since neither INC nor CEP can maintain a patent infringement action without the consent of Horphag, INC's proposed amendment is futile.

12.    Addition of a license-nullification claim would also be futile. This Court lacks original jurisdiction over such a claim because the claim arises under French statutory law. Moreover, supplemental jurisdiction is absent because, as discussed below, INC lacks standing to pursue a federal patent infringement claim. *See* 28 U.S.C. § 1367(a)(4) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction"); *Woodward v. Goodwin*, 2000 WL 694102, *12-13 (N.D. Cal. May 12, 2000).

13.    Under the doctrine of issue preclusion, defendants are entitled to summary judgment that INC lacks standing to maintain this action. The Connecticut court, in a well-reasoned and fully supported order, unambiguously held that "INC has no ownership interest in the '360 Patent and thus lacks the requisite standing to pursue an action for infringement." The Connecticut court considered the identical standing issue--*i.e.* INC's standing to sue for infringement of the '360 Patent--that is presently before this Court. This standing issue was litigated in the Connecticut court, and was necessary to that court's summary judgment decision. Therefore, the Connecticut Decision precludes INC from relitigating the issue of standing in this action.

D 00 3062

14. Summary judgment for defendants is warranted even in the absence of issue preclusion because INC lacks standing to bring this action. Standing to sue for infringement of a United States patent is governed by United States patent law, while questions of patent ownership are determined by state law. *See Pfizer Inc. v. Elan Pharmaceutical Research Corp.*, 812 F.Supp. 1352, 1370 n. 23 (D. Del. 1993) (U.S. patent law determines standing even where other issues, such as patent ownership, are controlled by foreign law); *Afros S.P.A. v. Knauss-Maffei Corp.*, 671 F.Supp. 1402, 1442-46 (D. Del. 1987); *Jim Arnold Corp., v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) (ownership of patent rights is a question exclusively for the state courts), *cert. denied sub nom, Baker Hughes Inc. v. Jim Arnold Corp.*, 118 S.Ct. 338 (1997); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1264 (9th Cir. 1999). In this case, the courts of a foreign state, namely, France, have already resolved ownership questions regarding the '360 Patent. According to the French Decision, which is entitled to comity from this Court, INC does not hold any rights to the '360 Patent. Consequently, this Court holds that under U.S. patent law INC lacks standing to maintain this action because only the legal title holder of a patent at the time of the alleged infringement is permitted to recover for patent infringement. *See Crown Die & Tool*, 261 U.S. at 40; *Arachid*, 939 F.2d at 1578. Since INC holds no rights in the '360 Patent, it lacks standing to sue for infringement of that patent.

15. Even if INC is considered a co-owner of the '360 Patent, it cannot maintain this action because the other co-owner, Horphag, has not voluntarily joined in the lawsuit, consented to the action, nor otherwise agreed to be involuntarily joined in an infringement action. *See Ethicon*, 135 F.3d at 1468; *Schering*, 104 F.3d at 345. Suing Horphag as an "involuntary defendant" does not cure INC's lack of standing. Thus, summary judgment that INC lacks standing to bring this action is appropriate.

16. Since there are no genuine issues of material fact, *see* Fed. R. Civ. Proc. 56, regarding INC's lack of standing to sue for infringement of the '360 Patent, summary judgment against INC is

///

///

///

6

D 00 3063

warranted in this case.

FOR THE FOREGOING REASONS, leave to amend the complaint is hereby DENIED and summary judgment against plaintiff is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: 9/5/2000

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

D 00 3064

ba

United States District Court
for the
Northern District of California
September 7, 2000


* * CERTIFICATE OF SERVICE * *


Case Number:3:97-cv-00377

Int'l Nutrition

vs

Interhealth Nutritio

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 7, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin S. Gittes, Esq.
Corbin Gittes & Samuel
750 Lexington Ave
New York, NY  10022

Warren J. Krauss, Esq.
Sedgwick Detert Moran & Arnold
One Embarcadero Ctr
16th Flr
San Francisco, CA  94111-3765

Jon R. Stark, Esq.
Pennie & Edmonds LLP
3300 Hillview Ave
Palo Alto, CA  94304-1203

Michael J. Lyons, Esq.
Pennie & Edmonds LLP
3300 Hillview Ave
Palo Alto, CA  94304-1203

Thomas G. Rowan, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY  10035-2711

D 00 3065

Brian M. Poissant, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY  10035-2711

Anthony M. Insogna, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY  10035-2711

Henry C. Bunsow, Esq.
Keker & Van Nest LLP
710 Sansome St
San Francisco, CA  94111-1704

James C. Weseman, Esq.
Law Offices of James C. Weseman
1600 First National Bank Center
401 West A Street
San Diego, CA  92101

Michael E. Dergosits, Esq.
Dergosits & Noah LLP
Four Embarcadero Center
Ste 1150
San Francisco, CA  94111

Donna A. Tobin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY  10036

Norman H. Zivin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY  10036

Neil A. Smith, Esq.
Limbach & Limbach LLP
2001 Ferry Bldg
San Francisco, CA  94111

Richard W. Wieking, Clerk

BY: _____
    Deputy Clerk

D 00 3066