**FILED**

JAN 24 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL NUTRITION COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>INTERHEALTH NUTRITIONALS, INC.; NATROL, INC.; GENERAL NUTRITION, INC.; NAT-TROP; MELALEUCA, INC.; and HORPHAG RESEARCH LTD.,<br><br>    Defendants.<br><br>INTERHEALTH NUTRITIONALS, INC.,<br><br>    Cross-Claimant and Counter Claimant,<br><br>v.<br><br>INTERNATIONAL NUTRITION COMPANY,<br><br>    Counter-Defendant; and<br><br>HORPHAG RESEARCH LTD.<br><br>    Cross-Defendant. | No. C 97-0377 MJJ<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES** |

Before the Court is defendants Horphag Research Ltd., Natrol, Inc., and General Nutrition, Inc.'s motion for attorneys' fees pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 54, and Local Civil Rule 54-2, defendant Melaleuca, Inc.'s joinder in that motion, and defendant Interhealth Nutritionals, Inc.'s motion for attorneys' fees. Having carefully considered the papers submitted by the parties, and having deemed oral argument unnecessary, the Court hereby DENIES the motions on the following grounds:

1.  This action does not constitute an exceptional case. *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *Beckham Instruments, Inc. v. LKB Produktor A.B.*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (exceptional case finding may be based on "willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit"); *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed. Cir. 1985) (conduct amounting to exceptional case must be supported by clear and convincing evidence). Although Plaintiff's claims ultimately failed, it has not been shown that Plaintiff unreasonably or frivolously pursued this action.

2.  In the exercise of discretion, the Court finds that an award of attorneys' fees would not be appropriate in this case. *See Machinery Corp. of America v. GullFiber A.B.*, 774 F.2d 467, 475 (Fed. Cir. 1985).

3.  No patent issues--such as, for example, infringement or patent validity--were litigated in this action, therefore, fees pursuant to 35 U.S.C. § 285 are unavailable to the defendants. *See Gjerlov v. Schuyler Laboratories, Inc.*, 131 F.3d 1016, 1024-25 (Fed. Cir. 1997) (when an action embraces both patent and non-patent claims, no fees under § 285 can be awarded for time incurred in the litigation of the non-patent issues); *Machinery Corp.*, 774 F.2d at 475.

4.  Defendants Interhealth Nutritionals, Inc. and Melaleuca, Inc.'s motions for attorneys' fees were untimely under Federal Rule of Civil Procedure 54. *See* Fed. R. Civ. Proc. 54(d)(2)(B) (motion for attorneys' fees "must be filed and served no later than 14 days after entry of judgment"); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929-31 (9th Cir. 1994). Judgment was entered in this case on November 16, 2000. Interhealth Nutritionals, Inc. did not filed its motion until December 4, 2000, while Melaleuca, Inc. did not file its motion until December 12, 2000.

For the foregoing reasons, defendants' motions for attorneys' fees are DENIED.

**IT IS SO ORDERED.**

Dated: 1/24/2001

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2

ba

United States District Court
for the
Northern District of California
January 24, 2001

* * CERTIFICATE OF SERVICE * *

Case Number:3:97-cv-00377

Int'l Nutrition

vs

Interhealth Nutritio

---

, the undersigned, hereby certify that I am an employee in the Office of
he Clerk, U.S. District Court, Northern District of California.

hat on January 24, 2001, I SERVED a true and correct copy(ies) of
he attached, by placing said copy(ies) in a postage paid envelope
dd ssed to the person(s) hereinafter listed, by depositing said
nvelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
elivery receptacle located in the Clerk's office.

Marvin S. Gittes, Esq.
Corbin Gittes & Samuel
750 Lexington Ave
New York, NY   10022

Warren J. Krauss, Esq.
Sedgwick Detert Moran & Arnold
One Embarcadero Ctr
16th Flr
San Francisco, CA   94111-3628

Jon R. Stark, Esq.
Pennie & Edmonds LLP
3300 Hillview Ave
Palo Alto, CA   94304-1203

Michael J. Lyons, Esq.
Pennie & Edmonds LLP
3300 Hillview Ave
Palo Alto, CA   94304-1203

Thomas G. Rowan, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY   10035-2711

Brian M. Poissant, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY 10035-2711

Anthony M. Insogna, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY 10035-2711

Henry C. Bunsow, Esq.
Keker & Van Nest LLP
710 Sansome St
San Francisco, CA 94111-1704

James C. Weseman, Esq.
Law Offices of James C. Weseman
1600 First National Bank Center
401 West A Street
San Diego, CA 92101

Michael E. Dergosits, Esq.
Dergosits & Noah LLP
Four Embarcadero Center
Ste 1150
San Francisco, CA 94111

Donna A. Tobin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Norman H. Zivin, Esq.
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Neil A. Smith, Esq.
Limbach & Limbach LLP
2001 Ferry Bldg
San Francisco, CA 94111

Richard W. Wieking, Clerk

BY: _____
       Deputy Clerk