UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:01-CV-578 (DJS) |
| v. ) | |
| ) | |
| INTERNATIONAL NUTRITION ) | |
| COMPANY, EGBERT SCHWITTERS, ) | |
| NORMAN H. ZIVIN, and JACK ) | |
| MASQUELIER, ) | |
| ) | |
| Defendants. ) | August 21, 2001 |

**PLAINTIFF'S SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Jarrow Formulas, Inc. ("Jarrow") submits this Surreply Memorandum in Opposition to Defendants' Motion to Dismiss all counts against them for failure to state a claim upon which relief can be granted. In their Reply Memorandum, Defendants essentially argue that, if specific allegations of Jarrow's complaint are considered in isolation, those allegations by themselves are insufficient to state a claim. Defendants also argue that Jarrow has failed to provide proof to show that its allegations are true. When the allegations of the Verified Complaint are considered as a whole and taken as true, as is required when considering a motion to dismiss, Jarrow has plainly alleged sufficient facts which, when proven, entitle Jarrow to the relief requested. Accordingly, defendants' motion to dismiss should be denied.

    A.    **The Allegations of Jarrow's Verified Complaint State a Cause of Action for Relief Under the Antitrust Laws**

At pages 1-4 of their Reply Memorandum, Defendants point to various specific factual allegations and argue that, in its July 24, 2001 Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Failure to a State a Claim (hereafter

"Opposition Memorandum"), Jarrow has failed to show that its allegations are true. Jarrow is not required to prove its claims in response to a motion to dismiss, or for the Court to weigh the evidence that may be offered in support of the claims. State of Connecticut v. Physicians Health Services of Connecticut, Inc., 103 F.Supp. 2d 495, 501 (D. Conn. 2000). The motion to dismiss must be decided solely on the facts alleged in the complaint, assuming that all well pleaded facts are true. Id.

In its Verified Complaint, Jarrow has made detailed allegations which, when proven, will entitle Jarrow to the relief requested for Defendants' violation of the Antitrust Statutes. Jarrow has alleged that Defendants initiated two patent litigations against virtually the entire Proanthocyanidin ("PAC") industry, and that at the time each lawsuit was initiated, and thereafter, the Defendants knew that INC did not own the '360 patent and that INC did not possess a good faith basis for asserting ownership of the patent. The Verified Complaint further alleges that Defendants filed and maintained these lawsuits, and promoted their false claims of ownership and their infringement suits throughout the PAC market to intimidate the market into buying PACs from Defendants, all as part of a scheme to monopolize the PAC market. These allegations are more than sufficient to support Jarrow's antitrust claims against Defendants.

While proof of Jarrow's allegations is not required in response to Defendants' Motion to Dismiss, Defendants' numerous misrepresentations of fact in their Reply Memorandum demonstrate why the Court should not dismiss Jarrow's claims based only upon the arguments made in Defendants' briefs without affording Jarrow an opportunity to prove its case. At page 2 of their Reply Memorandum, Defendants' characterize as "untrue" Jarrow's allegation that INC was aware that SCIPA and Horphag were embroiled in a dispute over ownership of the '360 patent at the time of SCIPA's 1994 assignment to INC. But the French trial court found that INC "cannot seriously claim

2

that it participated in the assignment dated March 18, 1994 'entirely in good faith.'" See Ex. 2 to Defendants' Memorandum in Support of Their Motion to Dismiss at p. 38.

Even in presenting their motion to dismiss, Defendants cannot restrain themselves from misrepresenting the ownership of the '360 patent. At page 3 of their Reply Brief, Defendants make the preposterous claim that "INC did not lose the French case." In fact, on March 25, 1997, the French trial court declared the assignment of the '360 patent to INC void, *ab initio*, and that SCIPA could not assign its interest in the '360 patent to INC. (Verified Complaint ¶ 24). As for INC's claim that it possesses a one-half interest in the patent through the merger of its subsidiary, CEP, with SCIPA, the French commercial court ruled on February 21, 2001 that the exploitation by INC of the '360 patent was fraudulent, that the merger of CEP and SCIPA is annulled for fraud, that INC and CEP are enjoined under penalty of fine from exploiting the '360 patent, and that Horphag may exercise its right of preemption to become the sole owner of the '360 patent. (Verified Complaint ¶ 34). These rulings definitively establish that INC's claim that it is part owner of the '360 patent is false.

Defendant's attempt at pages 4 and 5 of their Reply Memorandum to distinguish Hydranautics v. Filmtec Corp., 70 F.3d 533 (9th Cir. 1995) is unavailing. In Hydranautics, the antitrust plaintiff alleged that the antitrust defendant (plaintiff in the underlying infringement action) had fraudulently procured the patent it had tried to enforce through an assignment that the inventor had no right to make. In this case, Jarrow has alleged that Defendants fraudulently claimed ownership of the '360 patent through an assignment that SCIPA had no right to make. Accordingly, Hydranautics is factually on all fours with the present case, and Defendants' motion to dismiss should be denied for at least the reasons set forth therein.

3

Defendants' discussion of Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456 (Fed. Cir. 1998) at page 5 of its Reply Memorandum is particularly disingenuous. INC cites the dissent in Ethicon, which states that a co-owner can be made an involuntary plaintiff in an infringement action. Even if it were assumed that the dissent in Ethicon, which runs contrary to the long standing precedent cited by the majority, would allow Horphag to be named as an involuntary plaintiff in a suit brought by a co-owner, INC never even attempted to name Horphag as an involuntary plaintiff before judgment entered in the underlying action. To the contrary, INC brought suit naming Horphag, as well as several licensees of Horphag, as defendants. Essentially, INC argues that the Court should dismiss Jarrow's suit based upon a theoretical alternative course of action that INC might have pursued, but did not.[1] Plainly this is not an appropriate grounds to grant a motion to dismiss a complaint based upon INC's <u>actual</u> conduct in the underlying case - bringing a suit on a patent that it did not own, and naming the entire PAC industry, including an actual co-owner of the patent, as defendants.

### B. The Allegations of Jarrow's Verified Complaint State a Claim for Relief Under CUTPA

At page 6 of their Reply Memorandum, Defendants wrongly claim that Jarrow has not sufficiently alleged that the lawsuit instituted by INC is baseless. Jarrow's Verified Complaint contains allegations that Defendants' instituted sham litigation, and therefore Defendants actions in bringing the suit are not protected under the Noerr-Pennington doctrine. While this allegation alone is sufficient to state a claim under CUTPA, Jarrow has alleged numerous other actions by Defendants which, when proven, will entitle Jarrow to relief under CUTPA.

---

[1] Moreover, even if INC named Horphag as an involuntary plaintiff in its lawsuit, that would not have corrected the fact that INC was not an owner of the '360 patent.

4

Defendants, applying an incorrect standard on their motion to dismiss, essentially argue that Jarrow has not introduced specific proof to support the numerous allegations of improper conduct by Defendants set forth in Jarrow's Verified Complaint. Jarrow is not required to prove its claims at this stage. When the allegations of the Verified Complaint are taken as true, as must be done when considering a motion to dismiss under Rule 12(b)(6), Jarrow has plainly alleged sufficient facts to state a claim under CUTPA. Accordingly, Defendant's Motion to Dismiss Jarrow's CUTPA claim should be denied.

### C. The Allegations of Jarrow's Verified Complaint State a Cause of Action Under the Lanham Act

As with Jarrow's antitrust claim, Defendants select a few allegations from Jarrow's Verified Complaint and argue that those few selected allegations, standing alone, fail to state a claim under the Lanham Act. As set forth in Jarrow's Opposition Memorandum at page 16, the allegations of Jarrow's Verified Complaint state that Defendants made numerous false and misleading statements of fact and disparaged Jarrow's commercial activities. These allegations are more than sufficient to state a claim under the Lanham Act.

### D. The Allegations of Jarrow's Verified Complaint State a Cause of Action for Vexatious Litigation

The allegations of Jarrow's Verified Complaint plainly claim that INC did not have probable cause when it initiated its frivolous lawsuit. For example, Jarrow has alleged that Defendants knew that INC did not own the '360 patent, and accordingly there was no probable cause for INC to initiate litigation for infringement of the '360 patent. These allegations, among many others, are sufficient to establish lack of probable case. As set forth in Jarrow's Opposition Memorandum at page 19, Connecticut law is well settled that malice can be inferred from lack of probable cause. Vandersluis v. Weil, 176 Conn. 353 (1978).

5

Although Jarrow is not required to prove its claims in response to Defendants' Motion to Dismiss, Jarrow is compelled to respond to certain misrepresentations in Defendants' Reply Memorandum. As set forth above, INC's claim at page 7 of its Reply Memorandum that it was unaware of an agreement between SCIPA and Horphag regarding the '360 patent has already been rejected by the French courts, which found that INC could not "seriously claim" that it was a bona fide purchaser of the '360 patent. See Ex. 2 at page 38. Moreover, Horphag had sued INC over ownership of the '360 patent six months before INC filed its frivolous lawsuit in the United States. Accordingly, Defendants' statement on page 7 of its Reply Memorandum that an "ongoing dispute" over the '360 patent did not exist when INC initiated its frivolous lawsuit is false. While Jarrow is not asking the Court to make any factual determinations at this stage, Defendants' disingenuous arguments notwithstanding, Jarrow has plainly stated a claim for vexatious litigation.

E.  **The Allegations of Jarrow's Verified Complaint State a Cause of Action for Tortious Interference With Advantageous Business Relations**

As with much of their reply brief, Defendants argue that the Court should dismiss Jarrow's tortious interference claim by relying on a statement from Couldock & Bohan v. Societe Generale Sec. Corp., 93 F.Supp. 2d 220, 235 (D. Conn. 2000), regarding what must be proven. Jarrow is not required to prove its case in response to Defendants' motion to dismiss. In its Verified Complaint, Jarrow has pled facts which, when proven, will support the findings necessary to entitle Jarrow to the relief requested for tortious interference.

6

### F. The Allegations of Jarrow's Verified Complaint State Claims Against Attorney Zivin

In their Reply Memorandum at pages 8-9, Defendants' claim that Jarrow has failed to state a claim specifically against defendant Zivin. This argument was not made in Defendants' original brief in support of their motion to dismiss, and the argument is present in an offhanded way for the first time in Defendants' Reply Brief. Jarrow's Verified Complaint includes numerous allegations of actions taken by Zivin which exceeded his role as a legal advisor. Accordingly, Jarrow has alleged sufficient facts to state a claim against Zivin, and the claims against Zivin should not be dismissed.

### G. Jarrow's Claims Are Not Compulsory Counterclaims

At page 9 and 10 of their Reply Memorandum, Defendants continue to argue based upon Critical-Vac Filtration Corp. v. Minuteman Int'l Inc., 233 F.3d 697 (2d Cir. 2000) that Jarrow's claims should have been made as compulsory counterclaims in the underlying litigation. As set forth in Jarrow's Opposition Memorandum at 20-24, the Critical-Vac case actually supports Jarrow's argument that its claims were not compulsory counterclaims. In Critical-Vac, the Court noted that none of the facts alleged arose after Critical-Vac filed its answer, 233 F.3d at 700, and this formed part of the basis for the Court's finding that the claims were compulsory counterclaims. In this case, Jarrow never had an opportunity to file an answer or counterclaims because the underlying case was disposed of on motions to dismiss that were converted to summary judgment motions. It would be particularly inappropriate for the Court to dismiss Jarrow's claims in this case as compulsory counterclaims which should have been brought in a case in which judgment entered in favor of Jarrow before Jarrow was even required to answer.

7

Jarrow has alleged economically oriented claims related to misuse of a patent by filing a suit on a patent INC did not own, and includes numerous allegations of conduct by Defendants after the lawsuit was filed. Jarrow has not claimed in this suit, as the plaintiff had in Critical-Vac, that the '360 patent is invalid.[2] Rather, Jarrow has claimed that INC falsely claimed ownership of the '360 patent for economic advantage. Thus, even under Critical-Vac, Jarrow's claims in this action should not be dismissed.

Indeed, Defendants do not even attempt to distinguish Hydranautics v. FilmTec Corp., 70 F.3d 533 (9th Cir. 1995), a case on all fours with the present case. As occurred with the defendant in Hydranautics, INC's claims in the underlying case were dismissed because INC did not own the patent on which it brought suit. The Court never determined whether INC's ownership claim was fraudulent. On identical facts, the Court in Hydranautics reversed the District Court's dismissal of the plaintiff's antitrust claims. For the same reasons, Jarrow's antitrust claim was not a compulsory counterclaim in the underlying litigation, and INC's motion to dismiss should be denied.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim dated July 24, 2001, Defendants Motion to Dismiss should be denied.

---

[2] Jarrow does not concede that the '360 patent is valid. However, the validity of the '360 patent is not an issue raised by Jarrow's claims in this case.

THE PLAINTIFF,

JARROW FORMULAS, INC.
BY CUMMINGS & LOCKWOOD
ITS ATTORNEYS


By _____
ERIC W. WIECHMANN (CT 04331)
MARK D. GIARRATANA (CT 10401)
ERIC E. GRONDAHL (CT 08988)
ALEXANDRA B. STEVENS (CT 20300)
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM has been mailed, postage prepaid, this 21st day of August, 2001 to:

RICHARD S. ORDER, ESQ.
THOMAS W. EDGINGTON, ESQ.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277


_____
ERIC E. GRONDAHL

.HrtLib1:373238.1 08/21/01