UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-578 (DJS) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, and JACK | ) | |
| MASQUELIER, | ) | |
| | ) | |
| Defendants. | ) | July 30, 2001 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff Jarrow Formulas, Inc. ("Jarrow") submits the following interrogatories to

Defendants International Nutrition Company ("INC"), Egbert Schwitters ("Schwitters"), Norman

H. Zivin ("Zivin"), and Jack Masquelier ("Masquelier"), collectively, the "Defendants," pursuant

to Federal Rule of Civil Procedure 33. These interrogatories are to be answered separately under

oath by each Defendant within thirty (30) days of service.

### Definitions

1. In these Interrogatories and Requests, the terms "document" and "documents"

are used in the broadest extent permitted by Fed. R. Civ. P. 33 and 34, and shall include by way

of illustration, but not by way of limitation, all forms of written, recorded, videotaped,

computerized, or photographed information, including reports, compilations, data, notebooks,

letters, agreements, communications, including internal company communications, notes,

correspondence, telegrams, memoranda, translations, summaries or records of telephone

conversations, routing slips or memoranda, audibly reproducible recordings on tape, disks or the like, summaries or records of personal interviews and conversations, diaries, statistical notebooks of any character, ledgers, journals, invoices, shipping papers, purchase orders, specifications, instructions, manuals, motion or still pictures, minutes or records of conferences and meetings, lists of persons attending meetings or conferences, expressions or statements of policy, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of market surveys, opinions of counsel, records or summaries of negotiations, contracts and agreements including all modifications, drafts, memoranda, brochures, pamphlets, correspondence and any other documents relating to said contracts, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, and compilations of computer generated data, including any ancillary programming material.

"Document" or "documents" also include all nonidentical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document. To the extent any "communication" as defined below was reduced to a writing or other recordation, it is expressly included in the term "document".

"Document" or "documents" also include all English translations of any responsive documents or portions thereof.

2. The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and

divisions, departments or other units thereof, and his, its, or their directors, officers, employees, and agents.

3.   The term "communication" or "communications" shall include any document and any exchange or transfer of information between two or more persons, or between one or more persons and a file, whether written, oral, or in any other form, including communications by a meeting, conversation, conference, or telephone conversation.

4.   "Identify," "identity," and "identification," when used to refer to a document, mean to state with sufficient particularity for use in a subpoena duces tecum or request for production of documents, the following:

(a) The subject of the document;

(b) The title of the document;

(c) The type of document (e.g., letter, memorandum, telegram, chart);

(d) The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

(e) The identity of the person or persons who wrote, contributed to, prepared or originated the document;

(f) The identity of the person or persons to whom the document was directed or who received the document or copies of the document or any portion thereof; and

(g) The present or last known location and custodian of the document.

5.   "Identify," "identity," and "identification" when used with respect to a natural person requires that you provide the following information with respect to the person:

(a) Full name;

(b) Last known employer, title and business address;

(c) Last known residential address;

(d) Last known telephone number; and

(e) Name of employer or business with whom the person was associated and the person's title and position at the time relevant to the identification.

6. "Identify," "identity," and "identification" when used with respect to a person that is not a natural person means, to the extent applicable, to provide the same information required as though the entity were a natural person, and further provide information as to the nature of the entity (e.g., partnership, corporation or proprietorship).

7. "Identify," "identity," and "identification," when used with respect to a communication, means to state the parties to the communication, the date or approximate date of the communication, the substance of the communication, and identify all documents containing or relating to the communication.

8. When a document or thing which "refers" or "relates" to any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

9. As used herein, "you," "yours," "Defendant," and "Defendants" mean:

(a) any and all defendants to this action, and all entities or names under which any of the defendants have done business;

(b) any predecessor in interest to any defendant; and

(c) anyone acting or purporting to act on behalf of any defendant.

10. As used herein, "Jarrow Formulas," "Jarrow," and "Plaintiff" mean plaintiff Jarrow Formulas, Inc.

11. As used herein, "INC" means defendant International Nutrition Company, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

12. As used herein, "Schwitters" means defendant Egbert Schwitters.

13. As used herein, "Masquelier" means defendant Jack Masquelier.

14. As used herein, "Zivin" means defendant Norman H. Zivin.

15. As used herein, "SCIPA" means Societe Civile d'Investigations Pharacologiques d'Aquitaine, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

16. As used herein, "CEP" means Centre d'Experimentation Pycnogenol, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

17. As used herein, "the '360 patent" shall mean United States Patent No. 4,698,360 issued October 6, 1987, entitled "Plant extract with a proanthocyanidins content as therapeutic agent having radical scavenger effect and use thereof."

18. As used herein, "USPTO" means the United States Patent and Trademark Office.

19. As used herein, "PAC" or "PACs" mean nutritional supplements including proanthocyanidins for radical scavenging.

20. As used herein, "OPC" of "OPCs" mean oligo, or oligomeric, proanthocyanidins.

21. As used herein, "the 1985 Assignment" means the Assignment executed on April 1, 1985 by Masquelier.

22. As used herein, "the 1985 Agreement" means the Agreement entered into by SCIPA and Horphag on April 26 and 29, 1985 in France.

23. As used herein, "the 1994 Assignment" means the Assignment by Masquelier and SCIPA of SCIPA's interest in the '360 patent to INC on March 18, 1994.

24. As used herein, "the 1996 Assignment" means the "Confirmatory Assignment" to INC by Masquelier dated November 4, 1996.

25. As used herein, "USPTO" means the United States Patent and Trademark Office.

## **Instructions**

1.  If any document identified in an answer to an interrogatory was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.  If responsive information is not provided in response to an interrogatory, state the specific grounds for not responding in full, state the extent to which the interrogatory is being responded to, and respond to said interrogatory to the extent to which there is no objection.

3.  If objection is taken to any of the following interrogatories, state the specific grounds for the objection and provide an answer to the extent there is no objection.  If privilege is alleged as to information or materials, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed.

4.  In your response to these interrogatories, please restate the text of each interrogatory preceding your response thereto.

5.  Unless an interrogatory is directed to a specific defendant, all interrogatories shall be answered separately by all defendants.

6.  Each interrogatory is continuing in nature.  Please supply by timely answers or documents that are necessary to ensure the truthfulness and completeness of all of your answers.

## **Interrogatories**

INTERROGATORY NO. 1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present. Such explanation shall include, for all such times:

      (i)   identification of any parent corporations, predecessors-in-interest, subsidiary corporations, divisions, officers, directors, managerial employees, and shareholders;

     (ii)   identification of the number and type of shares held by each shareholder, if any; and

   (iii)   with respect to each officer, director, and managerial employee, a description of the responsibilities and duties of that person, and the length of tenure of that person, including when each person initiated employment.

ANSWER:

INTERROGATORY NO. 2:

Identify each person who has been retained or specially employed by any Defendant in anticipation of litigation or preparation for trial in this case as well as each person whom any Defendant expects to call as an expert witness at trial. With respect to each person expected to be called as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the compensation, if any, the expert will be paid, state the substance of the facts and opinions to which the expert is expected to testify, identify all documents referring or relating thereto, and state a summary of the grounds for each opinion.

ANSWER:

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY CUMMINGS & LOCKWOOD
ITS ATTORNEYS


By _____
ERIC W. WIECHMANN (CT 04331)
MARK D. GIARRATANA (CT 10401)
ERIC E. GRONDAHL (CT 08988)
ALEXANDRA B. STEVENS (CT 20300)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S FIRST SET OF

INTERROGATORIES TO DEFENDANTS has been delivered by hand, this 30th day of July,

2001 to:


        RICHARD S. ORDER, ESQ.
        THOMAS W. EDGINGTON, ESQ.
        Updike, Kelly & Spellacy, P.C.
        One State Street
        P.O. Box 231277
        Hartford, CT  06123-1277


ALEXANDRA B. STEVENS

.HrtLib1:368483.1 07/30/01

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO |
| V | ) | 3:0l-CV-478 (AVC) |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, and JACK | ) | |
| MASQUELI ER, | ) | |
| | ) | |
| Defendants. | ) | AUGUST 29, 2001 |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, International Nutrition Company ("INC"), Egbert Schwitters ("Schwitters"), Norman H. Zivin ("Zivin"), and Jack Masquelier ("Masquelier"), hereby respond to the First Set of Interrogatories of Plaintiff, Jarrow Formulas, Inc. ("Jarrow") dated July 30, 2001, as follows:

## GENERAL OBJECTIONS

Defendants object to the Interrogatories to the extent they are overly broad or constitute an invasion of personal privacy or seek information which is unduly burdensome to produce, confidential, irrelevant, not related to any claim in this action, or protected by the attorney-client privilege or work product doctrine. Defendants also object to the Interrogatories to the extent that the definitions therein do not comport with Local Rule 39 of this Court's Local Rules and to the extent that the Interrogatories seek to impose on defendants obligations not required under the Federal Rules of Civil Procedure or the Local Rules.

252635

## INTERROGATORIES

INTERROGATORY NO.1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present. Such explanation shall include, for all such times:

(i)  identification of any parent corporations, predecessors-in-interest, subsidiary

corporations, divisions, officers, directors, managerial employees, and

shareholders;

(ii) identification of the number and type of shares held by each shareholder, if any; and

(iii) with respect to each officer, director, and managerial employee, a description

of the responsibilities and duties of that person, and the length of tenure of

that person, including when each person initiated employment.

RESPONSE:  Defendants object to this Interrogatory on the grounds of relevance to the extent that it seeks information from or about CEP and SCIPA, entities which are not parties to this action.  As for INC, an Establishment under Liechtenstein law, its present Board Members are:

1)       Admin Management, Ltd., Road Town, Tortola, BVI.

2)       INC Agency B.V., DeZodde 16, NL1231 MB Loosdrecht, The Netherlands. Previous Board Members were Egbert Schwitters and Arno Scalet.

Under Liechtenstein law, an Establishment issues no shares of stock.

<u>INTERROGATORY NO.2:</u>

Identify each person who has been retained or specially employed by any Defendant in anticipation of litigation or preparation for trial in this case as well as each person whom any Defendant expects to call as an expert witness at trial. With respect to each person expected to be called as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the compensation, if any, the expert will be paid, state the substance of the facts and opinions to which the expert is expected to testify, identify any documents referring or relating thereto, and state a summary of the grounds for each opinion.

RESPONSE: Defendants object to this Interrogatory to the extent that it exceeds the requirements of Rule 26(a)(2). Defendants further object to this Interrogatory on the ground that the deadline for disclosure of defendants' experts has been set as November 23, 2001 by Order of the Court dated July 13, 2001, thereby rendering this Interrogatory premature. Subject to the foregoing objections, defendants have not yet retained any experts.

> DEFENDANTS,
> INTERNATIONAL NUTRITION COMPANY,
> EGBERT SCHWITTERS, NORMAN H.
> ZIVIN, and JACK MASQUELIER
>
> By: _____
> RICHARD S. ORDER, ESQ. (ct02761)
> Updike, Kelly & Spellacy, P.C.
> One State Street
> P.O. Box 231277
> Hartford, CT 06123-1277
> (860) 548-2600

# VERIFICATION

I, Pim Schwitters, am director of INC Agency BV, which is a Member of the Board of one of the defendants and have read the foregoing answers to Interrogatories and believe them to be true.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28 ,2001.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served this 29th day of August, 2001, by U.S. mail, postage prepaid, to the following counsel of record:

> Eric W. Wiechmann, Esq.
> Mark D. Giarratana, Esq.
> Eric E. Grondahl, Esq.
> Alexandra Stevens, Esq.
> Cummings & Lockwood
> City Place I
> 185 Asylum Street
> Hartford, CT  06103

Richard S. Order, Esq.
Updike, Kelly & Spellacy, P.C.

252635                                                   5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO 3:0l-CV478 (RNC) |
| V | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, NORMAN H. ZIVIN | ) | |
| and JACK MASQUELIER | ) | |
| | ) | |
| Defendants. | ) | January 15, 2002 |

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, International Nutrition Company ("INC"), Norman H. Zivin ("Zivin"), and Jack Masquelier ("Masquelier"), hereby supplement their response to the First Set of Interrogatories of Plaintiff, Jarrow Formulas, Inc. ("Jarrow") dated July 30, 2001, as follows:

## GENERAL OBJECTIONS

Defendants object to the Interrogatories to the extent they are overly broad or constitute an invasion of personal privacy or seek information which is unduly burdensome to produce, confidential, irrelevant, not related to any claim in this action, or protected by the attorney client privilege or work-product doctrine. Defendants also object to the Interrogatories to the extent that the definitions therein do not comport with Local Rule 39 of this Court's Local Rules and to the extent that the Interrogatories seek to impose on defendants obligations not required under

the Federal Rules of Civil Procedure or the Local Rules.    Defendants also object to Interrogatories directed to non-parties.

## INTERROGATORIES

INTERROGATORY NO.1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present. Such explanation shall include, for all such times:

(i) identification of any parent corporations, predecessors-in-interest, subsidiary corporations, divisions, officers, directors, managerial employees, and shareholders;

(ii) identification of the number and type of shares held by each shareholder, if any; and

(iii) with respect to each officer, director, and managerial employee, a description of the responsibilities and duties of that person, and the length of tenure of that person, including when each person initiated employment.

SUPPLEMENTAL RESPONSE:    Notwithstanding the General Objections, defendants provide the following information: (a) As for INC, an Establishment under Liechtenstein law, its present Board Members are:

1)        Admin Management, Ltd., Road Town, Tortola, BVI.

2)        INC Agency B.V., DeZodde 16, NL1231 MB Loosdrecht, The Netherlands. Previous Board Members were Egbert Schwitters and Arno Scalet.  Their dates of tenure are stated in documents D5538-D5540.  The Board Members direct the operations of the company.

2

INC has no officers or salaried employees. Under Liechtenstein law, an Establishment issues no shares of stock.

(b) As for CEP, a limited liability company under French law, its Director since 1994 is Egbert Schwitters. Its present shareholders are as follows:

| | | |
|---|---|---|
| INC | - | 650 shares |
| Jack Masquelier | - | 100 shares |
| Jean Michaud | - | 100 shares |
| Elian Barraud | - | 100 shares |
| Jean Laparra | - | 100 shares |

From July 1998 until January 1, 2000, INC's shares in CEP were owned by INC Agency BV, a limited liability company under Dutch law. From March 1994 until July 1998, all shares of CEP were owned by INC Agency BV. From 1969 to March 1994, the shares of CEP were owned in equal amounts by Messrs. Masquelier, Michaud, Barraud and Laparra. At that time, Mr. Barraud was the Director. CEP has no officers or salaried employees.

(c) As for SCIPA, a former civil society ("societe civile") under French law, it was merged into CEP in July 1998. Prior to that date, the shares of SCIPA were owned in equal amounts by Messrs. Masquelier, Michaud, Barraud and Laparra. At that time, Mr. Michaud was the Director. SCIPA has no officers or salaried employees.

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
NORMAN H. ZIVIN, and JACK MASQUELIER

By: _____
RICHARD S. ORDER, ESQ. (ct02761)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, Connecticut 06123-1277
(860) 548-2600

## VERIFICATION

I, _____, am an authorized representative of one of the defendants and

have read the foregoing answers to Interrogatories and believe them to be true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.  Executed on _____, 2002.

_____

4

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
NORMAN H. ZIVIN, and JACK MASQUELIER

By: _____

RICHARD S. ORDER, ESQ. (ct02761)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, Connecticut 06123-1277
(860) 548-2600

## VERIFICATION

I, PIM SCHWITTERS, am an authorized representative of one of the defendants and

have read the foregoing answers to Interrogatories and believe them to be true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct. Executed on 11 JANUARY, 2002.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served this 15th day of January,

2002, by United States mail, postage prepaid, to the following counsel of record:

> Eric W. Wiechmann, Esq.
> Mark D. Giarratana, Esq.
> Eric E. Grondahl, Esq.
> Alexandra Stevens, Esq.
> Cummings & Lockwood
> City Place I
> 185 Asylum Street
> Hartford, Connecticut 06103

> Richard S. Order, Esq.
> Updike, Kelly & Spellacy, P.C.