Westlaw.

Not Reported in F.Supp. Page 1

Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

H
Not Reported in F.Supp., 1995 WL 169020
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Jerry YOUNG, Plaintiff,
v.
C.O. CALHOUN, et al., Defendants.
**85 CIV. 7584 (SWK).**

April 10, 1995.

*MEMORANDUM OPINION AND ORDER*

KRAM, District Judge.

**\*1** In this prisoner's civil rights action, plaintiff Jerry Young ("Young") moves *in limine* for an order excluding (1) his criminal record; (2) prison disciplinary record; (3) evidence indicating his past use of aliases; (4) evidence that he has been involved in other litigations; and (5) evidence related to whether defendants denied him access to the courts or caused him injury. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

BACKGROUND FN1

Young, a convicted felon, was transferred to the newly-opened Sullivan Correctional Facility ("Sullivan") in August 1985 for a three-to-four month period. According to defendants, every inmate at Sullivan was confined to his cell in keeplock status at that time. FN2

It is disputed whether Sullivan's law library was operational during the period of Young's incarceration. According to defendants, a room had been set aside to be used as a law library and some law books had been placed on book shelves, while other books remained in shipping boxes. Sullivan's inmates also could obtain legal materials from other facilities by requesting specific law books, either verbally or in writing, from one of Sullivan's correctional officers. FN3 According to Young, however, the Court already has determined that his access to legal materials was inadequate.

On August 29, 1985, Young filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging, *inter alia,* that defendants harassed him in order to impede his legal work. *See* Complaint at ¶ 4. Specifically, Young contended that Sullivan's procedure for obtaining legal materials from other facilities was inadequate. Young claimed further that, although he received several books during the relevant time period, "certain motions on [his] criminal cases" were denied because of his inability to consult legal materials. *See* Deposition of Jerry Young, taken on June 1, 1992, at 63. Young also complained that defendants harassed him because of his activities as a "jailhouse lawyer." *See* Complaint at ¶ 4.

Thereafter, defendants moved for summary judgment dismissing the complaint and, by Memorandum Opinion and Order dated November 1, 1993, the Court granted the motion as to Correctional Officers Hopper and Schwartz and Lieutenants Budd and Elbert. *See Young v. Calhoun,* 1993 U.S.Dist. LEXIS 15377, at \*18. The Court denied defendants' motion with respect to Correctional Officers Calhoun ("Calhoun") and McNutt ("McNutt"). FN4 *Id.*

In ruling on defendants' summary judgment motion, the Court found that Young's access to legal materials was inadequate. *Id.* at \*14. Specifically, the Court stated:
    The defendants' showing that Young occasionally received books through the mail or from law libraries located in other facilities does not satisfy the *Bounds* requirement of providing prisoners with an adequate law library or legal assistance. This Court previously has held that "effective legal research is impossible where it must be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

attempted at a remote distance from the volumes," with ad hoc access to individual books. *United States ex rel. Wolfish v. Levi,* 439 F.Supp. 114, 129 (S.D.N.Y.1977), *aff'd in part and rev'd in part on other grounds,* 573 F.2d 118 (2d Cir.1978), *rev'd on other grounds,* 441 U.S. 520 (1979). Moreover, while the Court acknowledges that Young was rather prolific during his period of incarceration at Sullivan, the Court notes that the number of cases he brought does not bespeak of their quality.
*2 *Id.* at *14-15.

The Court next concluded that genuine issues of material fact exist whether Calhoun (1) actually harassed or threatened Young; and (2) intended to deny him access to legal materials. *Id.* at *17. With respect to McNutt, the Court also found an issue of fact whether McNutt's conduct impaired Young's access to legal materials. *Id.* Accordingly, the Court denied defendants' motion for summary judgment with respect to Calhoun and McNutt.

Plaintiff now moves *in limine* for an order barring admission at trial of his criminal record, FN5 use of aliases, FN6 prison disciplinary record FN7 and evidence of other litigations in which he has been involved. Plaintiff also moves for an order barring defendants from admitting any evidence related to whether they denied him access to the courts or caused him injury. Each issue shall be addressed below.

DISCUSSION

I. Criminal Record

Plaintiff seeks an order barring defendants from presenting evidence of his criminal record at trial. According to plaintiff, his prior convictions are inadmissible under Rule 609 of the Federal Rules of Evidence, as their prejudicial effect outweighs any probative value. In response, defendants argue that (1) plaintiff's 1975 murder conviction, for which he presently is incarcerated, is admissible under Rule 609(a) ; and (2) his convictions for possession of stolen property and petit larceny are admissible under Rule 609(b). FN8

Federal Rule of Evidence 609 states, in relevant part:
(a)(1) [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year ... and
(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
(b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
Fed.R.Evid. 609. FN9 The district court has broad discretion to admit or exclude evidence of prior convictions under this Rule. *United States v. Estes,* 994 F.2d 147, 148 (5th Cir.1993) ; *United States v. Lochmondy,* 890 F.2d 817, 824 (6th Cir.1989).

A. The 1975 Murder Conviction

As a threshold matter, the Court finds that, as Young presently is incarcerated for his 1975 murder conviction, this conviction falls within the parameters of the ten-year period set forth in Rule 609(b). *See* Fed.R.Evid. 609(b) (measuring the time period from the date of conviction or the release of the witness from confinement, whichever is later). Accordingly, as Young's conviction consists of evidence of a crime punishable by imprisonment in excess of one year, the Court must determine whether its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 609(a)(1) ; Fed.R.Evid. 403. In making this determination, the Court looks to analogous cases for guidance.

*3 In *Eng v. Scully,* 146 F.R.D. 74, 77

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=A005580000004742000464552...   8/9/2005

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

(S.D.N.Y.1993), plaintiff brought an action, pursuant to 42 U.S.C. § 1983, claiming that certain correction officers had used excessive force against him in violation of his constitutional rights. In determining that plaintiff's prior murder conviction was inadmissible, the Court held that "[m]urder is not necessarily indicative of truthfulness, and the probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice." *Id.* at 78.

In a similar case, however, this Court held that testimony concerning an inmate-witness' prior conviction would not unduly prejudice him. *See Lewis v. Velez,* 149 F.R.D. 474, 482 (S.D.N.Y.1993). In *Lewis,* plaintiff brought suit against several correction officers for excessive force. *Id.* at 478. Prior to trial, plaintiff moved *in limine* for an order excluding evidence of his convictions for possession of a controlled substance and assault. With respect to the conviction for possession of a controlled substance, the Court concluded that "[w]hile the probative value of such a conviction may be small, given the jury's awareness that the plaintiff is a convicted felon, there is no prejudice that could substantially outweigh that probative value." *Id.* at 482. The Court ruled that plaintiff's assault convictions were inadmissible, however, as they "skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition." *Id.* at 483. Accordingly, the Court held that the defendants could elicit the fact that plaintiff was a felon serving a sentence of eleven years to life, but they could not inquire into the charge for which he was convicted. *Id.*

Additionally, in *Morello v. James,* 797 F.Supp. 223, 228 (W.D.N.Y.1992), the Western District of New York held that a witness' prior rape conviction was admissible for purposes of assessing credibility. In *Morello,* plaintiff claimed that the defendants violated his constitutional rights by intentionally depriving him of a legal brief prepared by an inmate law clerk for a pending state court appeal. *Id.* at 224. After a jury found for the defendants, plaintiff moved for a new trial claiming, *inter alia,* that the court improperly instructed the jury that his prior felony conviction could be considered in determining his credibility. While acknowledging that rape may be less relevant to credibility than *crimen falsi,* the court nevertheless held that the conviction did bear on plaintiff's credibility at trial. *Id.* at 228. In rendering this decision, however, the court emphasized that any prejudice to plaintiff was minimized by the limited nature of the questioning, which elicited the fact that plaintiff had a prior felony conviction but did not inquire into the nature of that conviction. *Id.; see also Wilson v. City of Chicago,* 6 F.3d 1233, 1236-37 (7th Cir.1993) (stating that plaintiff's credibility could be impeached by his prior convictions, although the "ugly details" of his crimes were inadmissible).

*4 In the case at bar, plaintiff's murder conviction is probative of his credibility since it removes any misperceptions that plaintiff is a model citizen. *See Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir.1992) ("The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully."). The danger here is that the details of plaintiff's murder conviction might unfairly bias the jury against him. As plaintiff's complaint concerns events that occurred during his incarceration at Sullivan, however, the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case. Admission of his prior conviction thus will cause minimal added prejudice. *See Lewis v. Velez,* 149 F.R.D. at 482 (stating that "where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional prejudice"). Accordingly, after engaging in the required balancing test based on the facts of the present case, the Court concludes that the probative value of plaintiff's prior conviction is not substantially outweighed by the danger of unfair prejudice.

While Young's prior felony conviction is relevant to his credibility, however, evidence concerning the type of crime for which he is incarcerated is not necessary to impeach his credibility. *See United States v. Tomaiolo,* 249 F.2d 683, 687 (2d Cir.1957) (stating that evidence of prior convictions should be no more detailed than is necessary to impeach credibility). Accordingly, defendants may cross-examine plaintiff concerning the fact that he is a convicted felon serving a sentence of twenty years

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

Page 4

to life, but they may not elicit any details as to the nature of the offense.

### B. Convictions for Possession of Stolen Property and Petit Larceny

Plaintiff next argues that his 1967 petit larceny conviction and his prior conviction for possession of stolen property are inadmissible. As these convictions run afoul of the ten-year time limit set forth in Rule 609(b), FN10 the Court must consider whether their probative value, supported by specific facts and circumstances, substantially outweighs their prejudicial effect.

The Second Circuit has recognized that Congress intended that convictions more than ten years old " be admitted 'very rarely and only in exceptional circumstances.' " *Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431, 434 (2d Cir.1993) (quoting S.Rep. No. 1277 , 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062); *United States v. Mahler,* 579 F.2d 730, 736 (2d Cir.) (stating that Congress believed that convictions more than ten years old have very little or no probative value), *cert. denied,* 439 U.S. 991 (1978). As no specific facts or circumstances suggest that the probative value of admitting Young's prior convictions for possession of stolen property and petit larceny outweighs their potential for prejudice, the Court finds that these offenses are inadmissible.

### II. Aliases

*5 Plaintiff next moves for an order barring the admission of his aliases, as stated on his "RAP" sheet, and his prior arrests. Rule 608(b) provides that specific instances of a witness' conduct may, " in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness." Fed.R.Evid. 608(b)(1).

A witness' use of false names or identities is the proper subject of cross-examination under Rule 608 . *United States v. Mansaw,* 714 F.2d 785, 789 (8th Cir.), *cert. denied,* 464 U.S. 986 (1983). In fact, as the Ninth Circuit Court of Appeals has opined:
> The issue is whether the use of false names bears directly enough upon the witness' veracity as to outweigh the general prohibition against cross-examining about particular acts of misconduct other than convictions of a crime. We think it does. If a man lie about his own name, might he not tell other lies?

*Lyda v. United States,* 321 F.2d 788, 793 (9th Cir.1963); *see also United States v. Ojeda,* 23 F.3d 1473, 1477 (8th Cir.1994) (finding that defendant's past use of another name was probative of truthfulness). Accordingly, the Court finds that plaintiff's use of aliases is the proper subject of cross-examination at trial.

Plaintiff argues that "[a]ny effort to introduce other names stated on the "RAP" sheet, is, in effect, an effort to introduce evidence of arrests and convictions that would otherwise be inadmissible." *See* Pl.'s Mem. in Supp. of Pl.'s Mot. *In Limine* on Evidentiary Matters at 8. The Court agrees that evidence of Young's 1973 arrest is inadmissible under either Rules 608(b) or 609, as it did not result in a conviction. *See United States v. Williams,* 986 F.2d 86, 89 (4th Cir.) (citing *Michelson v. United States,* 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness.")), *cert. denied,* --- U.S. ----, 113 S.Ct. 3013 (1993) ; *United States v. Abadie,* 879 F.2d 1260, 1267 (5th Cir.) (stating that "inquiry into the mere existence of an arrest or indictment is not admissible to impeach the defendant's credibility under Fed.R.Evid. 608(b)"), *cert. denied,* 493 U.S. 1005 (1989). Similarly, Young's 1972 conviction for resisting arrest, 1973 conviction for criminal trespass and 1975 conviction for disorderly conduct are inadmissible under Rule 609(b). *See* Fed.R.Evid. 609(b).

Defendants may inquire into plaintiff's use of aliases, however, without eliciting the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of these aliases. Accordingly, the Court finds that evidence of Young's use of false names or identities is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

admissible under Rule 608(b).

### III. Disciplinary Records

Plaintiff also seeks to bar the admission of his prison disciplinary records at trial. Specifically, plaintiff argues that his disciplinary records are irrelevant to the extent that they reflect events occurring after he was transferred from Sullivan. Plaintiff also contends that the material concerning the relevant time period is inadmissible for impeachment purposes because none of the conduct for which he was disciplined reflects plaintiff's propensity to lie. In response, defendants contend that they should be permitted to cross-examine plaintiff concerning an entry on his disciplinary record that reflects that he was found guilty in 1986 of "lying" in violation of New York State Department of Correctional Services regulations.

*6 As neither party has submitted any details with respect to the incident for which plaintiff was found guilty of "lying," the Court is unable to determine whether this evidence is probative of truthfulness or untruthfulness in accordance with Rule 608(b). Accordingly, the Court shall refrain from ruling on this evidence at the present time, and instead will accept a proffer from the parties at the appropriate stage of the trial proceedings. *See generally General Elec. Capital Corp. v. Munson Marine, Inc.,* No. 91 C 5090, 1992 U.S.Dist. LEXIS 10331, at *3 (N.D.Ill. July 8, 1992) ("Ordinarily, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.").

### IV. Prior Litigation Activity

Young next moves to bar any references at trial to his involvement in litigation other than cases brought or pending while he was incarcerated at Sullivan. Specifically, Young seeks to preclude defendants from admitting evidence of this Court's June 23, 1993 Order which (1) limited the type and number of lawsuits that Young may commence in this Court each year; and (2) prohibited Young from filing legal documents on behalf of other inmates.

It is well-settled in this Circuit that evidence of a plaintiff's litigiousness " 'may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.' " *Outley v. City of New York,* 837 F.2d 587, 592 (2d Cir.1988) (quoting *Raysor v. Port Auth.,* 768 F.2d 34, 40 (2d Cir.1985), *cert. denied,* 475 U.S. 1027 (1986)); *see also Eng v. Scully,* 146 F.R.D. at 79 (stating that evidence of plaintiff's prior prisoner civil rights cases "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity"). While the "charge of litigousness is a serious one, likely to result in undue prejudice against the party charged," *Outley v. City of New York,* 837 F.2d at 594, such evidence is permitted, however, if the previous claims made by the party are shown to have been fraudulent. *See id.* at 594 (excluding evidence of prior lawsuits but noting a distinction "where a party has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern"); *see generally* 1 John W. Strong, McCormick on Evidence § 196, at 831-32 (4th ed. 1992) (stating that "[i]f the evidence reveals that a party has made previous, very similar claims and that these claims were fraudulent, then almost universally the evidence will be admissible").

Accordingly, if defendants can prove that plaintiff has made similar claims that were found to be fraudulent, they may cross-examine him concerning these litigations in order to impeach his credibility at trial. As the Court cannot determine on the record before it whether plaintiff's other lawsuits were fraudulent, however, it declines to rule on Young's *in limine* motion at the present time.

### V. Law of the Case

*7 Young also moves *in limine* for an order precluding defendants from presenting any evidence at trial to show that (1) his access to legal materials was adequate; and (2) he suffered no actual injury as a result of defendants' conduct. According to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 6
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

Young, this Court "expressly" held that his access to legal materials was inadequate in the context of defendants' summary judgment motion, basing its holding on the "undisputed" fact that Sullivan neither had a law library nor provided legal assistance to its inmates during the period of Young's incarceration. Young contends further that the Court's opinion deemed these facts as " established," pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Thus, Young maintains that the doctrine of the law of the case precludes defendants from relitigating this issue at trial. The Court disagrees.

Under the law of the case doctrine, a judicial determination at one stage of a proceeding becomes the "law of the case" to be followed in successive stages of the same litigation, thus ensuring "the orderly progress of court proceedings." *Maryland Casualty Co. v. W.R. Grace & Co.,* 88 Civ. 2613, 1994 U.S.Dist. LEXIS 15322, at *21 (S.D.N.Y. Oct. 26, 1994); *Crown Zellerbach Corp. v. Goldsmith,* 609 F.Supp. 187, 189 (S.D.N.Y.1985). Nonetheless, the rule " 'is, at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.' " *United States v. Martinez,* 987 F.2d 920, 923 (2d Cir.1993) (quoting *United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982)); *see also United States v. 17,380 Square Feet of Land,* 678 F.Supp. 443, 445 (S.D.N.Y.1988) (stating that "to the extent that the law of the case doctrine exists in federal court, it is a prudential and not a mandatory rule").

Examining its prior opinion, the Court concludes that its statement regarding the adequacy of Young's access to legal materials was mere dictum, and did not constitute the law of the case. *See Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 972 F.2d 453, 459 (1st Cir.1992) (stating that "[d]ictum constitutes neither the law of the case nor the stuff of binding precedent"); *United States v. Kolb,* 161 B.R. 30, 32 (N.D.Ill.1993) ("Clearly, dicta is not binding on subsequent rulings."). Moreover, even if the Court's prior statement could be considered a finding of fact, the law of the case doctrine does not preclude either party from offering additional evidence on this issue at trial. *See Trustees of Indiana Univ. v. Aetna Casualty & Sur. Co.,* 920 F.2d 429, 435 (7th Cir.1990) (indicating that "so long as the factual issue has not been brought to judgment, the parties are free in the course of the same proceeding to offer evidence on the issue"); *see also Childress v. Taylor,* 798 F.Supp. 981, 993 (S.D.N.Y.1992) (stating that a court's pretrial rulings are subject to modification at any time prior to final judgment).

*8 This decision is further buttressed by the fact that the Court's statement was made in the context of a summary judgment motion, where it "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." *Eastway Constr. Corp. v. New York,* 762 F.2d 243, 249 (2d Cir.1985); *see also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970) ; *Hathaway v. Coughlin,* 841 F.2d 48, 50 (2d Cir.1988) ; *Knight v. United States Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932 (1987). Thus, any statement made by the Court in its prior ruling should be interpreted only in light of the limited purpose for which it was made, *i.e.,* to determine whether summary judgment was appropriate, and not for the purpose of finding facts or making legal conclusions on a full record disposing of the case on the merits. *See Coca-Cola Bottling Co. v. Coca-Cola Co.,* 769 F.Supp. 599, 614 (D.Del.1991) (finding that a judge's rulings or opinions made in the course of denying motions for summary judgment were not binding as the law of the case), *aff'd in part and rev'd in part on other grounds,* 988 F.2d 386 (3d Cir.), *cert. denied,* 510 U.S. 908, 114 S.Ct. 289 (1993); *see also Watson v. Amedco Steel, Inc.,* 29 F.3d 274, 277 (7th Cir.1994) (stating that the denial of a summary judgment motion " 'does not settle or even tentatively decide anything about the merits of the claim' ") (quoting *Switzerland Cheese Ass'n v. E. Horne's Mkt., Inc.,* 385 U.S. 23, 25 (1966) ); *Kutner Buick, Inc. v. American Motors Corp.,* 868 F.2d 614, 619 (3d Cir.1989) (refusing to bind parties to findings of fact made by trial judge in denying motion for summary judgment). Accordingly, defendants are not precluded from presenting evidence at trial on issues concerning the adequacy of plaintiff's access to legal materials and the extent of his alleged

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 8 of 9
Case 3:01-cv-00478-AVC   Document 251-5   Filed 08/10/2005   Page 7 of 8

Not Reported in F.Supp.                                                     Page 7
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

injuries.

## CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that defendants may cross-examine plaintiff, pursuant to Federal Rule of Evidence 609, concerning the fact that he is a convicted felon serving a sentence of twenty years to life, but they may not inquire into the charge for which he was convicted. It is further

ORDERED that plaintiff's prior convictions for possession of stolen property and petit larceny are inadmissible at trial. It is further

ORDERED that evidence of Young's use of false names or identities is admissible under Rule 608(b). It is further

ORDERED that defendants may present evidence at trial on issues concerning the adequacy of plaintiff's access to legal materials and the extent of his alleged injuries.

The Court defers its decision on that part of Young's motion *in limine* seeking to bar evidence of his prison disciplinary record and participation in other litigations until trial.

SO ORDERED.

FN1. The facts of this case are fully set forth in *Young v. Calhoun,* 85 Civ. 7584, 1993 U.S.Dist. LEXIS 15377 (S.D.N.Y. Nov. 1, 1993), familiarity with which is presumed. The relevant facts are summarized briefly below.

FN2. A "keeplocked" inmate is confined to his cell rather than the Special Housing Unit as a result of his violation of a facility's regulations.

FN3. Sullivan did not employ legal assistants to aid inmates in their legal work at that time.

FN4. Although Young's complaint refers to a defendant "McKnight," the parties have stipulated that all references to "McKnight" shall be deemed references to defendant McNutt.

FN5. Plaintiff's criminal record consists of convictions for, *inter alia:* (1) petit larceny, for which he was sentenced to three years of incarceration (1967); (2) third degree possession of stolen property (1971); (3) resisting arrest (1972); (4) criminal mischief (1972); (5) second degree criminal trespass (1973); (6) attempted misdemeanor (1973); (7) petit larceny (1973); (8) disorderly conduct (1975); and (9) second degree murder, for which he was sentenced to twenty years to life (1976).

FN6. Young's arrest record reflects the following names: (1) Geraldo Young (conviction for resisting arrest, 1972); (2) Terry Young (no conviction, 1973); (3) Warren Young (conviction for criminal trespass, 1973); and (4) Charles Young (conviction for disorderly conduct, 1975).

FN7. Young's disciplinary record enumerates several violations of prison regulations, including an incident of "lying " on February 8, 1986.

FN8. Defendants apparently do not seek to admit evidence of plaintiff's other convictions. In any event, the Court finds that these convictions are inadmissible under Rule 609.

FN9. Rule 403 provides, in part, that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

FN10. Defendants contend that the ten-year rule should be tolled by plaintiff's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-00478-AVC   Document 251-5   Filed 08/10/2005   Page 8 of 8   Page 9 of 9

Not Reported in F.Supp.   Page 8
Not Reported in F.Supp., 1995 WL 169020
**(Cite as: Not Reported in F.Supp.)**

present incarceration, as his current sentence of twenty years to life was " undoubtedly based on the fact that he is a recidivist criminal." *See* Defs.' Mem. of Law in Opp'n to Pl.'s Mot. *In Limine* on Evidentiary Matters at 13. The Court declines to toll the ten-year period, however, based on mere speculation as to the grounds for plaintiff's current sentence.

S.D.N.Y.,1995.
Young v. Calhoun
Not Reported in F.Supp., 1995 WL 169020

Briefs and Other Related Documents (Back to top)

• 1:85cv07584 (Docket) (Sep. 25, 1985)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.