UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, INTEGRATED | ) | |
| BIOCEUTICALS, LLC, PRIMARY | ) | |
| SERVICES, INC., PRIMARY SOURCE, | ) | |
| LLC, EGBERT SCHWITTERS, NORMAN | ) | |
| H. ZIVIN, and JACK MASQUELIER, | ) | |
| | ) | |
| Defendants | ) | AUGUST 10, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF JARROW FORMULAS, INC.'S MOTION IN LIMINE TO PRECLUDE WITNESSES LIEF, BENECH, AND GITTES FROM OFFERING EXPERT TESTIMONY AT TRIAL**

Pursuant to Federal Rule of Civil Procedure 37(c) and Local Rule 7(a), Plaintiff Jarrow Formulas, Inc. hereby submits this Memorandum of Law in Support of its Motion in Limine to preclude certain witnesses identified by Defendants International Nutrition Company ("INC"), Integrated Bioceuticals, LLC, Primary Services, Inc., Primary Source, LLC, Egbert Schwitters, Norma H. Zivin, and Jack Masquelier ("Defendants") at pages 20 and 21 of the parties' Joint Trial Memorandum, dated September 3, 2004, from offering expert testimony at the trial of this case. JFI submits that any testimony as to legal opinions or the legal effect of actions taken by attorneys Marvin Gittes, Frederic Benech, and Philippe Lief should be precluded because Defendants did not identify these witnesses as experts pursuant to Federal Rule of Civil Procedure 26(a)(2) during the discovery period, nor did these witnesses issue any

ORAL ARGUMENT REQUESTED

expert reports. Witnesses Gittes, Benech, and Lief should therefore only be permitted to testify as to facts and not render any legal opinions at trial.

## I.    STATEMENT OF FACTS

Pursuant to the amended discovery schedule in this case, Defendants' expert reports were due on April 15, 2002. In addition, JFI served interrogatories on Defendants on July 30, 2001, requesting the identity of any experts on which Defendants expected to call as an expert witness at trial. Exhibit 1. Defendants responded on August 29, 2001 and January 15, 2002 by stating that the interrogatory was premature given the discovery schedule. Exhibits 2 and 3. Defendants never identified any specific experts other than Nels Pearsall during the discovery period in this case. Pursuant to the discovery schedule, Mr. Pearsall issued his expert report on April 15, 2002.

Discovery closed in this case on August 30, 2002 [Dkt. #66]. In accordance with the Court's December 4, 2004 Order [Dkt. # 214] the parties filed their Joint Trial Memorandum on January 7, 2005 [Dkt. # 216]. In section VIII(B) of the Joint Trial Memorandum, Defendants stated that they intend to call attorneys Marvin S. Gittes, Frederic Benech, and Philippe Lief at trial. Attorney Gittes has represented Horphag Research Ltd. ("Horphag"), co-owner of the '360 patent, in various disputes with INC and Masquelier, including representing Horphag in the underlying litigation in which INC and Horphag were adverse. On or about April 23, 2003, INC and Horphag reached a settlement agreement regarding ownership of the '360 patent, and Defendants subsequently identified Gittes as a witness in this action. According to Defendants, Attorney Gittes' testimony "may include without limitation the following topics: (1) prior action

by Horphag under the '360 patent; (2) prior action by Horphag under the '360 patent; (3) litigation in connection with the '360 patent."

Attorney Benech represented INC in the litigation in France with Horphag over ownership of the '360 patent, and Attorney Lief represented Masquelier and others in the litigation in France. Attorney Benech's and Attorney Lief's testimony "may include without limitation the following topics: (1) trademark and patent litigation between Horphag and INC." (Joint Trial Memorandum, pgs. 20, 21).

The broad language in the Joint Trial Memorandum does not make entirely clear the nature or substance of the testimony that Gittes, Benech and Lief may offer at trial. Gittes, Benech, and Lief have been involved in the disputes between several of Defendants to this action and Horphag since at least 1996. In this capacity, they have gained access to information surrounding those disputes which is privileged and confidential. As Defendants have refused to waive the attorney-client privilege regarding the underlying litigation in the United States or other countries, these attorneys should not be allowed to testify as to any privileged matters.[1] Defendants cannot be permitted to invoke the attorney-client privilege to prevent discovery from one witness, and then introduce testimony on those subjects through another witness. Engineered Prods. Co. v. Donaldson Co., 313 F. Supp 2d 951, 1022-23 (N.D. Iowa 2004) (plaintiff barred from introducing testimony at trial on issues that plaintiff had prevented the defendant from exploring during a deposition by invoking the attorney-client privilege).

---

[1]  JFI has filed concurrently a motion in limine seeking to limit the testimony of Norman Zivin, INC's counsel in the underlying action in the United States. As set forth in that motion, Defendants repeatedly invoked the attorney-client and work product privileges to prevent JFI from discovery regarding discussions with, or legal advice provided to, INC regarding the merits of the claims in the underlying action.

Other than testifying on privileged matters, the only other potentially admissible evidence that could be offered by Gittes, Benech and Lief would be expert testimony as to their legal opinions on the merits of actions that were taken on behalf of the defendants or the meaning and effect of the legal proceedings in France. As set forth in detail below, Gittes, Benech and Lief should not be permitted to provide expert testimony at trial. Defendants have never disclosed these individuals as expert witnesses as required under the Federal Rules of Civil Procedure. Defendants' failure to provide JFI with expert testimony that they intend to rely upon at trial prejudiced JFI by preventing JFI from exploring issues raised by the experts, from retaining its own experts to rebut Defendants' experts, and from allowing JFI to properly prepare to cross-examine these witnesses at trial. As set forth below, the imposition of Federal Rule of Civil Procedure 37(c) to preclude non-disclosed expert testimony is automatic, and this Court should preclude Defendants from offering expert testimony at trial from Gittes, Benech and Lief.

## II.     ARGUMENT

Federal Rule of Civil Procedure 37(c)(1) states: "[a] party that without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, . . . any witness or information not so disclosed." Rule 26(a)(2) sets forth the required disclosures regarding expert witnesses, while Rules 26(e)(1) and 26(e)(2) address a party's duty to supplement its required disclosures, and its responses to interrogatories, requests for production, and requests for admission "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(e) and Rule 37(c) were amended in 1993 specifically to impose "a broad requirement on parties to update their earlier disclosures and discovery responses." 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2049.1 (2d ed. 1994 & Supp. 1998). The rule "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert. denied, 526 U.S. 1039, 119 S. Ct. 1334 (1999) (emphasis added).[2] See also LaPlace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (noting that exclusion of evidence is a standard Rule 37(c) sanction but that "sanctions can range from limited exclusion to dismissal of the case entirely."). The importance of enforcing the discovery rule and imposing sanctions is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Klonoski, 156 F.3d at 269 (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976)).

To the extent that Defendants intend to offer expert testimony from Gittes, Benech or Lief, Defendants clearly failed to comply with the requirements of Rules 26(a)(2),

---

[2] Other sanctions that the Court may impose in addition to or in lieu of prohibiting undisclosed witness or information from testifying at trial under Rule 37(c) include "requiring payment of reasonable expenses, including attorney's fees", an order that certain designated facts are to be taken to be established for purposes of the action, an order prohibiting that party from introducing designated matters into evidence in support of its claims, an order striking out pleadings, and/or informing the jury of the party's failure to make the disclosure. See Fed.R.Civ.P 37(b)(2)(A), 37(b)(2)(B), 37(b)(2)C, and 37(c)(1).

26(e)(1) and 26 (e)(2).[3]  Defendants did not disclose any one of Gittes, Benech or Lief as

individuals "who may be used at trial to present evidence under Rules 702, 703, or 705 of the

Federal Rules of Evidence" pursuant to Rule 26(a)(2).  To the extent Gittes, Benech or Lief

"intend to offer expert testimony at trial within the scope of Fed.R.Evid. 702, 703, or 705, they

unambiguously fall within Fed.R.Civ.P. 26(a)(2)(A)'s requirement that they be identified to

plaintiffs as expert witnesses." Applera Corp. v. MJ Research Inc., 220 F.R.D. 13, 17-18 (D.

Conn. 2004)  See McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26 (D. Conn.

2004) (commenting that defendant is entitled to be informed of the opinions which will be

developed by fact witnesses specifically for trial); Klonoski, 156 F.3d at 268-269, 273 (noting

that "plaintiff had already planned and executed his trial strategy based on the evidence available

to the parties through discovery").  Exclusion of expert testimony not properly disclosed under

Rule 26(a)(2) is mandatory and automatic absent a showing that the failure was justified or

harmless, which cannot be made here. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.

1996).

  Moreover, Defendants did not supplement their responses to JFI's Interrogatories

regarding expert witnesses or later amend their prior responses to the Interrogatories as required

by Rule 26(e)(2).  Defendants never identified Gittes, Benech or Lief as experts even in response

to JFI's interrogatories specifically seeking this information.  Clearly situations like this are the

very reason for Rule 37(c), and these witnesses should be precluded from offering expert

testimony in the form of legal opinions or the legal effect of their actions.

---

[3]  To the extent that Benech and Lief may offer testimony or opinions regarding French law, Defendants have also failed to comply with Fed. R. Civ. P. 44.1 in that they have provided no written notice of the nature or subjects on which Benech and Lief may offer testimony.

Defendants cannot provide either a "substantial justification" for their failure to disclose these witnesses and any expert opinion to JFI pursuant to the scheduling order or demonstrate that their failure to do so is harmless under Rule 37(c). There can be no justification for Defendants' identifying these individuals for the first time more than three years after their expert reports were due and almost three years after the close of discovery.

Defendants' failure to provide this information to JFI during discovery also cannot be considered "harmless" under Rule 37(c). Any expert testimony offered by these witnesses would be extremely prejudicial to JFI, which has had no opportunity to conduct any discovery regarding expert testimony from these witnesses, including serving document requests on them and taking their depositions. Because no expert disclosure has been provided, JFI also has had no opportunity to prepare any rebuttal evidence or produce rebuttal experts. Therefore, allowing these witnesses to offer legal opinion or expert testimony in this case will necessarily prejudice JFI.

To the extent that Gittes, Benech and Lief are permitted to testify at trial, their testimony should be strictly limited to facts concerning the actions they took in connection with the various International Nutrition Company litigations around the world, such as the fact of filings made with various courts or agencies. However, they should not be permitted to testify as to their opinion of the legal effect of those actions or the legal effect of any Court or administrative decisions because such testimony would be expert testimony made pursuant to their position as attorneys with expertise in intellectual property law and litigation. Since they were not identified as experts in relation to this case, they cannot be permitted to offer any such testimony.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff Jarrow Formulas, Inc. respectfully requests that the Court grant its Motion in Limine and prohibit Defendants' witnesses Gittes, Benech, and Lief from rendering expert testimony concerning legal opinion or the legal effect of their actions or any Court decisions in the presence or the hearing of jurors at any time before or during trial of this action.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By_____

ERIC WATT WIECHMANN (CT 04331)
ERIC E. GRONDAHL (CT 08988)
JASON C. WELCH (CT 23418)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
jwelch@mccarter.com
-and-
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06901
(203) 965-0823
(203) 323-6513 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN

SUPPORT OF JARROW FORMULAS, INC.'S MOTION IN LIMINE TO PRECLUDE

WITNESSES LIEF, BENECH, AND GITTES FROM OFFERING EXPERT TESTIMONY AT

TRIAL has been hand-delivered this 10th day of August, 2005, to

      RICHARD S. ORDER, ESQ.
      ERIC D. BEAL, ESQ.
      Axinn, Veltrop & Harkrider LLP
      90 State House Square
      Hartford, CT  06103

                    JASON C. WELCH

HARTFORD: 641705.01

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-578 (DJS) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, and JACK | ) | |
| MASQUELIER, | ) | |
| | ) | |
| Defendants. | ) | July 30, 2001 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff Jarrow Formulas, Inc. ("Jarrow") submits the following interrogatories to

Defendants International Nutrition Company ("INC"), Egbert Schwitters ("Schwitters"), Norman

H. Zivin ("Zivin"), and Jack Masquelier ("Masquelier"), collectively, the "Defendants," pursuant

to Federal Rule of Civil Procedure 33. These interrogatories are to be answered separately under

oath by each Defendant within thirty (30) days of service.

### Definitions

1. In these Interrogatories and Requests, the terms "document" and "documents"

are used in the broadest extent permitted by Fed. R. Civ. P. 33 and 34, and shall include by way

of illustration, but not by way of limitation, all forms of written, recorded, videotaped,

computerized, or photographed information, including reports, compilations, data, notebooks,

letters, agreements, communications, including internal company communications, notes,

correspondence, telegrams, memoranda, translations, summaries or records of telephone

conversations, routing slips or memoranda, audibly reproducible recordings on tape, disks or the like, summaries or records of personal interviews and conversations, diaries, statistical notebooks of any character, ledgers, journals, invoices, shipping papers, purchase orders, specifications, instructions, manuals, motion or still pictures, minutes or records of conferences and meetings, lists of persons attending meetings or conferences, expressions or statements of policy, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of market surveys, opinions of counsel, records or summaries of negotiations, contracts and agreements including all modifications, drafts, memoranda, brochures, pamphlets, correspondence and any other documents relating to said contracts, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, and compilations of computer generated data, including any ancillary programming material.

      "Document" or "documents" also include all nonidentical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document. To the extent any "communication" as defined below was reduced to a writing or other recordation, it is expressly included in the term "document".

      "Document" or "documents" also include all English translations of any responsive documents or portions thereof.

      2. The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and

divisions, departments or other units thereof, and his, its, or their directors, officers, employees, and agents.

3.  The term "communication" or "communications" shall include any document and any exchange or transfer of information between two or more persons, or between one or more persons and a file, whether written, oral, or in any other form, including communications by a meeting, conversation, conference, or telephone conversation.

4.  "Identify," "identity," and "identification," when used to refer to a document, mean to state with sufficient particularity for use in a subpoena duces tecum or request for production of documents, the following:

    (a)  The subject of the document;

    (b)  The title of the document;

    (c)  The type of document (e.g., letter, memorandum, telegram, chart);

    (d)  The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

    (e)  The identity of the person or persons who wrote, contributed to, prepared or originated the document;

    (f)  The identity of the person or persons to whom the document was directed or who received the document or copies of the document or any portion thereof; and

    (g)  The present or last known location and custodian of the document.

5.  "Identify," "identity," and "identification" when used with respect to a natural person requires that you provide the following information with respect to the person:

    (a)  Full name;

    (b)  Last known employer, title and business address;

    (c)  Last known residential address;

    (d)  Last known telephone number; and

(e) Name of employer or business with whom the person was associated and the person's title and position at the time relevant to the identification.

6. "Identify," "identity," and "identification" when used with respect to a person that is not a natural person means, to the extent applicable, to provide the same information required as though the entity were a natural person, and further provide information as to the nature of the entity (e.g., partnership, corporation or proprietorship).

7. "Identify," "identity," and "identification," when used with respect to a communication, means to state the parties to the communication, the date or approximate date of the communication, the substance of the communication, and identify all documents containing or relating to the communication.

8. When a document or thing which "refers" or "relates" to any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

9. As used herein, "you," "yours," "Defendant," and "Defendants" mean:

(a) any and all defendants to this action, and all entities or names under which any of the defendants have done business;

(b) any predecessor in interest to any defendant; and

(c) anyone acting or purporting to act on behalf of any defendant.

10. As used herein, "Jarrow Formulas," "Jarrow," and "Plaintiff" mean plaintiff Jarrow Formulas, Inc.

11. As used herein, "INC" means defendant International Nutrition Company, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

12. As used herein, "Schwitters" means defendant Egbert Schwitters.

13. As used herein, "Masquelier" means defendant Jack Masquelier.

14. As used herein, "Zivin" means defendant Norman H. Zivin.

15. As used herein, "SCIPA" means Societe Civile d'Investigations Pharacologiques d'Aquitaine, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

16. As used herein, "CEP" means Centre d'Experimentation Pycnogenol, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

17. As used herein, "the '360 patent" shall mean United States Patent No. 4,698,360 issued October 6, 1987, entitled "Plant extract with a proanthocyanidins content as therapeutic agent having radical scavenger effect and use thereof."

18. As used herein, "USPTO" means the United States Patent and Trademark Office.

19. As used herein, "PAC" or "PACs" mean nutritional supplements including proanthocyanidins for radical scavenging.

20. As used herein, "OPC" of "OPCs" mean oligo, or oligomeric, proanthocyanidins.

21. As used herein, "the 1985 Assignment" means the Assignment executed on April 1, 1985 by Masquelier.

22. As used herein, "the 1985 Agreement" means the Agreement entered into by SCIPA and Horphag on April 26 and 29, 1985 in France.

23. As used herein, "the 1994 Assignment" means the Assignment by Masquelier and SCIPA of SCIPA's interest in the '360 patent to INC on March 18, 1994.

24. As used herein, "the 1996 Assignment" means the "Confirmatory Assignment" to INC by Masquelier dated November 4, 1996.

25. As used herein, "USPTO" means the United States Patent and Trademark Office.

## **Instructions**

1.  If any document identified in an answer to an interrogatory was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.  If responsive information is not provided in response to an interrogatory, state the specific grounds for not responding in full, state the extent to which the interrogatory is being responded to, and respond to said interrogatory to the extent to which there is no objection.

3.  If objection is taken to any of the following interrogatories, state the specific grounds for the objection and provide an answer to the extent there is no objection.  If privilege is alleged as to information or materials, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed.

4.  In your response to these interrogatories, please restate the text of each interrogatory preceding your response thereto.

5.  Unless an interrogatory is directed to a specific defendant, all interrogatories shall be answered separately by all defendants.

6.  Each interrogatory is continuing in nature.  Please supply by timely answers or documents that are necessary to ensure the truthfulness and completeness of all of your answers.

## **Interrogatories**

INTERROGATORY NO. 1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present.  Such explanation shall include, for all such times:

> (i)   identification of any parent corporations, predecessors-in-interest, subsidiary corporations, divisions, officers, directors, managerial employees, and shareholders;
>
> (ii)  identification of the number and type of shares held by each shareholder, if any; and
>
> (iii) with respect to each officer, director, and managerial employee, a description of the responsibilities and duties of that person, and the length of tenure of that person, including when each person initiated employment.

ANSWER:

INTERROGATORY NO. 2:

Identify each person who has been retained or specially employed by any Defendant in anticipation of litigation or preparation for trial in this case as well as each person whom any Defendant expects to call as an expert witness at trial.  With respect to each person expected to be called as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the compensation, if any, the expert will be paid, state the substance of the facts and opinions to which the expert is expected to testify, identify all documents referring or relating thereto, and state a summary of the grounds for each opinion.

ANSWER:

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY CUMMINGS & LOCKWOOD
ITS ATTORNEYS


By _____
ERIC W. WIECHMANN (CT 04331)
MARK D. GIARRATANA (CT 10401)
ERIC E. GRONDAHL (CT 08988)
ALEXANDRA B. STEVENS (CT 20300)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S FIRST SET OF

INTERROGATORIES TO DEFENDANTS has been delivered by hand, this 30th day of July,

2001 to:


        RICHARD S. ORDER, ESQ.
        THOMAS W. EDGINGTON, ESQ.
        Updike, Kelly & Spellacy, P.C.
        One State Street
        P.O. Box 231277
        Hartford, CT  06123-1277


                        *Alexandra B Stevens*
                    ALEXANDRA B. STEVENS

.HrtLib1:368483.1 07/30/01

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO |
| V | ) | 3:0l-CV-478 (AVC) |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, and JACK | ) | |
| MASQUELI ER, | ) | |
| | ) | |
| Defendants. | ) | AUGUST 29, 2001 |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, International Nutrition Company ("INC"), Egbert Schwitters ("Schwitters"), Norman H. Zivin ("Zivin"), and Jack Masquelier ("Masquelier"), hereby respond to the First Set of Interrogatories of Plaintiff, Jarrow Formulas, Inc. ("Jarrow") dated July 30, 2001, as follows:

## GENERAL OBJECTIONS

Defendants object to the Interrogatories to the extent they are overly broad or constitute an invasion of personal privacy or seek information which is unduly burdensome to produce, confidential, irrelevant, not related to any claim in this action, or protected by the attorney-client privilege or work product doctrine. Defendants also object to the Interrogatories to the extent that the definitions therein do not comport with Local Rule 39 of this Court's Local Rules and to the extent that the Interrogatories seek to impose on defendants obligations not required under the Federal Rules of Civil Procedure or the Local Rules.

252635

## **INTERROGATORIES**

INTERROGATORY NO.1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present. Such explanation shall include, for all such times:

(i)  identification of any parent corporations, predecessors-in-interest, subsidiary

corporations, divisions, officers, directors, managerial employees, and

shareholders;

(ii) identification of the number and type of shares held by each shareholder, if any; and

(iii) with respect to each officer, director, and managerial employee, a description

of the responsibilities and duties of that person, and the length of tenure of

that person, including when each person initiated employment.

RESPONSE:   Defendants object to this Interrogatory on the grounds of relevance to the extent that it seeks information from or about CEP and SCIPA, entities which are not parties to this action.  As for INC, an Establishment under Liechtenstein law, its present Board Members are:

1)       Admin Management, Ltd., Road Town, Tortola, BVI.

2)       INC Agency B.V., DeZodde 16, NL1231 MB Loosdrecht, The Netherlands. Previous Board Members were Egbert Schwitters and Arno Scalet.

Under Liechtenstein law, an Establishment issues no shares of stock.

252635                                                  2

**INTERROGATORY NO.2:**

Identify each person who has been retained or specially employed by any Defendant in anticipation of litigation or preparation for trial in this case as well as each person whom any Defendant expects to call as an expert witness at trial. With respect to each person expected to be called as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the compensation, if any, the expert will be paid, state the substance of the facts and opinions to which the expert is expected to testify, identify any documents referring or relating thereto, and state a summary of the grounds for each opinion.

RESPONSE:  Defendants object to this Interrogatory to the extent that it exceeds the requirements of Rule 26(a)(2).  Defendants further object to this Interrogatory on the ground that the deadline for disclosure of defendants' experts has been set as November 23, 2001 by Order of the Court dated July 13, 2001, thereby rendering this Interrogatory premature.  Subject to the foregoing objections, defendants have not yet retained any experts.

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
EGBERT SCHWITTERS, NORMAN H.
ZIVIN, and JACK MASQUELIER

By: _Richard S. Order_____

RICHARD S. ORDER, ESQ. (ct02761)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277
(860) 548-2600

252635

3

## VERIFICATION

I, <u>Pim Schwitters</u>, am director of INC Agency BV, which is a Member of the Board of one of the defendants and have read the foregoing answers to Interrogatories and believe them to be true.

Persuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28 ,2001.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served this 29th day of August, 2001, by U.S. mail, postage prepaid, to the following counsel of record:

> Eric W. Wiechmann, Esq.
> Mark D. Giarratana, Esq.
> Eric E. Grondahl, Esq.
> Alexandra Stevens, Esq.
> Cummings & Lockwood
> City Place I
> 185 Asylum Street
> Hartford, CT  06103

> Richard S. Order, Esq.
> Updike, Kelly & Spellacy, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JARROW FORMULAS, INC.    )
    )
                 Plaintiff,    )    CIVIL ACTION NO 3:01-CV478 (RNC)
  V    )
    )
INTERNATIONAL NUTRITION    )
COMPANY, NORMAN H. ZIVIN    )
and JACK MASQUELIER    )
    )
            Defendants.    )    January 15, 2002

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, International Nutrition Company ("INC"), Norman H. Zivin ("Zivin"), and

Jack Masquelier ("Masquelier"), hereby supplement their response to the First Set of

Interrogatories of Plaintiff, Jarrow Formulas, Inc. ("Jarrow") dated July 30, 2001, as follows:

## GENERAL OBJECTIONS

Defendants object to the Interrogatories to the extent they are overly broad or constitute

an invasion of personal privacy or seek information which is unduly burdensome to produce,

confidential, irrelevant, not related to any claim in this action, or protected by the attorney client

privilege or work-product doctrine. Defendants also object to the Interrogatories to the extent

that the definitions therein do not comport with Local Rule 39 of this Court's Local Rules and to

the extent that the Interrogatories seek to impose on defendants obligations not required under

the Federal Rules of Civil Procedure or the Local Rules.    Defendants also object to Interrogatories directed to non-parties.

## INTERROGATORIES

### INTERROGATORY NO.1:

Separately for each of INC, CEP, and SCIPA, explain the organizational structure at all times from 1985 or its inception, whichever is later, to the present. Such explanation shall include, for all such times:

(i)  identification of any parent corporations, predecessors-in-interest, subsidiary corporations, divisions, officers, directors, managerial employees, and shareholders;

(ii) identification of the number and type of shares held by each shareholder, if any; and

(iii) with respect to each officer, director, and managerial employee, a description of the responsibilities and duties of that person, and the length of tenure of that person, including when each person initiated employment.

SUPPLEMENTAL RESPONSE:   Notwithstanding the General Objections, defendants provide the following information: (a) As for INC, an Establishment under Liechtenstein law, its present Board Members are:

1)      Admin Management, Ltd., Road Town, Tortola, BVI.

2)      INC Agency B.V., DeZodde 16, NL1231 MB Loosdrecht, The Netherlands. Previous Board Members were Egbert Schwitters and Arno Scalet.  Their dates of tenure are stated in documents D5538-D5540.  The Board Members direct the operations of the company.

INC has no officers or salaried employees. Under Liechtenstein law, an Establishment issues no shares of stock.

(b) As for CEP, a limited liability company under French law, its Director since 1994 is Egbert Schwitters. Its present shareholders are as follows:

| | | |
|---|---|---|
| INC | - | 650 shares |
| Jack Masquelier | - | 100 shares |
| Jean Michaud | - | 100 shares |
| Elian Barraud | - | 100 shares |
| Jean Laparra | - | 100 shares |

From July 1998 until January 1, 2000, INC's shares in CEP were owned by INC Agency BV, a limited liability company under Dutch law. From March 1994 until July 1998, all shares of CEP were owned by INC Agency BV. From 1969 to March 1994, the shares of CEP were owned in equal amounts by Messrs. Masquelier, Michaud, Barraud and Laparra. At that time, Mr. Barraud was the Director. CEP has no officers or salaried employees.

(c) As for SCIPA, a former civil society ("societe civile") under French law, it was merged into CEP in July 1998. Prior to that date, the shares of SCIPA were owned in equal amounts by Messrs. Masquelier, Michaud, Barraud and Laparra. At that time, Mr. Michaud was the Director. SCIPA has no officers or salaried employees.

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
NORMAN H. ZIVIN, and JACK MASQUELIER

By: _~Richard S. Order~_____

RICHARD S. ORDER, ESQ. (ct02761)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, Connecticut 06123-1277
(860) 548-2600

## VERIFICATION

I, _____, am an authorized representative of one of the defendants and have read the foregoing answers to Interrogatories and believe them to be true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____, 2002.

_____

4

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
NORMAN H. ZIVIN, and JACK MASQUELIER

By: _____
RICHARD S. ORDER, ESQ. (ct02761)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, Connecticut 06123-1277
(860) 548-2600

## VERIFICATION

I, PIM SCHWITTERS, am an authorized representative of one of the defendants and have read the foregoing answers to Interrogatories and believe them to be true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on 11 JANUARY, 2002.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served this 15th day of January, 2002, by United States mail, postage prepaid, to the following counsel of record:

        Eric W. Wiechmann, Esq.
        Mark D. Giarratana, Esq.
        Eric E. Grondahl, Esq.
        Alexandra Stevens, Esq.
        Cummings & Lockwood
        City Place I
        185 Asylum Street
        Hartford, Connecticut 06103

        Richard S. Order, Esq.
        Updike, Kelly & Spellacy, P.C.