UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERNATIONAL NUTRITION COMPANY,

Plaintiff,

v.

HORPHAG RESEARCH LTD., MW INTERNATIONAL,
INC., KAIRE INTERNATIONAL, INC., TRACO LABS,
INC., CHEMCO INDUSTRIES, INC., GREATER
CONTINENTS, INC., INDENA U.S.A., TWIN
LABORATORIES, INC., USANA, INC., FREE LIFE
INTERNATIONAL LTD., NOW FOODS, ENZYMATIC
THERAPY, INC., NUTRACEUTICAL CORPORATION,
ESTEE LAUDER, INC., ARKOPHARMA, INC.,
JARROW FORMULAS, INC., NEW VISION
INTERNATIONAL, INC., AND CHANGES
INTERNATIONAL OF FORT WALTON BEACH, INC.,

Defendants.

Civil Action No.
396-CV-00386 (TFGD)

## ANSWER AND COUNTERCLAIM OF INDENA U.S.A., ENZYMATIC THERAPY, INC. AND JARROW FORMULAS, INC. TO THE COMPLAINT

Defendants, Indena U.S.A. ("Indena"), Enzymatic Therapy, Inc.

("Enzymatic") and Jarrow Formulas, Inc. ("Jarrow") (collectively "the Indena defendants")

hereby respond to the Complaint of plaintiff, International Nutrition Company ("INC"). The

Indena defendants have filed concurrently herewith a Motion to Dismiss Count One of the

Complaint Pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P., or, In The Alternative,

to Stay the Present Action as to Count One pending resolution of the "French Litigation"

concerning ownership of the patent-in-suit, United States Patent No. 4,698,360 ("the '360

patent").

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PEN 3-480611.1

## PARTIES

1.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore deny same.

2.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore deny same.

3.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore deny same.

4.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore deny same.

5.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore deny same.

6.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore deny same.

7.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore deny same.

- 2 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

8.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore deny same.

9.    The Indena defendants admit that Indena SpA is a corporation organized and existing under the laws of Italy, but deny the remaining allegations of paragraph 9 of the Complaint.

10.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore deny same.

11.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore deny same.

12.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore deny same.

13.    The Indena defendants admit that Enzymatic is a corporation organized and existing under the laws of the State of Wisconsin and has a principal place of business at 825 Challenger Drive, Green Bay, Wisconsin 54311, but deny the remaining allegations of paragraph 13 of the Complaint.

14.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore deny same.

PENY3-480611.1

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

15. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore deny same.

16. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore deny same.

17. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore deny same.

18. The Indena defendants admit that Jarrow is a corporation organized and existing under the laws of the State of California and has a principal place of business at 1824 S. Robertson Blvd., Los Angeles, California 90035, but deny the remaining allegations of paragraph 18 of the Complaint.

19. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore deny same.

20. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore deny same.

- 4 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-430611.1

## NATURE OF CLAIMS, JURISDICTION AND VENUE

21.    The Indena defendants deny that this Court has subject matter jurisdiction over Count One of the Complaint or proper venue as to the Indena defendants. The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations with respect to jurisdiction and venue concerning Count Two of the Complaint, and therefore deny same. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations with respect to jurisdiction and venue concerning Count Three of the Complaint, and therefore deny same. Defendant Jarrow admits that this Court has subject matter jurisdiction with respect to Count Three of the Complaint, but otherwise denies the allegations set forth in paragraph 21 of the Complaint.

### FIRST CLAIM FOR RELIEF --
### ALLEGED PATENT INFRINGEMENT BY ALL DEFENDANTS

22.-33.    The Indena defendants incorporate by reference their motion to dismiss or, in the alternative, to stay this action with regard to Count One of the Complaint, filed concurrently herewith.

### SECOND CLAIM FOR RELIEF --
### UNFAIR COMPETITION BY DEFENDANTS HORPHAG, MW AND KAIRE

34.    The Indena defendants incorporate by reference paragraphs 1 through 33 above as though fully set forth herein.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-480611.1

35.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore deny same.

36.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore deny same.

37.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore deny same.

38.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore deny same.

39.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore deny same.

40.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore deny same.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PPNY3-480011 1

### THIRD CLAIM FOR RELIEF –
### ALLEGED TRADEMARK INFRINGEMENT BY DEFENDANTS
### NUTRACEUTICAL, JARROW, NEW VISION AND CHANGES

41.    The Indena defendants incorporate by reference paragraphs 1 through 40 above as though fully set forth herein.

42.    Defendant Jarrow denies the allegations of paragraph 42 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore deny same.

43.    The Indena defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore deny same.

44.    Defendant Jarrow admits that plaintiff purports to be the owner of U.S. Trademark Reg. No. 1,684,990, but otherwise denies the allegations of paragraph 44 of the Complaint to the extent it relates to defendant Jarrow. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore deny same.

45.    Defendant Jarrow admits that it has used the term "OPC 95" in connection with products containing plant extracts of OPC (Oligomeric ProanthoCyanidin), which are not produced under plaintiff's authority, but denies the remaining allegations of paragraph 45 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore deny same.

- 7 -

CARMODY & TORRANCE
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PENY3-480611 1

46.     Defendant Jarrow admits that it has used the term "OPC 95" in connection with products containing plant extracts of OPC, but denies the remaining allegations of paragraph 46 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore deny same.

47.     Defendant Jarrow denies the allegations of paragraph 47 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore deny same.

48.     Defendant Jarrow denies the allegations of paragraph 48 of the Complaint. Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and therefore deny same.

49.     Defendant Jarrow denies the allegations of paragraph 49 of the Complaint, and further denies that plaintiff is entitled to a "remedy." Defendants Indena and Enzymatic lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore deny same.

## DEFENDANT JARROW'S AFFIRMATIVE DEFENSES AS TO COUNT THREE

Defendant Jarrow states the following affirmative defenses to Count Three of the Complaint.

- 8 -

PEP-Y3-480612.1

CARMODY & TORRANCE          50 Leavenworth Street
Attorneys at Law            Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone: 203 573-1200

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Count Three of the Complaint fails to state a claim against defendant Jarrow

upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Laches and Acquiescence)

Plaintiff's claims for trademark infringement and damages against defendant

Jarrow are barred by reason of laches and acquiescence.

### THIRD AFFIRMATIVE DEFENSE
(Genericness)

Plaintiff's asserted trademarks are invalid as being the apt commercial or

generic designations for the subject goods.

### FOURTH AFFIRMATIVE DEFENSE
(Mere Descriptiveness)

Plaintiff's asserted trademarks are invalid as being merely descriptive of the

subject goods.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PFNY3-430811 1

### FIFTH AFFIRMATIVE DEFENSE
(Inequitable Conduct)

Plaintiff's asserted trademark registration, U.S. Reg. No. 1,684,990, is invalid and/or unenforceable due to plaintiff's fraud and/or inequitable conduct before the United States Patent and Trademark Office ("USPTO") in connection with prosecution of the related trademark application.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's claims for injunctive relief are barred by the equitable doctrine of unclean hands.

### DEFENDANT JARROW'S COUNTERCLAIMS

Counterclaim-Plaintiff Jarrow, by way of Counterclaims against Counterclaim-Defendant INC, states as follows:

### PARTIES

1.     Counterclaim-plaintiff Jarrow is a corporation organized and existing under the laws of the State of California with its principal place of business at 1824 S. Robertson Blvd., Los Angeles, California 90035.

2.     Upon information and belief, as reflected in paragraph 1 of the Complaint, counterclaim-defendant INC is a company organized and existing under the laws of Liechtenstein and has its principal place of business at Josef Rheinbergenstrasse 6, Vaduz, Liechtenstein.

- 10 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## JURISDICTION AND VENUE

3.      Jarrow's counterclaims arise under the U.S. Lanham (Trademark) Act,
15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. § 2201. This
Court has subject matter jurisdiction over these claims under 15 U.S.C. § 1121 and 28
U.S.C. §§ 1331 and 1338.

4.      Venue in the District Court for the District of Connecticut is proper
pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.      The term "OPC" is an abbreviation of Oligomeric ProanthoCyanidins,
which are naturally occurring constituents of plant life used as a dietary or nutritional
supplement. For the past approximately 20 years, the term "OPC" has been widely used and
immediately recognized in the trade and among the relevant public as the apt commercial or
generic name for Oligomeric ProanthoCyanidins and products containing same, including
plant extract products.

6.      In June 1990, counterclaim-defendant INC filed a U.S. trademark
application to register the designation "OPC 85" as a trademark for a variety of products
containing Oligomeric ProanthoCyanidins. INC never disclosed to the USPTO the fact that
the products specified in its application contain Oligomeric ProanthoCyanidins and that OPC
is a generic designation for Oligomeric ProanthoCyanidins. INC also never disclosed to the
USPTO the fact that its use of the number 85 in the designation OPC 85 refers to the
percentage of OPC that INC claims is contained in its subject products. On the contrary,
INC affirmatively represented to the USPTO that the term OPC 85 has "no significance in

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PHNY1-480611 1

the relevant trade, no geographical significance and no meaning in any foreign language. It is simply Applicant's trademark."

       7.     Upon information and belief, INC withheld pertinent information from and made material misrepresentations to the USPTO regarding the generic nature of OPC and descriptiveness of INC's use of OPC with the number 85, with the intent to deceive and mislead the USPTO to register the term OPC 85 as a trademark in INC's name. Upon information and belief, the USPTO was misled by INC's above-noted withholding of pertinent information and misrepresentations, and would not have otherwise granted INC the federal trademark registration at issue.

       8.     Jarrow is engaged in the manufacture and sale of dietary supplements which contain OPC. Jarrow uses the term "OPC 95" in connection with its OPC products.

       9.     INC has brought the present action alleging, among other things, that Jarrow's use of the term OPC 95 infringes INC's asserted OPC 85 and OPC 85+ trademarks.

## FIRST COUNT
### (CANCELLATION OF REGISTRATION,
### 15 U.S.C. § 1119)

     10.     Jarrow repeats and realleges paragraphs 1 through 9 of the Counterclaims as if fully set forth herein.

     11.     Continued registration of the generic or merely descriptive term OPC 85 is likely to damage Jarrow.

     12.     INC's U.S. Registration No. 1,684,990 for OPC 85 is invalid and/or unenforceable, and subject to cancellation by this Court under 15 U.S.C. § 1119.

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

PBNY3-480611.1

## SECOND COUNT
(Declaratory Judgment)

13.    Jarrow repeats and realleges paragraphs 1 through 12 of the Counterclaims as if fully set forth herein.

14.    The terms OPC, OPC 85 and OPC 85+ do not function as trademarks in connection with INC's OPC products, but instead are generic or merely descriptive.

WHEREFORE, Defendant Jarrow demands judgment against plaintiff INC as to Count Three of the Complaint and Jarrow's Counterclaims as follows:

1)    Dismissing Count Three of plaintiff INC's Complaint with prejudice;

2)    Ordering that plaintiff INC's request for injunctive relief as to Count Three of the Complaint be denied;

3)    Ordering that plaintiff INC's request for an accounting as to Count Three of the Complaint be denied;

4)    Cancelling United States Trademark Registration No. 1,684,990 for OPC 85 and certifying an order pursuant to 15 U.S.C. § 1119, directing the Commissioner of the USPTO to enter such cancellation upon the records of the USPTO;

5)    Declaring that the terms OPC, OC 85 and OPC 85+ are not trademarks in connection with products containing Oligomeric ProanthoCyanidins, including plaintiff's plant extract products containing same, but instead are generic designations for same.

6)    Declaring that defendant Jarrow's use of the term OPC 95 does not infringe any trademark or other rights of plaintiff INC.

7)    Awarding attorneys' fees, costs and interest to defendant Jarrow;

- 13 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

WENY3-420611 1

8)    Granting such other and further relief to defendant Jarrow as this Court deems just and proper.


Dated:  May 17, 1996                                          Respectfully submitted,


                                                      By:    _____
                                                             William I. Garfinkel, Esq.
                                                             Federal Bar No. 06275
                                                             CARMODY & TORRANCE
                                                             50 Leavenworth Street
                                                             Waterbury, CT 06721
                                                             (203) 573-1200

                                                             Attorneys for Defendants
                                                             Indena U.S.A.
                                                             Enzymatic Therapy, Inc.
                                                             Jarrow Formulas, Inc.


OF COUNSEL:

Brian M. Poissant
Thomas G. Rowan
Anthony M. Insogna
PENNIE & EDMONDS
1155 Avenue of the Americas
New York, New York  10036-2711
(212) 790-9090


- 14 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on this 17th day of May, 1996 to the following:

Jonathan A. Flatow, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue
P. O. Box 777
Westport, CT 06881

Norman H. Zivin, Esq.
Donna A. Tobin, Esq.
Cooper, & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036

Mr. Lewis N. Wayne, President
MW International, Inc.
225 Long Avenue
Hillside, NJ 07205

Eric Daniels, Esq.
Matthew J. Cholewa, Esq.
Robinson & Cole
One Commercial Plaza
Hartford, CT 06103-3597

Mr. Richard A. Merriam,
President
Greater Continents, Inc.
140 Arrowood Lane
San Mateo, CA 94403

Marvin S. Gittes, Esq.
Corbin, Gittes & Samuel
750 Lexington Avenue
New York, NY 10022

Mr. L. Finan, President
Horphag Research Ltd.
La Ville Roussel de Bas
Sark
Channel Islands

Mr. Nick Mangeris,
President
Kaire International
380 Lashley
Longmont, CO 80501

Mr. Satomi Tsuchibi,
President
Chemco Industries, Inc.
500 Citadel Drive
Suite 120
Los Angeles, CA 90040

Mr. David Blechman,
President
Twin Labs
2120 Smithtown Avenue
Ronkonkoma, NY 11779

- 3 -

CARMODY & TORRANCE
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200