D

LEXSEE 2005 CAL. APP. UNPUB. LEXIS 1824

JARROW FORMULAS, INC., Plaintiff and Appellant, v. SANDRA HOGAN LA MARCHE et al., Defendants and Respondents.

B173168

COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT, DIVISION FIVE

*2005 Cal. App. Unpub. LEXIS 1824*

**March 2, 2005, Filed**

**NOTICE:** [*1] NOT TO BE PUBLISHED IN OFFICIAL REPORTS. CALIFORNIA RULES OF COURT, RULE 977(a), PROHIBIT COURTS AND PARTIES FROM CITING OR RELYING ON OPINIONS NOT CERTIFIED FOR PUBLICATION OR ORDERED PUBLISHED, EXCEPT AS SPECIFIED BY RULE 977(B). THIS OPINION HAS NOT BEEN CERTIFIED FOR PUBLICATION OR ORDERED PUBLISHED FOR THE PURPOSES OF RULE 977.

**PRIOR HISTORY:** APPEAL from a judgment of the Superior Court of Los Angeles County, No. SC061964. Allan J. Goodman, Judge.

**DISPOSITION:** Affirmed.

**COUNSEL:** Greenberg Traurig, Frank E. Merideth, Jr., Alan R. Maler, Elliot H. Scherker, and Lisa L. Jama, for Plaintiff and Appellant.

Robie & Matthai, Edith R. Matthai, Kyle Kveton, and Natalie A. Kouyoumdjian for Defendants and Respondents.

**JUDGES:** TURNER, P. J.; ARMSTRONG, J., MOSK, J. concurred.

**OPINIONBY:** TURNER

**OPINION:** I. INTRODUCTION

Plaintiff, Jarrow Formulas, Inc., appeals from a judgment granting attorney fees and costs under Code of Civil Procedure n1 section 425.16, subdivision (c) to defendants, Sandra Hogan La Marche, The Net Work, and Mark Brutzkus in the amount of $ 117,402.09. We affirm.

n1 All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[*2]

II. BACKGROUND

In *Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 733-743,* the California Supreme Court directed that the trial court's order denying the special motion to strike be reversed. After the remittitur issued, defendants filed a memorandum of costs and a motion for award of attorney fees pursuant to section 425.16, subdivision (c) and *California Rules of Court, rule 870.2.* Defendants sought fees of $ 120,903. The evidence introduced in support of the attorney fee request consisted of a declaration by Harry W.R. Chamberlain II, a member of the law firm of Stephan, Oringher, Richman & Theodora, P.C., which acted as cocounsel for Mr. Brutzkus in the Court of Appeal and in the Supreme Court. Mr. Chamberlain's declaration included attachments itemizing the services performed in representing Mr. Brutzkus. Mr. Chamberlain declared that, as a favor to Mr. Brutzkus, his hourly billing rate charged in the case was discounted to $ 165 an hour. The total fees and costs were $ 17,748.68.

Kyle Kveton is a member of the firm of Robie & Matthai, which was retained to represent Mr. Brutzkus and Ms. La Marche. Mr. Kveton and Edith [*3] Matthai were the two principals conducting the litigation. Mr. Kveton prepared the special motion to strike. The total fees charged for work in the Court of Appeal were $ 37,373 and in the Supreme Court were $ 38,680.25. The total amount of fees requested was $ 104,153. The total amount of costs was $ 4,069.09. In arriving at these sums, Mr. Kveton reviewed the firm's bills submitted in connection with the defense of the case in the trial court

and the prosecution of the appeal. Rather than submitting the bills, Mr. Kveton summarized the hours spent, the hourly rates charged by counsel, associates, and paralegals. The hourly rate for Mr. Kveton and Ms. Matthai was $ 165. In paragraph 8, he summarized the time spent performing various tasks including 89.9 hours of attorney time for preparation of responsive pleadings including a demurrer, section 436 motion to strike, and section 425.16 special motion to strike. The total amount charged for these services was $ 10,668.50. The charges also included 46.65 hours for preparation of: a response to plaintiff's motion to strike; sanctions requests; protective order motions; and a discovery matter pending appeal. For these motions the total [*4] amount charged was $ 6,052.75. Defendants made no request for a loadstar adjustment of fees. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1136; *Do v. Superior Court* (2003) 109 Cal.App.4th 1210, 1215-1216.)

Plaintiff opposed the attorney fee request on the grounds: the Robie & Matthai claim was not supported by admissible evidence because there were no supporting bills or time entry data; the request for fees for Robie & Matthai were based on "categories of work"; and the categories relate to matters either wholly or partially unrelated to the special motion to strike. In addition, plaintiff argued: the fees were excessive; work was duplicated; and the hourly rate for clerks was excessive.

On November 14, 2003, Mr. Kveton filed a supplemental declaration in which he denied that work had been duplicated. He gave additional details as to how the attorneys and staff performed the work on the special motion to strike and some ancillary issues such as a discovery dispute that arose over whether plaintiff was entitled to conduct discovery following the Court of Appeal decision. Mr. Kveton then claimed an additional fee of $ 3,333 in connection with the attorney [*5] fees motion.

The trial court issued a tentative ruling overruling the objection that Mr. Kveton was not competent to testify about the billing information. The tentative ruling became the order of the court. The trial court granted defendant $ 110,000 in attorney fees. Also, the trial court awarded defendants an additional $ 3,333 in fees incurred in litigating the attorney fees issue. Plaintiff filed a timely notice of appeal from the attorney fee award.

III. DISCUSSION

Plaintiff contends that the trial court abused its discretion in awarding $ 113,333 in attorney fees pursuant to section 425.16, subdivision (c). Plaintiff specifically argues: the fees were awarded based on the hearsay declaration of Mr. Kveton, which did not include supporting time records; defendants were only entitled to recover fees derived from work done on the special motion to strike; and the failure to submit actual time records deprived the trial court of evidence to determine the reasonableness of the fee request.

Section 425.16, subdivision (c) provides in part: "In an action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her [*6] attorney's fees and costs." The trial court's order awarding attorney fees is reviewed for abuse of discretion. (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659, overruled in a different point in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.) A reviewing court will not reverse an award in the absence of showing that the trial judge was clearly wrong. (*Ketchum v. Moses, supra,* 24 Cal.4th at p. 1132; *Nestande v. Watson* (2003) 111 Cal.App.4th 232, 238.)

Here, in granting the motion, the trial court stated its decision was based on: its review of the file; its experience in what attorneys normally charge; the issues presented in the case; and the experience of counsel. The trial court further reiterated that the determination of the amount of reasonable fees was based on: its experience with appellate practice including sitting by assignment on the Court of Appeal; its knowledge of what it takes to prosecute such cases and particularly this case; its determination that $ 110,000 in legal fees was [*7] a "bargain"; its determination that defense counsel could have asked for and received $ 400 to $ 500 an hour for the appeal; and the circumstances of the case made the fee award modest. The trial court further noted in the tentative ruling: "If the evidentiary objections of plaintiff were sustained, they would be sustained only in part, leaving the number of total hours as part of the record and striking the itemization. If that were the ruling, the court would be required to award fees based on the reasonable and customary charge for trial, and particularly for appellate services, looking in significant part to the circumstance that this was a matter of first impression, with its concomitant degree of required sophisticated writing and oral advocacy skills. Such services are billed at far higher rates than those charged by defense counsel in this case, frequently in the range of $ 400 to $ 500 per hour. The resulting award would be substantially higher."

Under the circumstances, the trial court acted within its discretion in determining the reasonableness of the fees. The trial court properly considered: its own experience, the complexity of the issues; the experience of counsel; [*8] the normal cost of defending such an action; the superior court file; and the level of skill required to prosecute or defend and prevail in a case of first impression. The matter was ultimately resolved in the Supreme Court. No abuse of discretion was shown in al-

lowing compensation for the attorneys based on the facts of this case. There is no merit to plaintiff's argument that certain work was duplicated or otherwise could not be the basis of an award of fees. (*Children's Hospital & Medical Center v. Bonta'* (2002) 97 Cal.App.4th 740, 782; *Bunn v. Lucas, Pino, Lucas* (1959) 172 Cal. App. 2d 450, 468, disapproved on other grounds in *Chambers v. Kay* (2002) 29 Cal.4th 142, 155, fn. 8.) The trial court only awarded $ 110,000 plus $ 3,333 for the attorney fee motion rather than the sums requested.

Moreover, we disagree with plaintiff that the reasonableness determination cannot be upheld because it is based on Mr. Kveton's hearsay declarations. As lead counsel, Mr. Kveton was competent to testify as to the number of hours worked and the billing rates; he was not required to submit detailed time records. (*Steiny & Co. v. California Electric Supply Co.* (2000) 79 Cal.App.4th 285, 293; [*9] *Martino v. Denevi* (1986) 182 Cal. App. 3d 553, 559, 227 Cal. Rptr. 354.) Mr. Kveton's declarations were sufficiently detailed in that they itemized time expended, work performed, and billing rates. Nothing more was required. No abuse of discretion occurred.

IV. DISPOSITION

The judgment is affirmed. Defendants, Sandra Hogan La Marche, The Net Work, and Mark Brutzkus, are to recover their costs and attorney fees on appeal. (*Code Civ. Proc., § 425.16*, subd. (c); *Cal. Rules of Court, rule 870.2*.)

TURNER, P. J.

We concur:

ARMSTRONG, J.

MOSK, J.