K

**Jarrow FORMULAS, INC™**   Superior Nutrition and Formulation℠

1824 South Robertson Blvd.
Los Angeles, CA 90035-4317
310/204-6936 • 800/726-0886

Fax Numbers
Orders   800/890-8955
General   310/204-2520
Administrative   310/204-5132

DEFENDANT'S EXHIBIT 204

February 4, 1998

Norman H. Zivin
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY  10036

   Re:  Your letter of January 9, 1998 re OPC-95 Trademark Claim

Dear Mr. Zivin:

   Your above-referenced letter states, *inter alia*, "[Y]our client's [Jarrow Formulas] repetitive, hollow threats and spurious allegations do not provide a climate for any meaningful dialogue."

   Enclosed is a copy of the lawsuit we filed against Cynthia Harf, Esq. for malicious prosecution. Harf was served on January 12. She too considered Jarrow's threats "hollow." To quote Bob Dylan, "When will they ever learn?"

                                          Sincerely,

                                          Jarrow L. Rogovin
                                          President

cc:  Mark Giarratana, Esq.
     P. Scott Polisky, Esq.
     Neal T. Wiener, Esq.

D 000 786

```
 1  NEAL T. WIENER, S.B.# 51822
    9100 Wilshire Boulevard, Suite 700 West
 2  Beverly Hills, California 90212
    Telephone: (310) 276-2889
 3
    Attorney for Plaintiffs
 4  JARROW FORMULAS, INC. and NATREN, INC.
```

FILED
KENNETH C. MARTONE
Clerk of the Superior Court
DEC 3 1 1997
By: TONI OZENBAUGH Deputy

DEFENDANT'S EXHIBIT 202

```
 8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9                COUNTY OF SAN DIEGO - NORTH COUNTY
10
11  JARROW FORMULAS INC.; and      )   CASE NO. N076795
    NATREN, INC.                   )
12                                 )
            Plaintiffs,            )   FIRST AMENDED VERIFIED
13                                 )   COMPLAINT FOR MALICIOUS
       v.                          )   PROSECUTION
14                                 )
    CYNTHIA M. HARF; BOYD          )
15  O'DONNELL; EDWARD O'DONNELL,   )
    BIO-GENESIS, INC.;             )
16  INTERNATIONAL BIO-TECH USA,    )
    INC.; DOES 1 to 15, Inclusive  )
17                                 )
            Defendants.            )
18  _____)
```

Plaintiffs, JARROW FORMULAS, INC. and NATREN, INC. allege as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, JARROW FORMULAS, INC. ("JFI") is and was at all times herein mentioned a California corporation.

2. Plaintiff, NATREN, INC., ("NATREN") is and was at all times herein mentioned a California corporation.

3. Defendant CYNTHIA M. HARF ("HARF") resides in San Diego county.

\JFI-BOYD\HARF\COMPLT.IAM

D 000 787

4. At all times herein mentioned, Defendant HARF was licensed to engage in the practice of law in the state of California and was practicing law in San Diego, California.

5. Defendant BOYD O'DONNELL ("BOYD") is and was at all times herein mentioned a resident of San Marcos, California.

6. Defendant EDWARD O'DONNELL ("EDWARD") is and was at all times herein mentioned a resident of San Marcos, California.

7. Defendant BIO-GENESIS, INC. ("BIO-GENESIS") is and was at all times herein mentioned a Nevada corporation with its main place of business at San Marcos, California.

8. Defendant INTERNATIONAL BIO-TECH USA, INC. ("BIO-TECH") is and was at all times herein mentioned a Nevada corporation with its main place of business at San Marcos, California. Plaintiffs are informed and believe and upon said information and belief allege that, on or about July 1, 1996, BIO-GENESIS transferred to BIO-TECH all of its assets and liabilities thereby making BIO-TECH the alter ego, successor corporation of BIO-GENESIS. Hence, BIO-TECH bears full responsibility for the bringing and maintaining of the underlying action.

9. Plaintiffs are ignorant of the true names and capacities of the Defendant's sued herein as DOES 1-15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and upon said information and belief allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs'

\JFI-BOYD\HARF\COMPLT.LAW

-2-

D 000 788

1  damages as herein alleged were proximately caused thereby.

2      10.  On July 24, 1995, Defendant HARF instituted a civil action against Plaintiffs, as counsel of record for BIO-GENESIS, the Plaintiff in a case filed in San Diego Superior Court, North County Branch, California. The action entitled "Bio-Genesis, Inc. v. Natren Co. and Jarrow Formulas, Inc." was labeled Case no. 68471, and the complaint, which provided the basis for said action, claimed general and exemplary damages in amounts according to proof for trade libel, slander, interference with economic advantage and civil conspiracy. The crux of the underlying action was that JFI and NATREN had re-published the report of the Federal Food and Drug Administration's raid and seizure of BIO-GENESIS equipment and inventory.

    11.  Plaintiffs are informed and believe and thereon allege that Defendants BOYD and EDWARD exercised control over BIO-GENESIS and were therefore responsible for commencing and directing the underlying action, <u>Bio-Genesis, Inc. v. Natren Co. and Jarrow Formulas, Inc.</u>, Case no. 68471 in that:

    a.  BOYD was not only BIO-GENESIS's majority shareholder, but at all relevant times he controlled BIO-GENESIS and held himself out as its president. Hence, Plaintiffs are informed and believe and based thereon allege that at the time the underlying action was commenced, BOYD was in fact the alter ego of BIO-GENESIS.

    b.  Edward, at all relevant times, acted as a conduit for BOYD and BIO-GENESIS, including functioning as the figure-head President for BIO-GENESIS and its

\JFI-BOYD\HARF\COMPLT.1AM

-3-

D 000 789

1 | successor corporation, BIO-TECH.

2 | 12. Following Defendants' commencement of the former
3 | action, Plaintiffs filed counter-claims for unfair competition,
4 | false advertising, civil R.I.C.O., injunctive relief and
5 | conspiracy, and on September 18, 1996 the entire action,
6 | including both the underlying complaint and counter-claims, was
7 | removed from the San Diego Superior Court to Federal Bankruptcy
8 | Court pursuant to an Order for Removal in the personal Chapter 7
9 | bankruptcy of BOYD and the adversary case therein.

10 | 13. On or about January 27, 1997, following NATREN's
11 | motion for summary judgment, judgment in the case of <u>Bio-Genesis,
12 | Inc. v. Natren, Inc.</u>, incorrectly sued as Natren, Co., was
13 | entered in favor of NATREN. Said judgment is attached hereto as
14 | Exhibit "1".

15 | 14. The remainder of Plaintiffs' action, <u>Bio-Genesis,
16 | Inc. v. Jarrow Formulas, Inc.</u>, was dismissed on May 8, 1997. On
17 | that date, the former action was dismissed with prejudice, as to
18 | defendant JFI, pursuant to the parties' stipulation to dismiss
19 | with prejudice. The notice of dismissal was filed on May 5, 1997
20 | and is attached hereto as Exhibit "2".

21 | 15. Both the summary judgment in favor of NATREN
22 | (Exhibit "1") and notice of dismissal as to JFI (Exhibit "2")
23 | terminated Defendants' former action and severed said action from
24 | any and all other proceedings.

25 | 16. Defendant HARF acted without probable cause in
26 | bringing the above referenced action against Plaintiffs because
27 | HARF unreasonably neglected to investigate facts in making her
28 | determination to proceed against Plaintiffs despite the fact that

\JFI-BOYD\HARF\COMPLT.1AM                -4-

D 000 790

Plaintiffs took extraordinary measures to provide overwhelming evidence revealing the complaint to be meritless.

17. Further, Defendant HARF acted maliciously in bringing the above referenced action against Plaintiffs because:

    a. Defendant knew or should have known before instituting proceedings against Plaintiffs the underlying claims were false and without merit;

    b. Defendant HARF initiated the proceedings for the purpose of forcing Plaintiffs to enter into a settlement with her co-defendants, the Plaintiffs in the former action; and

    c. Defendant Harf continued representation of BIO-GENESIS even after she gained actual knowledge that no factual support existed for the allegations of the underlying action.

18. Defendants BOYD and EDWARD acted without probable cause in bringing the above referenced action in that they did not honestly and reasonably believe that there were grounds for the action because:

    a. Defendants' company, BIO-GENESIS, was subject to an FDA seizure which caused their damages, if any;

    b. Defendants knew their product was contaminated with pseudomonas bacteria;

    c. Defendants' product was a misbranded drug. Hence, Defendants knew or should have known that they had no legal standing to bring the former action; and

    d. The statements which formed the basis for the underlying action were privileged.

19. Defendants BOYD and EDWARD acted maliciously in bringing the above referenced action against Plaintiffs in that Defendants initiated the lawsuit in an effort to force JFI and NATREN, who are competitors -- marketing a different type of bacteria product -- to BIO-GENESIS's product Flora Balance/Latero Flora, to expend monetary and time resources contesting the untrue allegations.

20. As a proximate result of Defendants instituting the above-referenced action against Plaintiffs, Plaintiffs have been damaged in an amount to be determined according to proof.

21. As a further proximate result of the action initiated by Defendants, Plaintiffs incurred costs to be shown according to proof, plus attorney fees in defending against the above-mentioned action in an amount to be shown according to proof at trial.

22. At all times herein mentioned, all Defendants knew that claims asserted against Plaintiffs in the above-referenced action were false or legally untenable. Notwithstanding this knowledge, Defendants subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights in that:

   a. Defendant HARF abetted and encouraged her client, BIO-GENESIS, and its officers BOYD and EDWARD to file fabricated claims against Plaintiffs to coerce Plaintiffs into settling. All this so that Defendant HARF could reap substantial profits through her attorney fees; and

   b. Defendants BOYD and EDWARD filed falsified claims hoping to harass Plaintiffs and disrupt

\JFI-BOYD\HARF\COMPLT.1AM

-6-

D 000 792

```
 1              Plaintiffs' business operations while also
 2              attempting to coerce Plaintiffs into settling the
 3              fictitious claims in an effort to reap substantial
 4              profits.
 5  The aforementioned acts justify the awarding of punitive damages
 6  in an amount to be determined by a jury or this trial court
 7  according to the standards set forth by law.
 8
 9          WHEREFORE, Plaintiffs pray judgment against Defendants
10  as follows:
11          1.   General damages in an amount according to proof;
12          2.   Punitive damages as determined by a jury or this
13               trial court;
14          3.   Attorney's fees and costs of suit herein; and
15          4.   Such other relief as the court deems proper.
16
17                                  LAW OFFICES OF NEAL T. WIENER
18
19  Dated:  December 4, 1997
20                                  By: Neal T. Wiener
                                    Attorney for Plaintiffs
21                                  JARROW FORMULAS, INC. and
                                    NATREN, INC.
```

(VERIFICATION)

STATE OF CALIFORNIA, COUNTY OF _____LOS ANGELES_____

I, the undersigned, declare: I am the President of Jarrow Formulas, Inc., the plaintiff in the above-entitled action, and am authorized to make this verification for and on its behalf; I have read the foregoing First Amended Verified Complaint for Malicious Prosecution and know the contents thereof; and the same is true of my own knowledge, except as to the matters which are therein stated upon my information and belief, and as to those matters, I believe it to be true.

Executed on December 4, 1997, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jarrow L. Rogovin
[Type or Print Name]                    [Signature]

8

D 000 794

Dec-04-97 12:04A Jarrow Formulas, Inc.                          P.04
12-04-1997 0:19AM    FROM AL WIENER ESQ 310 276 0114

Kenneth H. Moreno, Esq.                VIA U.S. MAIL
Murchison & Cumming
750 B Street, Suite 2550
San Diego, CA 92101

Roger Walker, Esq.                     VIA U.S MAIL
308 West State Street
Suite 2B
Redlands, CA 92373

Neal Wiener, Esq.                      VIA U.S. MAIL
9100 Wilshire Blvd.
7th Floor - West Tower
Beverly Hills, CA 90212

Kenneth L. Patrick, Esq.               VIA U.S. MAIL
Chapin, Flemming & Winet
410 S. Melrose Drive., Ste 101
Vista, CA 92083

EXHIBIT ___ PAGE 11

D 000 795

Dec-04-97 12:03A Jarrow Formulas,Inc.
12-04-1997 8:18AM                                                                P.03

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is 225 South Lake Avenue, Suite 900, Pasadena, California 91101.

On January 29, 1997, I served the foregoing document, described as: ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF MATREM AND AGAINST BIOGENESIS ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENSIS AGAINST MATREM on the interested parties in this action by placing a true copy thereof, enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[X] BY MAIL
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY PERSONAL SERVICE) I caused the above document to be personally served on addressees.

[ ] (BY FACSIMILE) I caused the above document to be faxed to the addressees.

[ ] (BY FEDERAL EXPERSS) I caused the above document to be Federal Expressed to the addressees.

(FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on January 29, 1997 at Pasadena, California.

_____
ALLISON L. MAYO

EXHIBIT __1__ PAGE 12

D 000 796

```
 1 | NEAL T. WIENER, S.B.#51822
   | 9100 Wilshire Boulevard, Suite 700 West
 2 | Beverly Hills, California 90212
   | Telephone: (310) 276-2889
 3 |
 4 | Attorney for Creditors,
   | Jarrow Formulas, Inc., Jarrow Rogovin,
 5 | Natren, Inc. and Natasha Trenev; and
   | Attorney for Defendants and Cross-Complainants,
 6 | Jarrow Formulas, Inc. and Natren, Inc.
```

FILED MAY 5 1997
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

ENTERED MAY -8 1997
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BOYD O'DONNELL,<br><br>Debtor | Case No. SB95-21580 MG<br><br>Chapter 7<br><br>Adversary No. SB95-1750 MG |
| NATREN CO.; NATASHA TRENEV;<br>JARROW FORMULAS, INC.; JARROW<br>ROGOVIN,<br>    Plaintiffs,<br>vs<br>BOYD J. O'DONNELL; BIO-<br>GENESIS, INC.;<br>    Defendants | |
| BIOGENESIS, INC.,<br>    Plaintiff,<br>vs<br>JARROW FORMULAS, INC.; NATREN<br>CO., et al,<br>    B  Defendants | [PROPOSED] ORDER GRANTING<br>JUDGMENT PURSUANT TO<br>STIPULATION IN FAVOR OF JARROW<br>FORMULAS, INC., AND AGAINST<br>BIOGENESIS, INC. ON ALL CLAIMS<br>ASSERTED IN THE FIRST AMENDED<br>COMPLAINT AND THE THIRD<br>AMENDED COMPLAINT; AND ORDER<br>SEVERING ACTION BY BIOGENESIS,<br>INC. AGAINST JARROW FORMULAS,<br>INC. |
| AND RELATED CROSS-COMPLAINTS | |

EXHIBIT 2 PAGE 13

D 000 797

Biogenesis, Inc., as plaintiff in the action removed from Superior Court of California, San Diego County Case No.: N68471, entered into a Stipulation with parties to this action for dismissal with prejudice of the action brought by Biogenesis, Inc. against Jarrow Formulas, Inc. as defendant. The Stipulation For Judgment with prejudice recites that the Stipulation is as to all amendments to the complaint. (At the January 27, 1997 hearing on Natren's Motion For Summary Judgment, the Court granted Biogenesis, Inc.'s Motion to Amend the Complaint).

The Court hereby orders the dismissal of all claims by Biogenesis, Inc. as to Jarrow Formulas, Inc. and all claims asserted by Biogenesis, Inc. in its First and Third Amended Complaints.

The Court hereby severs this action as to all claims asserted by Biogenesis, Inc. against Jarrow Formulas, Inc.

IT IS SO ORDERED,

Dated: MAY - 5 1997     MITCHEL R. GOLDBERG
                         Honorable Mitchel R. Goldberg
                         United States Bankruptcy Court Judge

Submitted by:

LAW OFFICES OF NEAL T. WIENER
Neal T. Wiener
9100 Wilshire Boulevard
7th Floor-West Tower
Beverly Hills, CA 90212
(310) 276-2889

By: /s/ Neal T. Wiener

Dated: 3/06/97

JPL-BOYD\BK\ORDER.SJ.227

-2-

EXHIBIT 2 PAGE 14

D 000 798

**CERTIFICATE OF SERVICE**
**1013A (3) CCP Revised 5/1/88**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I hereby certify I am a member of the State Bar of California and admitted to practice before the United States District Court for the Central District of California. I am over the age of 18 and not a party to the within action; my business address is 9100 Wilshire Boulevard, 7th Floor - West Tower, Beverly Hills, CA 90212.

On March 6, 1997, I served the foregoing document described as [PROPOSED] ORDER GRANTING JUDGMENT PURSUANT TO STIPULATION IN FAVOR OF JARROW FORMULAS, INC., AND AGAINST BIOGENESIS, INC. ON ALL CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT AND THE THIRD AMENDED COMPLAINT; AND ORDER SEVERING ACTION BY BIOGENESIS, INC. AGAINST JARROW FORMULAS, INC. on the interested parties in this action

_X_ by placing ___ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

See Service List attached.

_X_ BY MAIL

_X_ I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid.

____ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on March 6, 1997 at Beverly Hills, California.

_X_ (Federal) I declare that I am a member of the bar of this court and made the service as stated above.

Neal T. Wiener

JFI-BOYD\BK\ORDER-SJ.227

-3-

EXHIBIT 2 PAGE 15

D 000 799

## SERVICE LIST

Gary W. Dyer, Assistant U.S. Trustee
699 No. Arrowhead Ave., Suite 106
San Bernardino, CA 92401

Robert L. Goodrich, Esq.
370 W. 6th Street. Suite 125
San Bernardino, CA 92401

Gary A. Myers, Esq.
308 W. State Street Suite 2B
Redlands, CA 92373

Roger E. Walker, Esq.
308 W. State Street, Suite 2B
Redlands, CA 92373

Surjit P. Soni, Esq.
Anthony Vella, Esq.
Sheldon & Mak
225 So. Lake Avenue, 9th Floor
Pasadena, CA 91101-3005

Kenneth H. Moreno, Esq.
Murchison & Cumming
750 B Street, Suite 2550
San Diego, CA 92101

Bryant C. MacDonald, Esq.
2048 Orange Tree Lane
Suite 220
Redlands, CA 92374

JFI-BOYD\BK\ORDER-SJ.227

-4-

EXHIBIT 2 PAGE 16

D 000 800