UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC., ) | CIVIL ACTION NO. |
| ) | 3:01 CV 478 (AVC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL NUTRITION COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | AUGUST 31, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE WITNESSES LIEF, BENECH, AND GITTES FROM OFFERING EXPERT TESTIMONY AT TRIAL**

Defendants respectfully submit this memorandum in opposition to plaintiff Jarrow Formulas, Inc.'s Motion in Limine to Preclude Witnesses Lief, Benech, and Gittes from Offering Expert Testimony at Trial dated August 10, 2005. Since no evidence from these witnesses was presented in connection with defendants' summary judgment motion dated July 18, 2005, the Court need not consider this motion in limine in order to rule on the summary judgment motion.

**ARGUMENT**

**I. ATTORNEYS LIEF, BENECH, AND GITTES WILL BE FACT WITNESSES, NOT EXPERT WITNESSES**

Plaintiff Jarrow Formulas, Inc. ("JFI") has misconstrued defendants' summary of the intended testimony of Philippe Lief, Frederic Benech, and Marvin Gittes, as listed in the Joint Trial Memorandum dated January 7, 2005 at 21-22. Mr. Lief is a French lawyer who has represented defendant Prof. Jack Masquelier in various litigation concerning the '360 patent in France, Mr. Benech is a French lawyer who has represented defendant INC in various litigation concerning the '360 patent in France, and Mr. Gittes is a New York lawyer who has represented

**ORAL ARGUMENT IS REQUESTED**

CTDOCS:14758.1

Horphag, a co-owner of the '360 patent, in various litigation concerning the '360 patent in the United States, including a case he brought for Horphag against Consac in the Eastern District of New York. Mr. Gittes also represented Horphag in the underlying litigation in this case brought by INC in this district and the Northern District of California.[1]

The repeated theme of JFI's claims in this action is that INC's underlying litigation was sham litigation. In order to prove that the litigation was a sham, JFI has made it clear in the allegations in its Amended Complaint, in the Joint Trial Memorandum, and in its opposition to defendants' summary judgment motion dated August 10, 2005 that it will be relying heavily on evidence regarding the underlying litigation and the French litigation, including filings and rulings from such litigation.

Accordingly, defendants listed in their witness list in the Joint Trial Memorandum these three lawyers who have personal knowledge of what occurred in these lawsuits. In the case of Mr. Gittes, his personal knowledge extends also to the patent enforcement action he brought on Horphag's behalf against Consac without joining the other owner of the '360 patent as a party. Defendants expect that these lawyers will testify about evidence, filings, discovery, and rulings that occurred in those cases and will provide a context for the evidence that JFI will presumably offer about those cases.

Defendants have no intention of eliciting from Mr. Lief or Mr. Benech any privileged communications with their clients.

Defendants also have no intention of eliciting from these three lawyers expert testimony, and since none of them has been "retained or specially employed to provide expert testimony in

---

[1] JFI misstates defendants' summary of Mr. Gittes' expected testimony, which was: "Mr. Gittes' testimony may include without limitation the following topics: (1) the underlying action; (2) prior action by Horphag under the '360 patent; (3) litigation in connection with the '360 patent." Joint Trial Memorandum at 21.

the case," defendants were not obligated to disclose them as expert witnesses or provide to JFI expert reports under Fed. R. Civ. P. 26(a)(2)(B). Although their recitation of the facts involving the various cases might describe certain legal matters, such factual testimony is not thereby converted into expert testimony. After all, they will not be asked hypothetical questions. To the extent an occasion might arise when they proffer an opinion, Federal Rule of Evidence 701 provides that lay witnesses can testify about "opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

## CONCLUSION

For the foregoing reasons, the Court should deny JFI's motion in limine.

DEFENDANTS,
INTERNATIONAL NUTRITION COMPANY,
EGBERT SCHWITTERS, NORMAN H. ZIVIN,
JACK MASQUELIER, INTEGRATED
BIOCEUTICALS, LLC, PRIMARY SOURCE,
LLC, AND PRIMARY SERVICES, INC.

By: /s/ Richard S. Order
    RICHARD S. ORDER, ESQ.
    Federal Bar No. ct02761
    E-mail: rso@avhlaw.com
    ERIC D. BEAL, ESQ.
    Federal Bar No. ct23167
    E-mail: exb@avhlaw.com
    Axinn, Veltrop & Harkrider LLP
    90 State House Square
    Hartford, CT 06103-3702
    Telephone:   860-275-8100
    Facsimile:    860-275-8101

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been served by U.S. mail, postage prepaid, this 31st day of August, 2005 to:

Eric W. Wiechmann Esq.
Mark D. Giarratana, Esq.
Alexandra B. Stevens, Esq.
Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

          /s/    Eric D. Beal
          Eric D. Beal
          AXINN, VELTROP & HARKRIDER LLP