RECEIVED

SEP 0 8 2005

U.S. DISTRICT COURT
HARTFORD, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC. | )<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) |
| INTERNATIONAL NUTRITION COMPANY, INTEGRATED BIOCEUTICALS, LLC, PRIMARY SERVICES, INC., PRIMARY SOURCE, LLC, NORMAN H. ZIVIN, AND JACK MASQUELIER, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) SEPTEMBER 8, 2005 |

**PLAINTIFF'S SURREPLY MEMORDANDUM IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jarrow Formulas, Inc. ("JFI") submits this Surreply Memorandum in Further Opposition to the Motion for Summary Judgment filed by Defendants International Nutrition Company, Integrated Bioceuticals, LLC, Primary Services, Inc., Primary Source, LLC, Norman H. Zivin, and Jack Masquelier ("Defendants") on July 18, 2005 [Dkt. # 234]. This Surreply Memorandum corrects specific misleading statements and propositions by Defendants in their Reply Memorandum dated August 24, 2005 [Dkt. # 254] ("Def. Reply Memo"). Though Defendants have obfuscated many issues by twisting law and fact, this Memorandum addresses only three such areas. Oral argument is the only means to untangle all of Defendants untruths, half truths or inconsistent positions. Thus, JFI reiterates its request for oral argument.

**ORAL ARGUMENT REQUESTED**

**ISSUE 1:** **The Federal Circuit has NOT rejected the 'misrepresentation' or 'fraud' exception to *Noerr-Pennington*.**

Defendants mislead the Court as to the state of Federal Circuit law. On Page 9 of Def. Reply Memo, Defendants contend that "JFI's 'misrepresentation' theory has no legal basis under the relevant law." They rely on Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059 (Fed Cir. 1998). Nobelpharma, however, addressed only the narrow issue of whether the PRE and Walker Process tests are alternative legal grounds, or exclusive, and whether both theories may be applied to the same conduct. Id. at 1071. The issue arose in Nobelpharma when the district court refused to issue a jury instruction as to the PRE-test and denied the defendants motion JMOL. Id. at 1061. Thus, the defendants were looking for the court to apply PRE restrictions and limitations to the Walker Process test. The Federal Circuit was unwilling to mix the two. The Federal Circuit held that both theories may be applied to the same conduct, but, it did not reverse the district court because there was substantial evidence to find Walker Process fraud. Id. at 1073. The Federal Circuit has not rejected the fraud and misrepresentation test.[1]

---

[1] Defendants mislead the Court with respect to other citations:

On page 1, Defendants quote In re Independent Services Orgs. Antitrust Litigation, 203 F.3d 1322, 1326 (Fed Cir. 2000) for the proposition that the Federal Circuit "recognizes only two exceptions" to Noerr-Pennington immunity. In that case, however, issues of material misrepresentations and fraud were not before the court. Rather, the court addressed the question of whether antitrust liability could be imposed for a unilateral refusal to sell or license a patent. Id. at 1326.

On page 9, Defendants quote Cheminor Drugs Ltd. v. Ethyl Corp., 168 F.3d 119, 123 (3d Cir. 1999) for a similar proposition. This quotation is misleading in that it ends one word before the Third Circuit states "If the alleged misrepresented facts do not infect the core of Ethyl's claim and the government's resulting actions, then the petition had an objective basis...." Id. (emphasis added). Moreover, the Third Circuit explained its position further in footnote 12: "Our approach in requiring that misrepresentations must be material to bar Noerr-Pennington immunity is consistent with the two other circuit courts of appeals that have considered this issue." Id. at 124 n.12 (emphasis added).

Defendants' argument that Federal Circuit law applies to this case belies their contention that "JFI is barred from claiming" that the '360 patent "was obtained through knowing and willful fraud ...." (Def. Reply Memo, at 1.) This case is either about how the Defendants wrongly obtained '360 patent and wrongly attempted to monopolize a market using, in part, that wrongly obtained patent, and if so evidence of such should be allowed and Federal Circuit law applies, or it is not and Federal Circuit law does not apply. Defendants' cannot argue that Federal Circuit law applies and also argue that no evidence regarding their knowledge of facts surrounding patent ownership, etc., should be allowed.

**ISSUE 2:** **Questions of fact exist as to just who is a "similarly situated" reasonable litigant.**

Notwithstanding the applicability of a "material misrepresentation" exception to Noerr-Pennington, questions of fact exist with respect to the *objective* prong of the sham exception test. Beginning on Page 3 of Def. Reply Memo, Defendants dismiss as irrelevant to a determination under the *objective* prong all of the evidence demonstrating that (1) Defendants knew they had no rights to the '360 patent; (2) Defendants knew they lacked standing; and (3) Defendants knew that Horphag had a one-half undivided interest in the '360 patent. Defendants

---

On page 5, Defendants cite to Rhone-Poulenc Argo, S.A. v. DeKalb Genetics Corp., 284 F.3d 1323, 1328 (Fed. Cir. 2002) for the proposition that "It was not until after deciding the underlying case, which held that a bona fide purchaser status was governed by French law, that the Federal Circuit held such status is determined by federal law and that Federal Circuit law governs." French courts, the District of Connecticut and the Federal Circuit, in Int'l Nutrition Co. v. Horphag Research Ltd., 357 F.3d 1324, 1330 (2001), all recognized that INC could not be a bona fide purchaser for value because "INC could not be unaware that it was acquiring only a share of the patent and that the other joint proprietor was one of its principal competitors in the American market, and that SCIPA, its assignor, had not had dealings with its co-owner since a dispute in 1990." Thus, the referenced law does not apply to Defendants.

claim that these disputed facts pertain only to the *subjective* prong of PRE and that JFI "conflates the objective and subjective prongs." Defendants are misleading the Court. Those facts are highly relevant to the *objective* prong of the PRE-test because they are indispensable to defining who is "a similarly situated reasonable litigant." Prof'l Real Estate Inv., Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 65 (1993) (referred to in this Memorandum as "PRE"). Indeed, these facts do not address the *subjective* part where "the court should focus on whether the baseless lawsuit conceals 'an attempt to interfere directly with business relationships of a competitor.'" Id. at 60-61. To the contrary, a jury must determine what Defendants knew, and when, in order to then make the subsequent determination of what a reasonable litigant could have expected based on that knowledge.

The questions for the trier of fact then are: (1) did Defendants know that the '360 patent was invalid and or unenforceable (Whitney Decl., Exs. 20-24, 30); (2) did Defendants know that their conduct would have likely rendered the '360 patent invalid and/or unenforceable (Whitney Decl., Exs. 20-24, 30 ); (3) did Defendants know that INC did not own the '360 patent (Whitney Decl., Exs. 5, 17, 18, 31); (4) did Defendants know that they lacked standing to sue on the '360 patent (Whitney Decl., Exs. 5, 17, 28, 29, 30, 31, 42); and (4) did Defendants know that Horphag owned a one-half undivided interest in the '360 patent (Whitney Decl., Exs. 5, 17, 28, 29, 30, 31, 42). After a finding with respect to these disputed facts, only then can a

determination be made "whether a similarly situated reasonable litigant could have perceived some likelihood of success." PRE, 508 U.S. at 65.[2]

**ISSUE 3:** **This case is about maintaining sham litigation not just initiating sham litigation.**

Defendants also mislead the Court as to when and how often the above factual inquiry must be made. In footnote 6 on Page 6 of Def. Reply Memo, Defendants, in addition to distorting JFI's statements, suggest that facts that took place after the initiation of the 1996 District of Connecticut Action and the 1997 District of Northern California Action are irrelevant. JFI, however, claims that not only the initiation of the lawsuits was baseless, but so too was the maintenance of those lawsuits as more and more facts came to light regarding INC's ownership claims and lack of standing. Thus, the above factual inquiries must be made not only as Defendants initiated the lawsuits in question, but also as they filed motions to maintain those lawsuits and appealed them to the Federal Circuit.

Indeed, this Court has in essence already rejected Defendants' contentions. On July 9, 2003, the Court issued Endorsement Orders denying Defendants earlier Motions for Summary Judgment that argued that JFI's causes of action were barred by statutes of limitation. [Dkt. ## 89, 92]. The Court recognized that there could be continuing violations of antitrust laws

---

[2] "In the Tort context, as the cases cited in [PRE] make clear, the relevant 'predicate facts' are not only the facts determined in the prior lawsuit, but also the existence of probable cause. Stewart v. Sonneborn, 98 U.S. 187, 194, 25 L.Ed. 116 (1878) cited in [PRE], 508 U.S. at 62, 113 S.Ct. 1920. When the latter facts are in dispute, 'it becomes the duty of the trial court to submit the question to the jury.' Nelson v. Miller, 227 Kan. 271, 277-78, 607 P.2d 483 (1980) cited in [PRE], 508 U.S. at 63, 113 S.Ct. 1920." In re Relafen Antitrust Litigation, 346 F. Supp. 2d 249, 361 (D. Mass 2004).

and other statutory and common laws beyond the initiation of those suits and that the continuation of those suits was potentially actionable as vexatious litigation.

**CONCLUSION:**

Def. Reply Memo does not squarely address that predicate issues of fact exist to determining the objective prong of PRE. Neither does Def. Reply Memo forthrightly address the 'material misrepresentation' exception to Noerr-Pennington. Only oral argument will afford JFI the opportunity to address all of Defendants untoward representations to the Court if the Court is considering granting the Defendants' Motion. Defendants' Summary Judgment Motion should be denied.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By_____
ERIC WATT WIECHMANN (CT 04311)
ERIC E. GRONDAHL (CT 08988)
JASON C. WELCH (CT 23418)
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
egrondahl@mccarter.com
    -and-
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
(203) 324-1800

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S SURREPLY MEMORDANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT has been mailed, postage prepaid, this 8th day of September, 2005 to

>RICHARD S. ORDER, ESQ.
>ERIC D. BEAL, ESQ.
>Axinn, Veltrop & Harkrider LLP
>90 State House Square
>Hartford, CT  06103

_____
ERIC E. GRONDAHL