UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION | ) | |
| COMPANY, INTEGRATED | ) | |
| BIOCEUTICALS, LLC, PRIMARY | ) | |
| SERVICES, INC., PRIMARY SOURCE, | ) | |
| LLC, NORMAN H. ZIVIN, AND JACK | ) | |
| MASQUELIER, | ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 8, 2005 |

**PLAINTIFF'S SURREPLY MEMORANDUM IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
PATENT INVALIDITY, INEQUITABLE CONDUCT, OR FRAUD**

Plaintiff Jarrow Formulas, Inc. ("JFI") submits this Surreply Memorandum in

further opposition to the Motion in Limine to Exclude Evidence of Patent Invalidity, Inequitable

Conduct, or Fraud ("Motion in Limine") filed by Defendants International Nutrition Company,

Integrated Bioceuticals, LLC, Primary Services, Inc., Primary Source, LLC, Norman H. Zivin,

and Jack Masquelier ("Defendants") [Dkt. # 236]. JFI does so to briefly respond to certain

statements made by Defendants in their Reply Memorandum ("Reply") dated August 24, 2005

[Dkt. # 255]. As set forth below, JFI addresses the following points:

- JFI should be allowed to show that the results of the reexamination of the '360

patent were obtained by deceit and misrepresentations to the Patent Office.

- JFI is not asking this Court to determine the validity of the '360 patent, and

therefore all owners of the '360 patent do not need to be joined in this action.

- Judicial estoppel does not apply in this case.

- There is no prejudice to Defendants if JFI is allowed to introduce evidence related to patent invalidity, inequitable conduct, or fraud on the Patent Office.

## I.    ARGUMENT

**Point I:    JFI Should Be Allowed to Show That the Results of the Reexamination of the '360 Patent Were Obtained By Deceit.**

At pages 9-10 of their Reply Memorandum, Defendants reveal the real intention of their Motion in Limine. Defendants intend to introduce into evidence the results of the reexamination of the '360 patent while preventing JFI from introducing evidence which would show that those results were obtained by deceit and misrepresentations. To allow the jury to hear only part of the story regarding the reexamination by excluding the evidence related to inequitable conduct by INC would be unfair and prejudicial to JFI. For this reason alone, the Court should deny Defendants' Motion in Limine.

**Point II:    JFI Is Not Asking the Court to Determine the Validity of the '360 Patent, and the Co-owners Are Therefore Not Necessary Parties.**

Contrary to Defendants' contention at pages 2-3 of their Reply and as set forth in JFI's Oppositions to Defendants' Motion in Limine and Motion for Summary Judgment [Dkt. ## 234, 236], JFI is not asking this Court to declare the '360 patent invalid. Instead, JFI seeks only to introduce evidence that demonstrates that (1) the favorable result achieved in the reexamination of the '360 patent was obtained by deceit and misrepresentation and (2) in view of all of the knowledge that Defendants had regarding the '360 patent, the underlying patent infringement lawsuits that INC brought and maintained against JFI and twenty-two other market participants were objectively baseless. This evidence is necessary to determine if "a similarly situated reasonable litigant could have perceived some likelihood of success" – the objective

prong of the two-part test set forth in Prof'l Real Estate Inv., Inc. v. Columbia Pictures Indus.,

508 U.S. 49, 66 (1993). See also In re Relafen Antitrust Litigation, 346 F. Supp. 2d 249, 361 (D.

Mass 2004). Defendants' misconduct before the Patent and Trademark Office ("PTO") was part

of their scheme of improper conduct executed in their attempt to monopolize the OPC market.

JFI should be allowed to present all of the evidence regarding this scheme to the jury.

Defendants demonstrate astonishing chutzpah in arguing that JFI should be

prohibited from introducing this evidence because all of the owners of the '360 patent are not

joined in this action. Since 1996, in the face of long-standing law to the contrary, Defendants

argued repeatedly that this was an unsettled area of the law. Now, when it suits their current

interests, Defendants do an about face and, citing 1987 case law, suddenly agree with JFI that it

is settled law that all owners of a patent must be party to an action concerning the '360 patent.

While JFI welcomes Defendants' long-overdue acceptance of this basic principle of patent law,

JFI does not request that the Court declare the '360 patent invalid but only that JFI be permitted

to put on evidence that Defendants' misconduct in front of the PTO was part of their scheme to

improperly monopolize the market. Therefore, there is no need in this case to join all co-owners.

**Point III:**      **Judicial Estoppel Does Not Apply In This Case.**

Contrary to Defendants' contention at pages 3-5 of its Reply, in JFI's Opposition

Memorandum, JFI stated that the Second Circuit only applies judicial estoppel in different

proceedings. (Opposition Memo at pgs. 13-14). While Defendants rely on dicta in State of New

Hampshire v. State of Maine, 532 U.S. 742 (2001), they fail to recognize that even in that case,

two different proceedings were involved. In the second case cited by Defendants, Sandisk Corp.

v. Memorex Products, Inc., 415 F.3d 1278 (Fed. Cir. 2005), the defendant claimed that judicial

estoppel should be applied based on positions previously taken by the plaintiff regarding claim construction in both a prior separate action and in a preliminary injunction proceeding in the same action. The court held that judicial estoppel did not apply for either reason based on the facts of that case. In any event, Defendants have not cited a single Second Circuit case applying judicial estoppel in the same proceeding.

Further, Defendants continue to flog the dead horse of compulsory counterclaim in footnote 1 on page 4 of their Reply. As JFI has repeatedly pointed out, JFI filed a motion to dismiss, but never answered, the patent infringement allegations in the underlying action. Much like the long settled law of patent ownership that INC obstinately refused to recognize in the underlying action, it has long been settled that a motion to dismiss is not an answer for purposes of determining whether a compulsory counterclaim was required. <u>See</u> Moore's Federal Practice, 3d ed. at § 13.15 (Federal courts ruling on the issue have <u>uniformly</u> held that a motion to dismiss pursuant to Rule 12 is not a responsive pleading requiring filing of compulsory counterclaim). Plainly, JFI was not required to file any patent related counterclaims in the underlying action.

**Point IV:**    **Defendants Will Not Be Prejudiced By Evidence of Patent Invalidity, Inequitable Conduct, or Fraud.**

Defendants will not be prejudiced in any way by JFI introducing its evidence of patent invalidity, inequitable conduct, or fraud in this action. All of the evidence that JFI seeks to introduce on these issues are documents that were generated by one or more of Defendants and of which Defendants had full knowledge. There are no new witnesses or documents relating to these documents of which they are not well aware.

In fact, it is JFI that would be prejudiced if this evidence was kept out at trial. On page 10 of their Reply, Defendants make clear their intention to <u>introduce the results of the '360</u>

patent reexamination proceeding, but request that the Court prohibit JFI from putting on

evidence demonstrating that Defendants obtained the results of that proceeding by deceit.  To

permit Defendants to do so would be unfair and prejudicial to JFI.

With respect to Defendants' contentions set forth at pages 6-8 concerning the

evidence that JFI seeks to introduce, most of these arguments really go to the weight of the

evidence rather than its admissibility.  In any event, Defendants have misrepresented the import

of the evidence that JFI seeks to introduce.

While Defendants are correct that the 1993 edition of OPCs in Practice was

before the Examiner during the reexamination, when OPCs in Practice was cited by the

Examiner in initially rejecting the claims of the '360 patent, Defendants argued that OPCs in

Practice was not prior art because it was published in 1993.  However, INC did not provide

copies of the cited articles and studies published prior to 1984, which were plainly prior art, or

even recognize that portions of OPCs in Practice cited prior art articles.  Citations to these

articles were buried in the back of the 1993 edition of OPCs in Practice on pages that were not

cited by the Examiner.  The information on Endotelon was material under 37 C.F.R. 1.56 (b)(1)

and therefore had to be explicitly disclosed and provided to the examiner by Defendants.[1]  The

publications are material, on their face, because they discuss administration of proanthocyanidins

to human within the dose ranges claimed in the '360 patent.

When the prior art articles are considered, it is plain that the claims of the '360

patent are not directed to a new use – they are directed to administration of proanthocyanidins to

---

[1] Information is material if "(1) it establishes, by itself or in combination with other information a prima facie case of unpatentability of a claim, or (2) it refutes, or is inconsistent with, a position the applicant takes in (i) opposing an argument of unpatentability relied upon by the [PTO], or (ii) asserting an argument of patentability."  37 C.F.R. 1.56(b)(1).

humans within the dose ranges previously administered as Endotelon. Free radical scavenging was an inherent result of the administration of the product to humans. In fact, the previous administration of proanthocyanidins necessarily infringed the claims of the '360 patent. It is a long-standing principle of patent law that "that which would literally infringe if later anticipates if earlier." Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc., 246 F.3d 1368, 1378 (Fed. Cir. 2001).

JFI does not claim that the sales of Endotelon in France are prior art but that every piece of published literature, including but not limited to all studies performed, advertising, and sales brochures related to Endotelon, consist of prior art, even if these documents were only published in France.

All of this evidence has long been in the possession of Defendants. No new witnesses are required, and, particularly given the delay in trial to allow Defendants to file yet another summary judgment motion, Defendants have ample time to prepare their case. Accordingly, there can be no reasonable claim of prejudice by Defendants if JFI is allowed to present to the jury evidence regarding the misrepresentations and omissions made by Defendants during the reexamination of the '360 patent.

## II.   CONCLUSION

For all of the reasons set forth above, Jarrow Formulas, Inc. respectfully requests that the Court deny Defendants' Motion in Limine to Exclude Evidence of Patent Invalidity, Inequitable Conduct, or Fraud.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS


By _____
ERIC WATT WIECHMANN (CT 04311)
ERIC E. GRONDAHL (CT 08988)
JASON C. WELCH (CT 23418)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
        -and-
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06902
(203) 324-1800
(203) 323-6513 (fax)
astevens@mccarter.com

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S SURREPLY

MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOITON IN LIMINE

TO EXCLUDE EVIDENCE OF PATENT INVALIDITY, INEQUITABLE CONDUCT, OR

FRAUD has been mailed, postage prepaid, this 8th day of September, 2005, to:


_____
ERIC E. GRONDAHL