UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION COMPANY, | ) | |
| INTEGRATED BIOCEUTICALS, LLC, | ) | |
| PRIMARY SERVICES, INC., PRIMARY | ) | |
| SOURCE, LLC, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, AND JACK | ) | |
| MASQUELIER, | ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 15, 2005 |

**PLAINTIFF'S REPLY MEMORDANDUM IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF UNRELATED, PRIOR LAWSUITS**

Pursuant to Local Rule 7(d), Plaintiff Jarrow Formulas, Inc. ("JFI") submits this

Reply Memorandum in further support of its Motion in Limine to exclude evidence of unrelated,

prior lawsuits, dated August 18, 2005 ("Motion in Limine") [Dkt. # 250]. JFI does so to address

specific issues and arguments raised by Defendants International Nutrition Company, Integrated

Bioceuticals, LLC, Primary Services, Inc., Primary Source, LLC, Egbert Schwitters, Norman H.

Zivin, and Jack Masquelier ("Defendants") on August 31, 2005 in their Opposition

Memorandum ("Opposition") [Dkt. # 257].

Defendants oppose JFI's motion to exclude evidence that is (1) patently irrelevant

and (2) highly prejudicial. That is, Defendants wish to introduce into evidence prior lawsuits

initiated by JFI against certain former adversaries and their counsel. Defendants have no

legitimate support for their Opposition. JFI's Motion should therefore be granted.

A.     __Information of prior lawsuits is not admissible under Rule 406.__

Defendants first contend that materials related to other lawsuits are admissible under Rule 406 of the Federal Rules of Evidence because they show JFI's habit or routine business practice. Rule 406, however, does not apply to the evidence that Defendants seek to introduce. JFI is not in the business of bringing lawsuits. Defendants cannot demonstrate that JFI has a "habit" or "practice" of bringing actions against persons that unsuccessfully sue JFI. The initiation of a lawsuit by JFI against an unsuccessful plaintiff and its attorney is not "a regular response to a repeated specific situation" as contemplated in the Advisory Committee Notes for Rule 406. Indeed, Defendants have not cited to any case specifically holding that evidence of other lawsuits may be admitted as habit evidence under Rule 406.

The Third Circuit faced a situation analogous to the one at hand where a litigant sought to use Rule 406 to introduce evidence as to a company's method of operation by calling it a habit or routine practice. In Becker v. ARCO Chem. Co., 207 F.3d 176 (3rd Cir. 2000), the Third Circuit reversed the Eastern District of Pennsylvania and held that evidence with regard to the manner in which a defendant terminates one employee is not admissible in an action for the wrongful termination of another employee under Rule 406. Id. at 204-05. This is because such information is not the "sort of semi-automatic, situation specific conduct admitted under the rule." Id. at 204.

Such is the case with information relating to JFI's responses to four frivolous lawsuits terminated in its favor. As the cases cited in JFI's brief at pages 7-9 plainly state, evidence JFI's lawsuits in response to those actions is inadmissible. The evidence is wholly

2

irrelevant to any conceivable defense Defendants have raised or could raise, and is highly prejudicial.[1]

**B.      Information of prior lawsuits is not admissible under Rule 404(b).**

Defendants next wrongly contend that evidence related to other lawsuits is admissible under Rule 404(b) of the Federal Rules of Evidence.  The Second Circuit has made clear, however, that evidence related to prior lawsuits is <u>in</u>admissible under Rule 404(b) "unless the previous claims made by the party are shown to be fraudulent."  <u>Outley v. City of New York</u>, 837 F.2d 587, 592 (2d Cir. 1988).   Defendants address <u>Outley</u> by alleging for the first time and <u>without any evidence or support</u> that JFI's past lawsuits were fraudulent.  This unsupported allegation is a transparent attempt to circumvent the clear case law holding evidence of other lawsuits inadmissible.

Moreover, Defendants mislead the Court with inaccurate statements regarding the decision in one of JFI's other lawsuits.  On page 5 their Opposition, Defendants claim that "the court of appeal described how outrageous it found Rogovin and JFI's conduct."  In the case cited, the court of appeal never made such a finding.  Rather, the Defendants selectively quote portions of the court's decision that recite declarations and statements filed by the parties in the underlying litigation as if those quotations constituted the court's finding or holding.  Those statements were not findings. Neither were they holdings.  Defendants have misrepresented the law and facts in an effort to contrive a fraud to get past the <u>Outley</u> evidentiary hurdle. Defendants conduct in this regard is sanctionable.

---

[1]   On page 3 of their Opposition, Defendants misstate that <u>United States Football League v. National Football League</u>, 842 F.2d 1335, 1373 (2d Cir 1988) created a standard that the routine practice of an organization is established if it does something three or four times over a 20-year period." Opposition at 3.  In fact, the Second Circuit in <u>United States Football League</u> specifically held that "testimony as to 'three or four episodes over a 20-year period' was <u>hardly sufficient</u> to 'conclude that a pattern of behavior exists....'" <u>Id.</u> at 1336 (emphasis added).

**C.     The Court has already rejected Defendants Statute of Limitations argument.**

Defendants next contend that the "Harf" lawsuit should come into evidence because JFI sent Defendant Zivin a copy of the complaint and that act of sending the complaint triggers the clock on certain statutes of limitations.  This Court already has considered Defendants' contention that statutes of limitations have run on JFI's claims and rejected it [Dkt. ## 77, 89, 92 & 192].  Thus, the "Harf" complaint and the entire lawsuit is irrelevant and inadmissible.

**D.     Brutkus/LaMarche lawsuit is not impeachment evidence.**

Defendants' claim on page 14 of their Opposition that the Brutzkus/LaMarche suit is admissible as impeachment evidence is disingenuous.  Defendants argue that evidence of the Brutzkus/LaMarche suit should be allowed because when Attorney Richard Order asked Mr. Rogovin at his deposition "And had Attorney Brutzkus brought a lawsuit against Jarrow Formulas?" Mr. Rogovin responded "Yes."  Defendants claim that this was not a truthful disclosure because Attorney Brutzkus' lawsuit was in the form of a counter-claim rather than a separate civil action.  The distinction Defendants draw is fallacious.

Defendants seek to introduce the Brutkus/LaMarche lawsuit to paint Mr. Rogovin as litigious, not for impeachment purposes.  Indeed, Defendants argument here is so far reaching that it reveals their motive is something other than they claim it to be.  Defendants cannot expect the Court to require that Mr. Rogovin appreciate any distinction between a "lawsuit" and a "counter-claim", even if such a distinction exists.  Mr. Rogovin is a layman.  He was asked questions by a seasoned attorney, and Mr. Rogovin provided, to the best of his ability, a truthful

4

answer. After all, a claim was filed against JFI by Brutzkus. To allow in prejudicial,

inadmissible evidence carrying with it the serious connotation of a charge of litigiousness on this

grounds would be error. To the contrary, the Court, as did the Second Circuit in <u>Outley</u>, should

see Defendants true motive for raising this issue and preclude this evidence from being

introduced at trial. <u>Outley</u>, 837 F.2d at 591-92.

### E.     <u>The Baltimore Trade Show is relevant to JFI's claims but irrelevant to Defendants' defenses.</u>

Defendants actions at the trade show are relevant to many issues pertaining to

JFI's claims. Indeed, all of Defendants were at that trade show, and it was there that Defendants,

through numerous communications, propagated their conspiracy to monopolize the American

OPC market. JFI's alleged actions at that trade show are not relevant to JFI's claims or

Defendants' defenses in this case. Thus, Defendants' offer of a quid-pro-quo is rejected. JFI's

Motion should be granted.

## CONCLUSION

For the reasons set forth above and those set forth in Plaintiff's Motion in Limine,

Jarrow Formulas, Inc. respectfully requests that the Court grant its Motion in Limine and limit

Defendants evidentiary offers at trial as set forth therein.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By _____
ERIC WATT WIECHMANN (CT 04311)
ERIC E. GRONDAHL (CT 08988)
JASON C. WELCH (CT 23418)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
egrondahl@mccarter.com

-and-

ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06901
(203) 324-1800
(203) 323-6513

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S REPLY

MEMORDANDUM IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO

EXCLUDE EVIDENCE OF UNRELATED PRIOR LAWSUITS AND STATEMENTS

has been mailed, postage prepaid, this 15th day of September, 2005 to:

RICHARD S. ORDER, ESQ.
ERIC D. BEAL, ESQ.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT  06103

ERIC E. GRONDAHL

ME1\5228228.1