UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARROW FORMULAS, INC. | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) |
| | ) |
| INTERNATIONAL NUTRITION COMPANY, | ) |
| INTEGRATED BIOCEUTICALS, LLC, | ) |
| PRIMARY SERVICES, INC., PRIMARY | ) |
| SOURCE, LLC, EGBERT SCHWITTERS, | ) |
| NORMAN H. ZIVIN, AND JACK | ) |
| MASQUELIER, | ) |
| | ) |
| Defendants. | ) SEPTEMBER 15, 2005 |

**PLAINTIFF'S REPLY MEMORDANDUM IN FURTHER SUPPORT
OF ITS MOTION IN LIMINE TO LIMIT
THE TESTIMONY AT TRIAL OF NORMAN ZIVIN**

Pursuant to Local Rule 7(d), Plaintiff Jarrow Formulas, Inc. ("JFI") submits this Reply Memorandum in further support of its Motion in Limine to Limit the Testimony at Trial of Norma Zivin, dated August 18, 2005 ("Motion in Limine") [Dkt. # 248]. In their Opposition Memorandum filed on August 31, 2005 ("Opposition Brief") [Dkt. # 256], Defendants admit that they never disclosed that Norman Zivin ("Zivin") would offer expert testimony at trial (pages 7-8). Defendants also admit that Zivin repeatedly invoked the attorney-client privilege or the attorney work product doctrine during his deposition and refused to answer numerous questions on that basis (pages 10-11). Based on these admissions, JFI's Motion in Limine should be granted. Defendants' have failed to identify any relevant provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure which would allow Zivin to offer expert testimony at trial or testify on matters on which the attorney-client or attorney work product privilege was invoked during discovery.

## ARGUMENT

**A. <u>Zivin's Opinions Are Not Lay Opinions Under Federal Rule of Evidence 701.</u>**

Defendants disingenuously claim that Zivin should be allowed to offer his expert opinions at trial because Zivin's opinions are really lay opinions under Fed. R. Evid. 701. (Opposition Brief at 3-8). Defendants completely ignore the fact that, during his deposition, Zivin repeatedly refused to answer questions on the grounds that he was not providing expert testimony. *See* Memorandum of Law in Support of Plaintiff Jarrow Formulas, Inc.'s Motion in Limine to Limit the Testimony at Trial of Norman Zivin ("JFI's Initial Brief") at pages 8-10. [Dkt. # 249]. If Defendants had intended to have Zivin testify to lay opinions, Zivin should have answered the questions and allowed JFI to conduct discovery on those opinions. Defendants cannot refuse to provide discovery on the grounds that a witness is not an expert, then turn around and offer the testimony at trial under the guise of a lay opinion. The Federal Rules of Evidence specifically address and prohibit this type of gamesmanship.

Federal Rule of Evidence 701 was amended in 2000 to add subsection (c), which provides that the rule only applies to opinions that are "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." The rule was amended to add this provision to ensure that "a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *See* Committee Note to 2000 Amendment to Rule 701. That is exactly what Defendants are trying to do here. Defendants did not disclose Zivin as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(A), and during his deposition, Zivin refused to answer questions on grounds that he was not providing expert testimony. The opinion testimony that JFI seeks to preclude, based upon

Zivin's specialized knowledge of the law, is plainly based on "specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Accordingly, his opinions are not admissible under Rule 701.

Not surprisingly, in their Opposition Brief, Defendants completely ignore this provision of the rule and the recent decision of the Second Circuit applying Rule 701(c). In Bank of China, New York Branch v. NBM LLC, 359 F.3d 171 (2d Cir. 2004), cert. granted, 125 S. Ct. 2956 (2005),[1] the court held that it was error to admit opinion testimony from a witness under Rule 701 that was based upon specialized knowledge that the witness had acquired as a result of his employment. A Bank of China employee had conducted an investigation of certain transactions that the bank alleged were fraudulent. At trial, the employee testified regarding the investigation and conclusions drawn from the investigation. On appeal, the Second Circuit held that those parts of the employee's testimony that were based on the employee's "experience and specialized knowledge in international banking" were not admissible under Rule 701. Id. at 181-82.[2]

In this case, Zivin's opinions based upon his experience and specialized knowledge in the field of patent law should not be admitted under Rule 701. JFI does not seek to preclude Zivin from testifying on factual matters within his knowledge, such as the fact that certain documents were prepared and filed with the Patent Office or the court. However, as a result of Defendants' failure to disclose Zivin as an expert, and Zivin's refusal to answer

---

[1] On June 25, 2005, the Supreme Court granted certiorari limited to a question regarding application of the civil RICO statute.

[2] The Second Circuit stated that, in some cases, a witness may be both a lay witness under Rule 701 and an expert under Rule 702. Bank of China at 182. In this case, JFI seeks to preclude testimony from Zivin that is based on his specialized knowledge of the law, all of which falls under Rule 702.

3

questions on the grounds that they called for expert testimony, Zivin cannot provide any legal opinions in this matter, such as for example the purported legal effect of the filings.

The cases cited by Defendants at pages 6-7 of the Opposition Brief are inapposite. Four of the cases cited by Defendants were decided before the 2000 amendment to Rule 701. These cases did not address Rule 701 in its present form. Moreover, none of the cases address a situation where a lawyer was offering expert testimony on legal matters arising from the lawyer's specialized knowledge and training in the law.[3] In Newport Electronics, Inc. v. Newport Corp., 157 F. Supp.2d 202, 208-09 (D. Conn. 2001), the court permitted testimony regarding matters that the witnesses had learned as a result of their employment with the plaintiff. These matters included the products each party sold, instances of actual confusion, and other matters. Id. The amendment to Rule 701 was intended to allow admission of particularized knowledge that a person has acquired regarding a business by virtue of his or her position in the business. See Committee Note to 2000 Amendment to Rule 701. The type of evidence admitted in the Newport Electronics case is different in kind from the expert testimony that JFI seeks to preclude, which is based on specialized legal knowledge and is precisely the type of testimony that the amendment to Rule 701 was intended to address.

Defendants' claim at page 8-9 of their opposition that JFI is not prejudiced by allowing Zivin to offer expert testimony under the guise of "lay opinion" is absurd. Defendants admittedly failed to comply with their obligation to disclose Zivin as an expert under Rule

---

[3] In Union Pacific Resources v. Chesapeake Energy Corp., 236 F.3d 684, 693 (Fed. Cir. 2001), the court applied Fifth Circuit law and allowed testimony from witnesses based on their extensive experience in oil drilling. The Fifth Circuit cases cited by the court allowing testimony from witnesses with "specialized knowledge" were all decided before the 2000 amendment to Rule 701, and it appears that the case was tried in 1999 before the amendment. In any event, the law of the regional circuit applies to decisions regarding admission of evidence, Union Pacific at 693, and the Second Circuit has clearly stated in Bank of China that testimony based on specialized knowledge is not admissible under Rule 701. Bank of China at 181-82.

26(a)(2)(A).[4] In addition to failing to comply with the rule, Zivin *refused to answer questions* at his deposition on grounds that he was not providing expert testimony, or on grounds that the answer was privileged. Therefore, JFI was blocked from exploring Zivin's opinions by Defendants, and cannot properly prepare a rebuttal or prepare for cross-examination. Defendants' tactics plainly prejudiced JFI.

**B. <u>Zivin Cannot Testify on Subjects Where a Privilege Was Invoked During Discovery.</u>**

Defendants' position on JFI's motion seeking to exclude testimony in areas where Zivin refused to answer questions on grounds of privilege is baffling. First, JFI is not asking for a negative inference instruction at this time, although JFI reserves the right to request any appropriate jury instruction at trial. In its motion in limine, JFI merely seeks to preclude testimony at trial on subjects where discovery was blocked by Defendants based on the attorney-client or work product privilege. To the extent the jury may draw any type of inference because the evidence is not presented, that is a result of Defendants' strategic decision to rely on the privilege and shield the evidence from discovery.

At pages 10-11 of the Opposition Brief, Defendants first concede that Zivin refused to answer numerous questions on grounds of privilege and then claim that Zivin will not offer privileged information at trial. That is what JFI has requested. Yet, contrary to this concession, Defendants argue that Zivin's testimony should not be limited because Zivin "without waiving the privilege" referred JFI to the briefs that he had filed which ultimately

---

[4] Defendants' claim that the requirement for an expert report under Rule 26(a)(2)(B) because Zivin was not "specially retained" is dubious at best, as Zivin is not a regular employee of any of the Defendants. In any event, Rule 26(a)(2)(A) requiring notice would still apply, and Defendants admittedly did not comply with that requirement.

5

resulted in summary dismissal of the Defendants' claims in the underlying litigation. Defendants have not cited a single case holding, or even suggesting, that a party can invoke the attorney-client or work product privilege during discovery, and then offer testimony on those very subjects at trial. Zivin's references in his deposition to statutes or documents filed in court does not allow Defendants to now introduce testimony in areas where the attorney-client privilege or work product privilege was repeatedly invoked. Accordingly, JFI's Motion in Limine should be granted.

## CONCLUSION

For the reasons set forth above and those set forth in Plaintiff's Motion in Limine, Jarrow Formulas, Inc. respectfully requests that the Court grant its Motion in Limine and limit Attorneys Zivin's testimony at trial as set forth therein.

> THE PLAINTIFF,
> JARROW FORMULAS, INC.
> BY MCCARTER & ENGLISH, LLP
> ITS ATTORNEYS
>
> By _____
> ERIC WATT WIECHMANN (CT 04311)
> ERIC E. GRONDAHL (CT 08988)
> JASON C. WELCH (CT 23418)
> CityPlace I
> 185 Asylum Street
> Hartford, CT 06103
> (860) 275-6700
> (860) 724-3397 (fax)
> egrondahl@mccarter.com
>         -and-
> ALEXANDRA B. STEVENS (CT 20300)
> Four Stamford Plaza
> 107 Elm Street
> Stamford, CT 06901
> (203) 324-1800
> (203) 323-6513

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S SURREPLY MEMORDANDUM IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO LIMIT THE TESTIMONY AT TRIAL OF NORMAN ZIVIN has been mailed, postage prepaid, this 15th day of September, 2005 to:

> RICHARD S. ORDER, ESQ.
> ERIC D. BEAL, ESQ.
> Axinn, Veltrop & Harkrider LLP
> 90 State House Square
> Hartford, CT 06103

_/s/ E. E. Grondahl_
ERIC E. GRONDAHL