UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JARROW FORMULAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:01-CV-00478 (AVC) |
| v. | ) | |
| | ) | |
| INTERNATIONAL NUTRITION COMPANY, | ) | |
| INTEGRATED BIOCEUTICALS, LLC, | ) | |
| PRIMARY SERVICES, INC., PRIMARY | ) | |
| SOURCE, LLC, EGBERT SCHWITTERS, | ) | |
| NORMAN H. ZIVIN, AND JACK | ) | |
| MASQUELIER, | ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 15, 2005 |

**PLAINTIFF'S REPLY MEMORDANDUM IN FURTHER SUPPORT
OF ITS MOTION IN LIMINE TO PRECLUDE WITNESSES LIEF, BENECH,
AND GITTES FROM OFFERING EXPERT TESTIMONY AT TRIAL**

Pursuant to Local Rule 7(d), Plaintiff Jarrow Formulas, Inc. ("JFI") submits this Reply Memorandum in further support of its Motion in Limine to Preclude Witnesses Lief, Benech, and Gittes from Offering Expert Testimony at Trial ("Motion in Limine"), dated August 18, 2005 [Dkt. # 252]. JFI does so to address specific issues and arguments raised by Defendants International Nutrition Company, Integrated Bioceuticals, LLC, Primary Services, Inc., Primary Source, LLC, Egbert Schwitters, Norman H. Zivin, and Jack Masquelier ("Defendants") on August 31, 2005 in their Opposition Memorandum ("Opposition") [Dkt. # 258].

As set forth in JFI's Motion in Limine, JFI requests that the Court limit any testimony sought from witnesses Lief, Benech, and Gittes at trial to factual matters and prohibit them from rendering any legal opinions or testimony concerning legal effect. According to

Defendants at page 2 of their Opposition, they have "no intention of eliciting from these three lawyers expert testimony, . . . ." Defendants, however, further state at page 3 of their Opposition that they may do just that. According to Defendants, it is permissible for these witnesses to proffer an opinion under Federal Rule of Evidence 701, which states

> if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 701 was amended in 2000 to add subsection (c) specifically to ensure that "a party will not evade the expert witness disclosure requirements set for the in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." See, Committee Note to 2000 Amendment to Rule 701.

Clearly, Attorneys Lief, Benech, and Gittes possess "scientific, technical, or other specialized knowledge within the scope of Rule 702."[1] Witness Gittes is a United States attorney with specialized knowledge in the areas of patent law and intellectual property litigation. Witness Benech is a French attorney with specialized knowledge in the areas of European Patent Law and International Law. Witness Lief is a French attorney with specialized knowledge in the areas of intellectual property litigation and French law. Furthermore, all of these witnesses were retained by the owners of the patent at issue in connection with the prosecution and defense of

---

[1] Fed. R. Evid. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product or reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

that patent over many years from these witnesses. Defendants did not disclose these witnesses as experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and any testimony related to legal opinions or legal effect are plainly based on "specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Their opinions are therefore not admissible under Federal Rule of Evidence 701.

In Bank of China, New York Branch v. NBM LLC, 359 F. 3d 171 (2d Cir. 2004), cert. granted, 125 S. Ct. 2956 (2005),[2] the Second Circuit held that it was error to admit opinion testimony from a witness under Rule 701 that was based upon specialized knowledge that the witness had as a result of his employment. A Bank of China employee had conducted an investigation of certain transactions that the bank alleged were fraudulent. On appeal, the Second Circuit held that those parts of the employee's testimony that were based on the employee's experience and specialized knowledge in international banking" were not admissible under Rule 701. Id. At 181-82. Similarly, witnesses Lief, Benech, and Gittes each have specialized knowledge in intellectual property law, international law, and French and U.S. law and particularly how those various legal areas relate to the legal actions they took on behalf of their respective clients in the various underlying patent and trademark infringement actions in Europe and the United States. They are by no means lay witnesses as Defendants claim at page 3 of their Opposition.

JFI does not seek to preclude witnesses Lief, Benech, and Gittes from testifying on factual matters within their knowledge, such as the fact that they prepared and filed certain documents with the Patent Office or courts in the United States and Europe. However, these

---

[2] On June 25, 2005, the Supreme Court granted certiorari limited to a question regarding application of the civil RICO statute.

witnesses should not be permitted to provide any legal opinions in this case, such as the purported legal effect of filings or Court rulings, as a result of Defendants' failure to disclose them as experts.

**Conclusion**

For the reasons set forth above and those set forth in Plaintiff's Motion in Limine, Jarrow Formulas, Inc. respectfully requests that the Court grant its Motion in Limine and limit the testimony at trial of Attorneys Lief, Benech, and Gittes as set forth therein.

THE PLAINTIFF,
JARROW FORMULAS, INC.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By _____
ERIC WATT WIECHMANN (CT 04311)
ERIC E. GRONDAHL (CT 08988)
JASON C. WELCH (CT 23418)
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
egrondahl@mccarter.com
    -and-
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
(203) 324-1800
(203) 323-6513

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S SURREPLY MEMORDANDUM IN FURTHER SUPPORT OF ITS MOTION TO PRECLUDE WITNESSES LIEF, BENECH, AND GITTES FROM OFFERING EXPERT TESTIMONY AT TRIAL has been mailed, postage prepaid, this 15th day of September, 2005 to:

> RICHARD S. ORDER, ESQ.
> ERIC D. BEAL, ESQ.
> Axinn, Veltrop & Harkrider LLP
> 90 State House Square
> Hartford, CT 06103

_____
ERIC E. GRONDAHL