UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JARROW FORMULAS, INC.,                )     CIVIL ACTION NO.
                                      )     3:01 CV 478 (AVC)
        Plaintiff,                    )
                                      )
v.                                    )
                                      )
INTERNATIONAL NUTRITION COMPANY,      )
                                      )
        Defendants.                   )     JULY 18, 2005

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PATENT INVALIDITY, INEQUITABLE CONDUCT, OR FRAUD

Defendants International Nutrition Company ("INC"), Egbert Schwitters, Jack Masquelier, Norman H. Zivin, Integrated BioCeuticals, LLC ("IBC"), Primary Source, LLC ("PS"), and Primary Services, Inc. ("PSI") respectfully submit this motion in limine to preclude plaintiff Jarrow Formulas, Inc. ("JFI") from making the following types of evidentiary proffers in connection with defendants' motion for summary judgment and at trial: (1) evidence seeking to prove that the '360 patent is invalid; (2) evidence seeking to prove that the '360 patent is unenforceable due to fraud or inequitable conduct; and (3) evidence seeking to prove that any defendant committed fraud or inequitable conduct before the United States Patent and Trademark Office ("USPTO").

As discussed in the Memorandum of Law filed concurrently with this motion, JFI simply has never alleged that the '360 patent was invalid, unenforceable, or obtained by fraud on the USPTO or that any defendant knew or should have known that the '360 patent was invalid, unenforceable, or obtained by fraud on the PTO. Thus JFI's purported evidence in support of such claims is not material. Not only did JFI not make such allegations, but JFI expressly

**ORAL ARGUMENT REQUESTED**
CTDOCS:14576.1

---

*Handwritten sideways annotation (left margin):*

SO ORDERED. The motion is denied to the extent it seeks an order precluding in whole scale the evidence at issue. The court will determine whether the evidence is relevant at time it considers the summary judgment motion. The motion is denied without prejudice to the extent it seeks to exclude this evidence at trial. The defendant may reargue the motion at trial.

March 31, 2006. The court from reviewing at summary judgment

[Signature] Covello, U.S.D.J.